**RELATED DDJ**

FILED

1    Cecil Elmore
     PO Box 78494
2    Los Angeles, California, 90016
     Email Address: audiboy87@yahoo.com
3    Phone Number: 323-608-9894

2024 MAR -1 PM 3:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____ **rsm**

5
6                    **UNITED STATES DISTRIC COUT**

                     **CENTRAL DISTRICT OF CALIFORNIA**

7                                              **2:24-CV-01719-JLS-JDE**

8                                    )  Case No.:
                                     )
9                                    )  **COMPLAINT FOR DAMAGES**
   CECIL ELMORE,                     )     1.  **VIOLATION 42 U.S.CODE § 1983**
10                                   )     2.  **VIOLATION FRAUD**
            Plaintiff(s)             )     3.  **VIOLATION CONFIDENTIALITY OF MEDICAL**
11                                   )         **INFORMATION ACT (CMIA)**
                                     )     4.  **VIOLATION LIABILITY FOR BREACH OF**
12                                   )         **FIDUCIARY DUTY (29 U.S. CODE § 1109)**
      vs.                            )     5.  **VIOLATION HEALTH INSURANCE PORTABILITY**
13                                   )         **AND ACCOUNTABILITY ACT OF 1996 (HIPAA):**
                                     )         **TITLE II**
14                                   )     6.  **VIOLATION CALIFORNIA BUSINESS AND**
   RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS- )  **PROFESSIONS CODE § 4301**
15                                   )     7.  **VIOLATION CALIFORNIA CIVIL CODE § 56.36**
   ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; )  8.  **VIOLATION FRAUD**
16                                   )     9.  **VIOLATION CONFIDENTIALITY OF MEDICAL**
   BETHANY SPOONER; MICHAEL VASQUEZ; MARK )        **INFORMATION ACT (CMIA)**
17                                   )    10.  **VIOLATION LIABILITY FOR BREACH OF**
   WIESE; JOEL JIMENEZ; ARACELLI CASTILLO; WENDY )     **FIDUCIARY DUTY (29 U.S. CODE § 1109)**
18                                   )    11.  **VIOLATION HEALTH INSURANCE PORTABILITY**
   CONTRERAS; LUTHER GADSON; RACHEL GILGAR; )      **AND ACCOUNTABILITY ACT OF 1996 (HIPAA):**
19                                   )         **TITLE II**
   SHERRY DICKO; JE T'AIME BRADSHAW; DANIELLE )  12.  **VIOLATION INTENTIONAL**
20                                   )         **MISREPRESENTATION**
   WILLIAMS; GONZALO RIVERA; LOGAN CAPITAL )   13.  **VIOLATION CALIFORNIA BUSINESS AND**
21                                   )         **PROFESSIONS CODE §4301**
   ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING )  14.  **VIOLATION CAL. CIV. CODE § 1710 –**
22                                   )         **NEGLIGENT MISREPRESENTATION**
   PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, )  15.  **VIOLATION NEGLIGENT HIRING**
23                                   )    16.  **VIOLATION CALCIFORNIA CIVIL CODE § 56.36**
   INC.; THE AMERLAND GROUP, LLC; ISLAS )      17.  **VIOLATION FRAUD**
24                                   )    18.  **VIOLATION CONFIDENTIALITY OF MEDICAL**
   DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; )    **INFORMATION ACT (CMIA)**
25                                   )    19.  **VIOLATION LIABILITY FOR FIDUCIARY DUTY**
   PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; )   **(29 U.S. CODE § 1109)**
26                                   )    20.  **VIOLATION HEALTH INSURANCE PORTABILITY**
   LANA YEE; DAISY HEBREO; GLORIA BAILON; LIZBETH )  **AND ACCOUNTABILITY ACT OF 1996 (HIPPA):**
27                                   )         **TITLE II**
   PARRA; LEILANI OLIVAS; INSPIRATION PROPERTY )  21.  **VIOLATION INTENTIONAL**
28                                   )         **MISREPRESENTATION**
                                     )

---

COMPLAINT FOR DAMAGES || JURY DEMAND – 1

| | |
|---|---|
| 1 | MANAGEMENT, INC.; BEACH FRONT PROPERTY |
| 2 | MANAGEMENT, INC.; MICHAEL CHILDRESS; ERICA |
| 3 | DELERY; CLAUDIA JAUREGUI; LANA DENNIS; RODRIGO |
| 4 | CASTELLANOS; KYLE DANA KAZAN; MARGARET |
| 5 | HOLDEN; KRIS HULGREN; MELINDA JOHNSON; |
| 6 | RICARDO LOPEZ; JORGE LOPEZ; SARA LOPEZ; VALERIE |
| 7 | SOSA; HAROLD SAMUEL BEARD; DOMONICK |
| 8 | LAWRENCE GUY; CYNTHIA PARRY; RUBY MONTOYA; |
| 9 | ROBIN PEREZ; CHASE PROTECTIVE SERVICES, INC.; |
| 10 | THOMAS PAUL WHITE; JOSE RAMIREZ; RBW SECURITY |
| 11 | SERVICES INC.; MASTER MUHAMMAD; HUGHFORD |
| 12 | MUHAMMAD; DEWEY SERVICES, INCORPORATED; |
| 13 | KNOWLES SECURITY, INC.; JOE ZUNIGA; KEVIN |
| 14 | ZUNIGA; JOSE SANDIN; KEANDRE STEPHENSON; |
| 15 | TYRONE JENKINS; ALICO SECURITY GROUP, INC.; |
| 16 | MANAL SABRY; DANIEL WHEELER; 365 NO DAYS OFF |
| 17 | LLC; MICHAEL HUDSON; STEPHON DOE; CALEB |
| 18 | GARDNER; LORRAINE POSTER; BRIAN HSIAO; MARIE |
| 19 | SFAIR; MICHELLE TSIEBOS; THEODORE VICTORIO; |
| 20 | RICHARD LAVIN; JANGBIR SINGH; GINA KOJAYAN; |
| 21 | GLADYS BOATENG; EDGAR ANTONYAN; DOE 16 AKA |
| 22 | "VALERIE"; ARIC DEFUSCO; ANN SEWILL; TRICIA |
| 23 | KEANE; ANNA ORTEGA; TONYUA NEWSOME; LOS |
| 24 | ANGELES POLICE DEPARTMENT; DOES 3 TO 15; CITY |
| 25 | OF LOS ANGELES; DOE GRADY (41438); DOE MADJD |
| 26 | (42075); PIETRO PIRA; SOPHIA LEE; DOE ALVAREZ; |
| 27 | DOE VACA; DOE GARCIA; DOE OROCCO; ABRAHAM |
| 28 | TAPIA; DOE 18; DOE 19; DOE 20; ABBAS EFTEKHARI; |

22. VIOLATION CALIFORNIA BUSINESS AND PROFRESSIONS CODE § 4301
23. VIOLATION CAL. CIV. CODE § 1710 – NEGLIGENT MISREPRESENTATION
24. VIOLATION NEGLIGENT HIRING
25. VIOLATION CALIFORNIA CIVIL CODE § 56.36
26. VIOLATION FRAUD
27. VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)
28. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
29. VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II
30. VIOLATION INTENTIONAL MISREPRESENTATION
31. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301
32. VIOLATION CALIFORNIA CIVIL CODE § 1710 – NEGLIGENT MISREPRESENTATION
33. VIOLATION NEGLIGENT HIRING
34. VIOLATION CALIFORNIA CIVIL CODE § 56.36
35. VIOLATION FRAUD
36. VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATIONS ACT (CMIA)
37. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
38. VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II
39. VIOLATION INTENTIONAL MISREPRESENTATION
40. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301
41. VIOLATION CALIFORNIA CIVIL CODE § 1710 – NEGLIGENT MISREPRESNTATION
42. VIOLATION NEGLIGENT HIRING
43. VIOLATION CALIFORNIA CIVIL CODE § 56.36
44. VIOLATION FRAUD
45. VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)
46. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
47. VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II
48. VIOLATION INTENTIONAL MISREPRESENTATION
49. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301
50. VIOLATION CALIFORNIA CIVIL CODE § 1710 – NEGLIGENT MISREPRESENTATION
51. VIOLATION NEGLIGENT HIRING
52. VIOLATION CALIFORNIA CIVIL CODE § 56.36
53. VIOLATION INTENTIONAL MISREPRESENTATION

1  EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.;                    )
2  ANTHONY TORRES; DOE 1; DOE 2; NAVID KABIRI;                        )
3  ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D; TED                       )
4  DEAN CONLEY; BURDICK M. RAY; RAY, ALOIA &                          )
5  CONLEY, LLC; QUINN NGUYEN; STARBUCKS                               )
6  CORPORATION; WALMART INC.; THE COCA-COLA                           )
7  COMPANY; BANK OF AMERICA, N.A.; BURGER KING                        )
8  COR.; GWIS, LLC; ADAM DOENCH; JUSTIN OSTENSEN;                     )
9  DEREK OSTENSEN; DEREK OSTENSEN AND ASSOCIATES                      )
10 LLC; KAREN ARMSTRONG; CHRISTI STEWART;                             )
11 UNIVERSAL SERVICES OF AMERICA, LP; JOAN CHOI;                      )
12 RICHARD SALAZAR; JAVIER FLETES; HORTENCIA                          )
13 GARCIA; KIMBERLY JOHNSON; I. YAN; DOE 17; DOES                     )
14 20-25;                                                             )
15                                                                    )
16              Defendant(s)                                          )
17                                                                    )
18                                                                    )
19                                                                    )
20                                                                    )
21                                                                    )
22                                                                    )
23                                                                    )
24                                                                    )
25                                                                    )
26                                                                    )
27                                                                    )
28                                                                    )

54. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
55. VIOLATION FRAUDULENT INDUCEMENT – CONCEALMENT
56. VIOLATION FRAUD
57. VIOLATION INTENTIONAL MISREPRESENTTAION
58. VIOLATION FRAUDULENT INDUCEMENT – CONCEALMENT
59. VIOLATION GENERAL NEGLIGENCE
60. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
61. VIOLATION GENERAL NEGLIGENCE
62. VIOLATION INTENTIONAL TORT
63. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
64. VIOLATION AMERICANS WITH DISABILITIES ACT (ADA)
65. VIOLATION THE REHABILITATION ACT – SECTION 504
66. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
67. VIOLATION GENERAL NEGLIGENCE
68. VIOLATION INTENTIONAL TORT
69. VIOLATION FRAUD
70. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
71. VIOLATION INTENTIONAL MISREPRESENTATION
72. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301
73. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
74. VIOLATION GENERAL NEGLIGENCE
75. VIOLATION INTENTIONAL TORT
76. VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
77. VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE II
78. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
79. VIOLATION CALIFORNIA CIVIL CODE § 51.5 – DISCRIMINATION IN BUISNESS DEALINGS
80. VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
81. VIOLATION CIVIL RIGHTS ACT OF 1866
82. VIOLATION BREACH OF CONTRACT
83. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
84. VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
85. VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996: TITLE VI
86. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
87. VIOLATION FRAUD

88. VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
89. VIOLATION CALIFORNIA CIVIL CODE § 52.1 – TOM BANE CIVIL RIGHTS ACT
90. VIOLATION GENERAL NEGLIGENCE
91. VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 6128(a)
92. VIOLATION CONSTITUTION OF UNITED STATES – FOURTEENTH AMENDMENT RIGHT
93. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
94. 42 U.S. CODE § 1983 – CLAIM FOR DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW AND VIOLATION TO A FAIR TRAIL UNDER THE FOURTEENTH AMENDEMENT
95. VIOLATION 42 U.S. CODE § 1983 – CIVIL RIGHTS CONSPIRACY
96. VIOLATION 42 U.S. CODE § 1983 – FOURTEENTH AMENDMENT RIGHTS
97. VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996: TITLE II
98. VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
99. VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
100.    VIOLATION 28 U.S. CODE § 955 (PRACTICE OF LAW RESTRICTION)
101.    VIOLAION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
102.    VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
103.    VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 6128(a)
104.    VIOLATION BREACH OF CONTRACT
105.    VIOLATION IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
106.    VIOLATION LANDLORD WARRANTY HABITABILITY
107.    VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHT UNDER THE LAW
108.    VIOLATION BREACH OF CONTRACT
109.    VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
110.    VIOLATION BREACH OF CONTRACT
111.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
112.    VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
113.    VIOATION BREACH OF CONTRACT
114.    VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW

115.     VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. Code § 1109)
116.     VIOLATION FRAUD
117.     VIOLATION BREACH OF CONTRACT
118.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
119.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
120.     VIOLATION BREACH OF CONTRACT
121.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
122.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
123.     VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
124.     VIOLATION BREACH OF CONTRACT
125.     VIOLATION CIVILI RIGHTS ACT OF 1964: TITLE VI
126.     VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
127.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
128.     VIOLATION BREACH OF CONTRACT
129.     VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
130.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
131.     VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
132.     VIOLAITON BREACH OF CONTRACT
133.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
134.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
135.     VIOLATION FRAUD
136.     VIOLATION BREACH OF CONTRACT
137.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
138.     VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
139.     VIOLOATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
140.     VIOLATION LIABILITY FOR BREACH OF FIDUCDIARY DUTY (29 U.S. CODE § 1109)
141.     VIOLATION FRAUD
142.     VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
143.     VIOLATION BREACH OF IMLIED COVENANT OF GOOD FAITH AND FAIR DEALING
144.     VIOLATION BREACH OF CONTRACT
145.     VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

146.      VIOLAITON 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
147.      VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
148.      VIOLAITON FRAUD
149.      VIOLATION BREACH OF CONTRACT
150.      VIOLATION INTENTIONAL TORT
151.      VIOATION CIVIL RIGHTS ACT OF 1964
152.      VIOLATION FIAR HOUSING ACT – 42 U.S.C. 3601 et seq.
153.      VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
154.      VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
155.      VIOLATION GENERAL NEGLIGENCE
156.      VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
157.      VIOLATION PRIVATE NUISANCE
158.      VIOLATION CALIFORNIA CIVIL CODE §1940.2
159.      VIOLATION CALIFORNIA CIVIL CODE §1946.8
160.      VIOLATION INTENTIONAL TORT
161.      VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
162.      VIOLATION FAIR HOUSING ACT – 42 U.S.C. 3601 et seq.
163.      VIOLATION CIVIL RIGHTS ACT OF 1866
164.      VIOLATION TOM BANE CIVIL RIGHTS ACT
165.      VIOLATION BREACH OF CONTRACT
166.      VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
167.      VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
168.      VIOLATION CALIFORNIA CIVIL CODE § 1946.8
169.      VIOLATION CALIFORNIA CIVIL CODE § 1940.2
170.      VIOLATION PRIVATE NUSIANCE
171.      VIOLATION BATTERYT
172.      VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
173.      VIOLATION CIVIL RIGHTS ACT OF 1866
174.      VIOLATION FAIR HOUSING ACT – 42 U.S.C. 3601 et seq.
175.      VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
176.      VIOLATION NEGLIGENCE
177.      VIOLATION NEGLIGENT HIRING
178.      VIOLATION FRAUD
179.      VIOLATION TOM BANE CIVIL RIGHTS ACT
180.      VIOLATION TOM BANE CIVIL RIGHTS ACT

181.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
182.     VIOLATION INTENTIONAL TORT
183.     VIOLATION PRIVATE NUISANCE
184.     VIOLATION CALIFORNIA CIVIL CODE § 1940.2
185.     VIOLATION CIVIL CODE § 1946.8
186.     VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
187.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
188.     VIOLATION LIABILTY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
189.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
190.     VIOLATION INTENTIONAL TORT
191.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
192.     VIOLATION LANDLORD LIABILITY
193.     VIOLATION PRIVATE NUISANCE
194.     VIOLATION GENERAL NEGLIGENCE
195.     VIOLATION INTENTIONAL TORT
196.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
197.     VIOLATION INTENTIONAL TORT
198.     VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT
199.     VIOLATION PREMISES LIABILITY AND NEGLIGENCE
200.     VIOLATION PRIVATE NUISANCE
201.     VIOLATION CALIFORNIA CIVIL CODE §1940.2
202.     VIOLATION CAILFFORNIA CIVIL CODE §1946.8
203.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
204.     VIOLATION INTENTIONAL TORT
205.     VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT
206.     VIOLATION TOM BANE CIVIL RIGHTS ACT
207.     VIOLATION DISCRIMINATION
208.     VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
209.     VIOLATION UNRUH CIVIL RIGHTS ACT
210.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
211.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
212.     VIOLATION PRIVATE NUISANCE
213.     VIOLATION CALIFORNIA CIVIL CODE §1940.2
214.     VIOLATION CALIFORNIA CIVIL CODE §1946.8

215.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
216.     VIOILATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
217.     VIOLATION DISCRIMINATION
218.     VIOLATION TOM BANE CIVIL RIGHTS ACT
219.     VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
220.     VIOLATION CIVIL RIGHTS ACT OF 1866
221.     VIOLATION FAIR HOUSING ACT – 42 U.S.C. 3601 et seq.
222.     VIOLATION UNRUH CIVIL RIGHTS ACT
223.     42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
224.     VIOLATION CALIFORNIA CIVIL CODE § 1946.8
225.     VIOLATION CALIFORNIA CIVIL CODE § 1940.2
226.     VIOLATION PRIVATE NUISANCE
227.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
228.     VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)
229.     VIOLATION INTENTIONAL TORT
230.     VIOLATION FRAUD
231.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
232.     VIOLATION INTENTIONAL INFLICTION OF EMOITONAL DISTRESS (IIED)
233.     VIOLATION PRIVATE NUISANCE
234.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
235.     VIOLATION CALIFORNIA CIVIL CODE § 1942.5
236.     VIOLATION CALIFORNIA CIVIL CODE § 1940.2
237.     VIOLATION  CALIFORNIA CIVIL CODE § 1946.8
238.     VIOLATION BREACH OF CONTRACT
239.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
240.     VIOILATION LANDLORD LIABILITY
241.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
242.     VIOLATION GENERAL NEGLIGENCE
243.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
244.     VIOLATION NEGLIGENT HIRING
245.     VIOLATION INTENTIONAL TORT
246.     VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT

247.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
248.    VIOLATION FRAUD
249.    VIOLATION TOM BANE CIVIL RIGHTS ACT
250.    VIOLATION BREACH OF CONTRACT
251.    VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 4301 – UNPROFESSIONAL CONDCUT
252.    VIOLATION CALIFORNIA CIVIL CODE § 1946.8
253.    VIOLATION CALIFORNIA CIVIL CODE § 1940.2
254.    VIOILATION CALIFORNIA CIVIL CODE § 1942.5
255.    VIOLATION PRIVATE NUISANCE
256.    VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
257.    VIOLATION INTENTIONAL MISREPRESENTATION
258.    VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
259.    VIOLATION CALIFORNIA CIVIL CODE § 1942.4
260.    VIOLATION CAL. BUS. & PROF. CODE § 17200 – UNFAIR BUSINESS PRACTICES
261.    VIOLATION FRAUD
262.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
263.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
264.    VIOLATION GENERAL NEGLIGENCE
265.    VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S CODE § 1109)
266.    VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT
267.    VIOLATION TOM BANE CIVIL RIGHTS ACT
268.    VIOLATION INTENTIONAL MISREPRESENTATION
269.    VIOLATION CALIFORNIA CIVIL CODE § 1941.1 – BREACH OF WARRANTY OF HABITABILITY
270.    VIOLATION CAL. BUS & PROF CODE § 17200 – UNFAIR BUSINESS PRACTICES
271.    42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
272.    VIOLATION PRIVATE NUISANCE
273.    VIOLATION CALIFORNIA CIVIL CODE § 1942.5
274.    VIOLATION CALIFORNIA CIVIL CODE § 1940.2
275.    VIOLATION CALIFORNIA CIVIL CODE § 1946.8

276.     42 U.S. CODE § 1981 – EQUAL RIGTHS UNDER THE LAW
277.     VIOLATION INTENTIONAL TORT
278.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
279.     UNRUH CIVIL RIGHTS ACT – DISCRIMINATION
280.     VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI
281.     VIOLATION CIVIL RIGHTS ACT OF 1866
282.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
283.     VIOLATION CALIFORNIA CIVIL CODE §1946.8
284.     VIOLATION CALIFORNIA CIVIL CODE 1940.2
285.     VIOLATION CALIFORNIA CIVIL CODE § 1942.5
286.     VIOLATION PRIVATE NUISANCE
287.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
288.     VIOLATION CAL. BUS. & PROF. CODE §17200 – UNFAIR BUSINESS PRACTICES
289.     VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT
290.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
291.     VIOLATION BREACH OF CONTRACT
292.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
293.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESE (IIED)
294.     VIOLATION NEGLIGENCE
295.     VIOLATION GENERAL NEGLIGENCE
296.     VIOLATION UNRUH CIVIL RIGHTS ACT – DISCRIMINATION
297.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
298.     VIOLATION CALIFORNIA CIVIL CODE § 1946.8
299.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
300.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW
301.     VIOLATION CALIFORNIA CIVIL CODE § 1940.2
302.     VIOLATION CALIFORNIA CIVIL CODE § 1942.5
303.     VIOLATION PRIVATE NUISANCE
304.     VIOLATION CAL. BUS. & PROF. Code § 17200 – UNFAIR BUSINESS PRACTICES

305.    VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 4301

306.    VIOLATION CALIFONRIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT

307.    VIOLATION INTENTIONAL TORT

308.    VIOLATION CALIFONRIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT

309.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

310.    VIOLATION TOM BANE CIVIL RIGHTS ACT

311.    VIOLATION CALIFONRIA BUSINESS & PROFESSIONS CODE § 4301

312.    VIOLATION CALIFORNIA CIVIL CODE § 1941.1- BREACH OF WARRANTY OF HABITABILITY

313.    VIOLATION PRIVATE NUISANCE

314.    VIOLATION CALIFORNIA CIVIL CODE § 1942.5

315.    VIOLATION CALIFORNIA CIVIL CODE § 1940.2

316.    VIOLATION CALIFONRIA CIVIL CODE § 1946.8

317.    VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

318.    VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW

319.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

320.    VIOLATION CALIFORNIA CODE OF CIVIL PROCEDURE § 527.6 – HARASSMENT

321.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

322.    VIOLATION INTENTIONAL TORT

323.    VIOLATION TOM BANE CIVIL RIGHTS ACT

324.    VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

325.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

326.    VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW

327.    VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

328.    VIOLATION CALIFORNIA CIVIL CODE § 1946.8

329.    VIOLATION CALIFORNIA CIVIL CODE § 1940.2

330.    VIOLATION CALIFORNIA CIVIL CODE § 1942.5

331.    VIOLATION PRIVATE NUISANCE

332.       VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 – UNFAIR BUSINESS PRACTICES

333.       VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

334.       VIOLATION BREACH OF CONTRACT

335.       VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

336.       VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

337.       VIOLATION GENERAL NEGLIGENCE

338.       VIOLATION LIABILTY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

339.       VIOLATION CALIFORNIA CIVIL CODE § 527.6 – HARASSMENT

340.       VIOLATION TOM BANE CIVIL RIGHTS ACT

341.       VIOLATION INTENTIONAL MISREPRESENTATION

342.       VIOLATION CAL. BUS. & PROF. CODE § 17200 – UNFAIR BUISNESS PRACTICES

343.       VIOLATION PRIVATE NUISANCE

344.       VIOLATION CALIFORNIA CIVIL CODE § 1942.5

345.       VIOLATION CALIFORNIA CIVIL CODE § 1940.2

346.       VIOLATION CALIFORNIA CIVIL CODE § 1946.8

347.       VIOILATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

348.       VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW

349.       VIOLATION CALIFONRIA BUISNESS & PROFESSIONS CODE § 4301

350.       VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

351.       VIOLATION GENERAL NEGLIGENCE

352.       VIOLATION CALIFORNIA CIVIL CODE § 1942.5

353.       VIOLATION CALIFORNIA CIVIL CODE § 1940.2

354.       VIOLATION CALIFORNIA CIVIL CODE §51.9 – SEXUAL HARASSMENT IN PROFESSIONAL RELATIONSHIP

355.       VIOLATION BREACH OF CONTRACT

356.       VIOLATION CALIFORNIA CIVIL CODE §1946.8

357.       VIOILATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

358.       VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT

359.       VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

360.     VIOLATION CALIFORIA CIVIL CODE §335.1 – BATTERY

361.     VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI – 42 U.S. CODE § 2000d

362.     VIOLATION BREACH OF CONTRACT

363.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

364.     VIOLATION INTENTIONAL INFICTION OF EMOTIONAL DISTRES (IIED)

365.     VIOLATION GENERAL NEGLIGENCE

366.     VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT

367.     VIOLATION UNRUH CIVIL RIGHTS ACT - DISCRIMINATION

368.     VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 – UNFAIR BUSINESS PRACTICES

369.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

370.     VIOLATION PRIVATE NUISANCE

371.     VIOLATION CALIFORNIA CIVIL CODE §1942.5

372.     VIOLATION CALIFONRIA CIVIL CODE §1940.2

373.     VIOLATION CALIFONRIA CIVIL CODE §1946.8

374.     VIOLATION 42 U.S. CODE § 1985 – CONSPRACY TO INTERFERE WITH CIVIL RIGHTS

375.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW

376.     VIOLATION TOM BANE CIVIL RIGTHS ACT

377.     VIOLATION INTENTIONAL TORT

378.     VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT

379.     VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

380.     VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

381.     VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW

382.     VIOLATION CALIFORNIA CIVIL CODE §1946.8

383.     VIOLATION CALIFORNIA CIVIL CODE §1940.2

384.     VIOLATION CALIFORNIA CIVIL CODE §1942.5

385.     VIOLATION PRIVATE NUISANCE

386.     VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

387.    VIOLATION CALIFORINA BUISNESS AND PROFESSIONS CODE §17200 – UNFAIR BUISNESS PRACTICES

388.    VIOLATION INTENTIONAL TORT

389.    VIOLATION INTENTIONAL TORT

390.    VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

391.    VIOLATION CALIFORNIA CIVIL CODE §1940.2

392.    VIOLATION CALIFORNIA CIVIL CODE §1940.2

393.    VIOLATION BREACH OF CONTRACT

394.    VIOLATION CALIFORNIA CIVIL CODE §1946.8

395.    VIOILATION 42 U.S. CODE §1981 – EQUAL RIGHTS UNDER THE LAW

396.    VIOLATION CALIFONRIA BUSINESS & PROFESSIONS CODE §17200 – UNFAIR BUSINESS PRACTICES

397.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

398.    VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT

399.    VIOLATION 42 U.S. CODE §1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

400.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

401.    VIOLATION CIVIL RIGHT AT OF 1964: TITLE VI – 42 U.S. CODE §2000d

402.    VIOLATION GENERAL NEGLIGENCE

403.    VIOLATION FRAUD

404.    VIOLATION UNRUH CIVIL RIGHTS ACT – DISCRIMINATION

405.    VIOLATION INTENTIONAL TORT

406.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

407.    VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

408.    VIOLATION 42 U.S. CODE §1985 – EQUAL RIGHTS UNDER THE LAW

409.    VIOLATION 42 U.S. CODE §1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS ACT

410.    VIOLATION CALIFORNIA CIVIL CODE §1946.8

411.    VIOLATION CALIFORNIA CIVIL CODE §1940.2

412.    VIOLATION CALIFORNIA CIVIL CODE §1942.5

413.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

414.    VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 – UNFAIR BUSINESS PRACTICES

415.    VIOLATION 42 U.S. CODE §1983 – CIVIL RIGHTS CONSPIRACY
416.    VIOLATION 42 U.S. CODE §1983 – FOURTEENTH AMENDMENT RIGHTS
417.    VIOLATION 42 U.S. CODE §1983 – SUPERVISORY LIABILTY
418.    VIOLATION 42 U.S. CODE §1983 – FOURTH AMENDMENT RIGHTS – UNLAWFUL/UNREASONABLE SEARCH & SEIZURE OF PERSONS/PROPERTY
419.    VIOLATION 42 U.S. CODE §1983 – FOURTH AMENDMENT RIGHTS – EXCESSIVE/ UNREASONABLE USE OF FORCE ON PERSON
420.    VIOLATION 42 U.S. CODE §1983 – FOURTEENTH AMENDMENT RIGHTS – FAILURE TO INTERVENE
421.    VIOLATION CALIFONIA CIVIL CODE §52.1 – BANE ACT
422.    VIOLATION ASSULT & BATTERY
423.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
424.    VIOLATION NEGLIGENT/NEGLIGENT INFLUENCE OF EMOTIONAL DISTRESS (NIED)
425.    VIOLATION DEPRIVATION OF CIVIL RIGHTS – ENTITY AND SUPERVISORY LIABILTY
426.    VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
427.    VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 – UNFAIR BUSINESS PRACTICES
428.    VIOLATION BREACH OF CONTRACT
429.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
430.    VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE §1109)
431.    VIOLATION CALIFORNIA CIVIL CODE §52.1 – TOM BANE CIVIL RIGHTS ACT
432.    VIOLATION 42 U.S. CODE §1981 – EQUAL RIGHTS UNDER THE LAW
433.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
434.    VIOLATION CALIFORNIA CIVIL CODE §1942.5
435.    VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE §4301
436.    VIOLATION PRIVATE NUISANCE
437.    VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT
438.    VIOLATION CALIFORNIA CIVIL CODE §1946.8
439.    VIOLATION CALIFORNIA CIVIL CODE §1940.2
440.    VIOLATION CALIFORNIA CIVIL CODE §1942.5

441.      **VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 – UNFAIR BUSINESS PRACTICES**
442.      **VIOLATION UNRUH CIVIL RIGHTS ACT – CALIFORNIA CIVIL CODE §51**
443.      **VIOLATION CIVIL RIGHTS ACT TITLE II: PUBLIC ACCOMODATIONS 42 U.S. CODE §2000**
444.      **VIOLATION CALIFORNIA CIVIL CODE §335.1 – BATTERY**
445.      **VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**
446.      **VIOLATION CIVIL CODE §45 – DEFAMATION & SLANDER**
447.      **VIOLATION UNRUH CIVIL RIGHTS ACT – DISCRIMINATION**
448.      **VIOLATION CALIFORNIA CODE OF CIVIL §527.6 – HARASSMENT, CREDIBLE THREAT OF VIOLENCE**
449.      **VIOLATION 42 U.S. CODE §1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
450.      **VIOLATION UNRUH CIVIL RIGHTS ACT – CALIFORNIA CIVIL CODE §51**
451.      **VIOLATION CIVIL RIGHTS ACT TITLE II: PUBLIC ACCOMODATIONS 42 U.S. CODE §2000**
452.      **VIOLATION CALIFORNIA CIVIL CODE §51.5 – DISCRIMINATION IN BUSINESS DEALINGS**
453.      **VIOLATION GENERAL NEGLIGENCE**
454.      **VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**
455.      **VIOLATION INTENTIONAL TORT**
456.      **VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI 42 U.S. CODE §2000d**
457.      **VIOLATION INTENTIONAL TORT**
458.      **VIOLATION NEGLIGENCE**
459.      **VIOLATION LANDLORD LIABILITY**
460.      **VIOLATION PRIVATE NUISANCE**
461.      **VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
462.      **VIOLATION 42 U.S. CODE §1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**
463.      **VIOLATION 28 U.S. CODE §955 (PRACTICE OF LAW RESTRICTION)**
464.      **VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE §6128(a)**
465.      **VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE §1109)**
466.      **VIOLATION 42 U.S. CODE §1983 – CIVIL RIGHTS CONSPIRACY**
467.      **VIOLATION 42 U.S. CODE §1983 – FOURTEENTH AMENDMENT RIGHT**

468.    VIOLATION 42 U.S. CODE §1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
469.    VIOLATION 42 U.S. CODE §1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS
470.    VIOLATION INTENTIONAL TORT
471.    VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE §1109)
472.    VIOLATION TOM BANE CIVIL RIGHTS ACT
473.    VIOLATION LANDLORD LIABILITY
474.    VIOLATION BATTERY
475.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
476.    VIOLATION UNRUH CIVIL RIGHTS ACT
477.    VIOLATION FIRST AMENDMENT RIGHT – FREEDOM OF SPEECH
478.    VIOLATION 42 U.S. CODE §1981 – EQUAL RIGHTS UNDER THE LAW
479.    VIOLATION CALIFORNIA CIVIL CODE §1942.5 – RETALIATION BY LESSOR AGAINST LESSEE FOR EXERCISING RIGHTS
480.    VIOLATION FRADULENT INDUCEMENT – CONCEALMENT
481.    VIOLATION LANDLORD WARRANTY HABITABILITY
482.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
483.    VIOLATION NEGLIGENT HIRING
484.    VIOLATION NEGLIGENT MISREPRESENTATION
485.    VIOLATION INTENTIONAL MISREPRESENTATION
486.    VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
487.    VIOLATION CIVIL CODE §1941 – BREACH OF WARRANTY OF HABITABILTY
488.    VIOLATION CAL. BUS. & PROF. CODE §17200 – UNFAIR BUSINESS PRACTICES
489.    VIOLATION CALIFORNIA CIVIL CODE §46 – DEFAMATION – SLANDER
490.    VIOLATION CAL. CIV. CODE §1708.7 – STALKING
491.    VIOLATION BREACH OF CONTRACT
492.    VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE §1109)
493.    VIOLATION 42 U.S. CODE §1983 – SUPERVISORY LIABILITY
494.    VIOLATION 42 U.S. CODE § 1983 – FOURTEENTH AMENDMENT RIGHT
495.    VIOLATION 42 U.S. CODE §1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS
496.    VIOLATION BREACH OF CONTRACT
497.    VIOLATION FRAUD

498.    VIOLATION CAL. CIV. CODE §1708.7 – STALKING
499.    VIOLATION BREACH OF WARRANTY OF HABITABILITY
500.    VIOLATION 42 U.S. CODE §1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
501.    VIOLATION 42 U.S. CODE §1981 – EQUAL RIGHTS UNDER THE LAW
502.    VIOLATION INTENTIONAL MISRPRESENTATION
503.    VIOLATION NEGLIGENT HIRING
504.    VIOLATION CALIFORNIA CIVIL CODE §1710 – NEGLIGENT MISREPRESENTATION
505.    VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
506.    VIOLATION LANDLORD WARRANTY HABITABILITY
507.    VIOLATION LANLORD LIABILITY
508.
509.    VIOLATION CAL. CIV. CODE §1942.5
510.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
511.    VIOLATION CAL. CIV. CODE §51 – UNRUH CIVIL RIGHTS ACT
512.    VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE §4301
513.    VIOLATION THE REHABILITATION ACT – SECTION 504
514.    VIOLATION GENERAL NEGLIGENCE
515.    VIOLATION CALIFORNIA CIVIL CODE §1940.2
516.    VIOLATION CALIFORNIA CIVIL CODE §1946.8
517.    VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI 42 U.S. CODE §2000d
518.    VIOLATION PUBLIC NUISANCE
519.    VIOLATION CALIFORNIA CIVIL CODE §527.6 – HARASSMENT
520.    VIOLATION CALIFORNIA CIVIL CODE §1942.4
521.    VIOLATION FRAUD
522.    VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE §1109)
523.    VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)
524.    VIOLATION 42 U.S. CODE §1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
525.    VIOLATION GENERAL NEGLIGENCE
526.    VIOLATION CAL. CIV. CODE §1942.5
527.    VIOLATION CALIFORNIA CIVIL CODE §1940.2
528.    VIOLATION CALIFORNIA CIVIL CODE §1946.8

529.  VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI – 42 U.S. CODE §2000d
530.  VIOLATION CAL. CIV. CODE §3426.3 – UNJUST ENRICHMENT
531.  VIOLATION CAL. GOV'T CODE §§7262 and 7264 and 25 C.C.R. §6090 et seq. and 6104
532.  VIOLATION CAL. GOV'T CODE §7260 AND 25 C.C.R. §§ 6000 et seq.
533.  VIOLATION 42 U.S. CODE §5304, 24 C.F.R. §§42 et seq.; 42 U.S. CODE §§12701 et seq; 24 C.F.R. PART 92
534.  VIOLATION CAL. GOV'T CODE §§7260 et seq.; AND 25 C.F.R. §§6000 et seq.
535.  VIOLATION CAL. GOV'T CODE §7262 AND 7264 AND 25 C.C.R. §§6000 et seq., and 6104
536.  VIOLATION CAL. GOV'T CODE §7260, et seq; and 25 C.C.R. §§6010, et seq.
537.  VIOLATION CAL. HEALTH & SAFETY CODE §§33413, 33413.5 AND 33411.3
538.  VIOLATION 42 U.S. CODE §3604 – THE FAIR HOUSING ACT
539.  VIOLATION CAL. GOV'T CODE §§12900, et seq.
540.  VIOLATION CAL. GOV'T CODE §7260, et seq.; and 25 C.C.R. §§6010, et seq.

**JURY TRIAL DEMANDED: YES**

## I.    JURISDICTION

1.  This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Federal question jurisdiction Arises pursuant to 42 U.S.C. § 1983.

2.  Plaintiff Cecil Elmore claims for violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), and 42 U.S.C. §§ 1983 and 1985(3), among other claims for relief, arise under the Constitution and laws of the United States such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiff Cecil Elmore claims for violation of California State Law concern the same action and omissions that form the basis of Plaintiff federal question claims such that they all are part of the same case or controversy.

4.  This Court, therefore, has supplemental jurisdiction over those California State Law claims pursuant to 28 U.S.C. § 1367.

## II. VENUE

5.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1 and 2). Defendants Ruben Islas Jr; Ruben Islas; Martha

Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Michael Vasquez; Mark Wiese; Joel

Jimenez; Aracelli Castillo; Wendy Contreras; Luther Gadson; Rachel Gilgar; Sherry Dicko; Je T'aime

Bradshaw; Danielle Williams; Gonzalo Rivera; Logan Capital Advisors, LLC.; The Rosslyn Lofts Housing

Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Islas Development, LLC;

Suffolk Development, LLC; Pacific Housing, INC.; Rosslyn Partners, LP; Lana Yee; Daisy Hebreo; Gloria

Bailon; Lizbeth Parra; Leilani Olivas; Inspiration Property Management, INC.; Beach Front Property

Management, INC.; Michael Childress; Erica Delery; Claudia Jauregui; Lana Dennis; Rodrigo Castellanos;

Kyle Dana Kazan; Margaret Holden; Kris Hulgreen; Melinda Johnson; Ricardo Lopez; Jorge Lopez; Sara

Lopez; Valerie Sosa; Harold Samuel Beard; Domonick Lawrence Guy; Cynthia Parry; Chase Protective

Services, INC.; Thomas Paul White; Jose Ramirez; RBW Security Services INC.; Master Muhammad;

Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga;

Jose Sandin; Keandre Stephenson; Tyrone Jenkins; Alico Security Group, INC.; Manal Sabry; Daniel

Wheeler; 365 No Days Off LLC; Michael Hudson; Stephon DOE; Caleb Gardner; Lorraine Poster; Brian

Hsiao; Marie Sfair; Michelle Tsiebos; Theodore Victorio; Richard Lavin; Jangbir Singh; Gina Kojayan;

Gladys Boateng; Edgar Antonyan; DOE 16 aka "Valerie"; Aric Defusco; Ann Sewill; Tricia Keane; Anna

Ortega; Tonyua Newsome; Los Angeles Police Department; City of Los Angeles; DOE Grady (41438); DOE

Madjd (42075); Pietro Pira; Abraham Tapia; Mee Semcken; Eduardo Perez Rayes; Kelli Bernard; Abbas

Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Anthony Torres; Navid Kabiri; SArmine Nazarian;

Armine Nazarian D.M.D.; Ted Dean Conley; Ray, Aloia & Conley, LLP; Quinn Nguyen; Starbucks

Corporation; Walmart INC.; The Coca-Cola Company; Bank of America, N.A.; GWIS, LLC; Adam Doench;

Justin Ostensen; Derek Ostensen; Derek Ostensen and Associates LLC; Karen Armstrong; Christi Stewart;

Universal Services of America, LP; Joan Choi; Richard Salazar; Javier Fletes; Hortencia Garcia; Kimberly

Johnson; I. Yan; DOES 1 to 25,  reside in the Central District of California, and the events, acts and

omissions giving rise to Plaintiff Cecil Elmore claims occurred in the Central District of California.

### III.    PARTIES

6.   Plaintiff Cecil Elmore is an adult qualified to bring suit on his own behalf.  At all relevant time Plaintiff

Cecil Elmore resided in the City of Los Angeles, County of Los Angeles, in the State of California.  Plaintiff Cecil Elmore is an African American with a mental and physical disability that affects his ability to perform daily activities.

7.  Defendant Ruben Islas Jr is sued in his individual capacity and also the other businesses that Defendant Ruben Islas Jr owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., Islas Development, LLC.; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Inspiration Property Management, INC.; Suffolk Development, LLC; Beach Front Property Management, INC.

8.  Defendant Ruben Islas is sued in his individual capacity and also the other businesses that Defendant Ruben Islas Jr owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., Islas Development, LLC.; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Inspiration Property Management, INC.; Suffolk Development, LLC; Beach Front Property Management, INC.

9.  Defendant Logan Capital Advisors, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

10. Defendant The Rosslyn Lofts Housing Partners, LP is sued in their official capacity as a Limited Partnership.  Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92106 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

11. Defendant Logan Property Management, INC. is sued in their official capacity as a Incorporation. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

12. Defendant The Amerland Group, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

13. Defendant Islas Development, LLC is sued in their official capacity as a Limited Liability Company.

1  Registered in the State of California and principal address of 1927 Adams Avenue, #200, San Diego, California,
2  92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

3      14. Defendant Suffolk Development, LLC is sued in their official capacity as a Limited Liability Company.
4  Registered in the State of California and principal address of 1927 Adams Avenue, Suite 200, San Diego,
5  California, 92116.

6      15. Defendant Martha Enriquez is the sister of Defendant Ruben Islas Jr, as they both have the same father
7  Ruben Islas. Defendant Martha Enriquez original name when she was born was Martha Islas. Defendant Martha
8  Enriquez is sued in her individual capacity and also the other business the Defendant Martha Enriquez owns,
9  operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing
10  Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P.

11      16. Defendant Jules Lucius Arthur is sued in his individual capacity and also other businesses the Defendant
12  Jules Arthur owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC; The
13  Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria
14  Housing Partners, L.P., and president of Defendant Suffolk Development, LLC.

15      17. Defendant Paul Runkle is sued in his individual capacity and also other businesses the Defendant Paul
16  Runkle is a partner of Defendant Logan Capital Advisors, LLC.

17      18. Defendant Michael Vasquez is sued in his individual capacity. Defendant Michael Vasquez is the
18  manager of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management,
19  INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P.

20      19. Defendant Joel Jimenez is sued in his individual capacity. Defendant Joel Jimenez is the manager of The
21  Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Inspiration Property Management, INC.,
22  doing business at address 451 S Main Street, Los Angeles, California, 90013.

23      20. Defendant Bethany Spooner is sued in her individual capacity. Defendant Bethany Spooner is Human
24  Resources of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management,
25  INC., The Amerland Group, LLC. And doing business at 451 S Main Street, Los Angeles, California, 90013.

26      21. Defendant Melinda Johnson is sued in her individual capacity and resides at address 451 S Main Street,
27  Unit 435, Los Angeles, California, 90013.

28      22. Defendant Cynthia Parry is sued in her individual capacity as she is an employee of the public entity of

The Bureau of Security and Investigative Services of the State of California.

23. Defendant Ruby Montoya is sued in her individual capacity as she is an employee of the public entity of The Bureau of Security and Investigative Services of the State of California.

24. Defendant Robin Perez is sued in their individual capacity.  Defendant Robin Perez is a Enforcement Technician for State of California Bureau of Security and Investigative Services.

25. Defendant Thomas Paul White is sued in his individual capacity.  Defendant Thomas Paul White, former Los Angeles Police Officer as he owns, operates and manages Chase Protective Services, INC., while performing duty services at address 451 S Main Street, Los Angeles, California, 90013 according to California Secretary of State, Chase Protective Services, INC., was terminated in May 20, 2011 and still performing duty services at address 451 S Main Street, Los Angeles, California, 90013.  As all employee uniforms state Chase Protective Services, INC.

26. Defendant Chase Protective Services, INC., is sued in their official capacity.  Defendant Chase Protective Services, INC., while performing duty services at address 451 S Main Street, Los Angeles, California, 90013 according to California Secretary of State, Defendant Chase Protective Services, INC., was terminated in May 20, 2011 and were still performing duty services at address 451 S Main Street, Los Angeles, California, 90013.  As all employee uniforms state Chase Protective Services, INC.

27. Defendant Jose Ramirez is sued in his individual capacity.  Defendant Jose Ramirez is an employee of Chase Protective Services, INC., while performing duty services of a security guard at address 451 S Main Street, Los Angeles, California, 90013.

28. Defendant Master Muhammad is sued in his individual capacity.  Defendant Master Muhammad owns, operates and manages RBW Security Services, INC., while performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

29. Defendant Hughford Muhammad is sued in his individual capacity. Defendant Hughford Muhammad owns, operates, and manages RBW Security Services, INC., while performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

30. Defendant RBW Security Services INC., is sued in their official capacity.  Defendant RBW Security

Services, INC., while performing duties at address 451 S Main Street, Los Angeles, California, 90013 according to California Secretary of State, Defendant RBW Security Services, INC., still is suspended since April 2, 2013, and were still performing duty services at address 451 S Main Street, Los Angeles, California, 90013.

31. Defendant Keandre Stephenson is sued in his individual capacity. Defendant Keandre Stephenson is an employee security guard of RBW Security Services, INC., and Knowles Security, INC., performing security duties at 451 S Main Street, Los Angeles, California, 90013.

32. Defendant Dewey Services, Incorporated is sued in their official capacity. Defendant Dewey Services, Incorporated principal address 939 East Union Street, Pasadena, California, 91106 while performing pest control services at address 451 S Main Street, Los Angeles, California, 90013.

33. Defendant Joe Zuniga is sued in his individual capacity. Defendant Joe Zuniga, is a Detective for the Fullerton Police Department and he owns, operates, and manages Knowles Security, INC., and was performing duties at address 451 S Main Street, Los Angeles, California, 90013.

34. Kevin Zuniga is sued in his individual capacity. Defendant Kevin Zuniga is the son of Defendant Joe Zuniga. Also, Defendant Kevin Zuniga is the manager of Knowles Security, INC., and was performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

35. Defendant Knowles Security, INC., is sued in their official capacity. Defendant Knowles Security, INC., principal address is 335 S State College Boulevard, Fullerton, California, 92831, performing security duties at 451 S Main Street, Los Angeles, California, 90013.

36. Defendant Tyrone Jenkins is sued in his individual capacity. Defendant Tyrone Jenkins is a non-licensed security guard in the State of California and all other States of the United States of America. As he is an employee of Knowles Security, INC., performing security guard duties at address 451 S Main Street, Los Angeles, California, 90013.

37. Defendant Jose Sandin is sued in his individual capacity. Defendant Jose Sandin is an employee of Defendant Knowles Security, INC., performing security guard duties at address 451 S Main Street, Los Angeles, California, 90013.

38. Defendant City of Los Angeles is sued in their official capacity. Defendant City of Los Angeles is a

municipality and is a political subdivision of the State of California.  Defendant The Los Angeles Police Department (hereinafter "LAPD") is a non-separable department of the City of Los Angeles located in the Los Angeles County, California.

39. Defendant Brian Hsiao is sued in his individual capacity.  Defendant Brian Hsiao is an employee of Los Angeles County Department of Public Health Environmental Health Division.

40. Defendant Marie Sfair is sued in her individual capacity.  Defendant Marie Sfair is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

41. Defendant Michelle Tsiebos is sued in her individual capacity. Defendant Michelle Tsiebos is an Environmental Health Services Manager for the Central Region at the Los Angeles County Department of Public Health Environmental Health Division

42. Defendant Richard Lavin is sued in his individual capacity.  Defendant Richard Lavin was the Chief Environmental Health Services at the Los Angeles County Department of Public Health Environmental Health Division and now is the Chief Environment Health Services of the Civic Center in the Central Region.

43. Defendant Jangbir Singh is sued in his individual capacity.  Defendant Jangbir Singh Chief Environmental Health Services at the Los Angeles County Department of Public Health Environmental Health Division.

44. Defendant Domonick Lawrence Guy is sued in his individual capacity.  Defendant Domonick Lawrence Guy is a resident of the County of Los Angeles in the State of California.

45. Defendant Manal Sabry is sued in his individual capacity and the owner, manager of Alico Security Group, INC., that perform security duties at address 451 S Main Street, Los Angeles, California, 90013.

46.  Defendant Alico Security Group, INC., is sued in their official capacity principal address 1401 Ventura BLVD STE 209, Sherman Oaks, California, 91403, performing security services at address 451 S Main Street, Los Angeles, California, 90013.

47.  Defendant Daniel Wheeler is sued in his individual capacity and is an employee, manager and security guard of Alico Security Group, INC., performing security duties at address 451 S Main Street, Los Angeles, California, 90013.

48.  Defendant Abbas Eftekhari is sued in his individual capacity, Defendant Abbas Eftekhari D.D.S., a

dentist and sued in his official capacity as Defendant Eftekhari D.D.S., INC., a corporation also sued in their

official capacity. Defendants Abbas Eftekhari; Abbas Eftekhari D.D.S.; Eftekhari D.D.S., INC., perform dental

duties at address 3909 Sepulveda Blvd., Culver City, California, 90230.

49. Defendant Anthony Torres is sued in his individual capacity. Defendant Anthony Torres is non-licensed

(from the Dental Board of California and/or Dental Hygiene Board of California) person who unlawfully

performed dental procedures at address 3909 Sepulveda Blvd., Culver City, California, 90230 while being an

employee of Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.

50. Defendant Navid Kabiri is sued in his individual capacity. Defendant Navid Kabiri performed dental

duties at address 3909 Sepulveda Blvd., Culver City, California, 90230.

51. Defendant Armine Nazarian is sued in her individual capacity and as Defendant Armine Nazarian,

D.M.D., in her official capacity. Defendants Armine Nazarian and Armine Nazarian, D.M.D., perform dental

duties at address 300 S. Beverly Drive Suite 303, Beverly Hills, California, 90212.

52. Defendant Ted Dean Conley is sued in his individual capacity and Defendant Ray, Aloia & Conley, LLP is

sued in their official capacity. Defendant Ted Dean Conley is a licensed attorney in the State of California and

Defendant Ray, Aloia & Conley, LLP are located at address 18430 Brookhurst St. #201L, Fountain Valley,

California, 92708.

53. Defendant Quinn Nguyen is sued in her individual capacity. Defendant Quinn Nguyen is assistant to

Defendant Ted Dean Conley and Defendant Ray, Aloia & Conley, LLP located at address 18430 Brookhurst St.

#201L, Fountain Valley, California, 92708.

54. Defendant Starbucks Corporation is sued in their official capacity. Defendant Starbucks Corporation

performing duties at address 6745 Hollywood Blvd., Los Angeles, California, 90028.

55. Defendant Walmart INC., is sued in their official capacity. Defendant Walmart INC., performing duties at

address 1301 N. Victory Pl., Burbank, California, 91502.

56. Defendant The Coca-Cola Company is sued in their official capacity. Defendant The Coca-Cola Company

performed duties at address 1301 N. Victory Pl., Burbank, California, 91502.

57. Defendant Bank of America, N.A., is sued in their official capacity. Defendant Bank of America, N.A.,

business address at 6300 Sunset Blvd., Hollywood, California, 90028.

58. Defendant GWIS, LLC is sued in their official capacity.  Defendant GWIS, LLC is a limited liability company at principal address 668 North Coast Highway #183, Laguna Beach, California, 92651 as they performed business in the County of Los Angeles, in the State of California.

59. Defendant Justin Ostensen is sued in his individual capacity.  Defendant Justin Ostensen performed business in Los Angeles County, in the State of California.

60. Defendant Derek Ostensen and Associates LLC is sued in their official capacity.  Defendant Derek Ostensen and Associates LLC principal address is 2 Corporate PLZ STE 150, Newport Beach, California, 92660 and performed business in Los Angeles County, in the State of California.

61. Defendant Derek Ostensen is sued in his individual capacity.  Defendant Derek Ostensen performed business in Los Angeles County, in the State of California.

62. Defendant Adam Doench is sued in his individual capacity.  Defendant Adam Doench performed business in Los Angeles County, in the State of California.

63. Defendant Karen Armstrong is sued in her individual capacity.  Defendant Karen Armstrong performed business in Los Angeles County, in the State of California.

64. Defendant Christi Stewart is sued in her individual capacity.  Defendant Christi Stewart performed duties in Los Angeles County, in the State of California.

65. Defendant Universal Services of America, LP is sued in their official capacity.  Defendant Universal Services of America, LP is a limited partnership with their principal address of business at 1551 N. Tustin Ave STE 650, Santa Ana, California, 92705.

66. Defendant Michael Childress is sued in his individual capacity.  Defendant Michael Childress performs duties at address 451 S Main Street, Los Angeles, California, 90013 and is the manager for Defendant Inspiration Property Management, INC.

67. Defendant Inspiration Property Management, INC., is sued in their official capacity.  Defendant Inspiration Property Management, INC., is a corporation with their principal address at 1212 Long Beach Blvd., Long Beach, California, 90813.  Defendant Inspiration Property Management, INC., are currently doing business at address 451 S Main Street, Los Angeles, California, 90013.

68. Defendant Ricardo Lopez is sued in his individual capacity.  Defendant Ricardo Lopez lives with his mother Sara Lopez at address 451 S Main Street Unit 429, Los Angeles, California, 90013.

69. Defendant Jorge Lopez is sued in his individual capacity. Defendant Jorge Lopez is the son of Defendant Sara Lopez and brother to Defendant Ricardo Lopez who reside at address 451 S Main Street Unit 429, Los Angeles, California, 90013.

70. Defendant Sara Lopez is sued in her individual capacity. Defendant Sara Lopez resides at address 451 S Main Street Unit 429, Los Angeles, California, 90013 and is the mother to Defendant Ricardo Lopez and Defendant Jorge Lopez.

71. Defendant Joan Choi is sued in her individual capacity. Defendant Joan Choi is an employee of the County of Los Angeles.

72. Defendant Richard Salazar is sued in his individual capacity. Defendant Richard Salazar is an employee of the County of Los Angeles.

73. Defendant Javier Fletes is sued in his individual capacity. Defendant Javier Fletes is an employee of the County of Los Angeles.

74. Defendant Wendy Contreras is sued in her individual capacity. Defendant Wendy Contreras is an employee of Defendants Ruben Islas Jr; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

75. Defendant Aracelli Castillo is sued in her individual capacity. Defendant Aracelli Castillo is an employee of Defendants Ruben Islas Jr; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

76. Defendant Luther Gadson is sued in his individual capacity. Defendant Luther Gadson is an employee of Defendants Ruben Islas Jr; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

77. Defendant Rachel Gilgar is sued in her individual capacity. Defendant Rachel Gilgar is an employee of Defendants Ruben Islas Jr; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

78. Defendant Sherry Dicko is sued in her individual capacity.  Defendant Sherry Dicko is an employee of Defendants Ruben Islas Jr; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

79. Defendant Je T'aime Bradshaw is sued in her individual capacity.  Defendant Je T'aime Bradshaw is an employee of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

80. Defendant Danielle Williams is sued in her individual capacity.  Defendant Danielle Williams is an employee of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriques; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

81. Defendant Lana Yee is sued in her individual capacity.  Defendant Lana Yee is the Controller of employer Defendant Logan Property Management, INC.

82. Defendant Daisy Hebreo is sued in her individual capacity.  Defendant Daisy Hebreo is the Accountant of employer Defendant Logan Property Management, INC.

83. Defendant Gloria Bailon is sued in her individual capacity.  Defendant Gloria Bailon is the Compliance Director of employer Defendant Logan Property Management, INC.

84. Defendant Lizbeth Parra is sued in her individual capacity.  Defendant Lizbeth Parra is the Director of Training and Development of employer Defendant Logan Property Management, INC.

85. Defendant Leilani Olivas is sued in her individual capacity.  Defendant Leilani Olivas is the Property Management Coordinator of employer Defendant Logan Property Management, INC.

86. Defendant Theodore Victorio is sued in her individual capacity.  Defendant Theodore Victorio is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

87. Defendant Gonzalo Rivera is sued in his individual capacity.  Defendant Gonzalo Rivera is a maintenance worker employee of Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arther; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.

88. Defendant Gladys Boateng is sued in her individual capacity. Defendant Gladys Boateng is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

89. Defendant Edgar Antonyan is sued in his individual capacity. Defendant Edgar Antonyan is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

90. Defendant Aric Defusco is sued in his individual capacity. Defendant Aric Defusco is an employee of the Los Angeles County Housing Department Code Enforcement Division.

91. Defendant Tonyua Newsome is sued in her individual capacity. Defendant Tonyua Newsome is an employee of the Department of Employment and Fair Housing in the State of California.

92. Defendant 365 No Days Off LLC is sued in their official capacity. Defendant 365 No Days Off LLC is a Limited Liability Company registered in the State of California with California Secretary of State with a principal address of 8930 S. Harvard Blvd., Los Angeles, California, 90047. Defendant 365 No Days Off LLC is doing business at 451 S Main Street, Los Angeles, California, 90013. Defendant 365 No Days Off LLC is not registered with the State of California Bureau of Security and Investigative Services.

93. Defendant Caleb Gardner is sued in his individual capacity. Defendant Caleb Gardner is a manager of Defendant 365 No Days Off LLC.

94. Defendant Lorraine Poster is sued in her individual capacity. Defendant Lorraine Poster is a manager of Defendant 365 No Days Off LLC.

95. Defendant Michael Hudson is sued in his individual capacity. Defendant Michael Hudson is a supervisor of Defendant 365 No Days Off LLC.

96. Defendant Stephon DOE is sued in his individual capacity. Defendant Stephon DOE is an unlicensed security guard on duty for Defendant 365 No Days Off LLC; Defendant Michael Hudson, working at property 451 S Main Street, Los Angeles, California, 90013.

97. Defendant Erica Delery is sued in her individual capacity. Defendant Erica Delery is an employee of Defendant Inspiration Property Management, INC.

98. Defendant Gina Kojayan is sued in her individual capacity. Defendant Gina Kojayan is an employee of the Los Angeles County Department of Public Health Environmental Health Division.

99. Defendant Ann Sewill is sued in her individual capacity. Defendant Ann Sewill is the General Manager of the Los Angeles Housing Department (LAHD).

100.       Defendant Tricia Keane is sued in her individual capacity.  Defendant Tricia Keane is the Executive Officer of the Los Angeles Housing Department (LAHD).  She is responsible for insuring efficient and effective implementation of LAHD's Programs including Affordable Housing Finance, Rental Housing Regulation, and a delivery of a wide range of Housing Development Services to Los Angeles residents.  Defendant Tricia Keane also administers the City's Accessible Housing Program (AcHP).

101.       Defendant DOE 1 is sued in their individual capacity.  Defendant DOE 18 is the Chair of Community Redevelopment Agency of the City of Los Angeles (CRA-LA).

102.       Defendant DOE 19 is sued in their individual capacity.  Defendant DOE 19 is the Vice Chair of the Community Redevelopment Agency of the City of Los Angeles (CRA-LA).

103.       Defendant DOE 20 is used in their individual capacity.  Defendant DOE 20 is a Member of the Community Redevelopment Agency of the City of Los Angeles (CRA-LA).

104.       Defendant Anna Ortega is sued in her individual capacity.  Defendant Anna Ortega is the Assistant General Manager of Regulatory Code and Compliance Bureau for the Los Angeles Housing Department (LAHD).  Defendant Anna Ortega is responsible for the management of City-wide major operations for the: Rent Stabilization, Code Enforcement and Compliance Divisions.

105.       Defendant Aric Defusco is sued in his individual capacity.  Defendant Aric Defusco is the Code Enforcement Inspector of the Los Angeles Housing Department (LAHD).

106.       Defendant Claudia Jauregui is sued in their individual capacity.  Defendant Claudia Jauregui is an employee of Defendant Inspiration Property Management, INC.

107.       Defendant Pacific Housing, INC., is sued in their official capacity.  Defendant Pacific Housing, INC., is an Incorporated Company registered in the State of California with California Secretary of State with a principal address of 2115 J Street, Suite 201, Sacramento, California, 95816.

108.       Defendant Mark Wiese is sued in his individual capacity.  Defendant Mark Wiese is the Chief Executive Officer for Defendant Pacific Housing, INC.

109.       Defendant Rosslyn Partners, LLC, is sued in their official capacity.  Defendant Rosslyn Partners, LLC is an Limited Liability Company registered in the State of California with California Secretary of State with a principal address of 1927 Adams Ave #200, San Diego, California, 92116.

110.       Defendant Abraham Tapia is sued in his individual capacity.  Defendant Abraham Tapia is a

Captain with the Los Angeles Fire Department in the City of Los Angeles.

111.       Defendant Valerie Sosa is sued in her individual capacity.  Defendant Valerie Sosa is a resident of County of Los Angeles, California.

112.       Defendant Harold Samuel Beard is sued in his individual capacity.  Defendant Harold Samuel Beard is a resident of County of Los Angeles, California.

113.       Defendant Beach Front Property Management, INC., is sued in their official capacity.  Defendant Beach Front Property Management, INC., is a Stock Corporation Company registered in the State of Californian with California Secretary of State with principal address of 1212 Long Beach Blvd., Long Beach, California, 90813. Defendant Beach Front Property Management, INC., is the parent company working parallel with Defendant Inspiration Property Management, INC.

114.       Defendant Lana Dennis is sued in their individual capacity. Defendant Lana Dennis is the Manager employed by Defendant Inspiration Property Management, INC., performing business at 451 S Main Street, Los Angeles, California, 90013.

115.       Defendant Rodrigo Castellanos is sued in their individual capacity.  Defendant Rodrigo Castellanos is the Manager employed by Defendant Inspiration Property Management, INC.; and Defendant Beach Front Property Management, INC., which both companies are performing business at address 451 S Main Street, Los Angeles, California, 90013.

116.       Defendant Kyle Dana Kazan is sued in their individual capacity.  Defendant Kyle Dana Kazan is the Chief Executive Officer of Defendant Beach Front Property Management, INC.

117.       Defendant Margaret Holden is sued in their individual capacity.  Defendant Margaret Holden is the Chief Financial Officer of Defendant Beach Front Property Management, INC.

118.       Defendant Kris Hulgreen is sued in their individual capacity.  Defendant Kris Hulgreen is the Secretary of Defendant Beach Front Property Management, INC.

119.       Defendant DOE Grady (41438) is sued in his individual capacity.  Defendant DOE Grady (41438) is a City of Los Angeles Police Department, Police Officer.

120.       Defendant DOE Madjd (42075) is sued in her individual capacity.  Defendant DOE Madjd (42075) is a City of Los Angeles Police Department, Police Officer.

121.       Defendant Pietro Pira is sued in his individual capacity.  Defendant Pietro Pira is a Detective with

1   the City of Burbank Police Department, Police Officer – Detective.

2   122.    Defendant Hortencia Garcia is sued in her individual capacity.  Defendant Hortencia Garcia is an

3   employee of County of Los Angeles.

4   123.    Defendant Kimberly Johnson is sued in her individual capacity.  Defendant Kimberly Johnson is

5   an employee of County of Los Angeles.

6   124.    Defendant I. Yan is sued in their individual capacity.  Defendant I. Yan is an employee of the

7   County of Los Angeles, Spring Street Courthouse.

8   125.    Defendant DOE 17 is used in their individual capacity.  Defendant DOE 17 is an employee of the

9   County of Los Angeles, Spring Street Courthouse.

10   126.    Defendant DOES 1 to 25 is sued in their individual capacity.

11

12   ## IV.    STATEMENT OF FACTS

13   127.    This civil lawsuit arises from main Defendants Ruben Islas; Ruben Islas Jr; and his sister

14   Defendant Martha Enriquez, with unlawful encouragement, aiding and abetting, corruption, with the assistance

15   from their business partner State of California Treasurer Fiona Ma.  Continuous unlawful civil racketeering

16   enterprise that has performed a slew of intentional, malicious, negligent and unlawful acts that include these

17   Defendants unlawful political and unlawful business conspiracy network scheme of low income housing and

18   unlawful acts that include numerous Local and State employees from Los Angeles Superior Court, Los Angeles

19   Fire Department, Los Angeles Police Department, Los Angeles Housing Department subdivision of Code

20   Enforcement and Public Health Department, Department of Consumer Affairs, State of California Bureau of

21   Security and Investigative Services, State of California Dental Board, Starbucks Corporation, Walmart, INC,

22   Burbank Police Department, Dewey Services, Incorporated, attorneys in the State of California, Court employees

23   and other Defendants engaging in collusion, unlawfully, violence, aiding and abetting a scheme, unjust

24   enrichment of frauding millions of dollars from Local, State and Federal funding.  Plaintiff Cecil Elmore has been

25   constantly filing complaints with merit and evidence to Local, State and Federal Government agencies and/or

26   entities of these unlawful acts that caused intentional, malicious, unlawful, oppressive incidents and causations

27   that caused sever harm to Plaintiff.  These Defendants collectively have retaliated and violated Federal Civil and

28   Constitutional Rights and California State Constitutional Rights of Plaintiff Cecil Elmore.  Plaintiff has discovered

1   that Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez and other Defendants have collectively in concert

2   discriminated, retaliated, frauded an excessive amount of housing residents at these residents and others

3   expense as Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez and other Defendants unjust enrichment

4   benefited millions of dollars from Local, State and Federal funding, grants, loans and tax credits.  Defendants are

5   taking advantage of Local, State and Federal funding while the State of California and City of Los Angeles are in

6   the mist of a homeless housing crisis. These Defendants have intentionally, maliciously, negligently interfered

7   with corruption, Plaintiff Cecil Elmore Federal Civil and Constitution Rights and California Constitutional Rights.

8   Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri, profited monetary funds

9   from Local, State and Federal, Government Health Insurance, Health Insurance and Medicaid Funding which was

10  gained from the unlawful racketeering organizations acts unlawfully committed from Defendant Ruben Islas Jr;

11  Ruben Islas and other Defendants and State of California Treasurer Fiona Ma.  Currently Defendants Abbas

12  Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., are still profiting monetary funds from Local, State,

13  Federal, Government Health Insurance, Health Insurance and Medicaid Funding with the assistance from

14  Defendants Ruben Islas Jr; Ruben Islas; Ruben Islas Jr and Ruben Islas business'; Co-Defendants, and others

15  involved in unlawful, civil racketeering organization. As Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas

16  Eftekhari D.D.S., still have unlicensed Dentists, unlicensed Dental Hygienist, and unlicensed Dental Assistants

17  performing duties with the intent to fraud patients, Local, State and Federal Government, Health Insurance and

18  Medicaid. Defendant Ricardo Lopez stated that Defendant Ruben Islas Jr; Ruben Islas is unlawfully assisting

19  Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., with receiving Local, State and

20  Federal Funding.

21      128.        Two Los Angeles City Counsel Members lobbied extensively – and unusually – to assure that the

22  alleged slumlord of the Alexandria Hotel, Defendant Ruben Islas, received $8 million in tax payer monies for

23  another, similar Downtown renovation project.  L.A. Weekly has learned that City Counselman Tony Cardenas

24  and his colleague Jan Parry – with an assist from Assemblyman Fabian Nunez – sought Mayor Antonio

25  Villaraigosas personal involvement last August to make an unguaranteed loan of public funds to Islas, a rich

26  political insider.  The push came after Islas, his wife, his business partner, his employees and their family

27  members gave Cardenas $10,100 in contributions in 2006 and 2007.  In fact, City records show, just 27 days

28  before the raucous CRA hearing in August, Islas and his wife gave Cardenas $2,000.  And 10 days after Islas got

final City Counsel approval for the subsidy, Cardenas received another $2,000 in total from Islas, his wife, his

business partner Jules Arthur and Arthurs wife. The CRA Board backed Cardenas, approving an $8 million

subsidy for the so-called Defendant The Rosslyn Lofts Housing Partners, LP, and Islas – controlled renovation

project Downtown. Board Member John Parez, the well-connected first cousin of Villaraigosas who is expected

to win an East Side seat in the California Legislator in November, promptly visited the Alexandria Hotel. There,

Parez saw the squalid conditions the current tenants tried in vain to alert the Board to. "The conditions were

deplorable," Parez tells the Weekly. Tenants had no running water or drinking water in the mist of summer

heat, and, without running water, toilets were backing up with raw sewage. "People literally had human waste

that had been there for three days," Parez recalls. Islas attorneys admit that 100 residents have been evicted

since August 2006 from the 344 occupied units at the Alexandria Hotel. Judge Morrow in her May ruling,

showed little patience with the community redevelopment agencies behavior in the controversy, ordering its

bureaucrats to launch a costly effort to track down and pay relocation fees to Islas' evicted tenants. "Amerland

came here and robbed the City," Rowe said simply. In December 2007, the Cities Housing Department declared

the Alexandria "uninhabitable" due to a lack of running water. "There was always hot water. It was

inconsistent. We bought a building that was 100 years old that had numerous deficiencies," said by Defendant

Jules Arthur. [Source: laweekly.com *"Los Angeles City Hall as Slumlord"* published July 9, 2008 by Tibby

Rothman].

129.    When Defendants Ruben Islas; Jules Arthur and their San Diego based group arrived Downtown

they were met with open arms. Los Angeles Police Department Captain Andy Smith, Richard Montoya of Culture

Clash, Counsel-members Parry and Cardenas just to name a few in attendance. [Source

cangress.wordpress.com *"LA Times uncovers Amerland Group/Counsel-member Cardenas Connection"*].

130.    "Former residents of the fire ravaged Casa de Vallejo Senior Home are suing the buildings

owners and managers, blaming them for the 2008 fatal blaze at the historic building. The lawsuits are in

addition to a pending criminal case against five owners and managers, charging them with elder abuse and

manslaughter in connection with the blaze that killed three elderly tenants and displaced 117. An investigation

after the fire revealed the historic building's alarm system was inoperable. Another lawsuit filed Aug. 13 by 27

former residents – all over 65 – claims owners and managers ignored fire code violations and failed to fix the

alarm system. The building burnt on August 15, 2008. Dying in or immediately after the first were Bennett, 68,

1    Harold Fortune, 61, and John Argente, 74.  The Defendants include Amerland Group LLC executives Jules Arthur

2    and Ruben Islas Jr., who founded the San Diego – based affordable housing company that owns Casa de

3    Vallejo.  Also named as Defendants were Vallejo Housing Partners, LLP, a subsidiary of Amerland; Logan Property

4    Management and Amerland/Vallejo LLC.  Also charged in June by Solano County District Attorney David

5    Paulson's office were Martha Islas-Enriquez, 38, Chief Exectuvie Office of Vallejo Housing Patners a subsidiary of

6    the Amerland Group; Michael Hagigeorgio, 32, Project Manager for the buildings fire alarm system; and Jeremy

7    Turner, 31, Director of Construction Management.  Founded in 2001, Amerland owns 17 affordable-housing

8    complexes in California, Colorado and New Mexico, according to the companies website." [Source:

9    eastbaytimes.com *"More suits filed in Casa de Vallejo fire tragedy"* by Tony Burchyns and Vallejo Times – Harold

10   published: August 20, 2010 and updated: August 15, 2016].

11        131.        In April 2008, then City Attorney Rocky Delgadillo filed 36 criminal counts against the company

12   related to fire code violations at both properties.  Defendants The Rosslyn Lofts Housing Partners, LP and

13   Alexandria Hotel are these properties. [Source: ladowntownnews.com *"Amerland officials facing Criminal*

14   *Charges"* published June 24, 2010 by Ryan Vaillancourt].

15        132.        Solano County prosecutors said Wednesday, each of the five Defendants – all either owners or

16   operators of the Casa de Vallejo retirement complex – has been charged with 2 counts of manslaughter, 1 count

17   of elder abuse, and 2 counts of elder abuse causing death.  Four of the Defendants – Jules Arthur, Martha Islas-

18   Enriquez, Michael Hagigeorgio and Jeremy Turner – were arrested Wednesday in San Diego County. [Source:

19   sandiegouniontribune.com *"5 Charged in Deadly Vallejo Retirement Home Fire"* published June 24, 2010 by The

20   Associated Press].

21        133.        Jerriemie Morgan, a resident and front desk worker for the senior housing complex, said she

22   had provided an affidavit to investigators regarding the lack of audible fire alarm system during the

23   blaze.  Former building resident Maxine Brewer said she still is angered two years later by the memory of the

24   fire.  "They were working on it (the alarm system)."  "Even the little red boxes had been taken out right infront

25   of my door," Brewer said.  She added she was surprised to hear about the arrests.  "I thought they had gotten

26   away with murder," Brewer said. [Source: timesharoldonline.com *"Solano County Prosecutors to Charge 5*

27   *people in Fatal Casa de Vallejo Blaze"* published June 24, 2010; updated August 29, 2018 by Jessica A. York and

28   Tony Burchyns].  Plaintiff Cecil Elmore as a resident at address 451 S Main Street, Los Angeles, California, 90013

at Defendant The Rosslyn Lofts Housing Partners, LP, has never seen any fire alarm red boxes on the property which is used to warn the property and fire department of a fire.

134.    In support California State Treasurer Fiona Ma, who is also Defendants Ruben Islas Jr; Ruben Islas, business partner.  California State Treasurer Fiona Ma in the unlawful benefit of Defendant Ruben Islas Jr; Ruben Islas; Paul Runkle and other Defendants, Fiona Ma sent letters in August 2023 to studios representing by the Alliance of Motion Picture and Television Producers, urging them to negotiate "fair deals" to end the dual strikes lead by film and tv writers and actors.  Fiona Ma sent wrote letters to seven companies: Netlifx, Walt Disney CO., Comcast, Warner Bros., Discovery, Apple, Paramount, Global, and Amazon.  Her message emphasized the damage the prolonged labor dispute is having on the State's economy [Source: latimes.com "*California Treasure Fiona Ma calls on Hollywood studios to end writers' and actors' strikes*" by staff writer Wendy Lee].  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Joel Jimenez; Wendy Contreras; Aracelli Castillo; Rachel Gilgar; Luther Gadson; Danielle Williams; Sherry Dicko; Je T'aime Bradshaw; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Mark Wiese; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; Thomas Paul White; Joe Zuniga; Kevin Zuniga; Knowles Security, INC.; Master Muhammad; Hughford Muhammad; RBW Security Services INC.; Manal Sabry; Alico Security Group, INC.; Dewey Services, Incorporated, Los Angeles Fire Department Employees, collectively benefit in monetary funds from Defendant Ruben Islas Jr; Ruben Islas and other Defendants renting to a slew of production studios the inhabitable building Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013.

135.    In Spring 2008, Defendant The Amerland Group, LLC was convicted of 36 counts of fire code violations in their two Los Angeles residential hotels, and tenants of these buildings say the problem persists.  The two locations being referred to owned, maintained, managed and operated by Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur are the Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013 and The Alexandria Hotel at address 501 S Spring Street, Los Angeles, California, 90013.  In May 2008, the Los Angeles City Attorney filed criminal charges against the company because of fire code violations at the Defendant The Rosslyn Lofts Housing Partners, LP and Alexandria Hotel.  The complaint alleged, in part, that Defendant The Amerland Group, LLC failed to repair

broken fire systems and clear blocked exits at the Alexandria Hotel.  Also it alleged that the fire protection

system in Defendant The Rosslyn Lofts Housing Partners, LP was in such disrepair that Defendant The Amerland

Group, LLC, employees were suppose to have 24-hour fire watch patrols ordered by the Los Angeles Fire

Department.  Defendant The Amerland Group, LLC was later convicted of the charges.  Lenard Woods, a

disabled, retired worker who has lived at the Alexandria for more than a decade said, "when the fire alarm goes

off, the elevators stop, and if you can't get down the steps, you're stuck."  These criminal charges came in

addition to civil claims addressing issues such as illegal evictions, harassment of vocal tenants, disability

discrimination, and major habitability issues.  [Source: Los Angeles Community Action Network (LACAN)

cangress.wordpress.com *"Los Angeles Affordable Housing Developers Arrested for Northern CA Manslaughter of

Tenants"* published June 24, 2010, contact Becky Dennison and Pete White].

     136.     Defendant Ruben Islas Jr; Ruben Islas are the Defendants of this mastermind unlawful civil and

criminal enterprise.  Numerous Defendants are intentionally, maliciously, unlawfully encouraging while aiding

and abetting Defendants Ruben Islas Jr; Ruben Islas with his production company Grandave Studios acquire with

the help of Local, State and Federal funding which State of California Treasurer Fiona Ma as she also encourages

more help to acquire a $200 million studio in Banning, California.  In the article from Record Gazette, *"Movie

company picks Banning as its home, will focus on independent, Latinx stories,* published February 28,

2021"* Defendants Ruben Islas Jr; Ruben Islas, was taught this unlawful scheme of fraud of how to extract

unlawful Government funds from Local, State and Federal funding, while using financing and affordable

housing.  In this article, Defendant Ruben Islas states, "my mothers younger sister fell in love with a man from

Banning," "Ruben Islas explained to Bannings City Counsel at their Feb. 23 meeting" "Islas (pronounced "Ees-

las"), of San Diego, described his grandmother as being "overly protective," and required her daughters to be

supervised." "That's where then 14 year-old Islas stepped in, got chaperone Flores – who was 24 – as he dated

his aunt." Defendant Ruben Islas Jr; Ruben Islas is referring to his aunts lover Carlos Flores.  "Carlos took me

under his wing, and taught me about financing and affordable housing, "Islas recalls."" "In 1997 he called me

while I was freelancing in New York "as a writer," and Islas flew back to California to meet with Flores, who was

dying of Pancreatic Cancer, and passed away in 1998." "Flores passed along the rains in his business to Islas, who

would go on to build probability 10,000 affordable housing units since he became involved in 1998, creating a

small real estate empire in the process." "At the Feb. 23 Counsel meeting he publicly announced through a

presentation the establishment of Grandave Studios, which is purchasing property around Banning Municipal Airport that will support roughly 8,000 "high-paying jobs."" "Islas told the Record Gazette that he has secured $200 million to finance the construction of the project, not including budgets for the films that will be produced." The Defendants Ruben Islas Jr; Ruben Islas, has allowed for his monetary benefit several residents of his property Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013, sell narcotics such as, Prescription Pills; Chrystal Methamphetamine with various violent criminal acts carried out on and off the premises of Defendant The Rosslyn Lofts Housings Partners, LP at address 451 S Main Street, Los Angeles, California, 90013.  Defendants Ricardo Lopez; Sara Lopez; Valerie Sosa; Harold Samuel Beard; Melinda Johnson, reside or have resided in this building or on this property aiding and abetting the selling of unlawful and illegal narcotics and violent acts on this premises on behalf of and under Defendants Ruben Islas Jr; Ruben Islas as the landlord, manager as well as controlling, operating and maintaining the building on the premises.  Defendants Valerie Sosa; Harold Samuel Beard; Ricardo Lopez have stated that they sell illegal narcotics and prescriptions pills for Defendants Ruben Islas Jr; Ruben Islas on the property at address 451 S Main Street, Los Angeles, California, 90013.  Defendants Valerie Sosa; Ricardo Lopez; Harold Samuel Beard stated that they are helping Defendants Ruben Islas Jr; Ruben Islas so that they can bring drugs through the airport in Banning, California.  "Tonia Causey-Bush, Chief Academic Officer for Banning Unified School District, was "excited about the vibe" associated with Grandave Studios representative's visitation."  Defendants Ruben Islas Jr; Ruben Islas told the Record Gazette, "we have to plan a strong partnership to actually build sets at the high school that we can use in our films, and provide internships."  "He anticipates that Grandave Studios could produce a dozen films a year with budgets averaging $10 million or more, but expects to put out 40 to 50 films a year once they are established, with budgets hovering closer to $20 million." "The company will rely on Grandave International, a distribution arm, as well as other distributors such as Netflix and HBO, among others, to distribute films." "His film "In Other Words," a romantic comedy in which a man creates the perfect dating app, despite hiccups in his own dating scene, is available for streaming on HBO Max, and was produced by Islas."  Numerous Defendants and others such as State of California Treasurer Fiona Ma, are unlawfully aiding and abetting Defendants Ruben Islas Jr; Ruben Islas, scheme to acquire a $200 million grant from Local, State and Federal funding.

137.        On February 28, 2021, Defendants Ruben Islas Jr; Ruben Islas, unlawful business partner, State

of California Treasurer Fiona Ma posted on her Facebook page account, "movie company picks Banning as it's home, will focus on independent, Latinx stories" with a direct link to the article posted by Records Gazette, *"Movie company picks Banning as its home, will focus on independent, Latinx stories,* published February 28, 2021." This shows that State of California Treasurer Fiona Ma has a direct financial and business partner relationship linking her to Defendant Ruben Islas Jr; Ruben Islas scheme to inquire $200 million in Government funds for Banning, California production studio and airport.

138.     Plaintiff Cecil Elmore is a resident at address 451 S Main Street, Los Angeles, California, 90013. The owner Defendant Ruben Islas Jr who also goes by the name Ruben Islas and sister of the Defendant, Defendant Martha Enriquez along with business partner Defendant Jules Lucius Arthur operate the property at address 451 S Main Street, Los Angeles, California, 90013 known as Defendant The Rosslyn Lofts Housing Partners, LP.  Defendants Ruben Islas Jr; (who also goes by Ruben Islas) and his sister Defendant Martha Enriquez whose last name used to be Martha Islas, father name is Ruben Islas he is now deceased as of August 2, 2019, which is possible that Defendant Ruben Islas Jr may be going by his father's name Ruben Islas.  Along with the other businesses Defendants Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese operating, managing and overseeing daily duties at this same address stated above.

139.     *What to know about Cockroaches and your Health.*  Cockroaches are a type of insect.  They come in thousands of species, but only a few of them are common household pests.  Cockroaches also carry substances such as feces on their body.  They can release these substances into the air, causing allergic reactions or asthma attacks.  The debris from dead roaches, body parts, or poop also can trigger allergies or asthma.  Roaches can also contaminate your food, utensils and even surfaces where you prepare your food.  This may cause health hazards such as food poisoning and infections.  Cockroaches are fast moving insects with legs, wings, and long antennae. Cockroaches develop from an egg (oothecae), then hatch into nymphs, and finally grow into adult cockroaches.  They only develop wings in their adult stage.  A female cockroach mates and carries around the eggs or ootheca, which is pillow shaped and has up too 48 eggs, depending on the species.  Studies show that cockroaches are responsible for the spread of thirty-three types of bacteria, six varieties of parasitic warms and seven types of pathogens.  Cockroaches can spread germs and diseases:

diarrhea; cholera; typhoid fever; leprosy; dysentery; plague; poliomyelitis; salmonella; e-coli.  Cockroach

allergens can cause chronic symptoms that last longer than other seasonal allergies.

140.    While Plaintiff Cecil Elmore was a resident at this address of 451 S Main Street, Los Angeles,

California, 90013, Plaintiff Cecil Elmore filed complaints to the Defendants County of Los Angeles in regards to

the inhabitable living conditions of cockroach infestations (in which the cockroaches have wings), pest

infestations (such as bed bugs, maggots and flies), feces in hallways, no running water, and elevators not

operable.  And as a result of retaliation from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules

Lucius Arthur; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Sherry Dicko; Je T'aime Bradshaw; Rachel

Gilgar; Luther Gadson; Danielle Williams; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housing

Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Rosslyn Partners,

LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese.  These Defendants

conducted emotional and physical harm to Plaintiff Cecil Elmore.  These said Defendants have a large network of

political figures such as Fiona Ma who is the California State Treasurer (who is also the business partner of

Defendant Ruben Islas Jr), business and personal relationships that have been used to harm the Plaintiff Cecil

Elmore both physically and mentally as these Defendants and each of them have been engaging in unlawful

corruption.  Los Angeles Housing Department has Defendant The Rosslyn Lofts Housing Partners, LP at address

451 S Main Street, Los Angeles, California, 90013 listed and advertised as low-income housing for potential

residents in the State of California.  It states total number of units at this property is 297, of these 88 studio units

at 35% AMI, 2 mobility studio units at 35% AMI, 159 studio units at 60% AMI [Source: lahousing.lacity.org].

141.    On February 23, 2021, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Bethany

Spooner; Michael Vasquez; Wendy Contreras; Luther Gadson; Aracelli Castillo; The Rosslyn Lofts Housing

Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The

Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese,

collectively conspired in concert as they filed to Superior Court of California, County of Los Angeles, Stanley

Mosk Courthouse a Temporary Workplace Restraining Order against Plaintiff Cecil Elmore who is a resident at

address 451 S Main Street, Los Angeles, California, 90013 and is not an employee of the persons and companies

who filed this Temporary Restraining Order.  The Judge granted this Temporary Workplace Restraining Order as

1  Plaintiff Cecil Elmore was never notified of this. The Temporary Workplace Restraining Order from Defendants

2  involved and each of them, was unlawful, defamatory, untrue, and in retaliation to Plaintiff Cecil Elmore.

3      142.    A Bill in the California legislator to promote diversity in TV and Film would also help a housing

4  developer who wants to build a $200 million film studio in Banning, California. The housing developer they are

5  referring to is Defendant Ruben Islas Jr. The Bill would add Banning, California as an area were producers pay

6  lower mileage rates per diems. The Bill would also create a new $200 million annual tax-credit for "minority

7  films" – independent productions that are minority-owned and employ a majority non-white cast and crew. The

8  developer behind the studio project, Ruben Islas, told Variety in an interview this week that his aim is to produce

9  films with uplifting and inclusive messages. He said he wanted to see more positive depictions of Latinos, which

10 would reflect his own experience growing up in a low-income neighborhood in San Diego. "I understand there

11 is a void for representation for minorities," Islas said. "I hope I can create a place that can foster new talent and

12 new films." The proposal has the backing of the State of California Treasurer, Fiona Ma, who is a long time

13 supporter of the States Film Tax-Credit Program. Fiona Ma is the sponsor of the Bill – AB986 – and helped

14 Ruben Islas identify the City's airport as the development site. Ma and Islas, toured the site about four months

15 ago, in the talks have progressed from there, said James Wurtz, the City's Economic Development

16 Manager. Defendant Ruben Islas Jr also recently contributed $15,600 to Fiona Ma's re-election campaign,

17 according to State Campaign Finance Records. In an interview, Ma talked up Islas' "dream project" – dubbed

18 Grandave Studios – as a way to keep diverse productions in the State. State of California Treasurer Fiona Ma

19 said, "this is modeled after the Tyler Perry Studio," she said. "We're trying to level the playing field with

20 this." Islas presented his plans at a Banning City Counsel meeting last month. Fiona Ma called into the meeting

21 to offer her support for the project. Defendants Ruben Islas Jr; Ruben Islas at this hearing "I've got the

22 money. I'm gonna do it," he said at the meeting. "So lets get things approved." Mayor Colleen Wallace told

23 Variety, "I have seen the highs and I've seen the lows. It's low now. This will help us. This will put us on the

24 map." State of California Treasurer Fiona Ma eluded in the Counsel Meeting to providing Tax-Credits to help

25 make the project a reality. Assemblyman Mike Gipson, who introduced the bill last month, said it represented

26 win-win for the State and for the Entertainment industry. [Source variety.com *"California Officials want Films to*

27 *be more Diverse. Their plan would help a studio developer in Banning"* published March 11, 2021 by Gene

28 Maddaus].

143.    On the website logancapitaladvisors.com it states that Defendant Logan Capital Advisors, LLC has a portfolio of 3,966 multi-family rental homes consist of 15 affordable properties totaling 2,014 units and 10 conventional properties totally 1,952 units.  Defendant Logan Capital Advisors, LLC conducts property business in California, Nevada, New Mexico and Colorado expanding to Washington State.  Defendant Logan Capital Advisors, LLC legal counsel is attorney Christopher Steward.  Posted on this website, Defendant Logan Capital Advisors, LLC buys: Southern Highlands Complex for $64 million (published July 9, 2018); Bayclub Apartments for $35.7 million (published July 29, 2020); multi-family property in Phoenix, Arizona for $42 million (published March 5, 2021); continues Phoenix, Arizona multi-family expansion for 4th acquisition for $37.2 million; South Beach Apartments in Las Vegas, Nevada for $97.5 million (published March 1, 2022); The Overlook at Buffalo Park in Flagstaff, Arizona for $75 million (published July 18, 2022); CTC Ellsworth in Mesa, Arizona for $53 million (published December 29, 2022). Sale of Phoenix, Arizona Covid acquisition for $69.7 million (published June 22, 2022).

144.    On March 16, 2021, Honorable Judge David W. Swift after Plaintiff Cecil Elmore and Defendants evidence along with testimony was presented in Court during a Hearing for a Restraining Order.  Honorable Judge David W. Swift ruled in favor of Plaintiff Cecil Elmore as Plaintiff clearly showed and provided evidence that the Defendants acted in malice, retaliation and all accusations about Plaintiff Cecil Elmore were defamatory, untrue and false.  Defendants involved in this Restraining Order promised on a signed affidavit to the Court that they will provide audio and video footage of Plaintiff Cecil Elmore doing unlawful acts to Plaintiff, these Defendants did not provide audio and video footage as promised which proved Plaintiff Cecil Elmore never committed any unlawful acts to any Defendants and/or persons/businesses in need of so-called protection against Plaintiff Cecil Elmore.

145.    The property of 451 S Main Street, Los Angeles, California, 90013 has received a slew of violations from the Plaintiff Cecil Elmore complaint which have came from Defendant County of Los Angeles (Los Angeles County Department of Public Health Environmental Health Division) and County of Los Angeles (Los Angeles Housing Department) and Los Angeles County Housing Department Code Enforcement Division.  The County of Los Angeles Department of Public Health has been unlawfully, negligently, maliciously, and intentionally aiding and abiding along with conspiring numerous fraudulent Official Health Inspection Reports to unlawfully, maliciously, negligently and intentionally engage in unlawful collusion as they encouraged

Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Mark Wiese; Mark Runkle; Michael Vasquez; Joel Jimenez; Sherry Dicko; Je T'aime Bradshaw; Luther Gadson; Rachel Gilgar; Wendy Contreras; Aracelli Castillo; Danielle Williams; Gonzalo Rivera; The Rosslyn Lofts Housing Parterns, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; The Amerland Group, LLC, to obtain unlawful monetary funds, grants, loans from residents, Local, State and Federal Funding.

146.    The Defendants Ruben Islas Jr; Ruben Islas keeps using his network of political figures such as Fiona Ma, State of California Treasurer, business and personal relationships to harm physically and mentally Plaintiff Cecil Elmore.  The other Defendants utilized by Defendants Ruben Islas Jr; Ruben Islas against Plaintiff Cecil Elmore are Defendants Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Wendy Contreras; Luther Gadson; Danielle Williams; Aracelli Castillo; Sherry Dicko; Je T'aime Bradshaw; Rachel Gilgar; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housings Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Rosslyn Partners, LP; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Gonzalo Rivera; Melinda Johnson; Cynthia Parry; Chase Protective Services, INC.; Thomas Paul White; Jose Ramirez; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Jose Sandin; Tryrone Jenkins; Keandre Stephenson; City of Los Angeles; Los Angeles Police Department; DOES 1 – 15; Brian Hsiao; Marie Sfair; Michelle Tsiebos; Richard Lavin; Jangbir Singh; Gina Kojayan; DOE 16 Valerie; Domonick Lawrence Guy; Tonyua Newsome; Ruby Montoya; Alico Security Group, INC.; Manal Sabry; Daniel Wheeler; Starbucks Corporation; Walmart INC.; 365 No Days Off LLC; Michael Hudson; Stephon DOE; Caleb Gardner; Lorraine Poster; Abbas Eftekhari; Ted Dean Conley; Ray, Aloia & Conley, LLP; Quinn Nguyen; Valerie Sosa; Harold Beard; Inspiration Property Management, INC.; Claudia Jauregui; Erica Delery; Michael Childress; DOES 1 to 25 and Non-Defendants State of California Bureau of Security and Investigative Services; County of Los Angeles; Burbank Police Department; California Department of Fair Employment & Housing; Community Redevelopment Agency of The City of Los Angeles.

147.    Plaintiff Cecil Elmore filed Civil Lawsuits against Defendants Ruben Islas Jr; Ruben Islas Martha Enriquez; Michael Vasquez; Wendy Contreras; Sherry Dicko; Je T'aime Bradshaw; Aracelli Castillo; Danielle Williams; Luther Gadson; Rachel Gilgar; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housings

Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Melinda Johnson; Cynthia Parry; Ruby Montoya; Chase Protective Services, INC.; Thomas Paul White; Jose Ramirez; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Brian Hsiao; Marie Sfair; Michelle Tsiebos; Richard Lavin; Jangbir Singh; Domonick Lawrence Guy; Alico Security Group, INC.; Manal Sabry; Daniel Wheeler; Tyrone Jenkins; Keandre Stephenson; Jose Sandin; Ricardo Lopez; Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Armine Nazarian; Armine Nazarian D.M.D.; Ted Dean Conley; Ray, Aloia & Conley, LLP; Quinn Nguyen; Bank of America; GWIS, LLC; Adam Doench; Justin Ostensen; Karen Armstrong; Christi Stewart; Universal Services of America, LP; DOES 7 and DOES 8 listed as Los Angeles Police Department ("LAPD"). And during Plaintiff Cecil Elmore Civil Lawsuits against said Defendants stated above, the Defendants unlawfully engaged in Civil Racketeering and included more physical violence, threats of violence and threats of murder to Plaintiff Cecil Elmore which have resulted in physical and emotional injury to Plaintiff Cecil Elmore.

148.    During Plaintiff Cecil Elmore civil litigation against Defendants in the paragraph above, the Defendants severely injured Plaintiff Cecil Elmore right hand to the point Plaintiff Cecil Elmore is not able to perform daily duties with his right hand as he is right-handed. As a result of battery and assault by Defendants in July 2023, Plaintiff Cecil Elmore has sustained an eye injury after being sprayed with a toxic chemical that burned his eyes.

149.    These Defendants listed in this complaint forced Plaintiff Cecil Elmore to dismiss his lawsuits with physical violence and threats of violence to dismiss his Civil cases filed previously at Stanley Mosk Courthouse, Los Angeles, California, 90012.

150.    During the retaliation of physical violence and threats of violence against Plaintiff Cecil Elmore the Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP; County of Los Angeles; City of Beverly Hills; City of Los Angeles; Los Angeles Police Department ("LAPD") conspired and retaliated against Plaintiff Cecil Elmore which caused irreparable harm to Plaintiff. After Plaintiff and Gurkirn Hundal were shot at in a murder for hire attempt, Defendants Ruben Islas Jr; Ruben Islas co-conspirator Christopher Phillip Lomilli Sr., had the revolver firearm that was used in the shooting in a bag as he was running out of The Alexandria Hotel the night of the shooting.

151.    Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur, had a major fire at

an apartment property they owned, operated, managed called Casa de Vallejo in Vallejo, California, which killed numerous residents and other residents suffered minor injuries said Vallejo Fire Department spokesman William Tweedy.  A total of 59 firefighters were at the scene with 13 engines, five ladder trucks and nine ambulances, Tweedy said.  The estimated property loss is in the millions, he said.  As some displaced seniors were able to move in with family, while about 80 seniors were placed in other assisted/living centers or local hotels.  Permanent living situations are being sought, said RedCross spokeswoman Melanie Sanders.  Doctors and pharmacists also worked with the seniors to make sure they were physically well and had any prescription medications they need, she said.  Anybody who is interested in helping the displaced seniors should call (888) 443-5722 or visit www.redcrossbayarea.org.  Jules Lucius Arthur said the property management company is trying to determine how quickly the Casa de Vallejo can be repaired and reopened to the seniors.  The fact that the seniors were on HUD vouchers makes it harder for them to find long-term housing in the meantime he said [This information was found at sfgate.com under the story heading "Deadly Vallejo Fire Under Investigation"].

152.    As four (4) people have died as a result of this deadly fire.  Numerous Plaintiffs filed lawsuits against Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur; Martha Enriquez.  Plaintiff claimed that managers knew that a resident, a chronic alcoholic, had a "habit of smoking cigars while receiving medical oxygen" but they "provided (him) with alcohol and/or smoking tobacco" anyway.  At lease twenty-seven (27) residents sued Defendant The Amerland Group, LLC, claiming owners and managers of the Casa de Vallejo blew off two (2) fire code citations and failed to fix the alarm system.  In that complaint, the residents claimed that the Defendants also refused to fix fire-code violations at two (2) properties in Los Angeles even after they were criminally cited for it.  Those two (2) properties are Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013 and Alexandria Hotel at address 501 S Spring Street, Los Angeles, California, 90013.  In April 2008, then Los Angeles City Attorney Rocky Delgadillo filed 36 Criminal Counts against the companies related to fire code violations for the properties located in Los Angeles.

153.    The Alexandria Hotel owned by Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur had an acquisition and renovation that was funding by more than $56 Million in tax-exempt bonds issued by the CRA, low-income housing tax credits and other sources.

154.    In December 2007, several current and former residents of Alexandria Hotel and the Los Angeles

Community Action Network filed a lawsuit against Alexandria Housing Partners, the CRA and the City of Los Angeles.  Among other complaints, the suit alleged that during renovations, hotel residents had been subjected to electricity and water shut-offs, faulty elevator service and other problems.  Some also claim that they had been forced out of the hotel.  The CRA and the developer filed additional claims against each other and a restraining order was filed.  A restraining order against the Alexandria Hotel from the U.S. District Court prohibited the displacement of Alexandria tenants.  In the Case of *Leonard Woods v. Alexandria Housing Partners, L.P.; Logan Property Management, INC., et al,* Federal Case No.: CV07-08262 MMM (JWJx), Case was dismissed with prejudice pursuant to settlement agreement by Judge Margaret M. Morrow.  The office of the City Attorney Rockard J. Delgadillo, City Attorney request for closed session pursuant to Government Code Section 54956.9(a), recommendation for settlement, *Leonard Woods et al., v. Alexandria Housing Partners, L.P., et al.,* filed on February 5, 2009. [Source: clkrep.lacity.org].  Forthwith subject to Mayors approval counsel file no.: 08-2593, counsel approval date February 11, 2009 [Source: clkrep.lacity.org]. The attorney Benjamin Trachtman represented Defendant Alexandria Housing Partners, L.P., in this case above titled *Leonard Woods, et al., v. Alexandria Housing Partners, L.P., et al.* On February 11, 2009 the Community Redevelopment Agency of the City of Los Angeles, California, and Alexandria Housing Partners, L.P., filed a permanent loan agreement $11,900,000.00, loan #872550A [Source: clkrep.lacity.org].

155.    On March 9, 2021, Plaintiff Cecil Elmore received a document from Los Angeles Housing + Community Investment Department; Rent Stabilization Division – Investigation & Enforcement.  In the document it contained HCIDLA Case Number: CE258992 and confirmed that its investigation into the property 451 S Main Street, Los Angeles, California, 90013.

156.    On March 17, 2021, Plaintiff Cecil Elmore received a document from State of California Department of Fair Employment & Housing.  In this document, it informed the Plaintiff that his complaint has been reassigned for investigation to Tonyua Newsome, Consultant III, Specialist.  Investigative findings are analyzed and will contact Plaintiff for additional information is needed.  This document also included Case Number: 202101-12473529; HUD Number: 09-21-4312-8 and Case Name: Elmore / Logan Property Management, INC. et al.

157.    Since the early 2000's, Defendant Starbucks Corporation has had a policy of giving free coffee to

Police Officers.  This is a way Defendant Starbucks Corporation has a way to curry favor with the Police Department [Source: thecommoncafe.com "Starbucks' Free Coffee For Police Officers: A Controversial Policy].  Since 2011, Defendant Starbucks Corporation joined Burbank Police Department and Law Enforcement through the Coffee with a Cop Program which is brought to Starbucks stores with their partners Burbank Police Department and Law Enforcement Police Officers.  In 2017, Defendant Starbucks Corporation announced they were partnering with the International Association of Chiefs of Police and Major Cities Chiefs Association to expand the events.  Since then, Defendant Starbucks Corporation has supported more than 1500 Coffee with a Cop Events [Source: Stories.Starbucks.com].  For example, on October 2, 2019, there was a National Coffee with a Cop Day at Defendant Starbucks Corporation store located at address 1520 W. Olive, Burbank, California.  From December 1, 2020, Defendant Starbucks Corporation gave Los Angeles Police Department Police Officers and employees a free tall brewed coffee until December 31, 2020.  Defendant Starbucks Corporation has a business and personal relationship with Police Departments throughout the United States of America, and with this relationship, Law Enforcement Police Officers favor Defendant Starbucks Corporation.  Law Enforcement Police Department Officers are receiving Defendant Starbucks Corporation store products in exchange for Law Enforcement duties and Defendant Starbucks Corporation favor.

158.    Plaintiff Cecil Elmore for the Case *Cecil Elmore v. Abbas Eftekhari, et al.*, Case No.: 22STCV00240 filed Received to Presiding Judge Michelle Williams, documents in regard to Judge Edward B. Moreton, Jr; Richard Salazar and Javier Fletes, misconduct, unlawful collusion and interference with Plaintiff case being unlawfully disposed.  The Presiding Judge Michelle Williams did not make a decision or respond back to Plaintiff within ninety days as she never did so.  With this being said, Presiding Judge Michelle Williams did not suspend, discipline, reduce salary, of Judge Edward B. Moreton Jr.; Richard Salazar and Javier Fletes.

159.    Defendants Ruben Islas Jr; Ruben Islas, Grandave Capital CEO, greats New Mexico House Speaker Javier Martinez at the State Capital in Santa Fe as Islas launches a social justice film initiative in New Mexico.  [Source abqjournal.com *"Director, Producer, and CEO Grandave Capital Ruben Islas launches Social Justice in Film Initiative at New Mexico State Capitol"* published February 6, 2024 by Sam Wasson].

160.    On February 13, 2024, at address 451 S Main Street, Los Angeles, California, 90013, owned, operated, maintained and managed by Defendants Ruben Islas Jr; Ruben Islas.  A Defendant 365 No Days Off, LLC security guard stated to Plaintiff that Defendant Stephon DOE had a bunch of packages unclaimed

downstairs in the lobby area in a room were packages are stored for residents. The Defendant 365 No Days Off LLC, unlicensed security guard Defendant Stephon DOE knocked on resident unit 829 apartment door to notify them of packages that need to be claimed. After Defendant Stephon DOE knocked on the door he stated that he was going to call the Police. One of the persons in apartment unit 829 then jumped out of the window, falling to their death on 5th Street. A woman inside of this apartment unit came out screaming, cursing all while recording Defendant Stephon DOE in regards to the person who jumped out of the window death. The other Defendant 365 No Days Off LLC, security guard stated that Defendant Stephon DOE was in the back office with managers trying to figure out what to do next. The other security guard working for Defendant 365 No Days Off LLC, in uniform and on duty called the Los Angeles Police Department and made a Police Report regarding the incident of the person in unit 829 jumping to their death. Plaintiff Cecil Elmore and Gurkirn Hundal witnessed Defendant Stephon DOE appearing distressed, coming from a back-room office that has double doors with two Defendant Inspiration Property Management, INC., managers or employees trailing Defendant Stephon DOE. Unlicensed security guard Defendant Stephon DOE mother came to pick him up from work. This is another example of the dangers, negligence, and unlawful conspiracy in concert that Defendants conduct on behalf of Defendants Ruben Islas Jr; Ruben Islas and other Defendants to conceal negligence. On February 23, 2024, Plaintiff Cecil Elmore contacted State of California Bureau of Security and Investigative Services employees Defendants Ruby Montoya; Cynthia Parry and Robin Perez via email in regard to Defendants 356 No Days Off LLC; Stephon DOE; Inspiration Property Management, INC.; Ruben Islas Jr; Ruben Islas; and other Defendants negligence on the property of Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff reported this incident to these Defendants with hopes that Defendants 365 No Days Off LLC; Michael Hudson; Stephon DOE; and other Defendants will be disciplined and removed immediately from all security guard duties on the premises.

161.    In summary, Defendant Ruben Islas Jr; Ruben Islas are actively engaging in a pattern of racketeering activity connected to the establishment and conduct of his enterprise Logan Capital Advisors, LLC, which owns, operates, manages, other businesses owned, operated, managed and maintained by Defendant Ruben Islas Jr; Ruben Islas. During the course of this unlawful racketeering engaged by Defendant Ruben Islas Jr; Ruben Islas through unlawful business transactions, a large Political network and violence thus aiding and abetting numerous unlawful acts against Plaintiff Cecil Elmore. Plaintiff has raised numerous complaints that

have led to violations against Defendant Ruben Islas Jr; Ruben Islas and other Defendants which raised the bar for retaliation, corruption, violence and unlawful interference to numerous Civil Lawsuits filed by Plaintiff in the State of California in which Plaintiff sustained irreparable harm caused by a slew of Defendants in their racketeering enterprise. With Plaintiff merit of complaints against Defendant Ruben Islas Jr; Ruben Islas, this placed the Defendants unlawful racketeering enterprise in jeopardy of failing to acquire an operate the "dream project" in Banning, California a property including production studio, distribution studio, airport for transporting narcotics. With the funding coming directly from a grant provided by Local, State and Federal Funding of $200 million along with tax credits and a Bill passed through Law in California with the assistance and backing with the State of California Treasurer Fiona Ma. The Defendant Ruben Islas Jr; Ruben Islas even went through the great lengths of unlawfully interfering with Plaintiff Civil Lawsuits filed in California, Police Reports, Investigations, complaints, and a murder for hire with the intent to murder Plaintiff Cecil Elmore and Gurkirn Hundal. In this Federal Lawsuit Plaintiff has a slew of claims for numerous unlawful acts that have caused significant damage to Plaintiff directly from Defendant Ruben Islas Jr; Ruben Islas, racketeering and corrupt enterprise of power. Collectively in concert Defendants and each of them unlawfully aided and abetted Defendant Ruben Islas Jr; Ruben Islas racketeering enterprise. Defendant Ruben Islas Jr; Ruben Islas intentionally, maliciously, unlawfully with the help of other Defendants misappropriated monetary funds, grants, loans, tax credits from residents, citizens, Local, State, Federal funding in which Defendant Ruben Islas Jr; Ruben Islas and other Defendants with malice intent unlawfully did not pay back loans, mortgage from Local, State and Federal funding that were for address 451 S Main Street, Los Angeles, California, 90013 an apartment building mostly for low-income and disabled residents. With Defendant Ruben Islas Jr; Ruben Islas and Defendants throughout this Federal Lawsuit they collectively unlawfully displaced residents from having a home or residence. Defendant Ruben Islas Jr; Ruben Islas on behalf of his companies filed two fraudulent false Temporary Workplace Restraining Orders that were granted without merit against Plaintiff. When those two hearings were held with Plaintiff for a continued Restraining Order Judge David W. Swift ruled in favor of Plaintiff to deny a continued Restraining Order. Defendants Ruben Islas Jr; Ruben Islas, and other Defendants intentionally, maliciously, negligently, unlawfully, harassed, ruined the reputation and caused direct harm to Plaintiff Cecil Elmore from these two Temporary Workplace Restraining Orders which have now caused extreme hardship for Plaintiff. Defendants counsel wrote affidavits stating that there was a video for the first Temporary

Restraining Order against Plaintiff Cecil Elmore in 2021 that proved with evidence that Plaintiff harassed and threatened the persons in which the Temporary Workplace Restraining Order was filed for. During the Court hearing the persons who the Restraining Order was filed for and attorney Christopher Steward did not provide Judge David W. Swift with the video footage as promised to the Court. This proves along with Judge David W. Swift ruling in favor of Plaintiff Cecil Elmore that Plaintiff Cecil Elmore did not harass or threaten any of the persons or businesses involved in that Restraining Order. In retaliation again, Defendants Ruben Islas Jr; Ruben Islas and his businesses filed a second Temporary Workplace Restraining Order against Plaintiff Cecil Elmore. In the affidavit filed to the Court on behalf of the persons, businesses and their attorney Christopher Steward they stated that yet again they have video footage evidence of Plaintiff Cecil Elmore harassing and threatening persons and businesses whom in which the Temporary Workplace Restraining Order was for. At the Court hearing for a Continued Temporary Workplace Restraining Order, the persons, businesses and attorney Christopher Steward showed Judge David W. Swift video footage of Plaintiff Cecil Elmore not harassing or threatening any of the persons and businesses whom which the Temporary Restraining Order was for. Thus proving again, Plaintiff Cecil Elmore did not harm, threaten with violence or harass any of the persons and businesses which the Temporary Workplace Restraining Order was for. Defendants Ruben Islas Jr; Ruben Islas, owns, operates, managers, works with Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; that have been engaging in unlawful business practices of unlawfully discriminating, harassing, intimidating and unlawfully evicting disabled and African American residents with the intent to replace those residents with Latinx residents. Defendants Ruben Islas Jr; Ruben Islas and the businesses he owns, manages, operates and works with Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Inspiration Property Management, INC.; Breach Front Property Management, INC., allow, aid and abet, encourage Defendant Ricardo Lopez to sell narcotics and prescription drugs at address 451 S Main Street Unit 429, Los Angeles, California, 90013 and Jonathon Flores to sell narcotics at address 451 S Main Street Unit 433, Los Angeles, California, 90013 in the direct benefit and unlawful racketeering organization of Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan

1  Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC.

2  Defendant Michael Vasquez stated that his boss Defendant Ruben Islas Jr; Ruben Islas said that Defendant

3  Ruben Isalas Jr; Ruben Islas is defaulting on his payments of the building so that Plaintiff Cecil Elmore and

4  Gurkirn Hundal will not recover any compensation from the lawsuit. And the "niggers" they don't like are going

5  to get evicted from the Rosslyn Lofts. A slew of Defendants listed on this Federal Lawsuit Complaint are

6  responsible for Plaintiff Civil Rights violated by violence, interference and force as they all have knowledge of

7  Plaintiff lawsuits filed and/or pending against Defendants. As these unlawful acts were committed against the

8  Plaintiff in a dangerous form of retaliation because of Plaintiff being a Plaintiff Party to Cases and a Witness to a

9  numerous amount of Civil Lawsuits filed in California and testifying against Defendant Domonick Lawrence Guy.

10 Defendant Keandre Stephenson wrote a signed letter stating that Plaintiff Cecil Elmore files Civil Lawsuits against

11 everybody. As this proves that even Defendant Keandre Stephenson is retaliating on behalf of Defendants that

12 Plaintiff have filed Civil Lawsuits against in the County of Los Angeles, Superior Court in Los Angeles, California.

13

14 **V.**   **CLAIMS FOR RELIEF**

15

16 **FIRST CAUSE OF ACTION**

17 **VIOLATION 42 U.S. CODE § 1983**

18 (PLAINTIFF AGAINST ALL DEFENDANTS LISTED ON FEDERAL LAWSUIT IN ITS ENTIRETY)

19 162.      Defendant Ruben Islas Jr; Ruben Islas, manages, maintains, operates and owns a racketeering

20 Influenced and corruption organization with the unlawful assistance of all Defendants listed in this Federal

21 Lawsuit in its entirety. These Defendants maliciously, intentionally, negligently, unlawfully, in concert directly

22 unlawfully aid and abet Defendant Ruben Islas Jr; Ruben Islas and his entire organization, misappropriate

23 unlawful monetary funds from Plaintiff, residents, citizens, Local, State and Federal funding, grands, loans, and

24 tax credit breaks.

25 163.      These Defendants and each of them play a major role in the unlawful interference with Civil

26 Lawsuits filed by Plaintiff in the State of California as these Defendants with the help of other persons,

27 businesses, Politicians, and employees of entities, in concert retaliated against Plaintiff.

28

## SECOND CAUSE OF ACTION

VIOLATION FRAUD

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

164.    Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari;
Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri at address 3909 Sepulveda Blvd., Culver City,
California, 90230. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service,
diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs. Said Defendants each failed to exercise
ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

165.    The Defendants in paragraph 164 negligently failed to exercise the degree of knowledge of
proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or
assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and
provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and
applicable dental community.

166.    On this date of April 26, 2019, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas
Eftekhari D.D.S.; Navid Kabiri ordered and had an unlicensed Defendant DOE 1 (by the Dental Board of California
and Dental Hygiene Board of California) employee perform a dental procedure on the Plaintiff Cecil Elmore. All
persons who perform dental procedures on patients in the State of California, are required to be licensed by the
Dental Board of California and/or Dental Hygiene Board of California. With this being said, the Defendants
unlicensed Defendant DOE 1 dental employee is not legally permitted to perform any dental and/or medical
care on Plaintiff Cecil Elmore in the State of California. By the Defendants intentionally not notifying, purposely
concealing and deceit towards Plaintiff Cecil Elmore of the Defendants unlicensed dental female employee
performing dental procedures on Plaintiff Cecil Elmore. As these Defendants committed fraud against Medi-Cal
and Plaintiff Cecil Elmore.

167.    The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE
1, unlawfully conspired and maliciously, intentionally, negligently to intentionally violated HIPPA Privacy Rule
and the HIPPA Security Rule to Plaintiff Cecil Elmore. As Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.;
Abbas Eftekhari D.D.S., and Navid Kabiri encouraged and enforced Defendant DOE 1 to unlawfully obtain
Plaintiff Cecil Elmore dental records. These Defendants and each of them collectively, intentionally, and

maliciously conspired in concert to cause intentionally harm to Plaintiff Cecil Elmore as these Defendants had an unlicensed Dental Board of California and/or Dental Hygiene Board of California employee Defendant DOE 1 fraudulently impersonating an employee who is licensed through the Dental Board of California and/or Dental Hygiene Board of California employee. These Defendants and each of them intentionally, negligently and maliciously, violated the Health Insurance Portability and Accountability Act of 1996 (HIPPA): Title II against Plaintiff Cecil Elmore.

168.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### THIRD CAUSE OF ACTION

### VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

169.     Plaintiff incorporates by reference the allegations of paragraphs 164 through 168 above, as if each such allegation was set forth herein.

170.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### FOURTH CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

171.     Plaintiff incorporates by reference the allegations of paragraphs 164 through 168 above, as if each such allegation was set forth herein.

172.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**FIFTH CAUSE OF ACTION**

**VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II**

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

173.     Plaintiff incorporates by reference the allegations of paragraphs 164 through 168 above, as if each such allegation was set forth herein.

174.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**SIXTH CAUSE OF ACTION**

**VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301**

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

175.     Plaintiff incorporates by reference the allegations of paragraphs 164 through 168 above, as if each such allegation was set forth herein.

176.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

1  incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

2  distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

3  malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful,

4  oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

5  Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

6

7  **SEVENTH CAUSE OF ACTION**

8  VIOLATION CAL. CIV. CODE § 56.36

9  (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

10     177.        Plaintiff incorporates by reference the allegations of paragraphs 164 through 168 above, as if

11  each such allegation was set forth herein.

12     178.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

13  incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

14  distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

15  malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful,

16  oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

17  Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

18

19  **EIGHT CAUSE OF ACTION**

20  VIOLATION FRAUD

21  (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

22     179.        Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari;

23  Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1, at address 3909 Sepulveda Blvd., Culver City,

24  California, 90230. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service,

25  diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs.  Said Defendants Abbas Eftekhari; Eftekhari

26  D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 each failed to exercise ordinary care for their services

27  and/or professions to Plaintiff Cecil Elmore.

28     180.        The Defendants in paragraph 179 negligently failed to exercise the degree of knowledge of

proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or

assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and

provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and

applicable dental community.

181.        On this date of August 2, 2019, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas

Eftekhari D.D.S.; Navid Kabiri ordered Defendant DOE 1 an unlicensed (by the Dental Board of California and

Dental Hygiene Board of California) female perform a dental procedure on the Plaintiff Cecil Elmore. All persons

who perform dental procedures on patients in the State of California, are required to be licensed by the Dental

Board of California and/or Dental Hygiene Board of California. With this being said, DOE 1, unlicensed dental

employee is not legally permitted to perform any dental and/or medical care on Plaintiff Cecil Elmore in the

State of California. By the Defendants intentionally not notifying, purposely concealing and deceit towards

Plaintiff Cecil Elmore of the Defendants unlicensed dental employee, Defendant DOE 1, to perform dental

procedures on Plaintiff Cecil Elmore. As these Defendants committed fraud against Medi-Cal and Plaintiff Cecil

Elmore.

182.        The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE

1, unlawfully conspired and maliciously, intentionally, negligently to intentionally violated HIPPA Privacy Rule

and the HIPPA Security Rule to Plaintiff Cecil Elmore. As Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.;

Abbas Eftekhari D.D.S., and Navid Kabiri encouraged and enforced DOE 1 to unlawfully obtain Plaintiff Cecil

Elmore dental records. These Defendants and each of them collectively, intentionally, and maliciously conspired

in concert to cause intentionally harm to Plaintiff Cecil Elmore as these Defendants had an unlicensed Dental

Board of California and/or Dental Hygiene Board of California employee DOE 1 fraudulently impersonating an

employee who is licensed through the Dental Board of California and/or Dental Hygiene Board of California

employee. These Defendants and each of them intentionally, negligently and maliciously, violated the Health

Insurance Portability and Accountability Act of 1996 (HIPPA): Title II against Plaintiff Cecil Elmore.

183.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1,

malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful,

oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**NINETH CAUSE OF ACTION**

VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

184.    Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if each such allegation was set forth herein.

185.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**TENTH CAUSE OF ACTION**

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

186.    Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if each such allegation was set forth herein.

187.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**ELEVENTH CAUSE OF ACTION**

VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

188.    Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if each such allegation was set forth herein.

189.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## TWELVTH CAUSE OF ACTION

### VIOLATION INTENTIONAL MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

190.    Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if each such allegation was set forth herein.

191.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## THIRTEENTH CAUSE OF ACTION

### VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

192.    Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if each such allegation was set forth herein.

193.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**FOURTEENTH CAUSE OF ACTION**

VIOLATION CALIFORNIA CIVIL CODE § 1710 —

NEGLIGENT MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

194.     Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if each such allegation was set forth herein.

195.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**FIFTEENTH CAUSE OF ACTION**

VIOLATION NEGLIGENT HIRING

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

196.     Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if each such allegation was set forth herein.

197.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful,

oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### SIXTEENTH CAUSE OF ACTION

### VIOLATION CAL. CIV. CODE § 56.36

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

198.        Plaintiff incorporates by reference the allegations of paragraphs 179 through 183 above, as if

each such allegation was set forth herein.

199.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful,

oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### SEVENTH CAUSE OF ACTION

### VIOLATION FRAUD

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

200.        Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari;

Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 at address 3909 Sepulveda Blvd., Culver City,

California, 90230. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service,

diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs. Said Defendants each failed to exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

201.    The Defendants in paragraph 200 negligently failed to exercise the degree of knowledge of proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and applicable dental community.

202.    On this date of November 8, 2019, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri ordered Defendant DOE 1 an unlicensed (by the Dental Board of California and Dental Hygiene Board of California) female perform a dental procedure on the Plaintiff Cecil Elmore. All persons who perform dental procedures on patients in the State of California, are required to be licensed by the Dental Board of California and/or Dental Hygiene Board of California. With this being said, DOE 1, unlicensed dental female employee is not legally permitted to perform any dental and/or medical care on Plaintiff Cecil Elmore in the State of California. By the Defendants intentionally not notifying, purposely concealing and deceit towards Plaintiff Cecil Elmore of the Defendants unlicensed dental employee, Defendant DOE 1, performing dental procedures on Plaintiff Cecil Elmore. As these Defendants committed fraud against Medi-Cal and Plaintiff Cecil Elmore.

203.    The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1, unlawfully conspired and maliciously, intentionally, negligently to intentionally violated HIPPA Privacy Rule and the HIPPA Security Rule to Plaintiff Cecil Elmore. As Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., and Navid Kabiri encouraged and enforced DOE 1 to unlawfully obtain Plaintiff Cecil Elmore dental records. These Defendants and each of them collectively, intentionally, and maliciously conspired in concert to cause intentionally harm to Plaintiff Cecil Elmore as these Defendants had an unlicensed Dental Board of California and/or Dental Hygiene Board of California employee DOE 1 fraudulently impersonating an employee who is licensed through the Dental Board of California and/or Dental Hygiene Board of California employee. These Defendants and each of them intentionally, negligently and maliciously, violated the Health Insurance Portability and Accountability Act of 1996 (HIPPA): Title II against Plaintiff Cecil Elmore.

204.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**EIGHTEENTH CAUSE OF ACTION**

**VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)**

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

205.        Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if each such allegation was set forth herein.

206.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**NINETEENTH CAUSE OF ACTION**

**VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)**

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

207.        Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if each such allegation was set forth herein.

208.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful,

oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**TWENTIETH CAUSE OF ACTION**

VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

209.    Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if each such allegation was set forth herein.

210.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**TWENTY-FIRST CAUSE OF ACTION**

VIOLATION INTENTIONAL MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

211.    Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if each such allegation was set forth herein.

212.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**TWENTY-SECOND CAUSE OF ACTION**

VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

213.    Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if each such allegation was set forth herein.

214.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**TWENTY-THRID CAUSE OF ACTION**

VIOLATION CALIFORNIA CIVIL CODE § 1710 —

NEGLIGENT MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

215.    Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if each such allegation was set forth herein.

216.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**TWENTY-FOURTH CAUSE OF ACTION**

VIOLATION NEGLIGENT HIRING

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

217.    Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if

1    each such allegation was set forth herein.

2    218.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

3    incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

4    distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

5    malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful,

6    oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

7    Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

8

9

10

11

12                        **TWENTY-FIFTH CAUSE OF ACTION**

13                        VIOLATION CAL. CIV. CODE § 56.36

14        (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

15    219.        Plaintiff incorporates by reference the allegations of paragraphs 200 through 204 above, as if

16    each such allegation was set forth herein.

17    220.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

18    incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

19    distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

20    malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful,

21    oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

22    Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

23

24                        **TWENTY-SIXTH CAUSE OF ACTION**

25                        VIOLATION FRAUD

26    (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

27    TORRES)

28    221.        Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari;

1  Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres at address 3909 Sepulveda Blvd.,

2  Culver City, California, 90230. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in

3  their service, diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs. Said Defendants each failed to

4  exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

5       222.      The Defendants in paragraph 221 negligently failed to exercise the degree of knowledge of

6  proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or

7  assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and

8  provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and

9  applicable dental community.

10       223.      On this date of January 24, 2020, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas

11  Eftekhari D.D.S.; Navid Kabiri ordered and had an unlicensed (by the Dental Board of California and Dental

12  Hygiene Board of California) Defendant Anthony Torres perform a dental procedure on the Plaintiff Cecil

13  Elmore. All persons who perform dental procedures on patients in the State of California, are required to be

14  licensed by the Dental Board of California and/or Dental Hygiene Board of California. With this being said, the

15  Defendants unlicensed dental employee, Defendant Anthony Torres, is not legally permitted to perform any

16  dental and/or medical care on Plaintiff Cecil Elmore in the State of California. By the Defendants intentionally

17  not notifying, purposely concealing and deceit towards Plaintiff Cecil Elmore of the Defendants employee

18  unlicensed Defendant Anthony Torres performing dental procedures on Plaintiff Cecil Elmore. As these

19  Defendants committed fraud against Medi-Cal and Plaintiff Cecil Elmore.

20       224.      The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri;

21  Anthony Torres, unlawfully conspired and maliciously, intentionally, negligently to intentionally violated HIPPA

22  Privacy Rule and the HIPPA Security Rule to Plaintiff Cecil Elmore. As Defendants Abbas Eftekhari; Eftekhari

23  D.D.S., INC.; Abbas Eftekhari D.D.S., and Navid Kabiri encouraged and enforced Defendant Anthony Torres to

24  unlawfully obtain Plaintiff Cecil Elmore dental records. These Defendants and each of them collectively,

25  intentionally, and maliciously conspired in concert to cause intentionally harm to Plaintiff Cecil Elmore as these

26  Defendants had an unlicensed Dental Board of California and/or Dental Hygiene Board of California employee

27  Defendant Anthony Torres fraudulently impersonating an employee who is licensed through the Dental Board of

28  California and/or Dental Hygiene Board of California employee. These Defendants and each of them

intentionally, negligently and maliciously, violated the Health Insurance Portability and Accountability Act of 1996 (HIPPA): Title II against Plaintiff Cecil Elmore.

225.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## TWENTY-SEVENTH CAUSE OF ACTION

### VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

226.    Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if each such allegation was set forth herein.

227.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## TWENTY-EIGHT CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

228.    Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if

1  each such allegation was set forth herein.

2      229.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

3  incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

4  distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony

5  Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were

6  willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of

7  these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

8

9

10

11  **TWENTY-NINETH CAUSE OF ACTION**

12  VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II

13  (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

14  TORRES)

15      230.    Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if

16  each such allegation was set forth herein.

17      231.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

18  incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

19  distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony

20  Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were

21  willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of

22  these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

23

24  **THIRTIETH CAUSE OF ACTION**

25  VIOLATION INTENTIONAL MISREPRESENTATION

26  (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

27  TORRES)

28      232.    Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if

1  each such allegation was set forth herein.

2       233.       As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

3  incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

4  distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony

5  Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were

6  willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of

7  these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

8

9

10

11                              **THIRTY-FIRST CAUSE OF ACTION**

12                  VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

13  (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

14  TORRES)

15       234.       Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if

16  each such allegation was set forth herein.

17       235.       As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

18  incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

19  distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony

20  Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were

21  willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of

22  these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

23

24                              **THIRTY-SECOND CAUSE OF ACTION**

25                      VIOLATION CALIFORNIA CIVIL CODE § 1710 —

26                          NEGLIGENT MISREPRESENTATION

27  (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

28  TORRES)

236. Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if each such allegation was set forth herein.

237. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## THIRTY-THIRD CAUSE OF ACTION

### VIOLATION NEGLIGENT HIRING

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

238. Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if each such allegation was set forth herein.

239. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## THIRTY-FOURTH CAUSE OF ACTION

### VIOLATION CAL. CIV. CODE § 56.36

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

240. Plaintiff incorporates by reference the allegations of paragraphs 221 through 225 above, as if

each such allegation was set forth herein.

241.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**THIRTY-FIFTH CAUSE OF ACTION**

VIOLATION FRAUD

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

242.     Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres at address 3909 Sepulveda Blvd., Culver City, California, 90230.  These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service, diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs.  Said Defendants each failed to exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

243.     The Defendants in paragraph 242 negligently failed to exercise the degree of knowledge of proper skill and their services.  Each of them so negligently and unskillfully performed, failed to perform and/or assisted during the care and treatment of Plaintiff Cecil Elmore.  These Defendants failed to properly treat and provide reasonable dental services to Plaintiff Cecil Elmore.  Which they failed to adhere to the standard and applicable dental community.

244.     On this date of June 23, 2020, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri ordered and had an unlicensed (by the Dental Board of California and Dental Hygiene Board of California) Defendant Anthony Torres perform a dental procedure on the Plaintiff Cecil Elmore.  All persons who perform dental procedures on patients in the State of California, are required to be

licensed by the Dental Board of California and/or Dental Hygiene Board of California. With this being said, the

Defendants unlicensed dental employee, Defendant Anthony Torres, is not legally permitted to perform any

dental and/or medical care on Plaintiff Cecil Elmore in the State of California. By the Defendants intentionally

not notifying, purposely concealing and deceit towards Plaintiff Cecil Elmore of the Defendants employee

unlicensed Defendant Anthony Torres performing dental procedures on Plaintiff Cecil Elmore. As these

Defendants committed fraud against Medi-Cal and Plaintiff Cecil Elmore.

245.      The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri;

Anthony Torres, unlawfully conspired and maliciously, intentionally, negligently to intentionally violated HIPPA

Privacy Rule and the HIPPA Security Rule to Plaintiff Cecil Elmore. As Defendants Abbas Eftekhari; Eftekhari

D.D.S., INC.; Abbas Eftekhari D.D.S., and Navid Kabiri encouraged and enforced Defendant Anthony Torres to

unlawfully obtain Plaintiff Cecil Elmore dental records. These Defendants and each of them collectively,

intentionally, and maliciously conspired in concert to cause intentionally harm to Plaintiff Cecil Elmore as these

Defendants had an unlicensed Dental Board of California and/or Dental Hygiene Board of California employee

Defendant Anthony Torres fraudulently impersonating an employee who is licensed through the Dental Board of

California and/or Dental Hygiene Board of California employee. These Defendants and each of them

intentionally, negligently and maliciously, violated the Health Insurance Portability and Accountability Act of

1996 (HIPPA): Title II against Plaintiff Cecil Elmore.

246.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; and Navid Kabiri;

Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of

them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against

each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### THIRTY-SIXTH CAUSE OF ACTION

VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

TORRES)

247.      Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if each such allegation was set forth herein.

248.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## THIRTY-SEVENTH CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

249.      Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if each such allegation was set forth herein.

250.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## THIRTY-EIGHTH CAUSE OF ACTION

VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

251.      Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if

1 | each such allegation was set forth herein.

2 | 252.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

3 | incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

4 | distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony

5 | Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were

6 | willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of

7 | these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

8 |

9 |

10 |

11 | **THIRTY-NINETH CAUSE OF ACTION**

12 | VIOLATION INTENTIONAL MISREPRESENTATION

13 | (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

14 | TORRES)

15 | 253.        Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if

16 | each such allegation was set forth herein.

17 | 254.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

18 | incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

19 | distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony

20 | Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were

21 | willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of

22 | these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

23 |

24 | **FOURTIETH CAUSE OF ACTION**

25 | VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

26 | (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY

27 | TORRES)

28 | 255.        Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if

each such allegation was set forth herein.

256.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## **FOURTY-FIRST CAUSE OF ACTION**

VIOLATION CALIFORNIA CIVIL CODE § 1710 —

NEGLIGENT MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

257.    Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if each such allegation was set forth herein.

258.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## **FOURTY-SECOND CAUSE OF ACTION**

VIOLATION NEGLIGENT HIRING

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

259.    Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if each such allegation was set forth herein.

260.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## **FOURTY-THIRD CAUSE OF ACTION**

### VIOLATION CAL. CIV. CODE § 56.36

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; ANTHONY TORRES)

261.    Plaintiff incorporates by reference the allegations of paragraphs 242 through 246 above, as if each such allegation was set forth herein.

262.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; Anthony Torres malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## **FOURTY-FOURTH CAUSE OF ACTION**

### VIOLATION FRAUD

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

263.    Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari;

Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri at address 3909 Sepulveda Blvd., Culver City, California, 90230. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service, diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs. Said Defendants each failed to exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

264.    The Defendants in paragraph 263 negligently failed to exercise the degree of knowledge of proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and applicable dental community.

265.    On this date of October 2, 2020, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri ordered and had an unlicensed Defendant DOE 1 (by the Dental Board of California and Dental Hygiene Board of California) employee perform a dental procedure on the Plaintiff Cecil Elmore. All persons who perform dental procedures on patients in the State of California, are required to be licensed by the Dental Board of California and/or Dental Hygiene Board of California. With this being said, the Defendants unlicensed dental employee, Defendant DOE 1, is not legally permitted to perform any dental and/or medical care on Plaintiff Cecil Elmore in the State of California. By the Defendants intentionally not notifying, purposely concealing and deceit towards Plaintiff Cecil Elmore of the Defendants unlicensed dental female employee performing dental procedures on Plaintiff Cecil Elmore. As these Defendants committed fraud against Medi-Cal and Plaintiff Cecil Elmore.

266.    The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1, unlawfully conspired and maliciously, intentionally, negligently to intentionally violated HIPPA Privacy Rule and the HIPPA Security Rule to Plaintiff Cecil Elmore. As Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., and Navid Kabiri encouraged and enforced Defendant DOE 1 to unlawfully obtain Plaintiff Cecil Elmore dental records. These Defendants and each of them collectively, intentionally, and maliciously conspired in concert to cause intentionally harm to Plaintiff Cecil Elmore as these Defendants had an unlicensed Dental Board of California and/or Dental Hygiene Board of California employee Defendant DOE 1 fraudulently impersonating an employee who is licensed through the Dental Board of California and/or Dental Hygiene Board of California employee. These Defendants and each of them intentionally, negligently and

1   maliciously, violated the Health Insurance Portability and Accountability Act of 1996 (HIPPA): Title II against

2   Plaintiff Cecil Elmore.

3       267.       As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

4   incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

5   distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

6   malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful,

7   oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

8   Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

9

10

11                          **FOURTY-FIFTH CAUSE OF ACTION**

12              VIOLATION CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA)

13        (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

14       268.       Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if

15   each such allegation was set forth herein.

16       269.       As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

17   incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional

18   distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1

19   malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful,

20   oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these

21   Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

22

23                          **FOURTY-SIXTH CAUSE OF ACTION**

24              VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

25        (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

26       270.       Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if

27   each such allegation was set forth herein.

28       271.       As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and