incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTY-SEVENTH CAUSE OF ACTION

VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 (HIPAA): TITLE II

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

272.    Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if each such allegation was set forth herein.

273.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTY-EIGHTH CAUSE OF ACTION

V VIOLATION INTENTIONAL MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

274.    Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if each such allegation was set forth herein.

275.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful,

oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTY-NINETH CAUSE OF ACTION

### VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

276.    Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if each such allegation was set forth herein.

277.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTIETH CAUSE OF ACTION

### VIOLATION CALIFORNIA CIVIL CODE § 1710 —

### NEGLIGENT MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

278.    Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if each such allegation was set forth herein.

279.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**FIFTY-FIRST CAUSE OF ACTION**

**VIOLATION NEGLIGENT HIRING**

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

280.     Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if each such allegation was set forth herein.

281.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**FIFTY-SECOND CAUSE OF ACTION**

**VIOLATION CAL. CIV. CODE § 56.36**

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; NAVID KABIRI; DOE 1)

282.     Plaintiff incorporates by reference the allegations of paragraphs 263 through 267 above, as if each such allegation was set forth herein.

283.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including injury to the inside of Plaintiff Cecil Elmore mouth, pain, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Navid Kabiri; DOE 1 malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**FIFTY-THIRD CAUSE OF ACTION**

**VIOLATION INTENTIONAL MISREPRESENTATION**

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

284.     Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari;

Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., at address 3909 Sepulveda Blvd., Culver City, California, 90230. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service, diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs. Said Defendants each failed to exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

285.     The Defendants in paragraph 284 negligently failed to exercise the degree of knowledge of proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and applicable dental community.

286.     On this date of May 8, 2023, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., on their behalf sent Plaintiff Cecil Elmore his dental records. The dental records sent on behalf of Defendants Abbas Efteakhri; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., fraudulent dental records of Plaintiff Cecil Elmore. The dental records that were fraudulent are documents with signatures that are not of Plaintiff Cecil Elmore, fraudulent dental perio chart of Plaintiff Cecil Elmore. The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., have never taken a perio chart and/or perio measurements of Plaintiff Cecil Elmore while he was a patient from the years of 2016 to 2022 at the address 3909 Sepulveda Blvd., Culver City, California, 90230.

287.     The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., represented to Plaintiff Cecil Elmore that the supposed Plaintiff Cecil Elmore dental records sent on this date of May 8, 2023, were true as they were in fact fraudulent. That Defendant Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., knew that the representation of Plaintiff Cecil Elmore dental records was false, and that Defendants made the representation recklessly and without regard for its truth.

288.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTY-FOURTH CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE §1109)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

289.     Plaintiff incorporates by reference the allegations of paragraphs 284 through 288 above, as if each such allegation was set forth herein.

290.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTY-FIFTH CAUSE OF ACTION

VIOLATION FRAUDULENT INDUCEMENT – CONCEALMENT

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

291.     Plaintiff incorporates by reference the allegations of paragraphs 284 through 288 above, as if each such allegation was set forth herein.

292.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTY-SIXTH CAUSE OF ACTION

VIOLATION FRAUD

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

293.     Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Abbas Eftekhari;

Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., at address 3909 Sepulveda Blvd., Culver City, California, 90230. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service, diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs. Said Defendants each failed to exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

294.    The Defendants in paragraph 293 negligently failed to exercise the degree of knowledge of proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and applicable dental community.

295.    On this date of June 15, 2023, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., on their behalf sent Plaintiff Cecil Elmore his dental records. The dental records sent on behalf of Defendants Abbas Efteakhri; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., fraudulent dental records of Plaintiff Cecil Elmore. The dental records that were fraudulent are documents with signatures that are not of Plaintiff Cecil Elmore. The Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., have never taken any photographs of Plaintiff Cecil Elmore while he was a patient from the years of 2016 to 2022 at the address 3909 Sepulveda Blvd., Culver City, California, 90230. As Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., have only taken X-Ray's of Plaintiff Cecil Elmore teeth and never photographs of Plaintiff Cecil Elmore.

296.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**FIFTY-SEVENTH CAUSE OF ACTION**

VIOLATION INTENTIONAL MISREPRESENTATION

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

297.    Plaintiff incorporates by reference the allegations of paragraphs 293 through 296 above, as if

each such allegation was set forth herein.

298.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTY-EIGHTH CAUSE OF ACTION

### VIOLATION FRAUDULENT INDUCEMENT – CONCEALMENT

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

299.    Plaintiff incorporates by reference the allegations of paragraphs 293 through 296 above, as if each such allegation was set forth herein.

300.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTY-NINETH CAUSE OF ACTION

### VIOLATION GENERAL NEGLIGENCE

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

301.    Plaintiff incorporates by reference the allegations of paragraphs 293 through 296 above, as if each such allegation was set forth herein.

302.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award

of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## SIXTIETH CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE §1109)

### (AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

303.    Plaintiff incorporates by reference the allegations of paragraphs 293 through 296 above, as if each such allegation was set forth herein.

304.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## SIXTY-FIRST CAUSE OF ACTION

### VIOLATION GENERAL NEGLIGENCE

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

305.    Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Armine Nazarian; Armine Nazarian, D.M.D., dental office at address 300 South Beverly Drive Suite 303, Beverly Hills, California, 90212. These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service, diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs. Said Defendants each failed to exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

306.    The Defendants in paragraph 305 negligently failed to exercise the degree of knowledge of proper skill and their services. Each of them so negligently and unskillfully performed, failed to perform and/or assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and applicable dental community.

307.     Plaintiff had a dentist appointment with Defendants at address 300 South Beverly Drive Suite 303, Beverly Hills, California, 90212.  These Defendants and each of them, including their employee unlawfully discriminated against Plaintiff for having a disability.  Plaintiff expressed his concern as an individual with a disability and Defendants and their employee refused to accommodate Plaintiff Cecil Elmore for his disability.  Defendants do not have an Americans with Disability Act (ADA) door function to get inside of the dentist office.  As the Defendants punished and discriminated against Plaintiff by keeping him outside next to the office door while waiting in a chair and would only be allowed to enter when the Defendants open the door for Plaintiff to enter rather than properly accommodating Plaintiff so he could use the door independently.

308.     Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "no otherwise qualified individual with a disability . . . shall solely by reason by her or his disability, be excluded from the participation and, be denied the benefits of or be subjected to any discrimination under any program or activity receiving Federal Financial Assistance . . ." 29 U.S. Code § 794.  A recipient of Federal Funds and providing any housing, aid, benefit or service in a program or activity may not, inter alia, "deny a qualified individual with handicaps the opportunity to participate in, or benefit from, the housing, aid, benefit, or service. . . or afford a qualified individual with handicaps an opportunity to participate in, or benefit from, the housing, the aid, the benefit or service that is not equal to that afforded to others."  24 C.F.R. § 8.4(b).

309.     Plaintiff is a qualified individuals with disabilities within the meaning of The Rehabilitation Act because he has a disability.  29 U.S. Code § 705(20)(b).

310.     At all times relevant to this action, Defendants were recipients of Federal funding within the meaning of The Rehabilitation Act.

311.     Through their acts and omissions described herein, Defendants violated The Rehabilitation Act by unlawfully denying Plaintiff reasonable accommodations.  In addition, Defendants have violated The Rehabilitations Act mandate that no individual with a  disability shall, "because a recipients' facilities are inaccessible to or unusable by individuals with handicaps, be denied the benefits of, be excluded from participation in, or otherwise be subjected to discrimination under any program or activity that receives Federal Financial Assistance."  24 C.F.R. § 8.20.  Defendants have further failed to make altered areas readily accessible to and usable by persons with disabilities under 24 C.F.R. § 8.23(b), including by failing to ensure that barriers are removed from public and altered areas.

312.     Pursuant to 29 U.S. Code § 794(a), Plaintiff are entitled to recover compensatory damages and their reasonable attorney's fees and costs incurred in bringing this action.

313.     On this date of May 24, 2022, Plaintiff Cecil Elmore notified Defendant Armine Nazarian; Armine Nazarian, D.M.D., that Plaintiff Cecil Elmore will no longer be a patient at her dental office.  The Defendants Armine Nazarian; Armine Nazarian, D.M.D., responded by retaliating against Plaintiff Cecil Elmore.  During the course of retaliation from Defendants Armine Nazarian; Armine Nazarian, D.M.D., to Plaintiff Cecil Elmore these Defendants wrote emails intentionally to sabotage and destroy any of Plaintiff Cecil Elmore dental Civil litigation.  Defendant Armine Nazarian; Armine Nazarian, D.M.D., confirmed to Plaintiff Cecil Elmore that all patient notes and records prior to May 24, 2022, from each visit(s) were sent to Plaintiff Cecil Elmore via email address before May 24, 2022.

314.     The Defendants Armine Nazarian; Armine Nazarian, D.M.D., represented to Plaintiff Cecil Elmore that the supposed Plaintiff Cecil Elmore dental records sent on this date of May 24, 2022, were true as they were in fact fraudulent.  That Defendant Armine Nazarian; Armine Nazarian, D.M.D., knew that the representation of Plaintiff Cecil Elmore dental records was false, and that Defendants made the representation recklessly and without regard for its truth.

315.     That Defendants Armine Nazarian; Armine Nazarian, D.M.D, was Plaintiff Cecil Elmore dentist and that the Defendants Armine Nazarian; Armine Nazarian, D.M.D, intentionally failed to disclose certain facts of Plaintiff Cecil Elmore dental records.

316.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

### SIXTY-SECOND CAUSE OF ACTION

VIOLATION INTENTIONAL TORT

(AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

317.     Plaintiff incorporates by reference the allegations of paragraphs 305 through 316 above, as if each such allegation was set forth herein.

318.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SIXTY-THIRD CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

319.    Plaintiff incorporates by reference the allegations of paragraphs 305 through 316 above, as if each such allegation was set forth herein.

320.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SIXTY-FOURTH CAUSE OF ACTION

### VIOLATION AMERICANS WITH DISABILITIES ACT (ADA)

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

321.    Plaintiff incorporates by reference the allegations of paragraphs 305 through 316 above, as if each such allegation was set forth herein.

322.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SIXTY-FIFTH CAUSE OF ACTION

### VIOLATION THE REHABILITATION ACT

SECTION 504 – NON-DISCRIMINATION IN PROGRAMS CONDUCTED AND FUNDED BY THE FEDERAL GOVERNMENT

(AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

323.     Plaintiff incorporates by reference the allegations of paragraphs 305 through 316 above, as if each such allegation was set forth herein.

324.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SIXTY-SIXTH CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

325.     Plaintiff incorporates by reference the allegations of paragraphs 305 through 316 above, as if each such allegation was set forth herein.

326.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SIXTY-SEVENTH CAUSE OF ACTION

### VIOLATION GENERAL NEGLIGENCE

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

327.     Plaintiff Cecil Elmore states that he was a dental patient of the Defendants Armine Nazarian; Armine Nazarian, D.M.D., dental office at address 300 South Beverly Drive Suite 303, Beverly Hills, California, 90212.  These Defendants owed to Plaintiff Cecil Elmore a duty to exercise and care in their service, diagnosis and/or treatment of Plaintiff Cecil Elmore dental needs.  Said Defendants each failed to exercise ordinary care for their services and/or professions to Plaintiff Cecil Elmore.

328.     The Defendants in paragraph 327negligently failed to exercise the degree of knowledge of proper skill and their services.  Each of them so negligently and unskillfully performed, failed to perform and/or

assisted during the care and treatment of Plaintiff Cecil Elmore. These Defendants failed to properly treat and provide reasonable dental services to Plaintiff Cecil Elmore. Which they failed to adhere to the standard and applicable dental community.

329.    Defendant Armine Nazarian; Armine Nazarian D.M.D., and employee intentionally, maliciously, negligently, unlawfully conspired to cause intentional harm to Plaintiff Cecil Elmore. As these Defendants and each of them, along with the employee maliciously, intentionally, negligently, fraudulently unlawfully conspired to alter fraudulently Plaintiff Cecil Elmore dental records.

330.    On this date of December 22, 2022, Defendant Armine Nazarian; Armine Nazarian, D.M.D., responded to Plaintiff Cecil Elmore dental records request by mailing the Plaintiff Cecil Elmore his records through mail. When the Plaintiff Cecil Elmore received his dental records, he noticed that the Defendant Armine Nazarian; Armine Nazarian, D.M.D., maliciously modified, defamed and slandered Plaintiff Cecil Elmore on his patient dental and medical records.

331.    The Defendants Armine Nazarian; Armine Nazarian, D.M.D., were negligent of her duties as a sworn dentist under Oath in the State of California. As the Defendants Armine Nazarian; Armine Nazarian, D.M.D., was negligent, careless and reckless of her duties that were to be performed correctly and morally, ethically with Plaintiff Cecil Elmore.

332.    Defendant Armine Nazarian; Nazarian, D.M.D., and employee intentionally, maliciously, negligently, unlawfully conspired and acted unlawfully obstructing justice in concert to deter and intimidate Plaintiff Cecil Elmore from testifying who was a witness and party to Superior Court of California, County of Los Angeles Court civil cases pending, freely, fully and truthfully as these Defendants and each of them collectively in concert injured Plaintiff party and witness Plaintiff Cecil Elmore. Defendants and each of them intentionally, maliciously, negligently, unlawfully conspire of impeding, hindering, obstructing, or defeating, the course of justice in the United States of America, with intent to deny Plaintiff Cecil Elmore the equal protection of the laws and to injure Plaintiff Cecil Elmore by enforcing, or attempting to enforce, the right of Plaintiff Cecil Elmore equal protection of the laws. Defendants Armine Nazarian; Armine Nazarian, D.M.D.; and employee, violated Constitution of the United States Fourteenth (14th) Amendment in regard to Plaintiff Cecil Elmore. As these Defendants and each of them violated Plaintiff Cecil Elmore Civil Rights.

333.    That Defendants Armine Nazarian; Armine Nazarian, D.M.D, was Plaintiff Cecil Elmore dentist and that the Defendants Armine Nazarian; Armine Nazarian, D.M.D, intentionally failed to disclose certain facts of Plaintiff Cecil Elmore dental records.

334.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

### SIXTY-EIGHTH CAUSE OF ACTION

VIOLATION INTENTIONAL TORT

(AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

335.    Plaintiff incorporates by reference the allegations of paragraphs 327 through 334 above, as if each such allegation was set forth herein.

336.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

### SIXTY-NINETH CAUSE OF ACTION

VIOLATION FRAUD

(AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

337.    Plaintiff incorporates by reference the allegations of paragraphs 327 through 334 above, as if each such allegation was set forth herein.

338.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SEVENTIETH CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D.)

339.    Plaintiff incorporates by reference the allegations of paragraphs 327 through 334 above, as if each such allegation was set forth herein.

340.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious

## SEVENTY-FIRST CAUSE OF ACTION

### VIOLATION INTENTIONAL MISREPRESENTATION

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D.)

341.    Plaintiff incorporates by reference the allegations of paragraphs 327 through 334 above, as if each such allegation was set forth herein.

342.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SEVENTY-SECOND CAUSE OF ACTION

### VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 4301

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D.)

343.    Plaintiff incorporates by reference the allegations of paragraphs 327 through 334 above, as if each such allegation was set forth herein.

344.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SEVENTY-THIRD CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

### (AGAINST ARMINE NAZARIAN; ARMINE NAZARIAN, D.M.D)

345.     Plaintiff incorporates by reference the allegations of paragraphs 327 through 334 above, as if each such allegation was set forth herein.

346.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Armine Nazarian; Armine Nazarian, D.M.D., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

## SEVENTY-FOURTH CAUSE OF ACTION

### VIOLATION GENERAL NEGLIGENCE

### (AGAINST BANK OF AMERICA, N.A.)

347.     On March 10, 2022, Plaintiff Cecil Elmore was at Defendant Bank of America, N.A., at address 6300 Sunset Blvd., Hollywood, California, 90028 to use his bank card with a Latinx female bank teller (Employee #1) at her teller window.  The Defendant Bank of America, N.A., Latinx female employee (Employee #1) discriminated against Plaintiff Cecil Elmore because of his African American race and the color of Plaintiff skin. This Defendant Bank of America, N.A., Latinx female employee (Employee #1) performing banking duties in uniform for Defendant Bank of America, N.A., declined Plaintiff Cecil Elmore from using his own Government Issued bank card for a cash withdrawal even after Plaintiff Cecil Elmore showed the Latinx female (Employee #1) Defendant Bank of America, N.A., Plaintiff Cecil Elmore Government Issued California driver's license which was valid and not expired.  After this Latinx female (Employee #1), Defendant Bank of America, N.A., employee unlawfully discriminated against and refused banking services to Plaintiff Cecil Elmore, she walked off from

behind the teller window desk and intentionally, maliciously, unlawfully conspired in concert with numerous Defendant Bank of America, N.A., employees and another Latinx Female Employee (Employee #2).  Defendant Bank of America, N.A., Latinx employee (Employee #2) stated to the Plaintiff Cecil Elmore that he's a "nigger" on unemployment.  As this statement from the Latinx female (Employee #2) Defendant Bank of America, N.A., employee is blatant discrimination because of Plaintiff Cecil Elmore being African American and the color of Plaintiff skin.  As Plaintiff Cecil Elmore was not receiving Government Unemployment at the time of transaction.  A non-African American male employee of Defendant Bank of America, N.A., admitted the Latinx female employee (Employee #2) of Defendant Bank of America, N.A., wrongful acts and stated that, that same Latinx female employee of Defendant Bank of America, N.A., "should have not said nothing" in regards to Defendants Bank of America, N.A., employees intentional, malicious, oppressive, unlawful, wrongful, discriminatory acts directed towards Plaintiff Cecil Elmore.  The non-African American male employee of Defendant Bank of America, N.A., apologized and said, "I'm sorry" to Plaintiff Cecil Elmore on behalf of the Latinx female employee (Employee #1 and #2) of Defendant Bank of America, N.A.

348.    Plaintiff Cecil Elmore was denied full and equal rights to conduct business from Defendants Bank of America, N.A., because of Plaintiff being African American and the color of his skin.

349.    The Defendant Bank of America, N.A., have a negative reputation for discrimination against African American citizens on unemployment and disability that utilize Government EDD Card and assistance at their branch locations.  Defendant Bank of America, N.A., receives Federal funding from the Government of the United States of America.

350.    All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Cecil Elmore damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over

one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

351.    The Defendant Bank of America, N.A., and Defendant Bank of American, N.A., Employee #1 breached their fiduciary duty owed to Plaintiff.

352.    Defendants were aware that treating Plaintiff in this manner above, including depriving Plaintiff Cecil Elmore of his livelihood and would devastate Plaintiff Cecil Elmore and cause extreme hardship.

353.    As a proximate result of Defendants Bank of America, N.A., willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

354.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

### SEVENTY-FIFTH CAUSE OF ACTION

#### VIOLATION INTENTIONAL TORT

#### (AGAINST BANK OF AMERICA, N.A.)

355.    Plaintiff incorporates by reference the allegations of paragraphs 347 through 354 above, as if each such allegation was set forth herein.

356.    As a proximate result of Defendants Bank of America, N.A., willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

357.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## SEVENTY-SIXTH CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

### (AGAINST BANK OF AMERICA, N.A.)

358.    Plaintiff incorporates by reference the allegations of paragraphs 347 through 354 above, as if each such allegation was set forth herein.

359.    As a proximate result of Defendants Bank of America, N.A., willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

360.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## SEVENTY-SEVEN CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE II

### (AGAINST BANK OF AMERICA, N.A.)

361.    Plaintiff incorporates by reference the allegations of paragraphs 347 through 354 above, as if each such allegation was set forth herein.

362.    As a proximate result of Defendants Bank of America, N.A., willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

363.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## SEVENTY-EIGHTH CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST BANK OF AMERICA, N.A.)

364.    Plaintiff incorporates by reference the allegations of paragraphs 347 through 354 above, as if each such allegation was set forth herein.

365.    As a proximate result of Defendants Bank of America, N.A., willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore. The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

366.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## SEVENTY-NINETH CAUSE OF ACTION

VIOLATION CALIFORNIA CIVIL CODE § 51.5 —

DISCRIMINATION IN BUSINESS DEALINGS

(AGAINST BANK OF AMERICA, N.A.)

367.    Plaintiff incorporates by reference the allegations of paragraphs 347 through 354 above, as if each such allegation was set forth herein.

368.    As a proximate result of Defendants Bank of America, N.A., willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore. The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

369.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## EIGHTIETH CAUSE OF ACTION

VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST GWIS, LLC; ADAM DOENCH; JUSTIN OSTENSEN; DEREK OSTENSEN; DEREK OSTENSEN AND ASSOCIATES LLC; KAREN ARMSTRONG; CHRISI STEWART; UNIVERSAL SERVICES OF AMERICA, LP)

370.    On July 30, 2020, Defendant Karen Armstrong of Armstrong Casting contacted the Plaintiff Cecil Elmore via email stating that the Defendant Karen Armstrong is doing a soft background check, and several concerning items came up.  The Plaintiff Cecil Elmore responded, "I don't have any felonies on my record." Later on that day, the Plaintiff Cecil Elmore was wrongfully terminated from employment as a result of blatant discrimination because of Plaintiff Cecil Elmore African American race.

371.    Previously on July 25, 2020, Plaintiff Cecil Elmore was hired for an acting principal role as a security guard for the security company Defendant Universal Services of America, LP.

372.    On July 30, 2020, the Plaintiff Cecil Elmore went in for a costume wardrobe fitting meeting with Defendant Christi Stewart at address 99 North 2nd Avenue, Arcadia, California, 91006.  Plaintiff Cecil Elmore tired on several costumes for the video shoot in which all the costumes were pants and long-sleeve shirts.  And at a time during the wardrobe fitting, Defendant Christi Stewart told Plaintiff Cecil Elmore that she needs to take photographs of Plaintiff Cecil Elmore tattoo sleeves on both of his arms.  The Plaintiff Cecil Elmore stated that the costumes that he was being fitted for were long-sleeves and there was no need to take photographs of his tattoo arm sleeves as they would not be shown on camera for the video shoot.  Defendant Christi Stewart told Plaintiff Cecil Elmore that it was mandatory and required that she takes photographs of the Plaintiff Cecil Elmore tattoo arm sleeves.  This was not stated on any documentation prior to the wardrobe fitting with the Defendant Christi Stewart.

373.    After the Plaintiff Cecil Elmore was discriminated and wrongfully terminated on July 30, 2020 by Defendants GWIS, LLC; Adam Doench; Justin Ostensen; Karen Armstrong; Christi Stewart; Universal Services of America, LP.  On July 31, 2020, Defendant Adam Doench via email cc'd Defendant Justin Ostensen of Ostensen Productions in which an email was sent to Plaintiff Cecil Elmore that included a document requesting a signature from Plaintiff Cecil Elmore and $50.00 extra fee to be paid for the wrongful termination and discrimination. At the end of the contract that the Plaintiff Cecil Elmore did not and refused to sign, it stated at the last paragraph, "upon execution of this document, a one-time, in full payment will be made from Ostensen Productions to Cecil Elmore." This document also stated, "and, both parties agree that this matter will disappear as if it had a ever occurred and that no further discussions or inquiries will occur or be visited/re-visited. For all tense and

purposes, this document is proof of an amicable resolution and this matter is closed." The Plaintiff Cecil Elmore denied his signature to this absurd contract and did not sign or agree with this contract proposal. The Defendants in this causation breach their contract and did not pay Plaintiff Cecil Elmore monies owed for the contract.

374. All the Defendants listed in this causation purposely, maliciously and unlawfully harmed Plaintiff Cecil Elmore.

375. Plaintiff Cecil Elmore was never paid by the Defendants and each of them, for the contract between them. As these Defendants and each of them, breached this contract because Plaintiff Cecil Elmore is African American and for his color.

376. Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

377. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants GWIS, LLC; Adam Doench; Justin Ostensen; Derek Ostensen; Derek Ostensen and Associates LLC; Karen Armstrong; Christi Stewart; Universal Services of America, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## **EIGHTY-FIRST CAUSE OF ACTION**

### VIOLATION CIVIL RIGHTS ACT OF 1866

(AGAINST GWIS, LLC; ADAM DOENCH; JUSTIN OSTENSEN; DEREK OSTENSEN; DEREK OSTENSEN AND ASSOCIATES LLC; KAREN ARMSTRONG; CHRISI STEWART; UNIVERSAL SERVICES OF AMERICA, LP)

378. Plaintiff incorporates by reference the allegations of paragraphs 370 through 377 above, as if

each such allegation was set forth herein.

379.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants GWIS, LLC; Adam Doench; Justin Ostensen; Derek Ostensen; Derek Ostensen and Associates LLC; Karen Armstrong; Christi Stewart; Universal Services of America, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTY-SECOND CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST GWIS, LLC; ADAM DOENCH; JUSTIN OSTENSEN; DEREK OSTENSEN; DEREK OSTENSEN AND ASSOCIATES LLC; KAREN ARMSTRONG; CHRISI STEWART; UNIVERSAL SERVICES OF AMERICA, LP)

380.    Plaintiff incorporates by reference the allegations of paragraphs 370 through 377 above, as if each such allegation was set forth herein.

381.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants GWIS, LLC; Adam Doench; Justin Ostensen; Derek Ostensen; Derek Ostensen and Associates LLC; Karen Armstrong; Christi Stewart; Universal Services of America, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTY-THIRD CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST GWIS, LLC; ADAM DOENCH; JUSTIN OSTENSEN; DEREK OSTENSEN; DEREK OSTENSEN AND ASSOCIATES LLC; KAREN ARMSTRONG; CHRISI STEWART; UNIVERSAL SERVICES OF AMERICA, LP)

382.    Plaintiff incorporates by reference the allegations of paragraphs 370 through 377 above, as if each such allegation was set forth herein.

383.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants GWIS, LLC; Adam Doench; Justin Ostensen; Derek Ostensen; Derek Ostensen and Associates LLC; Karen Armstrong; Christi Stewart; Universal Services of America, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTY-FOURTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST GWIS, LLC; ADAM DOENCH; JUSTIN OSTENSEN; DEREK OSTENSEN; DEREK OSTENSEN AND ASSOCIATES LLC; KAREN ARMSTRONG; CHRISI STEWART; UNIVERSAL SERVICES OF AMERICA, LP)

384.     Plaintiff incorporates by reference the allegations of paragraphs 370 through 377 above, as if each such allegation was set forth herein.

385.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants GWIS, LLC; Adam Doench; Justin Ostensen; Derek Ostensen; Derek Ostensen and Associates LLC; Karen Armstrong; Christi Stewart; Universal Services of America, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTY-FIFTH CAUSE OF ACTION

VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996: TITLE II

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S)

386. On November 28, 2022, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., filed to the Superior Court of the State of California, County of Los Angeles, Plaintiff Cecil Elmore personal health

information, medical information, diagnosis, treatments, doctor prescribed medications, payment transactions, dental records, dental treatment plans, and other personal information of documents filed and posted for public access without Plaintiff Cecil Elmore consent.

387. Plaintiff Cecil Elmore did not authorize or give permission for Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., to publicly disclose Plaintiff Cecil Elmore personal health information, medical information, diagnosis, treatments, doctor prescribed medications, payment transactions, dental records, dental treatment plans and other personal information to the general public.  There was no Court order for the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., to file for the general public Plaintiff Cecil Elmore personal health information, medical information, diagnosis, treatments, doctor prescribed medications, payment transactions, dental records, dental treatment plan and other personal information.

388. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### EIGHTY-SIXTH CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST I. YAN; DOE 17)

389.          On November 28, 2022, at address 312 N. Spring Street, Los Angeles, California, 90012, Defendants I. Yan and DOE 17 intentionally, maliciously, negligently, unlawfully breached their fiduciary duty that owed to Plaintiff Cecil Elmore.  Defendants I. Yan and DOE 17 intentionally, maliciously did not perform their duties properly that are owed to Plaintiff.   The Plaintiff was a party to a case as a Plaintiff on the Court Case 22STCV00240, *Cecil Elmore v. Abbas Eftekhari, et al.*, at Spring Street Courthouse.  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Ted Dean Conley; Quinn Nguyen; Ray, Aloia & Conley, LLP engaged in unlawful collusion by intentionally, maliciously,

unlawfully conspiring in concert with Defendants I. Yan and DOE 17, and Judger Michael E. Whitaker to intentionally sabotage Plaintiff Cecil Elmore Civil Lawsuit Case. Before this court hearing on this case Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP filed NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESPONSE TO SPECIAL INTERROGATORIES, SET ONE, AND REQUEST FOR MONETARY SANCTIONS hours prior to the Court hearing for this Motion (Reservation No.: 629289509492) and other another motion. Even after this filed withdrawal of this Motion, Defendants collectively moved forward in a manner of gamesmanship without the Plaintiff Cecil Elmore present. The Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP; Quinn Nguyen; I. Yan; DOE 17 and Judge Michael E. Whitaker unlawfully conspired and acted to ignore this withdrawal filed by Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP. As a result of this intentional, unlawful act Judge Michael E. Whitaker filed a Minute Order which stated two different Motions to Compel (Granted) and Monetary Sanctions against Plaintiff Cecil Elmore in favor of Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP and Abbas Eftekhari, et al – Defendants of Case 22STCV00240. On this Minute Order it does not state that Defendant DOE 17 was on duty while this hearing date had taken place as Defendant DOE 17 owed Plaintiff a fiduciary duty and Defendant DOE 17 was on duty during this hearing. Defendants deliberately concealed evidence of attorney Defendant Ted Dean Conley; Ray, Aloia & Conley, LLP; Quinn Nguyen, documents filed to the court NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESPONSE TO SPECIAL INTERROGATORIES, SET ONE, AND REQUEST FOR MONETARY SANCTIONS (Reservation No.: 629289509492) and suppressed exculpatory evidence, thereby violating Plaintiff right to a fair trial and causing him to be deprived of his liberty without due process of the law.

390. Rather than Defendants I. Yan; DOE 17 conduct their fiduciary duty properly, Defendants, individually and in concert, acted in a manner that shocks the conscious and follow through with the unlawful act against Plaintiff, thereby depriving Plaintiff of his right not to be deprived of liberty without due process of law.

391. In addition, in effort to secure these orders and Minute Order against Plaintiff without regard to the truth owed to the Court and Plaintiff.

392. Defendants, individually and in concert, intentionally suppressed and/or recklessly failed to disclose the NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESPONSE TO SPECIAL INTERROGATORIES, SET ONE, AND REQUEST FOR MONETARY SANCTIONS (Reservation No.: 629289509492).

393.    Defendants actions, individually and cumulatively, played a direct and decisive role in the Court Orders and Minute Order and were highly prejudicial against Plaintiff. Had this misconduct been disclosed, the evidence would have tended to prove there was a NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESPONSE TO SPECIAL INTERROGATORIES, SET ONE, AND REQUEST FOR MONETARY SANCTIONS (Reservation No.: 629289509492) filed to the Court and Plaintiff would not have had Court Orders and a Minute Order against him.

394.    With the unlawful assistance of State of California Treasurer Fiona Ma, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Ted Dean Conley; Quinn Nguyen; Ray, Aloia & Conley, LLP; I. Yan; DOE 17, Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia & Conley, LLP; I. Yan; and DOE 17 intentionally, maliciously, negligently, unlawfully conspired and acted unlawfully obstructing justice in concert to deter, sabotage and intimidate Plaintiff Cecil Elmore from testifying who was a witness and party to Superior Court of California, County of Los Angeles Court civil cases pending as Plaintiff is representing in Pro Se, freely, fully and truthfully as these Defendants and each of them collectively in concert injured Plaintiff as a party and witness of these cases. Defendants and each of them intentionally, maliciously, negligently, unlawfully conspire of impeding, hindering, obstructing, and/or defeating, the course of justice in the United States of America, with intent to deny Plaintiff Cecil Elmore the equal protection of the laws and to injure Plaintiff Cecil Elmore by unlawfully enforcing, taking away and denying rights, or attempting to enforce, the right of that Plaintiff Cecil Elmore equal protection of the laws. Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia & Conley, LLP, violated Constitution of the United States Fourteenth (14th) Amendment in regard to Plaintiff Cecil Elmore. As these Defendants and each of them violated Plaintiff Cecil Elmore Civil Rights. These Defendants and each of them, collectively conspired in concert as they acted interfered with Plaintiff Cecil Elmore rights of due processes of the law. Defendants and each of them acted upon deceit, corruption, with the intent to injure Plaintiff as a party and witness in his person on account of his having so attended, testified and unlawfully influence this Court hearing held along with Minute Order with the purpose of fraud and unlawfully enforcing the right of Plaintiff in equal protection of the laws.

395.    Plaintiff Cecil Elmore and Gurkirn Hundal went to Stanley Mosk Courthouse at address 111 N. Hill Street, Los Angeles, California, 90013 Room 112, while Plaintiff was using the Courthouse Computer they researched, looked up and recorded for the Court Case *Cecil Elmore v. Abbas Eftekhari, ECT al*, Case NO. 22STCV00240 documents image NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESPONSE TO SPECIAL INTERROGATORIES, SET ONE, AND REQUEST FOR MONETARY SANCTIONS (Reservation No.: 629289509492) which was filed and located visually on the exact computer used at Stanley Mosk Courthouse Room 112.  Both Plaintiff and Gurkirn Hundal witnessed this document filed to the Court.

396.    Each of these Defendants collectively, intentionally, maliciously, unlawfully conspired in concert and acted to remove and delete from the Superior Court of California, County of Los Angeles electronic database system NOTICE OF WITHDRAWAL OF MOTION TO COMPEL RESPONSE TO SPECIAL INTERROGATORIES, SET ONE, AND REQUEST FOR MONETARY SANCTIONS (Reservation No.: 629289509492) that was filed by Defendants Ted Dean Conley; Ray, Aloia & Conley, LLC; Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; the Court for Case No. 22STCV00240.  Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP and other Defendants engaged in unlawful collusion with the intent to deceive the Court and party to the case Plaintiff Cecil Elmore.  All of the Defendants and each of them, intentionally, maliciously, unlawfully committed fraud against the Court and Plaintiff.  The Defendant I. Yan, did not mail or serve Plaintiff a copy of November 28, 2022 Minute Order and Certificate of Mailing.  There was no Certificate of Mailing filed to the Court from Defendant in regard to the Minute Order on November 28, 2022.

397.    Prior to this Court hearing Defendants Ted Dean Conley and Ray, Aloia & Conley, LLP threatened on behalf of Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., stating I'm going to get the Court to give me sanctions against you.  As these Defendants have premeditated and unlawfully conspired in concert to harm Plaintiff and violate his rights.

398.    Defendant Ricardo Lopez stated that Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Ted Dean Conley; Quinn Nguyen; Ray, Aloia & Conley, LLP; I. Yan; DOE 17, Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia &

Conley, LLP; I. Yan; and DOE 17 with the unlawful assistance of Fiona Ma, sabotaged the Court hearing held and minute order on November 28, 2022.

399.    All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Cecil Elmore damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

400.    The Defendants involved in this malicious, negligent, intentional harm to Plaintiff Cecil Elmore are Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Ted Dean Conley; Quinn Nguyen; Ray, Aloia & Conley, LLP; Abbas Eftekhari; Eftekhari D.D.S. INC.; Abbas Eftekhari D.D.S.; I. Yan; DOE 17.  These Defendants caused intentional harm to Plaintiff Cecil Elmore which was motivated by hatred of Plaintiff Cecil Elmore being African American and the color of his skin.  As Defendants Michael Vasquez; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Ricardo Lopez, have called Plaintiff Cecil Elmore a "nigger" on numerous occasions.  The Defendants have a negative reputation for intentionally causing harm to African American.  Plaintiff and Gurkirn Hundal witnessed Defendant DOE 17 intentionally, maliciously, in a

disrespectful manner discriminating against an African American Plaintiff representing in Pro Se at the Spring Street Courthouse, located at address 312 N. Spring Street, Los Angeles, California, 90012, in Department 32.

401.    In furtherance of the conspiracy, Defendants engaged in facilitated numerous overt acts in furtherance of the conspiracy with the intent to cause intentional harm to Plaintiff.

402.    Defendants I. Yan and DOE 17, acting under Color of State Law, acted in concert, conspired and agreed to deprive Plaintiff of rights, privileges, or immunities, securities by the constitution and laws of the United States such as the Fourteenth Amendment.

403.    The foregoing acts and omissions were deliberate, reckless, wanton, cruel, motivated by evil motive or intent, done in bad faith, and/or involved callous indifference to Plaintiff Cecil Elmore Federally protected rights.  These acts were perpetrated while Defendants I. Yan; DOE 17, were acting in their capacities and under of Color of State Law.

404.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTY-SEVEN CAUSE OF ACTION

### VIOLATION FRAUD

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

405.    Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

406.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTY-EIGHT CAUSE OF ACTION

### VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

407.     Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

408.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## EIGHTY-NINE CAUSE OF ACTION

### VIOLATION CAL. CIV. CODE § 52.1 —

### TOM BANE CIVIL RIGHTS ACT

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

409.    Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

410.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## NINETY CAUSE OF ACTION

### VIOLATION GENERAL NEGLIGENCE

### (AGAINST I. YAN; DOE 17)

411.    Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

412.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## NINETY-FIRST CAUSE OF ACTION

VIOLATION CALIFORNIA BUSINESS AND PROFESSIONS CODE § 6128 (a)

(AGAINST TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN)

413.      Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

414.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## NINETY-SECOND CAUSE OF ACTION

VIOLATION CONSTITUTION OF THE UNITED STATES — FOURTEENTH AMENDMENT RIGHT

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

415.      Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

416.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**NINETY-THIRD CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1985 —

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

417.    Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

418.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.


**NINETY-FOURTH CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1983 —

CLAIM FOR DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW AND VIOLATION TO A FAIR TRIAL, UNDER THE FOURTEENTH AMENDMENT

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

419.     Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

420.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## NINETY-FIFTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1983 —

### CIVIL RIGHTS CONSPIRACY

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

421.     Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

422.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## NINETY-SIXTH CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1983 —

FOURTEENTH AMENDMENT RIGHTS

(AGAINST I. YAN; DOE 17; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; QUINN NGYUEN; ABBAS EFTEKHARI; EFTEKHARI D.D.DS., INC.; ABBAS EFTEKHARI D.D.S.; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; PACIFIC HOUSING, INC.; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; RICARDO LOPEZ)

423.    Plaintiff incorporates by reference the allegations of paragraphs 389 through 404 above, as if each such allegation was set forth herein.

424.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore was given Sanctions against himself from the Court along with Minute Order with false facts, Plaintiff sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## NINETY-SEVENTH CAUSE OF ACTION

VIOLATION HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996: TITLE II

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP)

425.    On June 5, 2023, the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., filed to the Superior Court of the State of California, County of Los Angeles, Plaintiff Cecil Elmore personal health information, medical information, diagnosis, treatments, doctor prescribed medications, payment transactions, dental records, dental treatment plans, and other personal information of documents filed and posted for public access without Plaintiff Cecil Elmore consent.

426.    Plaintiff Cecil Elmore did not authorize or give permission for Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., to publicly disclose Plaintiff Cecil Elmore personal health

COMPLAINT FOR DAMAGES || JURY DEMAND - 115

information, medical information, diagnosis, treatments, doctor prescribed medications, payment transactions, dental records, dental treatment plans and other personal information to the general public. There was no Court order for the Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S., to file for the general public Plaintiff Cecil Elmore personal health information, medical information, diagnosis, treatments, doctor prescribed medications, payment transactions, dental records, dental treatment plan and other personal information.

427.     Defendant Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia & Conley, LLP, and employee intentionally, maliciously, negligently, unlawfully conspired and acted unlawfully obstructing justice in concert to deter and intimidate Plaintiff Cecil Elmore from testifying who was a witness and party to Superior Court of California, County of Los Angeles Court civil cases pending, freely, fully and truthfully as these Defendants and each of them collectively in concert injured Plaintiff party and witness Plaintiff Cecil Elmore. Defendants and each of them intentionally, maliciously, negligently, unlawfully conspire of impeding, hindering, obstructing, or defeating, the course of justice in the United States of America, with intent to deny Plaintiff Cecil Elmore the equal protection of the laws and to injure Plaintiff Cecil Elmore by enforcing, or attempting to enforce, the right of Plaintiff Cecil Elmore equal protection of the laws. Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia & Conley, LLP, violated Constitution of the United States Fourteenth (14th) Amendment in regards to Plaintiff Cecil Elmore. As these Defendants and each of them violated Plaintiff Cecil Elmore Civil Rights.

428.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia & Conley, LLP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## NINETY-EIGHTH CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.)

429.    Plaintiff incorporates by reference the allegations of paragraphs 425 through 428 above, as if each such allegation was set forth herein.

430.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia & Conley, LLP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTY-NINETH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1985 –

### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST ABBAS EFTEKHARI; EFTEKHARI D.D.S., INC.; ABBAS EFTEKHARI D.D.S.; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP)

431.    Plaintiff incorporates by reference the allegations of paragraphs 425 through 428 above, as if each such allegation was set forth herein.

432.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Abbas Eftekhari; Eftekhari D.D.S., INC.; Abbas Eftekhari D.D.S.; Ted Dean Conley; Ray, Aloia & Conley, LLP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONEHUNDRETH CAUSE OF ACTION

### VIOLATION 28 U.S. Code § 955 (Practice of Law Restriction)

### (AGAINST JOAN CHOI)

433.    On November 13, 2023, Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP called the Superior Court of the State of California, County of Los Angeles – Stanley Mosk Courthouse Department 40 Clerk

Defendant Joan Choi. And Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP called and spoke with Defendant Joan Choi and asked why the proposed amended final judgment has not been filed. Defendant Joan Choi advised and practiced law by advising Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP to submit a declaration from counsel stating why an amended judgment should be entered.

434.    On November 21, 2023, Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP submitted from the advise of Defendant Joan Choi in which she practiced law, the Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP filed to the Court DECLARATION OF TED D. CONLEY, ESQ., IN SUPPORT OF FILING OF AMENDED FINAL JUDGEMENT AFTER COST AWARD. The Defendant Joan Choi a Court Clerk/Judicial Assistant of Department 40 at the Stanley Mosk Courthouse of the County of Los Angeles practiced law intentionally to harm Plaintiff Cecil Elmore. These Defendants Ted Dean Conley; Ray, Aloia & Conley, LLP; Joan Choi engaged in unlawful collusion and conspired to cause harm to Plaintiff Cecil Elmore. The clerk/judicial assistant Defendant Joan Choi at Stanley Mosk Courthouse along with numerous others are retaliating against Plaintiff Cecil Elmore.

435.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendant Joan Choi, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-FIRST CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

### (AGAINST JOAN CHOI)

436.    Plaintiff incorporates by reference the allegations of paragraphs 433 through 435 above, as if each such allegation was set forth herein.

437.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendant Joan Choi, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-SECOND CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1985 –

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

(AGAINST JOAN CHOI; TED DEAN CONLEY; RAY, ALOIA & CONLEY, LLP; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MARK WIESE; THE ROSSLYN LOFTS HOUSING PARTERNS, LP; ROSSLYN PARTNERS, LLC; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADIVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; THE AMERLAND GROUP, LLC)

438.    Plaintiff incorporates by reference the allegations of paragraphs 433 through 435 above, as if each such allegation was set forth herein.

439.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendant Joan Choi, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-THIRD CAUSE OF ACTION

VIOLATION CALIFORNIA BUSINESS & PROFESSIONS CODE § 6128(a)

(AGAINST TED DEAN CONLEY)

440.    Plaintiff incorporates by reference the allegations of paragraphs 433 through 435 above, as if each such allegation was set forth herein.

441.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendant Joan Choi, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDREDTH-FOURTH CAUSE OF ACTION

VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC; ARACELLI CASTILLO; WENDY CONTRERAS; MICHAEL VASQUEZ; DANIELLE WILLIAMS; BETHANY SPOONER)

442.    On June 1, 2019, at address 451 S Main Street, Los Angeles, California, 90013, the Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur;The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weise; Rosslyn Partners, LLC; Aracelli Castillo; Wendy Contreras; Michael Vasquez; Danielle Williams, Bethany Spooner, intentionally, unlawfully, maliciously and negligently had cockroaches and bedbugs attack and cause intentional harm to the body of Plaintiff Cecil Elmore.

443.    These Defendants and each of them, knowingly had knowledge and evidence that these cockroaches, bedbugs and pests where a present infestation and will cause direct harm to Plaintiff Cecil Elmore.

444.    Plaintiff Cecil Elmore has a Lease Contract as a resident at address 451 S Main Street, Los Angeles, California, 90013, with Defendants Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Logan Capital Advisors, LLC; Pactific Housing, INC.; Rosslyn Partners, LLC, which is legally binding by law involving Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weise; Rosslyn Partners, LLC; Aracelli Castillo; Wendy Contreras; Michael Vasquez; Danielle Williams; Bethany Spooner.  Which has been intentionally breached by Defendants and each of them, as they intentionally, maliciously, unlawfully, purposely, negligently had knowledge of this cockroach, bedbug and pest infestation on the property since Plaintiff Cecil Elmore moved in as a resident on contract at address 451 S Main Street, Los Angeles, California, 90013, in May 2019.  In the contract, it states that the Defendants and each of them, would eliminate all pests present on the premises.  Plaintiff Cecil Elmore is medically allergic to cockroaches, bedbugs and pests which causes intentionally harm to Plaintiff Cecil Elmore body.  These cockroaches, bedbugs and pests infestation have been

constantly present at the address 451 S Main Street, Los Angeles, California, 90013, prior to Plaintiff Cecil Elmore move in date and during the duration of Plaintiff Cecil Elmore residency at this address, therefore meaning all of these said Defendants and each of them fraudulently, maliciously, intentionally and purposely knew that this property was and is infested with cockroaches, bedbugs and pests as it is inhabitable for Plaintiff Cecil Elmore as a resident and as Plaintiff Cecil Elmore is medically allergic to these cockroaches, bedbugs and pests on premises.  These Defendants and each of them, never disclosed to Plaintiff Cecil Elmore prior to or during Plaintiff Cecil Elmore residential contract that this property and premises is inhabitable with a constant and negative history and reputation of cockroaches, bedbugs and pest infestation on the property in the building on the premises.

445.	Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

446.	As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

447.	In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-FIFTH CAUSE OF ACTION

### BREACH IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK

DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC; ARACELLI CASTILLO; WENDY CONTRERAS; MICHAEL VASQUEZ; DANIELLE WILLIAMS; BETHANY SPOONER)

448.         Plaintiff incorporates by reference the allegations of paragraphs 442 through 447 above, as if each such allegation was set forth herein.

449.         As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDREDTH-SIXTH CAUSE OF ACTION

### VIOLATION LANDLORD WARRANTY HABITABILITY

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC; ARACELLI CASTILLO; WENDY CONTRERAS; MICHAEL VASQUEZ; DANIELLE WILLIAMS; BETHANY SPOONER)

450.         Plaintiff incorporates by reference the allegations of paragraphs 442 through 447 above, as if each such allegation was set forth herein.

451.         As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages

against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**ONE HUNDREDTH-SEVENTH CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC; ARACELLI CASTILLO; WENDY CONTRERAS; MICHAEL VASQUEZ; DANIELLE WILLIAMS; BETHANY SPOONER)

452.    Plaintiff incorporates by reference the allegations of paragraphs 442 through 447 above, as if each such allegation was set forth herein.

453.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**ONE HUNDRETH-EIGHT CAUSE OF ACTION**

VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

454.    On December 16, 2019,  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arther; Michael Vasquez; Bethany Spooner; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan

Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC, Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, gave the Plaintiff Cecil Elmore a false defamatory, slander and humiliating notice of lease violation which was taped to the front door of Plaintiff Cecil Elmore apartment unit. This act from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arther; Michael Vasquez; Bethany Spooner; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC, Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, breached the lease agreement and harassed Plaintiff Cecil Elmore.

455.    These Defendants and each of them, committed a violation of breach of contract as they have a FAIR HOUSING POLICY contract with Plaintiff Cecil Elmore. As these Defendants violating this FAIR HOUSING POLICY contract by harassing Plaintiff Cecil Elmore because of his African American race.

456.    Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

457.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arther; Michael Vasquez; Bethany Spooner; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC, Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUDRETH-NINETH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

Plaintiff incorporates by reference the allegations of paragraphs 442 through 447 above, as if each such allegation was set forth herein.

449.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.  In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRETH-TENTH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; WENDY CONTRERAS; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

450.    On January 2, 2020,  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez; Wendy Contreras; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, gave the Plaintiff Cecil Elmore a false defamatory, slander and humiliating notice of lease violation which was taped to the front door of Plaintiff Cecil Elmore apartment

unit. This act from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez; Wendy Contreras; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, breached the lease agreement and harassed Plaintiff Cecil Elmore.

451.    These Defendants and each of them, violated the contract between Plaintiff Cecil Elmore and each of these Defendants.  As the contract states FAIR HOUSING POLICY and that there will not be any FAIR HOUSING POLICY violations of harassment because of a person's race, color, and other personal characteristics.  These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing Plaintiff Cecil Elmore because he is African American and brown skin color.

452.    The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez; Wendy Contreras; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, retaliated against Plaintiff Cecil Elmore because of a complaint filed which lead to a violation from the Los Angeles Housing Department, Code Enforcement inspector Peter Bravo for the property of 451 S Main Street, Los Angeles, California, 90013.

453.    Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

454.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez; Wendy Contreras; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful,

oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-ELEVENTH CAUSE OF ACTION

VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; WENDY CONTRERAS; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

455.    Plaintiff incorporates by reference the allegations of paragraphs 450 through 454 above, as if each such allegation was set forth herein.

456.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez; Wendy Contreras; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-TWELETH CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; WENDY CONTRERAS; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

457.    Plaintiff incorporates by reference the allegations of paragraphs 450 through 454 above, as if

COMPLAINT FOR DAMAGES || JURY DEMAND - 127

each such allegation was set forth herein.

458.   As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Michael Vasquez; Wendy Contreras; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-THIRTEENTH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; WENDY CONTRERAS; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

459.   On January 3, 2020, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Aracelli Castillo; Wendy Contreras; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, gave the Plaintiff Cecil Elmore a false defamatory, slander and humiliating notice of lease violation which was taped to the front door of Plaintiff Cecil Elmore apartment unit. This act from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Aracelli Castillo; Wendy Contreras; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, breached the lease agreement and harassed Plaintiff Cecil Elmore.

460.   These Defendants and each of them, violated the contract between Plaintiff Cecil Elmore and each of these Defendants. As the contract states FAIR HOUSING POLICY and that there will not be any FAIR

HOUSING POLICY violations of harassment because of a person's race, color, and other personal characteristics. These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing Plaintiff Cecil Elmore because he is African American and brown skin color.

461.     The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Aracelli Castillo; Wendy Contreras; Suffolk Development,LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, retaliated against Plaintiff Cecil Elmore because of a complaint filed which lead to a violation from the Los Angeles Housing Department, Code Enforcement inspector Peter Bravo for the property of 451 S Main Street, Los Angeles, California, 90013.

462.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Aracelli Castillo; Wendy Contreras; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-FOURTEENTH CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; MARTHA ENRIQUEZ; MICHAEL VASQUEZ; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADIVSORS, LLC; ARACELLI CASTILLO; WENDY CONTRERAS)

463.     On October 22, 2020, Defendants Ruben Islas Jr; Martha Enriquez; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Aracelli Castillo; Wendy Contreras, gave the Plaintiff Cecil Elmore a false

defamatory, slander and humiliating notice of lease violation which was taped to the front door of Plaintiff Cecil Elmore apartment unit. This act from Defendants Ruben Islas Jr; Martha Enriquez; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Aracelli Castillo; Wendy Contreras, breached the lease agreement and harassed Plaintiff Cecil Elmore.

464.     The Plaintiff Cecil Elmore received a Notice to Perform Covenant or Quit from Defendants Ruben Islas Jr; Martha Enriquez; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Aracelli Castillo; Wendy Contreras stating false allegations against Plaintiff Cecil Elmore. This Notice to Perform Covenant or Quit from Defendants was placed on the front door, faced forward so that all persons walking by would take notice of this document. The Defendants retaliated against the Plaintiff Cecil Elmore because of the constant complaints he has filed to the Los Angeles Housing Department regarding the constant cockroach, pest infestation and inhabitable living conditions in the building on the premises of address 451 S Main Street, Los Angeles, California, 90013.

465.     Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

   (a) Statement of Equal Rights;

   (b) Make and Enforce Contracts;

   (c) Protection Against Impairment.

466.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from Defendants Ruben Islas Jr; Martha Enriquez; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Adivsors, LLC; Aracelli Castillo; Wendy Contreras, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-FIFTEENTH CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

### (AGAINST THEODORE VICTORIO; RICHARD LAVIN)

467.    On October 26, 2020, Defendant Theodore Victorio an inspector for the County of Los Angeles Public Health Department was on duty working under Defendant Richard Lavin, County of Los Angeles Department of Public Health at the Chief position.  The Defendant Theodore Victorio intentionally wrote and filed a false Official Inspection Report to close Plaintiff Cecil Elmore case and complaint for the property of 451 S Main Street, Los Angeles, California, 90013.

468.    Defendant Theodore Victorio and Defendant Richard Lavin have knowledge that this property at address 451 S Main Street, Los Angeles, California, 90013 owned by Defendant Ruben Islas Jr is heavily infested with cockroaches, other pests and inhabitable living conditions.  Defendant Theodore Victorio did not not have the Plaintiff Cecil Elmore join the inspection for the reason that the Defendants Theodore Victorio and Richard Lavin unlawfully aided and abided with Defendants Ruben Islas Jr; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC and others to close the complaint even with a cockroach, pest infestations and inhabitable living conditions.

469.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from Defendants Theodore Victorio; Richard Lavin, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-SIXTEENTH CAUSE OF ACTION

### VIOLATION FRAUD

### (AGAINST THEODORE VICTORIO; RICHARD LAVIN)

470.    Plaintiff incorporates by reference the allegations of paragraphs 467 through 469 above, as if each such allegation was set forth herein.

471.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from

Defendants Theodore Victorio; Richard Lavin, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### ONE HUNDRETH-SEVENTEENTH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO)

472.        On October 28, 2020, at address 451 S Main Street, Los Angeles, California, 90013, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, collectively conspired, coerced, aided and abetted the unlawful acts in concert to harass as they had intentionally placed the document Notice to Perform Covenant or Quit on the Plaintiff Cecil Elmore apartment unit door facing forward for all persons passing by to read which are false facts about the Plaintiff Cecil Elmore. As these Defendants stated numerous discriminatory acts to describe Plaintiff Cecil Elmore as an African American. This is a form of retaliating against the Plaintiff Cecil Elmore publicly and to embarrass so that all persons passing by can read the defamation and slander about the Plaintiff Cecil Elmore on this Ten (10) Day Notice to Perform Covenant or Quit. Defendant Wendy Contreras by stating false, untrue and defamatory facts about Plaintiff Cecil Elmore in this Ten (10) Day Notice to Perform Covenant or Quit from Defendants which caused intentional harm to Plaintiff Cecil Elmore.

473.        The Defendants involved in this malicious, negligent, intentional harm to Plaintiff Cecil Elmore are Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo. These Defendants caused intentional harm to

Plaintiff Cecil Elmore which was motivated of Plaintiff Cecil Elmore being an African American resident.  As Defendants Wendy Contreras; Michael Vasquez; Aracelli Castillo, have called Plaintiff Cecil Elmore a "nigger" on numerous occasions.  The Defendants have a negative reputation for intentionally causing harm to African American residents on the property.

474.        Plaintiff Cecil Elmore believes and on that basis that his race and color were substantial motivating factors against the Plaintiff.

475.        These Defendants and each of them, violated the contract between Plaintiff Cecil Elmore and each of these Defendants.  As the contract states FAIR HOUSING POLICY and that there will not be any FAIR HOUSING POLICY violations of harassment because of a person's race, color, and other personal characteristics.  These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing Plaintiff Cecil Elmore because he is African American and brown skin color.  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, owe Plaintiff a fiduciary duty as these Defendants are landlords and management of duty owed to Plaintiff Cecil Elmore as Plaintiff is a resident.

476.        All of these Defendants and each of them did not treat Plaintiff Cecil Elmore contract with the same equality as Caucasian residents in contract with these very same Defendants and each of them.

477.        Plaintiff Cecil Elmore is informed and believes, and on that basis alleges, that each of the Defendants are in some manner responsible for the wrongs, violations and damages stated, in so acting was functioning as the agent, servant, partner, and employee of Defendants, and in taking the actions mentioned was acting within the course and scope of his or her authority as such agent, servant, partners, and employee, with the permission and consent of these Defendants.

478.        Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

479.    All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited. All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Cecil Elmore damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

480.    Plaintiff Cecil Elmore raised complaints of illegality and the Defendants retaliated against him.

481.    Defendants were aware that treating Plaintiff in this manner above, including depriving Plaintiff Cecil Elmore of his livelihood and would devastate Plaintiff Cecil Elmore and cause extreme hardship.

482.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore. The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

483.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## ONE HUNDRED-EIGHTEENTH CAUSE OF ACTION

VIOLATION 42 U.S. Code § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO)

484.     Plaintiff incorporates by reference the allegations of paragraphs 472 through 483 above, as if each such allegation was set forth herein.

485.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.  Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## ONE HUNDRED-NINETEENTH CAUSE OF ACTION

VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO)

486.     Plaintiff incorporates by reference the allegations of paragraphs 472 through 483 above, as if each such allegation was set forth herein.

487.      As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore. The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof. Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## ONE HUNDRED-TWENTIETH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO)

488.      On December 2, 2020, at address 451 S Main Street, Los Angeles, California, 90013, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, collectively conspired, coerced, aided and abetted the unlawful acts in concert to harass as they had intentionally placed the document Notice to Perform Covenant or Quit on the Plaintiff Cecil Elmore apartment unit door facing forward for all persons passing by to read which are false facts about the Plaintiff Cecil Elmore. As these Defendants stated numerous discriminatory acts to describe Plaintiff Cecil Elmore as an African American. This is a form of retaliating against the Plaintiff Cecil Elmore publicly and to embarrass so that all persons passing by can read the defamation and slander about the Plaintiff Cecil Elmore on this Ten (10) Day Notice Quit. Defendants and each of them conspired with a Caucasian resident

by stating false, untrue and defamatory facts about Plaintiff Cecil Elmore in this Ten (10) Day Quit from Defendants which caused intentional harm to Plaintiff Cecil Elmore.

489.    The Defendants involved in this malicious, negligent, intentional harm to Plaintiff Cecil Elmore are Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo.  These Defendants caused intentional harm to Plaintiff Cecil Elmore which was motivated of Plaintiff Cecil Elmore being an African American resident.  As Defendants Wendy Contreras; Michael Vasquez; Aracelli Castillo, have called Plaintiff Cecil Elmore a "nigger" on numerous occasions.  The Defendants have a negative reputation for intentionally causing harm to African American residents on the property.

499.    Defendants resident who stated false, untrue and defamatory facts about Plaintiff Cecil Elmore called Plaintiff Cecil Elmore a "dirty black boy" while Plaintiff Cecil Elmore was on the elevator on November 20, 2020 in which these Defendants and each of them are referring to in this Ten (10) Day Notice to Quit.

500.    These Defendants and each of them used these documents placed on Plaintiff Cecil Elmore apartment unit front door in an Unlawful Detainer filed against Plaintiff Cecil Elmore from Defendants.

501.    Plaintiff Cecil Elmore believes and on that basis that his race and color were substantial motivating factors against the Plaintiff.

502.    These Defendants and each of them, violated the contract between Plaintiff Cecil Elmore and each of these Defendants.  As the contract states FAIR HOUSING POLICY and that there will not be any FAIR HOUSING POLICY violations of harassment because of a person's race, color, and other personal characteristics.  These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing Plaintiff Cecil Elmore because he is African American and brown skin color.  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, owe Plaintiff a fiduciary duty as these Defendants are landlords and management of duty owed to Plaintiff Cecil Elmore as Plaintiff is a resident.

503.    All of these Defendants and each of them did not treat Plaintiff Cecil Elmore contract with the same equality as Caucasian residents in contract with these very same Defendants and each of them.

504.    Plaintiff Cecil Elmore is informed and believes, and on that basis alleges, that each of the Defendants are in some manner responsible for the wrongs, violations and damages stated, in so acting was functioning as the agent, servant, partner, and employee of Defendants, and in taking the actions mentioned was acting within the course and scope of his or her authority as such agent, servant, partners, and employee, with the permission and consent of these Defendants.

505.    All Defendants compelled, coerced, aided and/or abetted the unlawful acts and violations alleged in this complaint, which conduct is prohibited.  All Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Cecil Elmore damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

506.    Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

507.    Plaintiff Cecil Elmore raised complaints of illegality and the Defendants retaliated against him.

508.     Defendants were aware that treating Plaintiff in this manner above, including depriving Plaintiff Cecil Elmore of his livelihood and would devastate Plaintiff Cecil Elmore and cause extreme hardship.

509.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

510.     Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## ONE HUNDRETH-TWENTY FIRST CAUSE OF ACTION

### VIOLATION 42 U.S. CODE § 1981 —

### EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO)

511.     Plaintiff incorporates by reference the allegations of paragraphs 488 through 510 above, as if each such allegation was set forth herein.

512.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their

damages and a sum according to proof.  Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## ONE HUNDRETH-TWENTY SECOND CAUSE OF ACTION

### VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO)

513.    Plaintiff incorporates by reference the allegations of paragraphs 488 through 510 above, as if each such allegation was set forth herein.

514.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous acts against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.  Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

## ONE HUNDRETH-TWENTY THRID CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. § 1109)

### (AGAINST CAPTAIN ABRAHAM TAPIA)

515.    On February 9, 2021, at address 451 S Main Street, Los Angeles, California, 90013, Plaintiff Cecil Elmore emailed Defendant Wendy Contreras in regard to resident Robert Kemp setting off his smoke detector in his apartment unit 431 with intentional fires.

516.        Defendant Abraham Tapia, Captain of the Los Angeles Fire Department, Fire Station 9, while on duty and in uniform, called Plaintiff Cecil Elmore and told Plaintiff not to ever call the fire department and the next time there is a fire to knock on the resident's door.

517.        During a series of phone calls, Defendant Abraham Tapia told Plaintiff Cecil Elmore that management told them that Plaintiff Cecil Elmore said he was dissatisfied with the fire department service.  This is false information and not true as Plaintiff Cecil Elmore never told management, owners, operators as of this date that Plaintiff Cecil Elmore is dissatisfied with fire department services to management.  The Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Capital Adivisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weise; Bethany Spooner, are retaliating against Plaintiff Cecil Elmore because of his African American race and that Plaintiff has filed a slew of complaints against these named Defendants and each of them, to the City of Los Angeles, County of Los Angeles, and State of California, regarding the Defendants and each of them, negligence, unlawful, malicious, intentional acts to Plaintiff Cecil Elmore.

518.        As Plaintiff Cecil Elmore is a resident of address 451 S Main Street, Los Angeles, California, 90013, and Defendant Abraham Tapia is the Captain of the Los Angeles Fire Department that conducts duties for Plaintiff Cecil Elmore at this address and for all other Defendants named in this action.  Defendant Abraham Tapia owes Plaintiff Cecil Elmore Los Angeles Fire Department duties for all Los Angeles Fire Department related issues and duties at the Plaintiff residence address.  With this being said, Plaintiff Cecil Elmore and Defendant Abraham Tapia have an established fiduciary relationship duty to act with the utmost good faith and the best interest of Plaintiff Cecil Elmore.  This fiduciary duty was breached when Defendant Abraham Tapia negligently, maliciously, unlawfully, intentionally, purposely, told Plaintiff Cecil Elmore to not call 911 for Fire emergencies and for the Plaintiff to handle all Los Angeles Fire Department duties and issues at the address 451 S Main Street, Los Angeles, California, 90013, on his own.

519.        As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

520.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRETH-TWENTY FOURTH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

521.     On February 17, 2021, Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, intentionally, cooperatively and purposely gave a false incident report at address 451 S Main Street, Los Angeles, California, 90013 to file a false Emergency Workplace Restraining Order and Unlawful Detainer against Plaintiff Cecil Elmore.

522.     The statement and incident that the Defendants alleged happened are false and not true.  These Defendants are retaliating against the Plaintiff Cecil Elmore for the slew of violations they have received from the Los Angeles County Housing Department.  And also, the Defendants retaliated against Plaintiff Cecil Elmore for a complaint Plaintiff Cecil Elmore filed to the Department of Employment and Fair Housing weeks prior.

523.     These Defendants and each of them, intentionally discriminated against Plaintiff Cecil Elmore for being African American as none of these Defendants are African American.  As these Defendants receive State, Local and Federal funding from the United States of America Government.

524.     These Defendants and each of them, violated the contract between Plaintiff Cecil Elmore and each of these Defendants.  As the contract states FAIR HOUSING POLICY and that there will not be any FAIR

HOUSING POLICY violations of harassment because of a persons race, color, and other personal characteristics. These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing Plaintiff Cecil Elmore because he is African American and brown skin color.

525.     On February 17, 2021, Defendants Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, intentionally, cooperatively and purposely gave a false incident report at address 451 S Main Street, Los Angeles, California, 90013 to file a false Emergency Workplace Restraining Order and Unlawful Detainer against Plaintiff Cecil Elmore.

526.     The statement and incident that the Defendants alleged happened are false and not true. These Defendants are retaliating against the Plaintiff Cecil Elmore for the slew of violations they have received from the Los Angeles County Housing Department. And also, the Defendants retaliated against Plaintiff Cecil Elmore for a complaint Plaintiff Cecil Elmore filed to the Department of Employment and Fair Housing weeks prior.

527.     These Defendants intentionally discriminated against Plaintiff Cecil Elmore for being African American as none of these Defendants are African American.

528.     Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

529.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

530.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional

distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-TWENTY FIFTH CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

531.    Plaintiff incorporates by reference the allegations of paragraphs 521 through 530 above, as if each such allegation was set forth herein.

532.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.  As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany

Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-TWENTY SIXTH CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

### (AGAINST THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ)

533.    Plaintiff incorporates by reference the allegations of paragraphs 521 through 530 above, as if each such allegation was set forth herein.

534.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.  As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-TWENTY SEVENTH CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

535.     Plaintiff incorporates by reference the allegations of paragraphs 521 through 530 above, as if each such allegation was set forth herein.

536.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.  As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-TWENTY EIGHTH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

537.     On February 19, 2021, Plaintiff Cecil Elmore received a false lease violation on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, which breached the Plaintiff and Defendants contract.  This lease violation was published by the Defendants and was taped to the front door of the Plaintiff Cecil Elmore apartment unit face forward to all persons walking by could read the document which was made public.  Defendants retaliated against Plaintiff Cecil Elmore by moving forward with an unlawful eviction against Plaintiff Cecil Elmore.

538.     These Defendants intentionally discriminated against Plaintiff Cecil Elmore for being African American as none of these Defendants are African American.  As these Defendants receive State, Local and Federal funding from the United States of America Government.

539.     Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

    (a) Statement of Equal Rights;

    (b) Make and Enforce Contracts;

    (c) Protection Against Impairment.

540.     These Defendants and each of them, violated the contract between Plaintiff Cecil Elmore and each of these Defendants.  As the contract states FAIR HOUSING POLICY and that there will not be any FAIR

HOUSING POLICY violations of harassment because of a person's race, color, and other personal characteristics. These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing Plaintiff Cecil Elmore because he is African American and brown skin color.

541.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRETH-TWENTY NINETH CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

542.     Plaintiff incorporates by reference the allegations of paragraphs 537 through 541 above, as if each such allegation was set forth herein.

543.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing

Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

<u>**ONE HUNDRED-THIRTIETH CAUSE OF ACTION**</u>

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

545.    Plaintiff incorporates by reference the allegations of paragraphs 537 through 541 above, as if each such allegation was set forth herein.

546.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-THIRTY FIRST CAUSE OF ACTION

VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC)

547.     On April 4, 2021, at address 451 S Main Street Unit 431, Los Angeles, California, 90013, a resident by the name of Robert Kemp had an intentional fire in his apartment unit which is approximately fifteen (15) feet away from Plaintiff Cecil Elmore apartment unit.  During the fire, Plaintiff Cecil Elmore suffered from smoke inhalation that came directly from resident Robert Kemp apartment unit.  This smoke inhalation filled from resident Robert Kemp apartment unit, into the hallway and subsequently into Plaintiff Cecil Elmore apartment unit.  While this fire caused a massive amount of smoke, it did not alarm and/or sound alarm not warning Plaintiff Cecil Elmore or any other persons that there is smoke.  Prior to this incident, on a slew of incidents Plaintiff Cecil Elmore contacted via email Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weiss; Rosslyn Partners, LLC, in regards to resident Robert Kemp intentionally setting fires in his apartment unit which endangers all guest and resident lives in the building and on the premises.  The Los Angeles Fire Department confirmed that the smoke detector did not operate and was inoperable when the Fire Department arrived for the emergency fire that was in the apartment Unit 431 of resident Robert Kemp.  After this incident, Defendant Gonzalo Rivera stated that the owner told him to turned off the detector, to get Plaintiff out of his apartment.

548.     Prior to this incident, the Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur, had a major fire at an apartment property they owned, operated, managed called Casa de Vallejo in Vallejo, California, which killed numerous residents and other residents suffered minor injuries said Vallejo Fire Department spokesman William Tweedy.  A total of 59 firefighters were at the scene with 13 engines, five ladder trucks and nine ambulances, Tweedy said.  The estimated property loss is in the millions, he said.  As some

displaced seniors were able to move in with family, while about 80 seniors were placed in other assisted/living centers or local hotels.  Permanent living situations are being sought, said RedCross spokeswoman Melanie Sanders.  Doctors and pharmacists also worked with the seniors to make sure they were physically well and had any prescription medications they need, she said. Anybody who is interested in helping the displaced seniors should call (888) 443-5722 or visit www.redcrossbayarea.org.  Jules Lucius Arthur said the property management company is trying to determine how quickly the Casa de Vallejo can be repaired and reopened to the seniors.  The fact that the seniors were on HUD vouchers makes it harder for them to find long-term housing in the meantime he said [This information was found at sfgate.com under the story heading "Deadly Vallejo Fire Under Investigation"].

549.	As four (4) people have died as a result of this deadly fire.  Numerous Plaintiffs filed lawsuits against Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur; Martha Enriquez.  Plaintiff claimed that managers knew that a resident, a chronic alcoholic, had a "habit of smoking cigars while receiving medical oxygen" but they "provided (him) with alcohol and/or smoking tobacco" anyway.  At lease twenty-seven (27) residents sued Defendant The Amerland Group, LLC, claiming owners and managers of the Casa de Vallejo blew off two (2) fire code citations and failed to fix the alarm system.  In that complaint, the residents claimed that the Defendants also refused to fix fire-code violations at two (2) properties in Los Angeles even after they were criminally cited for it.  Those two (2) properties are Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013 and Alexandria Hotel at address 501 S Spring Street, Los Angeles, California, 90013.  In April 2008, then Los Angeles City Attorney Rocky Delgadillo filed 36 Criminal Counts against the companies related to fire code violations for the properties located in Los Angeles.

550.	On March 15, 2021, Defendant Gonzalo Rivera, on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weiss; Rosslyn Partners, LLC, entered into resident Robert Kemp apartment unit with a ladder and disconnected and uninstalled the one (1) and only smoke detector inside of this apartment Unit 431. After this incident, Plaintiff Cecil Elmore directly told Defendant Michael Vasquez that Defendant Gonzalo Rivera disconnected and uninstalled resident Robert Kemp smoke detector in his apartment Unit 431.

551.     Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

552.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

553.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-THIRTY SECOND CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC)

554.     Plaintiff incorporates by reference the allegations of paragraphs 547 through 553 above, as if each such allegation was set forth herein.

555.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial. In doing the foregoing

wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### ONE HUNDRED-THIRTY THIRD CAUSE OF ACTION

VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; WENDY CONTRERAS; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC)

556.       Plaintiff incorporates by reference the allegations of paragraphs 547 through 553 above, as if each such allegation was set forth herein.

557.       As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### ONE HUNDRED-THIRTY FOURTH CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS

DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WEISE; ROSSLYN PARTNERS, LLC)

558.    Plaintiff incorporates by reference the allegations of paragraphs 547 through 553 above, as if each such allegation was set forth herein.

559.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiffs rights. Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## ONE HUNDRED-THIRTY FIFTH CAUSE OF ACTION

### VIOLATION FRAUD

(AGAINST DEWEY SERVICES, INCORPORATED; LUTHER GADSON; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

560.    On April 16, 2021, Defendant Dewey Services, Incorporated employee "Russ" wrote a false Dewey Pest Control Co. Quality Insurance Report. The report false-fully stated negative allegations about the Plaintiff Cecil Elmore apartment unit. These Defendants involved Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, collectively, purposely and intentionally harassed and harmed Plaintiff Cecil Elmore. The Defendants are retaliating against Plaintiff Cecil Elmore for his complaints to Government entities which have lead to a slew of violations for Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules

Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC. This unlawful act from Defendants is an intentional breach of contract of the Plaintiff Cecil Elmore.

561. Defendant Dewey Services, Incorporated, owe Plaintiff Cecil Elmore a fiduciary duty as Defendant Dewey Services, Incorporated did not perform their duty of pest control services properly in the building on the premises. With Defendant Dewey Services, Incorporated not performing their duty properly, they caused malicious, intentional, unlawful, direct harm to Plaintiff.

562. Defendants and each of them, violated committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law:

(a) Statement of Equal Rights;

(b) Make and Enforce Contracts;

(c) Protection Against Impairment.

563. Defendants Dewey Services, Incorporated have knowledge that this property at address 451 S Main Street, Los Angeles, California, 90013 owned by Defendant Ruben Islas Jr; Ruben Islas, is heavily infested with cockroaches, other pests and inhabitable living conditions. Defendant Dewey Services Incorporated unlawfully aided and abided with Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, with a false report.

564. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award

of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-THIRTY SIXTH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST DEWEY SERVICES, INCORPORATED; LUTHER GADSON; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

565.     Plaintiff incorporates by reference the allegations of paragraphs 560 through 564 above, as if each such allegation was set forth herein.

566.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-THIRTY SEVENTH CAUSE OF ACTION

### VIOLATION BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(AGAINST DEWEY SERVICES, INCORPORATED; LUTHER GADSON; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

567.     Plaintiff incorporates by reference the allegations of paragraphs 560 through 564 above, as if

each such allegation was set forth herein.

568.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ONE HUNDRED-THRITY EIGHTH CAUSE OF ACTION

### VIOLATION LIABILITY FOR BREACH OF FIDUCIARY DUTY (29 U.S. CODE § 1109)

### (AGAINST DEWEY SERVICES, INCORPORATED)

569.     Plaintiff incorporates by reference the allegations of paragraphs 560 through 564 above, as if each such allegation was set forth herein.

570.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.