

FILED
CLERK, U.S. DISTRICT COURT

APR 16 2024

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Cecil Elmore
PO Box 78494
Los Angeles, California, 90016
Email Address: audiboy87@yahoo.com
Phone Number: 323-608-9894

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CECIL ELMORE,

      Plaintiff(s)

vs.

RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MICHAEL VASQUEZ; MARK WIESE; ARACELLI CASTILLO; WENDY CONTRERAS; LUTHER GADSON; GONZALO RIVERA; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; CHASE PROTECTIVE SERVICES, INC.; THOMAS PAUL WHITE; JOSE RAMIREZ; DEWEY SERVICES, INCORPORATED; THEODORE VICTORIO; GLADYS BOATENG; EDGAR ANTONYAN; DOES 1-20;

Case No.: **2:24-CV-01719-JLS-JDE**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
2. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
3. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
4. **VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI**
5. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
6. **VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI**
7. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
8. **VIOLATION BREACH OF CONTRACT**
9. **VIOLATION FRUAD**
10. **VIOLATION FRUAD**
11. **VIOLATION FRAUD**

**JURY TRIAL DEMANDED: YES**

---

1    Defendant(s)

2

3    ## I.    JURISDICTION

4    1.   This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Federal question jurisdiction

5    Arises pursuant to 42 U.S.C. § 1983.

6    2.   Plaintiff Cecil Elmore claims for violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), and 42

7    U.S.C. § 1981, among other claims for relief, arise under the Constitution and laws of the United States such that

8    the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

9    3.   Plaintiff Cecil Elmore claims for violation of California State Law concern the same action and omissions

10   that form the basis of Plaintiff federal question claims such that they all are part of the same case or

11   controversy.

12   4.   This Court, therefore, has supplemental jurisdiction over those California State Law claims pursuant to 28

13   U.S.C. § 1367.

14   ## II.    VENUE

15   5.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1 and 2). Defendants Ruben Islas Jr; Ruben Islas; Martha

16   Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan

17   Property Management, INC.; The Amerland Group, LLC; Suffolk Development, INC.; Islas Development, LLC;

18   Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Mark Wiese; Wendy Contreras; Aracelli

19   Castillo; Michael Vasquez; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Gonzalo Rivera;

20   Dewey Services, Incorporated; Luther Gadson; Gladys Boateng; Theodore Victorio; Edgar Antonyan; DOES 1 to

21   20,  reside in the Central District of California, and the events, acts and omissions giving rise to Plaintiff Cecil

22   Elmore claims occurred in the Central District of California.

23

24   ## III.    PARTIES

25   6.   Plaintiff Cecil Elmore is an adult qualified to bring suit on his own behalf.  At all relevant time Plaintiff

26   Cecil Elmore resided in the City of Los Angeles, County of Los Angeles, in the State of California.  Plaintiff Cecil

27   Elmore is an African American with a mental and physical disability, that affects his ability to perform daily

28   activities.  Plaintiff has a Tax Credit Lease Contract that is Federally funded, assisted and activities.

7.    Defendant Ruben Islas Jr [Exhibit 1] is sued in his individual capacity and also the other businesses that

Defendant Ruben Islas Jr owns, operates, manages and oversees all business ventures of Logan Capital Advisors,

LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC;

Alexandria Housing Partners, L.P., Islas Development, LLC.; Islas Development, LLC; Rosslyn Partners, LLC; Pacific

Housing, INC.; Inspiration Property Management, INC.; Suffolk Development, LLC; Beach Front Property

Management, INC.

8.    Defendant Ruben Islas [Exhibit 1] is sued in his individual capacity and also the other businesses that

Defendant Ruben Islas Jr owns, operates, manages and oversees all business ventures of Logan Capital Advisors,

LLC as he is the Founding Partner, CEO; The Rosslyn Lofts Housing Partners, LP; Logan Property Management,

INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., Islas Development, LLC.; Islas Development,

LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Inspiration Property Management, INC.; Suffolk Development,

LLC; Beach Front Property Management, INC.

9.    Defendant Logan Capital Advisors, LLC [Exhibit 1] is sued in their official capacity as a Limited Liability

Company.  Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San

Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

Defendant Logan Capital Advisors, LLC maintained and operate Defendants The Rosslyn Lofts Housing Partners,

LP; Logan Property Management, INC.; The Amerland Group, LLC.

10.   Defendant The Rosslyn Lofts Housing Partners, LP is sued in their official capacity as a Limited

Partnership.  Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San

Diego, California, 92106 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

11.   Defendant Logan Property Management, INC. [Exhibit 1] is sued in their official capacity as an

Incorporation.  Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San

Diego, California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

12.   Defendant The Amerland Group, LLC is sued in their official capacity as a Limited Liability Company.

Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego,

California, 92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

13.   Defendant Islas Development, LLC is sued in their official capacity as a Limited Liability Company.

Registered in the State of California and principal address of 1927 Adams Avenue, #200, San Diego, California,

92116 and doing business at address 451 S Main Street, Los Angeles, California, 90013.

14. Defendant Suffolk Development, LLC is sued in their official capacity as a Limited Liability Company.

Registered in the State of California and principal address of 1927 Adams Avenue, Suite 200, San Diego,

California, 92116.

15. Defendant Martha Islas-Enriquez [Exhibit 1] is the sister of Defendant Ruben Islas Jr, as they both have

the same father Ruben Islas.  Defendant Martha Islas-Enriquez original name when she was born was Martha

Islas.  Defendant Martha Enriquez is sued in her individual capacity and also the other business the Defendant

Martha Enriquez owns, operates, manages and oversees all business ventures of Logan Capital Advisors, LLC;

The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC. as she is the President; The Amerland

Group, LLC; Alexandria Housing Partners, L.P.

16. Defendant Jules Lucius Arthur is sued in  his individual capacity and also other businesses the

Defendant Jules Lucius Arthur owns, operates, manages and oversees all business ventures of Logan Capital

Advisors, LLC as he is the Founding Partner, COO; The Rosslyn Lofts Housing Partners, LP; Logan Property

Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., and president of Defendant

Suffolk Development, LLC.

17. Defendant Paul Runkle is sued in his individual capacity and also other businesses the Defendant Paul

Runkle is a partner and CIO of Defendant Logan Capital Advisors, LLC.

18. Defendant Michael Vasquez [Exhibit 1] is sued in his individual capacity.  Defendant Michael Vasquez is

an employee of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property

Management, INC. as he is the Regional Manager; The Amerland Group, LLC; Alexandria Housing Partners, L.P.,

and employee of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle.

19. Defendant Bethany Spooner is sued in her individual capacity.  Defendant Bethany Spooner is Human

Resources of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management,

INC., The Amerland Group, LLC. And doing business at 451 S Main Street, Los Angeles, California, 90013.

Defendant Bethany Spooner is the employee of Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez;

Jules Lucius Arthur; Paul Runkle.

20. Defendant Thomas Paul White is sued in his individual capacity.  Defendant Thomas Paul White, former

Los Angeles Police Officer as he owns, operates and manages Chase Protective Services, INC., while performing

duty services at address 451 S Main Street, Los Angeles, California, 90013 according to California Secretary of

State, Chase Protective Services, INC., was terminated in May 20, 2011 as they were still performing security

duty services at address 451 S Main Street, Los Angeles, California, 90013, even with a terminated articles of

incorporation with the California Secretary of State.  As all employees were on duty performing security guard

services with uniforms that state Chase Protective Services, INC.

21. Defendant Chase Protective Services, INC., is sued in their official capacity.  Defendant Chase Protective

Services, INC., while performing duty services at address 451 S Main Street, Los Angeles, California, 90013,

according to California Secretary of State, Defendant Chase Protective Services, INC., was terminated in May 20,

2011 and were still performing duty services at address 451 S Main Street, Los Angeles, California, 90013 even

with a terminated articles of incorporation with the California Secretary of State.  As all employees were on duty

performing security guard services with uniforms that state Chase Protective Services, INC.

22. Defendant Jose Ramirez is sued in his individual capacity.  Defendant Jose Ramirez is an employee of

Chase Protective Services, INC.  While performing duty services of a security guard at address 451 S Main Street,

Los Angeles, California, 90013, according to California Secretary of State, Defendant Chase Protective Services,

INC., was terminated in May 20, 2011 and were still performing duty services at address 451 S Main Street, Los

Angeles, California, 90013 even with a terminated articles of incorporation with the California Secretary of

State.  As all employees were on duty performing security guard services with uniforms that state Chase

Protective Services, INC.

23. Defendant Dewey Services, Incorporated is sued in their official capacity.  Defendant Dewey Services,

Incorporated principal address 939 East Union Street, Pasadena, California, 91106 while performing pest control

services at address 451 S Main Street, Los Angeles, California, 90013.

24. Defendant Wendy Contreras is sued in her individual capacity.  Defendant Wendy Contreras is an

employee of Defendants Ruben Islas Jr; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The

Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk

Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors; The Amerland Group,

LLC.

25. Defendant Aracelli Castillo is sued in her individual capacity.  Defendant Aracelli Castillo is an employee of Defendants Ruben Islas Jr; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC.

26. Defendant Luther Gadson is sued in his individual capacity.  Defendant Luther Gadson is an employee of Defendants Ruben Islas Jr; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC.

27. Defendant Theodore Victorio is sued in his individual capacity.  Defendant Theodore Victorio is an inspector employee of the Los Angeles County Department of Public Health Environmental Health Division. Defendant Theodore Victorio conducted Health Inspections at address 451 S Main Street, Los Angeles, California, 90013.

28. Defendant Gonzalo Rivera is sued in his individual capacity.  Defendant Gonzalo Rivera is a maintenance worker employee of Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arther; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC at address 451 S Main Street, Los Angeles, California, 90013.

29. Defendant Gladys Boateng is sued in her individual capacity.  Defendant Gladys Boateng is an inspector employee of the Los Angeles County Department of Public Health Environmental Health Division.  Defendant Glayds Boateng conducted Health Inspections at address 451 S Main Street, Los Angeles, California, 90013.

30. Defendant Edgar Antonyan is sued in his individual capacity.  Defendant Edgar Antonyan is an inspector employee of the Los Angeles County Department of Public Health Environmental Health Division.  Defendant Edgar Antonyan conducted Health Inspections at address 451 S Main Street, Los Angeles, California, 90013.

31. Defendant Pacific Housing, INC., is sued in their official capacity.  Defendant Pacific Housing, INC., is an Incorporated Company registered in the State of California with California Secretary of State with a principal address of 2115 J Street, Suite 201, Sacramento, California, 95816.  Defendant Pacific Housing, INC., conducted business at address 451 S Main Street, Los Angeles, California, 90013.

32. Defendant Mark Wiese is sued in his individual capacity.  Defendant Mark Wiese is the Chief

Executive Officer for Defendant Pacific Housing, INC. Defendant Mark Wiese conducted business at address 451 S Main Street, Los Angeles, California, 90013.

33. Defendant Rosslyn Partners, LLC, is sued in their official capacity. Defendant Rosslyn Partners, LLC is an Limited Liability Company registered in the State of California with California Secretary of State with a principal address of 1927 Adams Ave #200, San Diego, California, 92116. Defendant Rosslyn Partners, LLC conduct business at address 451 S Main Street, Los Angeles, California, 90013.

34. Defendant DOES 1 to 20 is sued in their individual capacity.

### IV.    STATEMENT OF FACTS

35. This civil lawsuit arises from main Defendants Ruben Islas; Ruben Islas Jr; and his sister Defendant Martha Islas-Enriquez, with unlawful encouragement, aiding and abetting, corruption, with the assistance from their business partner State of California Treasurer Fiona Ma. The continuous unlawful civil racketeering enterprise that has performed a slew of intentional, malicious, negligent and unlawful acts that include these Defendants unlawful political and unlawful business conspiracy network scheme of low-income and affordable housing with unlawful acts that include numerous Local and State employees of the State of California from Los Angeles Fire Department, County of Los Angeles Public Health Department, City of Los Angeles Department of Building and Safety, Department of Consumer Affairs, State of California Bureau of Security and Investigative Services, Dewey Services, Incorporated, attorney in the State of California, and other Defendants engaging in unlawful collusion, violence, aiding and abetting a scheme, unjust enrichment of frauding millions of dollars from Local, State and Federal funding. Plaintiff Cecil Elmore has been constantly filing complaints with merit and evidence to Local, State and Federal Government agencies and/or entities of these unlawful acts that caused intentional, malicious, unlawful, oppressive incidents and causations that caused severe harm to Plaintiff. Plaintiff has discovered that Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez and other Defendants have collectively in concert discriminated, retaliated, frauded an excessive amount of housing residents which are predominantly African Americans at the address 451 S Main Street, Los Angeles, California, 90013, known as Defendant The Rosslyn Lofts Housing Partners, LP registered with California Secretary of State, that is owned by Defendants Ruben Islas Jr, Ruben Islas along with his sidekick partner/sister Defendant Martha Islas-Enriquez. Defendants Ruben Islas Jr; Ruben Islas own and operate numerous companies

that manage, operate and collect financial gains, grants, tax credits and loans from his business Defendant The

Rosslyn Lofts Housing Partners, LP. The other companies that are owned and operated by Defendants Ruben

Islas Jr; Ruben Islas are Defendants Logan Property Management, INC.; Logan Capital Advisors, LLC; The

Amerland Group, LLC; Rosslyn Partners, LP; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing,

INC, which also participated in the intentional injury and Federal Violations in this complaint. Defendants Ruben

Islas Jr; Ruben Islas; Martha Islas-Enriquez and other Defendants unjust enrichment benefited millions of dollars

from Local, State and Federal funding, grants, loans and tax credits. Defendants are taking advantage and

scamming of Local, State and Federal funding while the State of California and City of Los Angeles are in the mist

of a homeless housing crisis. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur;

Paul Runkle; The Amerland Group, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management,

INC.; Logan Capital Advisors, LLC; Rosslyn Partners, LP; Suffolk Development, LLC; Islas Development, LLC; Pacific

Housing, INC., have been the center of controversy regarding these Defendants unlawful financial gain,

corruption and harassment directly to African Americans and residents with disabilities.  Dating back to 2006,

Plaintiff has found evidence of these Defendants liability of racial discrimination to African Americans residents

and residents with disabilities.  Not a coincidence, that these Defendants have committed, racial discrimination

to Plaintiff Cecil Elmore that is African American who suffers from a physical and mental disability.

36.        On numerous occasions Defendants Michael Vasquez; Wendy Contreras; Jose Ramirez; Ricardo

Lopez; Melinda Johnson stated and called Plaintiff Cecil Elmore a "nigger" which is a discriminatory, racial,

derogatory statement used to devalue, insult, and negatively categorize African Americans when stated by other

races that are non-African American.

37.        During Plaintiff residency as a tenant at address 451 S Main Street, Los Angeles, California,

90013, Los Angeles County Public Health Department Health Inspectors who are employees conducted

numerous fraudulent Health Inspections that were intentionally, purposely, fraudulent and were done so to

mislead with deceit any persons who read that Health Department Official Inspection Report of this property

building. Plaintiff witnessed on numerous occasions for complaints that Plaintiff filed to Los Angeles County

Public Health Department, regarding inhabitable living conditions such as cockroach infestations, pest

infestations, fly infestation, trash in hallways, feces and urination in hallways. That these Los Angeles County

Public Health Department Inspectors intentionally, maliciously, did not inspect the property properly as these

Health Inspectors intentionally did not document and file Health Code Violations such as cockroach infestations,

pest infestations, fly infestation, trash in hallways, feces and urination in hallways on numerous inspections that

Plaintiff watched and witnessed jointly with these Health Inspectors that they encounter.  When Plaintiff noticed

and addressed to the Los Angeles County Public Health Department, and Health Inspectors, that they were

fraudulently and intentionally not conducting proper Health Inspections and Health Inspection Reports.  The Los

Angeles County Public Health Department, Environmental Health Services Manager Michelle Tsiebos; Chief

Jangbir Singh, Chief Richard Lavin, Chief Marie Sfair and Health Inspectors: Theodore Victorio; Gladys Boateng;

Edgar Antonyan; Brian Hsiao; Gina Kojayan; Valerie DOE, have knowledge and participated in these fraudulent

Official Health Inspection Reports of property 451 S Main Street, Los Angeles, California, 90013.  After Plaintiff

Cecil Elmore brought to notice that numerous employees of the Los Angeles County Public Health Department

employees participated and filed fraudulent documents to the County of Los Angeles, the persons Michelle

Tsiebos; Jangbir Singh; Richard Lavin; Theodore Victorio; Gladys Boateng; Edgar Antonyan; Brian Hsiao; Gina

Kojayan; Valerie DOE retaliated with more fraudulent Official Health Inspection Reports and would not allow

Plaintiff Cecil Elmore to join and witness Health Inspectors conducting Los Angeles County Public Health

Department inspections of the apartment building for the complaint that were filed by Plaintiff Cecil Elmore.  On

numerous occasions, the Health Inspectors from the County of Los Angeles would contact the landlord,

managers, employees such as Defendant Ruben Islas Jr; Ruben Islas; The Amerland Group, LLC; The Rosslyn Lofts

Housing Partners, LP; Logan Property Management, INC.; Michael Vasquez; Wendy Contreras; Aracelli Castillo;

Sherry Dicko; Joel Jimenez, and notify them to clean the building moments before the inspection is to occur and

set up an appointment date and time.  The Los Angeles County Public Health Department Employees engaged in

intentional and malicious corruption with the property building landlord Defendants Ruben Islas Jr; Ruben Islas

and employees by intentionally altering and fraudulently documenting and filing false information in Los Angeles

County Public Health Department - Official Inspection Reports.  Plaintiff would email Defendants that were

unlawfully involved with the property regarding the inhabitable living conditions in the building that are mainly

on floors two (2) through nine (9) as Defendants chose to intentionally, maliciously, deprive Plaintiff Cecil Elmore

of his tenant rights such as a right to live in a habitable dwelling without cockroaches and pests in the building,

have running water, without feces and urination in the hallways, have operable, clean and sanitary trash chutes

amongst others that have negatively affected Plaintiff Cecil Elmore health conditions.  On March 9, 2021 [Exhibit

2] Los Angeles Housing + Community Investment Department – Rent Stabilization Division – Investigation &
Enforcement Division filed and sent Plaintiff HCIDLA Case Number: CE258992. Regarding an investigation for
reduction in rent under the Rent Escrow Account Program (REAP), CEU Case # 775962.

38.        Dating back to 2006, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius
Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC;
Logan Capital Advisors, LLC; Logan Property Management, INC., at address 451 S Main Street, Los Angeles,
California, 90013 have received over two-hundred (200+) violations from Los Angeles County Public Health
Department (Some examples of the Health Violations property 451 S Main Street, Los Angeles, California, 90013
have received [Exhibit 3]), over one hundred (100+) violations from Los Angeles Department Building Safety
Code Enforcement, and over one hundred (100+) violations Los Angeles Fire Department.  After Plaintiff filed a
complaint to Los Angeles Public Health Department, this property received a violation from Plaintiff complaint
on September 21, 2020  [Exhibit 4].

39.        Dating back to 2006 Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius
Arthur; Paul Runkle; The Amerland Group, LLC, at address 501 S Spring Street, Los Angeles, California, 90013
have received over one hundred (100+) violations from Los Angeles County Public Health Department, and over
one hundred (100+) from Los Angeles Department Building Safety Code Enforcement.

40.        Plaintiff Cecil Elmore has filed numerous complaints to the California Department of Consumer
Affairs and their subdivisions: Bureau of Security and Investigative Services ("BSIS") in regards to numerous
unlicensed security companies and employees such as 365 No Days Off LLC; Stephon DOE; Defendants Tyrone
Jenkins. After Plaintiff filed these complaints in regards to misconduct from security guards and security
companies at address 451 S Main Street, Los Angeles, California, 90013, BSIS supervisor Ruby Montoya and
Cynthia Parry did not properly investigate Plaintiff Cecil Elmore complaints even with facts and evidence of
misconduct that was done intentionally, maliciously to Plaintiff that caused harm and damages.  With Defendant
Ruben Islas Jr; Ruben Islas political and unlawful business practices.  His business partner Fiona Ma, State
Treasurer of California, unlawfully assisted Defendant Ruben Islas Jr; Ruben Islas while engaging in corruption as
they had BSIS employees Ruby Montoya and Cynthia Parry maliciously, intentionally and improperly
investigating and sometimes not investigating Plaintiff Bureau of Security and Investigative Services Complaint
regarding security companies and security guards at the address that Plaintiff is a resident of premises.

41. In support California State Treasurer Fiona Ma, who is also Defendants Ruben Islas Jr; Ruben

Islas, business partner.  California State Treasurer Fiona Ma in the unlawful benefit of Defendant Ruben Islas Jr;

Ruben Islas; Paul Runkle and other Defendants, Fiona Ma sent letters in August 2023 to studios representing by

the Alliance of Motion Picture and Television Producers, urging them to negotiate "fair deals" to end the dual

strikes lead by film and tv writers and actors.  Fiona Ma sent wrote letters to seven companies: Netlifx, Walt

Disney CO., Comcast, Warner Bros., Discovery, Apple, Paramount, Global, and Amazon.  Her message

emphasized the damage the prolonged labor dispute is having on the State's economy [Source: latimes.com

*"California Treasure Fiona Ma calls on Hollywood studios to end writers' and actors' strikes"* by staff writer

Wendy Lee].  Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; Michael

Vasquez; Joel Jimenez; Wendy Contreras; Aracelli Castillo; Rachel Gilgar; Luther Gadson; Danielle Williams;

Sherry Dicko; Je T'aime Bradshaw; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC;

Mark Wiese; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; The

Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.;

Thomas Paul White; Joe Zuniga; Kevin Zuniga; Knowles Security, INC.; Master Muhammad; Hughford

Muhammad; RBW Security Services INC.; Manal Sabry; Alico Security Group, INC.; Dewey Services, Incorporated,

Los Angeles Fire Department Employees, collectively benefit in monetary funds from Defendant Ruben Islas Jr;

Ruben Islas and other Defendants renting to a slew of production studios the inhabitable building Defendant The

Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013.

42. Defendant Ruben Islas Jr; Ruben Islas are the Defendants of this mastermind unlawful civil and

criminal enterprise.  Numerous Defendants are intentionally, maliciously, unlawfully encouraging while aiding

and abetting Defendants Ruben Islas Jr; Ruben Islas with his production company Grandave Studios acquire with

the help of Local, State and Federal funding which State of California Treasurer Fiona Ma as she also encourages

more help to acquire a $200 million studio in Banning, California.  In the article from Record Gazette, *"Movie

company picks Banning as its home, will focus on independent, Latinx stories,* published February 28,

2021"* Defendants Ruben Islas Jr; Ruben Islas, was taught this unlawful scheme of fraud of how to extract

unlawful Government funds from Local, State and Federal funding, while using financing and affordable

housing.  In this article, Defendant Ruben Islas states, "my mothers younger sister fell in love with a man from

Banning," "Ruben Islas explained to Bannings City Counsel at their Feb. 23 meeting" "Islas (pronounced "Ees-

las"), of San Diego, described his grandmother as being "overly protective," and required her daughters to be

supervised." "That's where then 14 year-old Islas stepped in, got chaperone Flores – who was 24 – as he dated

his aunt." Defendant Ruben Islas Jr; Ruben Islas is referring to his aunts lover Carlos Flores. "Carlos took me

under his wing, and taught me about financing and affordable housing, "Islas recalls."" "In 1997 he called me

while I was freelancing in New York "as a writer," and Islas flew back to California to meet with Flores, who was

dying of Pancreatic Cancer, and passed away in 1998." "Flores passed along the rains in his business to Islas, who

would go on to build probability 10,000 affordable housing units since he became involved in 1998, creating a

small real estate empire in the process." "At the Feb. 23 Counsel meeting he publicly announced through a

presentation the establishment of Grandave Studios, which is purchasing property around Banning Municipal

Airport that will support roughly 8,000 "high-paying jobs."" "Islas told the Record Gazette that he has secured

$200 million to finance the construction of the project, not including budgets for the films that will be

produced." The Defendants Ruben Islas Jr; Ruben Islas, has allowed for his monetary benefit several residents of

his property Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles,

California, 90013, sell narcotics such as, Prescription Pills; Chrystal Methamphetamine with various violent

criminal acts carried out on and off the premises of Defendant The Rosslyn Lofts Housings Partners, LP at

address 451 S Main Street, Los Angeles, California, 90013.  Defendants Ricardo Lopez; Sara Lopez; Valerie Sosa;

Harold Samuel Beard; Melinda Johnson, reside or have resided in this building or on this property aiding and

abetting the selling of unlawful and illegal narcotics and violent acts on this premises on behalf of and under

Defendants Ruben Islas Jr; Ruben Islas as the landlord, manager as well as controlling, operating and maintaining

the building on the premises.  Defendants Valerie Sosa; Harold Samuel Beard; Ricardo Lopez have stated that

they sell illegal narcotics and prescriptions pills for Defendants Ruben Islas Jr; Ruben Islas on the property at

address 451 S Main Street, Los Angeles, California, 90013.  Defendants Valerie Sosa; Ricardo Lopez; Harold

Samuel Beard stated that they are helping Defendants Ruben Islas Jr; Ruben Islas so that they can bring drugs

through the airport in Banning, California.  "Tonia Causey-Bush, Chief Academic Officer for Banning Unified

School District, was "excited about the vibe" associated with Grandave Studios representative's

visitation."  Defendants Ruben Islas Jr; Ruben Islas told the Record Gazette, "we have to plan a strong

partnership to actually build sets at the high school that we can use in our films, and provide internships."  "He

anticipates that Grandave Studios could produce a dozen films a year with budgets averaging $10 million or

more, but expects to put out 40 to 50 films a year once they are established, with budgets hovering closer to

$20 million." "The company will rely on Grandave International, a distribution arm, as well as other distributors

such as Netflix and HBO, among others, to distribute films." "His film "In Other Words," a romantic comedy in

which a man creates the perfect dating app, despite hiccups in his own dating scene, is available for streaming

on HBO Max, and was produced by Islas." Numerous Defendants and others such as State of California

Treasurer Fiona Ma, are unlawfully aiding and abetting Defendants Ruben Islas Jr; Ruben Islas, scheme to

acquire a $200 million grant from Local, State and Federal funding.

     43. On February 28, 2021, Defendants Ruben Islas Jr; Ruben Islas, unlawful business partner, State

of California Treasurer Fiona Ma posted on her Facebook page account, "movie company picks Banning as it's

home, will focus on independent, Latinx stories" with a direct link to the article posted by Records Gazette,

*"Movie company picks Banning as its home, will focus on independent, Latinx stories,* published February 28,

2021." This shows that State of California Treasurer Fiona Ma has a direct financial and business partner

relationship linking her to Defendant Ruben Islas Jr; Ruben Islas scheme to inquire $200 million in Government

funds for Banning, California production studio and airport.

     44. _What to know about Cockroaches and your Health._ Cockroaches are a type of insect. They

come in thousands of species, but only a few of them are common household pests. Cockroaches also carry

substances such as feces on their body. They can release these substances into the air, causing allergic reactions

or asthma attacks. The debris from dead roaches, body parts, or poop also can trigger allergies or

asthma. Roaches can also contaminate your food, utensils and even surfaces where you prepare your

food. This may cause health hazards such as food poisoning and infections. Cockroaches are fast moving insects

with legs, wings, and long antennae. Cockroaches develop from an egg (oothecae), then hatch into nymphs, and

finally grow into adult cockroaches. They only develop wings in their adult stage. A female cockroach mates

and carries around the eggs or ootheca, which is pillow shaped and has up too 48 eggs, depending on the

species. Studies show that cockroaches are responsible for the spread of thirty-three types of bacteria, six

varieties of parasitic warms and seven types of pathogens. Cockroaches can spread germs and diseases:

diarrhea; cholera; typhoid fever; leprosy; dysentery; plague; poliomyelitis; salmonella; e-coli. Cockroach

allergens can cause chronic symptoms that last longer than other seasonal allergies.

45.       The building on property of 451 S Main Street, Los Angeles, California, 90013 has a constant and consistent slew of inhabitable living conditions for residents that have been constant and consistent since 2006. These Health Violations include:

(1.) Los Angeles County Code: Dwellings shall be free of cockroach infestation/harborage. LACC/Title 11/Section 11.20.140; 11.20.170; 11.30.010; CA H&S 17920.3 (evidence of cockroach infestation on the property of 451 S Main Street, Los Angeles, California, 90013 [Exhibit 5])

(2.) Los Angeles County Code: Premises shall be maintained in a clean, sanitary condition, free from accumulations of garbage, rubbish, refuse and other waste at all times. Garbage and putrescible matter, whether mixed with rubbish or another matter or not, shall be kept in watertight receptacles with closes-fitting lids and with handles or bails. Such receptacles shall be thoroughly cleaned each time their contents are removed. 11.16.020; 11.16.030; 11.16.050; 11.20.140; 11.20.170; CA H&S 17920.3

(3.) Los Angeles County Code: Windows and other openings in the exterior walls of dwellings shall be provided with the approved screening of at least 61 mesh type-fitting frames. 11.20.160; 11.20.170; 11.20.330; 11.30.010.

(4.) Los Angeles County Code: in Violation of Section 20.72.110 – trash containers containing solid waste shall not be placed out for collection before 5:00pm of the day before collection, or left for more than two (2) hours after collection and no later than 8:00pm on collection day.

The property of 451 S Main Street, Los Angeles, California, 90013 has constant trash bins overflowing, soiled, leaking bins as they are constantly not clean. These trash bins are constantly dirty, unsanitary, and backed up (clogged) from floors 3 thru 9.

46.       Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Bethany Spooner; Michael Vasquez; Joel Jimenez; Wendy Conteras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, are constantly and consistently in violation since 2006 to present day in violation of California State Franchise Tax Board, Section 17274 and 24436.5 of the State Revenue and Taxation Code provide and in part that a tax payer, who derives rental income from housing determine by the Local Regulatory Agency to be substandard by reason of violation of State or Local Codes dealing with health, safety or building, cannot deduct from State Personal Income Tax and bank and Corporation Income Tax,

deductions for interest, depreciation or taxes attributable to such substandard structure where the substandard conditions are not corrected within six (6) months after notice of violations by the Regulatory Agency. The date of this notice marks the beginning of that six -month period. The department is required by Law to notify the franchise tax board of failure to comply with these code sections.

47.     During the squalor inhabitable living conditions Plaintiff has endured as a resident at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff and other residents have filed a slew of complaints to the Los Angeles Housing Department, and subdivision Code Enforcement and subdivision Public Health Department as building property 451 S Main Street, Los Angeles, California has received an excessive amount of health and safety code violations that have negatively affected Plaintiff Cecil Elmore as a resident on the premises.

48.     On February 23, 2021, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Bethany Spooner; Michael Vasquez; Wendy Contreras; Luther Gadson; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, participated as they had Defendants Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP, filed to Superior Court of California, County of Los Angeles, Stanley Mosk Courthouse a Temporary Workplace Restraining Order [Exhibit 6] against Plaintiff Cecil Elmore who is a resident at address 451 S Main Street, Los Angeles, California, 90013 even as Plaintiff is not an employee of the persons and companies who filed this Temporary Restraining Order. The Judge granted this Temporary Workplace Restraining Order as Plaintiff Cecil Elmore was never notified of this. The Temporary Workplace Restraining Order from Defendants Wendy Contreras; Michael Vasquez; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., was unlawful, defamatory, untrue, and in retaliation to Plaintiff Cecil Elmore. On March 16, 2021, Honorable Judge David W. Swift at the Stanely Mosk Courthouse, County of Los Angeles ruled in favor of Plaintiff Cecil Elmore to deny the Workplace Restraining Order from continuing (Restraining Order Case No.: 21STRO00907).

49.     A Bill in the California legislator to promote diversity in TV and Film would also help a housing developer who wants to build a $200 million film studio in Banning, California. The housing developer they are referring to is Defendant Ruben Islas Jr. The Bill would add Banning, California as an area were producers pay

lower mileage rates per diems. The Bill would also create a new $200 million annual tax-credit for "minority films" — independent productions that are minority-owned and employ a majority non-white cast and crew. The developer behind the studio project, Ruben Islas, told Variety in an interview this week that his aim is to produce films with uplifting and inclusive messages. He said he wanted to see more positive depictions of Latinos, which would reflect his own experience growing up in a low-income neighborhood in San Diego. "I understand there is a void for representation for minorities," Islas said. "I hope I can create a place that can foster new talent and new films." The proposal has the backing of the State of California Treasurer, Fiona Ma, who is a longtime supporter of the States Film Tax-Credit Program. Fiona Ma is the sponsor of the Bill – AB986 – and helped Ruben Islas identify the City's airport as the development site. Ma and Islas, toured the site about four months ago, in the talks have progressed from there, said James Wurtz, the City's Economic Development Manager. Defendant Ruben Islas Jr also recently contributed $15,600 to Fiona Ma's re-election campaign, according to State Campaign Finance Records. In an interview, Ma talked up Islas' "dream project" – dubbed Grandave Studios – as a way to keep diverse productions in the State. State of California Treasurer Fiona Ma said, "this is modeled after the Tyler Perry Studio," she said. "We're trying to level the playing field with this." Islas presented his plans at a Banning City Counsel meeting last month. Fiona Ma called into the meeting to offer her support for the project. Defendants Ruben Islas Jr; Ruben Islas at this hearing "I've got the money. I'm gonna do it," he said at the meeting. "So lets get things approved." Mayor Colleen Wallace told Variety, "I have seen the highs and I've seen the lows. It's low now. This will help us. This will put us on the map." State of California Treasurer Fiona Ma eluded in the Counsel Meeting to providing Tax-Credits to help make the project a reality. Assemblyman Mike Gipson, who introduced the bill last month, said it represented win-win for the State and for the Entertainment industry. [[Exhibit 7] Source variety.com *"California Officials want Films to be more Diverse. Their plan would help a studio developer in Banning"* published March 11, 2021 by Gene Maddaus]. The Defendant Ruben Islas goal is to acquire a $200 million dollar grant from the Government with the help of State of California Treasurer, Fiona Ma, as they are business partners. With Plaintiff Cecil Elmore filing numerous complaints to the Los Angeles County Public Health Department and City of Los Angeles Department of Building and Safety, Bureau of Security and Investigative Services and Housing Department, it deters Defendants Ruben Islas Jr; Ruben Islas plans, once they are found liable for the unlawful acts against Plaintiff and on the premises of 451 S Main Street, Los Angeles, California, 90013. Plaintiff has even

had his case with the Health Department go to the Los Angeles City Attorney for cockroach infestation on the property where he resides.  And with the corruption of Defendants Ruben Islas Jr and his business partner, Fiona Ma, the case was dismissed even with Plaintiff giving the County of Los Angeles a tremendous amount of evidence of the present cockroach infestation and inhabitable living conditions.  The County of Los Angeles have records from the Los Angeles County Public Health Department with every year since at least 2018 the Plaintiff has witnessed in records this property has always had a constant cockroach infestation.  Even with this knowledge, the County of Los Angeles still allows Defendant Ruben Islas Jr; Ruben Islas to collect monetary funds, rent from low-income residents, residents with disabilities, grants from Local, State and Federal Funds, tax credits and loans, with other assistance from Local, State, and Federal Funds along with activities.

50.    On the website logancapitaladvisors.com it states that Defendant Logan Capital Advisors, LLC has a portfolio of 3,966 multi-family rental homes consist of 15 affordable properties totaling 2,014 units and 10 conventional properties totally 1,952 units.  Defendant Logan Capital Advisors, LLC conducts property business in California, Nevada, New Mexico and Colorado expanding to Washington State.  Defendant Logan Capital Advisors, LLC legal counsel is attorney Christopher Steward.  Posted on this website, Defendant Logan Capital Advisors, LLC buys: Southern Highlands Complex for $64 million (published July 9, 2018); Bayclub Apartments for $35.7 million (published July 29, 2020); multi-family property in Phoenix, Arizona for $42 million (published March 5, 2021); continues Phoenix, Arizona multi-family expansion for 4th acquisition for $37.2 million; South Beach Apartments in Las Vegas, Nevada for $97.5 million (published March 1, 2022); The Overlook at Buffalo Park in Flagstaff, Arizona for $75 million (published July 18, 2022); CTC Ellsworth in Mesa, Arizona for $53 million (published December 29, 2022).  Sale of Phoenix, Arizona Covid acquisition for $69.7 million (published June 22, 2022).

51.    Plaintiff Cecil Elmore filed Civil Lawsuits against Defendants Ruben Islas Jr; Ruben Islas Martha Enriquez; Michael Vasquez; Wendy Contreras; Sherry Dicko; Je T'aime Bradshaw; Aracelli Castillo; Danielle Williams; Luther Gadson; Rachel Gilgar; Joel Jimenez; Logan Capital Advisors, LLC; The Rosslyn Lofts Housings Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Melinda Johnson; Cynthia Parry; Ruby Montoya; Chase Protective Services, INC.; Thomas Paul White; Jose Ramirez; RBW Security Services INC.; Master Muhammad; Hughford Muhammad; Dewey Services, Incorporated; Knowles Security, INC.; Joe Zuniga; Kevin Zuniga; Domonick Lawrence Guy; Alico Security Group, INC.; Manal Sabry; Daniel Wheeler;

Tyrone Jenkins; Keandre Stephenson; Jose Sandin; Ricardo Lopez; Los Angeles Police Department ("LAPD"). And during Plaintiff Cecil Elmore Civil Lawsuits against said Defendants stated above, the Defendants unlawfully engaged in and included more physical violence, threats of violence and threats of murder to Plaintiff Cecil Elmore which have resulted in physical and emotional injury to Plaintiff Cecil Elmore.

52.    During Plaintiff Cecil Elmore civil litigation against Defendants in the paragraph above, the Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC, are liable for having hired Harold Samuel Beard to severely injure Plaintiff Cecil Elmore right hand and also these Defendants had their resident Melinda Johnson spray a toxic chemical of mace in the eyes and face of Plaintiff Cecil Elmore and Gurkirn Hundal in the mist of a physical attack from Harold Samual Beard at address 451 S Main Street, Los Angeles, California, 90013.  To this day Melinda Johnson is still a resident at address 451 S Main Street Unit 435, Los Angeles, California, 90013, as she is a Caucasian resident who Tax Credit Lease Contract has not been terminated by Defendants and neither has she received any Lease Violations as Plaintiff Cecil Elmore has always received.   As a result of assault by  in July 2023, Plaintiff Cecil Elmore has sustained an injury to his head after being sprayed with a toxic chemical that burned his eyes.

53. These Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC; Michael Vasquez; Joel Jimenez; and Alico Security Group INC.; Manal Sabry; Daniel Wheeler, are liable for forcing Plaintiff Cecil Elmore to dismiss his lawsuits. As they are responsible for the physical violence and threats of violence against Plaintiff Cecil Elmore to dismiss his Civil cases related to Case Number 22STCV07024 filed previously at Stanley Mosk Courthouse, Los Angeles, California, 90012.

54. The Alexandria Hotel owned by Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur had an acquisition and renovation that was funding by more than $56 Million in tax-exempt bonds issued by the CRA, low-income housing tax credits and other sources.

55. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur, had a major fire at an apartment property they owned, operated, managed called Casa de Vallejo in Vallejo, California, which killed numerous residents and other residents suffered minor injuries said Vallejo Fire Department spokesman William Tweedy.  A total of 59 firefighters were at the scene with 13 engines, five ladder trucks and nine ambulances,

Tweedy said.  The estimated property loss is in the millions, he said.  As some displaced seniors were able to move in with family, while about 80 seniors were placed in other assisted/living centers or local hotels.  Permanent living situations are being sought, said RedCross spokeswoman Melanie Sanders.  Doctors and pharmacists also worked with the seniors to make sure they were physically well and had any prescription medications they need, she said.  Anybody who is interested in helping the displaced seniors should call (888) 443-5722 or visit www.redcrossbayarea.org.  Jules Lucius Arthur said the property management company is trying to determine how quickly the Casa de Vallejo can be repaired and reopened to the seniors.  The fact that the seniors were on HUD vouchers makes it harder for them to find long-term housing in the meantime he said [This information was found at sfgate.com under the story heading "Deadly Vallejo Fire Under Investigation"].

56.  As four (4) people have died as a result of this deadly fire.  Numerous Plaintiffs filed lawsuits against Defendants Ruben Islas Jr; Ruben Islas; Jules Lucius Arthur; Martha Enriquez.  Plaintiff claimed that managers knew that a resident, a chronic alcoholic, had a "habit of smoking cigars while receiving medical oxygen" but they "provided (him) with alcohol and/or smoking tobacco" anyway.  At lease twenty-seven (27) residents sued Defendant The Amerland Group, LLC, claiming owners and managers of the Casa de Vallejo blew off two (2) fire code citations and failed to fix the alarm system.  In that complaint, the residents claimed that the Defendants also refused to fix fire-code violations at two (2) properties in Los Angeles even after they were criminally cited for it.  Those two (2) properties are Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013 and Alexandria Hotel at address 501 S Spring Street, Los Angeles, California, 90013.  In April 2008, then Los Angeles City Attorney Rocky Delgadillo filed 36 Criminal Counts against the companies related to fire code violations for the properties located in Los Angeles.

57.  In December 2007, several current and former residents of Alexandria Hotel and the Los Angeles Community Action Network filed a lawsuit against Alexandria Housing Partners, the CRA and the City of Los Angeles.  Among other complaints, the suit alleged that during renovations, hotel residents had been subjected to electricity and water shut-offs, faulty elevator service and other problems.  Some also claim that they had been forced out of the hotel.  The CRA and the developer filed additional claims against each other and a restraining order was filed.  A restraining order against the Alexandria Hotel from the U.S. District Court prohibited the displacement of Alexandria tenants.  In the Case of *Leonard Woods v. Alexandria Housing Partners, L.P.; Logan Property Management, INC., et al,* Federal Case No.: CV07-08262 MMM (JWJx), Case was

dismissed with prejudice pursuant to settlement agreement by Judge Margaret M. Morrow. The office of the City Attorney Rockard J. Delgadillo, City Attorney request for closed session pursuant to Government Code Section 54956.9(a), recommendation for settlement, *Leonard Woods et al., v. Alexandria Housing Partners, L.P., et al.*, filed on February 5, 2009. [Source: clkrep.lacity.org]. Forthwith subject to Mayors approval counsel file no.: 08-2593, counsel approval date February 11, 2009 [Source: clkrep.lacity.org]. The attorney Benjamin Trachtman represented Defendant Alexandria Housing Partners, L.P., in this case above titled *Leonard Woods, et al., v. Alexandria Housing Partners, L.P., et al.* On February 11, 2009 the Community Redevelopment Agency of the City of Los Angeles, California, and Alexandria Housing Partners, L.P., filed a permanent loan agreement $11,900,000.00, loan #872550A [Source: clkrep.lacity.org].

58. On March 9, 2021, Plaintiff Cecil Elmore received a document from Los Angeles Housing + Community Investment Department; Rent Stabilization Division – Investigation & Enforcement. In the document it contained HCIDLA Case Number: CE258992 and confirmed that its investigation into the property 451 S Main Street, Los Angeles, California, 90013.

59. In summary, Defendant Ruben Islas Jr; Ruben Islas are actively engaging in a pattern of racketeering activity connected to the establishment and conduct of his enterprise Logan Capital Advisors, LLC, which owns, operates, manages, other businesses owned, operated, managed and maintained by Defendant Ruben Islas Jr; Ruben Islas. During the course of this unlawful racketeering engaged by Defendant Ruben Islas Jr; Ruben Islas through unlawful business transactions, a large Political network and violence thus aiding and abetting numerous unlawful acts against Plaintiff Cecil Elmore. Plaintiff has raised numerous complaints that have led to violations against Defendant Ruben Islas Jr; Ruben Islas and other Defendants which raised the bar for retaliation, corruption, violence and unlawful interference to numerous Civil Lawsuits filed by Plaintiff in the State of California in which Plaintiff sustained irreparable harm caused by a slew of Defendants in their racketeering enterprise. With Plaintiff merit of complaints against Defendant Ruben Islas Jr; Ruben Islas, this placed the Defendants unlawful racketeering enterprise in jeopardy of failing to acquire an operate the "dream project" in Banning, California a property including production studio, distribution studio, airport for transporting narcotics. With the funding coming directly from a grant provided by Local, State and Federal Funding of $200 million along with tax credits and a Bill passed through Law in California with the assistance and backing with the State of California Treasurer Fiona Ma. The Defendant Ruben Islas Jr; Ruben Islas even went

through the great lengths of unlawfully interfering with Plaintiff Civil Lawsuits filed in California, Police Reports, Investigations, complaints, and a murder for hire with the intent to murder Plaintiff Cecil Elmore and Gurkirn Hundal.  In this Federal Lawsuit Plaintiff has a slew of claims for numerous unlawful acts that have caused significant damage to Plaintiff directly from Defendant Ruben Islas Jr; Ruben Islas, racketeering and corrupt enterprise of power.  Defendant Ruben Islas Jr; Ruben Islas intentionally, maliciously, unlawfully with the help of other Defendants misappropriated monetary funds, grants, loans, tax credits from residents, citizens, Local, State, Federal funding in which Defendant Ruben Islas Jr; Ruben Islas and other Defendants with malice intent unlawfully did not pay back loans, mortgage from Local, State and Federal funding that were for address 451 S Main Street, Los Angeles, California, 90013 an apartment building mostly of low-income and disabled residents. With Defendant Ruben Islas Jr; Ruben Islas and Defendants throughout this Federal Lawsuit they collectively unlawfully displaced African American and disability residents that have a Tax Credit Lease Contract, from having a home or residence.  Defendants Ruben Islas Jr; Ruben Islas, and other Defendants intentionally, maliciously, negligently, unlawfully, harassed, ruined the reputation and caused direct harm to Plaintiff Cecil Elmore from these two Temporary Workplace Restraining Orders which have now caused extreme hardship for Plaintiff.  On January 13, 2021, Defendants Ruben Islas Jr; Ruben Islas had their company Defendant The Rosslyn Lofts Housing Partners, LP file an Unlawful Detainer Case Number: 21STUD00091 [Exhibit 8].  Defendants counsel wrote affidavits stating that there was a video for the first Temporary Restraining Order against Plaintiff Cecil Elmore in 2021 that proved with evidence that Plaintiff harassed and threatened the persons in which the Temporary Workplace Restraining Order was filed for.  During the Court hearing the persons who the Restraining Order was filed for and attorney Christopher Steward did not provide Judge David W. Swift with the video footage as promised to the Court.  This proves along with Judge David W. Swift ruling in favor of Plaintiff Cecil Elmore that Plaintiff Cecil Elmore did not harass or threaten any of the persons or businesses involved in that Restraining Order.  In retaliation again, Defendants Ruben Islas Jr; Ruben Islas and his businesses filed a second Temporary Workplace Restraining Order (Case Number 22STRO02187 [Exhibit 9]) against Plaintiff Cecil Elmore.  In the affidavit filed to the Court on behalf of the persons, businesses and their attorney Christopher Steward they stated that yet again they have video footage evidence of Plaintiff Cecil Elmore harassing and threatening persons and businesses whom in which the Temporary Workplace Restraining Order was for.  At the Court hearing for a Continued Temporary Workplace Restraining Order, the persons, businesses and attorney

Christopher Steward showed Judge David W. Swift video footage of Plaintiff Cecil Elmore not harassing or threatening any of the persons and businesses whom which the Temporary Restraining Order was for.  Thus proving again, Plaintiff Cecil Elmore did not harm, threaten with violence or harass any of the persons and businesses which the Temporary Workplace Restraining Order was for. The Defendant Ruben Islas Jr had his companies file a Second Unlawful Detainer against Plaintiff Cecil Elmore Case Number: 22STUD01078 [Exhibit 10] as this case was later dismissed Defendants Ruben Islas Jr; Ruben Islas, owns, operates, managers, works with Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; that have been engaging in unlawful business practices of unlawfully discriminating, harassing, intimidating and unlawfully evicting disabled and African American residents with the intent to replace those residents with Latinx residents.  Defendants Ruben Islas Jr; Ruben Islas and the businesses he owns, manages, operates and works with Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Inspiration Property Management, INC.; Breach Front Property Management, INC., allow, aid and abet, encourage Defendant Ricardo Lopez to sell narcotics and prescription drugs at address 451 S Main Street Unit 429, Los Angeles, California, 90013 and Jonathon Flores to sell narcotics at address 451 S Main Street Unit 433, Los Angeles, California, 90013 in the direct benefit and unlawful racketeering organization of Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC.  Defendant Michael Vasquez stated that his boss Defendant Ruben Islas Jr; Ruben Islas said that Defendant Ruben Isalas Jr; Ruben Islas is defaulting on his payments of the building so that Plaintiff Cecil Elmore and Gurkirn Hundal will not recover any compensation from the lawsuit.  And the "niggers" they don't like are going to get evicted from the Rosslyn Lofts. As these unlawful acts were committed against the Plaintiff in a dangerous form of retaliation because of Plaintiff being a victim/witness to a Criminal Case testifying against Domonick Lawrence Guy who threatened Plaintiff with physical harm at address 451 S Main Street, Los Angeles, California, 90013 and with a firearm near the apartment building.

60.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle;

Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, failed to not racially discriminate against Plaintiff Cecil Elmore for being African American.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

VIOLATION 42 U.S. Code § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACTS)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO)

61.    Plaintiff Cecil Elmore is in an African American male protected in a minority class and Plaintiff also has a Tax Credit Lease, as this Tax Credit Lease is a contract in a Federally assisted program.  Plaintiff Tax Credit Lease is a contract with Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, as the landlord and Plaintiff as the renter.

62.    On October 23, 2020, when Plaintiff Cecil Elmore was walking down the street with Gurkirn Hundal, Defendant Wendy Contreras called Plaintiff Cecil Elmore a "nigger" which is misconduct while on duty on as a property management on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez.

63.         On October 28, 2020, at address 451 S Main Street, Los Angeles, California, 90013, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, collectively conspired, coerced, aided and abetted the unlawful acts in concert to harass Plaintiff Cecil Elmore because he is an African American resident. The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, are responsible for having one of their employees intentionally place the document Notice to Perform Covenant or Quit on the Plaintiff Cecil Elmore apartment unit door facing forward for all persons passing by to read which are false facts about the Plaintiff Cecil Elmore. This document Ten (10) Day Notice to Perform Covenant or Quit stated "On October 23, 2020 you aggressively threatened, cursed, yelled, intimidated, harassed and made vulgar comments and unfounded allegations of retaliation to Rosslyn staff and their companion as they walked to work at The Rosslyn." The Defendants discriminatory acts describing Plaintiff Cecil Elmore intimidated is solely based on Plaintiff Cecil Elmore being an African American who has a large physique with tattoos on his arms and legs. The Defendant Wendy Contreras stated in a Workplace Restraining Order Court Hearing on March 16, 2021 (Case No.: 21STRO00907) describing Plaintiff Cecil Elmore, an African American male who looks intimidating based solely on Plaintiff physical description, and not by Plaintiff Cecil Elmore performing intimidating actions to Defendant Wendy Contreras or her companion. In an affidavit Workplace Restraining Order against Plaintiff Cecil Elmore, Defendant Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Martha Islas-Enriquez, Jose Ramirez; Chase Protective Services INC., along with attorney Christopher Steward stated that they will provide the Court with video footage of Plaintiff Cecil Elmore threatening and intimidating Defendant Wendy Contreras at address 451 S Main Street, Los Angeles, California, 90013. The Defendants Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Martha Islas-Enriquez; Jose Ramirez; Chase Protective Services INC., falsefully lied and did not provide the Stanely Mosk Courthouse and/or Honorable Judge David W. Swift with a

copy of "Plaintiff Cecil Elmore alleged threatening, intimidating, harassing Defendant Wendy Conteras."
Defendant Wendy Contreras described Plaintiff Cecil Elmore as a large, intimidating African American male at
this Court Hearing, Defendant Wendy Contreras did not state that Plaintiff Cecil Elmore performed any
intimidating actions of ball up his fists, flex his muscles, and/or any other intimidating action to Defendant
Wendy Contreras and her companion on October 23, 2020.  At this Workplace Restraining Order Hearing
Defendant Wendy Contreras stated and admitted to the Court that Plaintiff Cecil Elmore never threatened,
harassed, and/or intimidated her. At the end of this Court Hearing, Honorable Judge David W. Swift denied
Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Wendy Contreras;
Michael Vasquez; Aracelli Castillo Workplace Restraining Order against Plaintiff Cecil Elmore.  On the same date,
March 16, 2021, Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle;
Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Bethany Spooner; Logan
Property Management, INC.; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas
Development, LLC; Pacific Housing, INC.; Mark Wiese, terminated Defendant Wendy Contreras as an employee
at the property that she managed with Plaintiff Cecil Elmore as a resident.  Defendant Wendy Contreras did not
prevail in the false "Workplace Restraining Order" Court Hearing against Plaintiff.  Defendants Ruben Islas Jr;
Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; The Rosslyn Lofts Housing
Partners, LP; Logan Capital Advisors, LLC; Bethany Spooner; Logan Property Management, INC.; Rosslyn
Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing,
INC.; Mark Wiese, retaliated against Defendant Wendy Contreras for not executing and finishing off their
mastermind plan of continuing restraining order The Defendant Wendy Contreras intentionally discriminated
against Plaintiff Cecil Elmore because of Plaintiff Cecil Elmore being African American as Defendant Wendy
Contreras was racially motivated by the color of Plaintiff Cecil Elmore skin color, as Defendant used Plaintiff
physical description with Plaintiff race to intentionally discriminate against Plaintiff.  Defendant Wendy
Contreras is a Latinx female and her companion is a Latinx male.  The Defendant Wendy Contreras racially
discriminated against Plaintiff Cecil Elmore when Plaintiff is in a Federally assisted program for housing in which
Plaintiff is a African American resident at the building property of Defendants Ruben Islas Jr; Ruben Islas; Martha
Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property
Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk

1    Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy

2    Contreras; Michael Vasquez, control and operate.  This discrimination concerned, deprived, and interfered with

3    Plaintiff Cecil Elmore as a rental resident in the Federally assisted housing program that he is in need for himself

4    to have a home and residents.  Without Plaintiff being in this Federally assisted housing program, the Plaintiff

5    will be homeless.  The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul

6    Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC;

7    Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn

8    Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez, do not racially

9    discriminate against Caucasian residents.  The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez;

10   Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The

11   Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas

12   Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez;

13   Aracelli Castillo, retaliate and discriminate against African American residents that Plaintiff has witnessed.

14   Plaintiff Cecil Elmore has witnessed Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez; The

15   Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; The

16   Amerland Group, LLC; Suffolk Development, LLC; Rosslyn Partners, LLC; Islas Development, LLC; Pacific Housing,

17   INC., have numerous African American residents arrested with one of the reasons that they "look" intimidating

18   which these African Americans fall under the same protected minority African American class and physique as

19   Plaintiff.

20          64.          Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Ruben Islas Jr; Ruben Islas; Jules

21   Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The

22   Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas

23   Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez;

24   Aracelli Castillo, co-signed and conspired to have their attorney Christopher Steward file this racial,

25   discriminatory, Workplace Restraining Order against Plaintiff Cecil Elmore because he is African American and

26   the color of skin.  The Defendants and each of them, are not the same race and skin color as Plaintiff.  The

27   Defendants did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract the same as Caucasian residents on

28   the property of address 451 S Main Street, Los Angeles, California, 90013.  On another occasion, the Defendants

Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing

Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital

Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.;

Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, filed a Workplace Restraining Order against

an African American male resident who Plaintiff Cecil Elmore talked to in person during the same time

Defendants claimed this other African American male resident "committed a criminal unlawful act" in which the

African American male resident was arrested, had a restraining order against him, and last committed suicide.

Plaintiff believes that from the Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur;

Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group,

LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn

Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo,

harassment, racial discrimination because of being African American, and false restraining order the African

American resident committed suicide.

    65.       Another African American male resident named Robert Floyd was harassed by Defendants

Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing

Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital

Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.;

Mark Wiese; Michael Vasquez; Sherry Dicko; Je T'aime Bradshaw, because of his African American race as he

was also in a Tax Credit Lease Contract with Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules

Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The

Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas

Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez;

Aracelli Castillo; Sherry Dicko; Je T'aime Bradshaw.  And then falsefully arrested, charged with a Felony and on

an ankle monitor after being racially discriminated against with false allegations against him.  Later, resident

Robert Floyd stated to Plaintiff that Defendants The Rosslyn Lofts Housings Partners, LP; Logan Capital Advisors,

LLC; Logan Property Management, INC.; Rosslyn Partners, LLC; The Amerland Group, LLC; Islas Development,

LLC; Suffolk Development, LLC; Michael Vasquez; Sherry Dicko, did not provide video footage as promised to the

Court and then they dropped all criminal charges against Robert Floyd.  Plaintiff Cecil Elmore witnessed Robert

Floyd arrested by Los Angeles Police Department ("LAPD") for the alleged incident involving Robert Floyd and

Defendants Sherry Dicko; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property

Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas

Development, LLC; Knowles Security, INC.

66.        The Defendants agreed, aided and abetted to unlawfully racially discriminate against Plaintiff

Cecil Elmore because he is African American are Defendants  Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez;

Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The

Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas

Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez;

Aracelli Castillo, These Defendants caused intentional harm to Plaintiff Cecil Elmore which was motivated by

hatred of Plaintiff Cecil Elmore being an African American resident.  As Defendants Wendy Contreras; Michael

Vasquez; Aracelli Castillo, have called Plaintiff Cecil Elmore a "nigger" on numerous occasions while Plaintiff is a

resident in a Tax Credit Lease Contract funded by Federal assistance.  The Defendants have a negative

reputation for intentionally causing harm to African American residents on the property as Plaintiff has

witnessed on numerous occasions.

67.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle;

Logan Capital Adviors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn

Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing,

INC.; Bethany Spooner, did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract.  These Defendants,

committed intentionally did not enforce Plaintiff Tax Credit Lease Contract as they committed an intentional

violation of Breach of Contract, in Plaintiff Tax Credit Lease Contract it states a section FAIR HOUSING POLICY.  In

this section FAIR HOUSING POLICY to conform to the applicable laws regarding discrimination and housing, our

business policy has been and remains that we: discriminate against any person in terms, conditions, or privileges

of rental or in the provision of services or facilities because of race, color, religion, sex, sexual orientation,

national origin, ancestry, disability (including AIDS), familial status, marital status, or other personal/arbitrary

characteristics such as age.  These Defendants violated this section by intentionally, maliciously, racially

discriminating against Plaintiff Cecil Elmore and denying services because of Plaintiff Cecil Elmore being an

African American minority.  Some of these services include Defendants denying Plaintiff service of utilizing

management to conduct proper building property management and not be denied because of Plaintiff being African American.  A Caucasian resident in a Tax Credit Lease Contract gets full privileges and provision of services in the building such as management and security guards that conduct their duties properly.  An African American resident such as Plaintiff Cecil Elmore and other African American residence in a Tax Credit Lease Contract do not get the full privileges and provisions of services in the building such as management and security guards that are suppose to conduct their duties, they both intentionally do not allow Plaintiff and African American residents the same service, privilege and provisions with management and security.

68.        Plaintiff Cecil Elmore believes and on that basis that his race and color were substantial motivating factor against the Plaintiff.

69.  All of these Defendants and each of them did not treat Plaintiff Cecil Elmore contract with the same equality as Caucasian residents in a Tax Credit Lease Contract with these very same Defendants listed in this causation and each of them.

70.  Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, compelled, coerced, aided and/or abetted the unlawful acts and violations of Defendant Wendy Contreras alleged in this complaint, which racial discrimination in a Tax Credit Lease Conduct is prohibited with treating Plaintiff Cecil Elmore contract not the same as Caucasian residents on the property.  Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Cecil Elmore damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives,

officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

71.    Defendants were aware that racially discriminating against Plaintiff in this manner above, would devastate Plaintiff Cecil Elmore and cause extreme hardship.  Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees Defendants Wendy Contreras; Aracelli Castillo to not racially discriminate against Plaintiff Cecil Elmore for being African American and they failed to enforce Plaintiff Tax Credit Lease Contract.

72.    As a proximate result of Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous, racial discrimination in a contract against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

73.    Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.


## SECOND CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; MICHAEL VASQUEZ)

74.        Plaintiff Cecil Elmore is in an African American male protected in a minority class and Plaintiff
also has a Tax Credit Lease, as this Tax Credit Lease is a contract in a Federally assisted program.  Plaintiff Tax
Credit Lease is a contract with Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur;
Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group,
LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn
Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, as the landlord and Plaintiff as the renter.

75.        On December 2, 2020, at address 451 S Main Street, Los Angeles, California, 90013, Defendants
Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing
Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital
Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.;
Mark Wiese; Michael Vasquez, collectively conspired, coerced, aided and abetted the unlawful acts in concert to
harass resident Plaintiff Cecil Elmore as Plaintiff is in a Tax Credit Lease Contract which received Federal
assistance funds.  Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The
Amerland Group, LLC, employee had intentionally placed the  Ten (10) Day Notice to Quit on the Plaintiff Cecil
Elmore apartment unit door facing forward for all persons passing by to read which are false facts about the
Plaintiff Cecil Elmore.  From Defendants Ruben Islas Jr; Ruben Islas, attorney Christopher Steward the Ten (10)
Day Notice to Quit stated, "On November 20, 2020, you threatened, intimidated and verbally assaulted a tenant
in the Rosslyn Lofts elevator.  You followed up that attack by cursing and threating to kill the Rosslyn tenant
after getting out of your car and aggressively approaching her on the sidewalk adjacent to the Rosslyn Lofts.
Your pattern of abuse will not be tolerated.  Singularly and collectively we deem your verbal abuse of Rosslyn
staff and tenants to be a nuisance.  California Code of Civil Procedure Section 1161(4) provides for the
termination of your lease for cause due to the commission of a nuisance." "You have ten (10) days to
permanently: 1. Quit and deliver of possession of your unit."  This Ten (10) Day Notice to Quit came from
landlord Defendants Ruben Islas Jr; Ruben Islas.

76.        Going back to November 20, 2020, Plaintiff Cecil Elmore and Gurkirn Hundal were on the
elevator with a Caucasian resident and two (2) other African American persons.  When Plaintiff was on the
elevator, the Caucasian resident was wearing a face mask and she stated, that there are too many people on the
elevator and that Plaintiff Cecil Elmore is a "dirty black boy" as she yelled to Plaintiff.  Which the Caucasian

1   resident intentionally, racially discriminated against Plaintiff because of his African American race and the color

2   of his skin.  During this incident the Caucasian resident did not contact the Los Angeles Police Department

3   ("LAPD") and neither did the Caucasian resident contact the security company performing security duties on the

4   property Defendant Chase Protective Services, INC., and the security guard Defendant Jose Ramirez.  The

5   Defendants Chase Protective Services, INC.; Jose Ramirez did not file neither write an incident report against

6   Plaintiff Cecil Elmore on November 20, 2020.  Plaintiff Cecil Elmore was never questioned, or asked of any wrong

7   doings or violation of his Tax Credit Lease Contract in regards to the alleged incident stated on behalf of

8   Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts

9   Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LL;

10  Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; The Amerland Group, LLC; Pacific Housing,

11  INC.; Mark Wiese who operate and manage the apartment building.  These Defendants just simply produced this

12  Ten (10) Day Notice to Quit documentation ordering Plaintiff to surrender and quit his tenancy from the

13  apartment building because a Caucasian resident along with Defendants Ruben Islas Jr; Ruben Islas; Martha

14  Islas-Enriquez;  Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC;

15  Logan Property Management, INC.; Logan Capital Advisors, LL; Suffolk Development, LLC; Islas Development,

16  LLC; Michael Vasquez; The Amerland Group, LLC; Pacific Housing, INC.; Mark Wiese, agreed that Plaintiff violated

17  with unlawful acts of threats, intimidation, and verbally assaulted a Caucasian resident without evidence, and

18  investigation.  This Caucasian resident lives on the twelve (12) floor with zero low-income residents, in the

19  apartment building at address 451 S Main Street, Los Angeles, California, 90013 when Plaintiff Cecil Elmore lives

20  on a lower level floor with mostly low-income residents.  Caucasian residents in this building are privileged as

21  their demands and wants are catered to when these residents complain to employees, management, and

22  landlord of this property building.  When Plaintiff Cecil Elmore writes complaints or verbally states complaints,

23  along with services the Plaintiff is ignored by employees, management, and landlord of this property building.

24  Therefore, the Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle;

25  Bethany Spooner; Michael Vasquez; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC;

26  Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development,

27  LLC; The Amerland Group, LLC; Pacific Housing, INC., treat Plaintiff poorly as a resident and not fair as Caucasian

28  residents which causes intentional harm to Plaintiff.  The Defendants know Plaintiff is an African American who

is in a minority protected class, low-income resident who suffers from a disability as these Defendants listed in this causation maliciously, negligently, intentionally, unlawfully racially discriminated against Plaintiff because of being African American and the color of his skin.  While Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Michael Vasquez; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC., not treating equally the same benefit Plaintiff Cecil Elmore Tax Credit Lease Contract that receives Federal financial assistance equally to Caucasian residents.

77.      The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Michael Vasquez; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC., agreed, aided and abetted to unlawfully racially discriminate against Plaintiff Cecil Elmore because he is African American resident in a Tax Credit Lease Contract thus not being treated equally to Caucasian residents.  These Defendants caused intentional harm to Plaintiff Cecil Elmore that was motivated by hatred of Plaintiff Cecil Elmore being an African American resident with a Tax Credit Lease Contract.  As Defendants Wendy Contreras; Michael Vasquez; Aracelli Castillo, have called Plaintiff Cecil Elmore a "nigger" on numerous occasions while Plaintiff is a resident in a Tax Credit Lease Contract funded that is funded by Federal assistance.  The Defendants have a negative reputation for intentionally causing harm to African American residents on the property as Plaintiff has witnessed on numerous occasions.

78.      Plaintiff Cecil Elmore believes and on that basis that his African American race and color of his skin were substantial motivating factor of Defendants listed in this causation harassing, bullying and giving Plaintiff a Ten (10) Day Notice to Quit his Tax Credit Lease Contract with no merit or evidence from Defendants and that their actions were misconduct.

79. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, compelled, coerced, aided and/or abetted the unlawful acts

of racial discrimination against Plaintiff Cecil Elmore because of his African American race, the color of his skin, and not being a Caucasian resident in a Tax Credit Lease Contract.

80.       Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is or otherwise liable for Plaintiff Cecil Elmore damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another, Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times here in mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

81.  Defendants were aware that racially discriminating against Plaintiff Cecil Elmore who is an African American resident in Tax Credit Lease Contract in this manner above, would devastate Plaintiff Cecil Elmore and cause extreme hardship.  Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees not racially discriminate against Plaintiff Cecil Elmore for being African American and they failed to enforce Plaintiff Tax Credit Lease Contract as they did not because of Plaintiff being African American.

82.       Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract.  These Defendants committed intentionally did not enforce Plaintiff Tax Credit Lease Contract as they committed an intentional violation of Breach of Contract, in Plaintiff Tax Credit Lease Contract it states a section FAIR HOUSING POLICY. In

this section FAIR HOUSING POLICY to conform to the applicable laws regarding discrimination and housing, our business policy has been and remains that we: discriminate against any person in terms, conditions, or privileges of rental or in the provision of services or facilities because of race, color, religion, sex, sexual orientation, national origin, ancestry, disability (including AIDS), familial status, marital status, or other personal/arbitrary characteristics such as age.  These Defendants violated this section by intentionally, maliciously, racially discriminating against Plaintiff Cecil Elmore and denying services because of Plaintiff Cecil Elmore being an African American minority.  Some of these services include Defendants denying Plaintiff service of utilizing management to conduct proper building property management and not be denied because of Plaintiff being African American.  A Caucasian resident in a Tax Credit Lease Contract gets full privileges and provision of services in the building such as management and security guards that conduct their duties properly.  An African American resident such as Plaintiff Cecil Elmore and other African American residence in a Tax Credit Lease Contract do not get the full privileges and provisions of services in the building such as management and security guards that are suppose to conduct their duties, they both intentionally do not allow Plaintiff and African American residents the same service, privilege and provisions with management and security.

83.  As a proximate result of Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, willful, negligent, malicious, intentional and outrageous, racial discrimination in a contract against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

84.  Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

85.      Plaintiff Cecil Elmore is an African American resident protected in a minority class, Plaintiff is in a Tax Credit Lease Contract with Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, that receives Federal funds and assistance.

86.      Defendant Chase Protective Services, INC., business license with the California Secretary of State has been filed/terminated as of May 20, 2011, which is over nine (9) years past due since this company Defendant Chase Protective Services, INC., has be terminated.  Therefore, this Defendant Chase Protective Services, INC., owned and operated was prohibited from doing any business in the State of California at the time of all incidents regarding Plaintiff Cecil Elmore and Defendants Chase Protective Services, INC.; Thomas Paul White and Jose Ramirez.

87.      On February 16, 2021, Defendants Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., were served by the Department of Fair Employment and Housing in regards to Plaintiff Cecil Elmore complaint of discrimination of incidents prior to February 8, 2021.  Plaintiff Cecil Elmore filed this Department of Fair Employment and Housing case against Defendants Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., because Defendant Wendy Contreras while on duty as a property manager for Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., at address 451 S Main Street, Los Angeles, California, 90013, called Plaintiff Cecil Elmore a "nigger" and harassed Plaintiff.

88.      On February 17, 2021, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner;

1  Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas

2  Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, intentionally, cooperatively and

3  purposely, unlawfully conspired, participated and gave false incident report against Plaintiff Cecil Elmore at

4  address 451 S Main Street, Los Angeles, California, 90013. This false, fraudulent, defamatory incident stated,

5  "On Wednesday February 17, 2021 at approximately 4:50pm I noticed Wendy from the leasing o exiting the

6  elevator heading to the leasing office when Elmore in unit – walk in from the stre and started making fun of

7  Wendy saying that "hahah you scared you're scared" and pointing a her. Wendy continued on her way to the

8  leasing office I asked Mr. Elmer why he was making fu her he stated none of my business. I told him that she

9  was a female and making fun of her its not correct. Mr. Elmore stated to just do my job and mind my own

10  business and go into the elevator. All this its on cameras." This is stated by Defendant Jose Ramirez who is

11  employed by Defendants Thomas Paul White; Chase Protective Services, INC., a security company performing

12  security duties at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff Cecil Elmore did not make

13  fun or even speak to Defendant Wendy Contreras on February 17, 2021. Plaintiff Cecil Elmore did not state

14  "hahah you scared you're scared" and neither Plaintiff did not point at Defendant Wendy Contreras ever.

15  Plaintiff Cecil Elmore never told Defendant Jose Ramirez to go on the elevator. Defendant Jose Ramirez while on

16  duty as a security guard for Defendants Thomas Paul White; Chase Protective Services, INC.; The Rosslyn Lofts

17  Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC;

18  Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC., directly,

19  intentionally, maliciously and with hatred called and stated to Plaintiff Cecil Elmore that "your a nigger" as this

20  caused direct intentional emotional distress to Plaintiff. Because of Plaintiff Cecil Elmore being an African

21  American resident in a Tax Credit Lease Contract, the Defendants Ruben Islas Jr; Ruben Islas; Wendy Contreras;

22  Michael Vasquez; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.;

23  The Amerland Group, LLC; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, unlawfully

24  conspired and assisted in the filing of a malicious, intentional, fraudulent false Emergency Workplace Restraining

25  Order on February 23, 2021 to Stanley Mosk Courthouse in Los Angeles, California in retaliation against Plaintiff

26  Cecil Elmore with the intent to have a much longer lasting restraining order. The Plaintiff has filed numerous

27  complaints to Los Angeles County Health Department against Defendants Ruben Islas Jr; Ruben Islas; The

28  Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC, for inhabitable

living conditions such as cockroach infestation, feces, and other inhabitable issues that these Defendants have been cited with a slew of health violations.  Also, Plaintiff filed numerous complaints to Los Angeles Housing Department – Code Enforcement regarding safety issues in the apartment building that Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC, have been cited with numerous Code Enforcement violations.

89.     These Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Jose Ramirez; Chase Protective Services, INC.; Thomas Paul White, and each of them participated, retaliated, and violated the Tax Credit Lease Contract between Plaintiff Cecil Elmore and Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Rosslyn Partners, LLC; Islas Development, LLC; Pacific Housing, INC.  As the Tax Credit Lease Contract states FAIR HOUSING POLICY and that there will not be any FAIR HOUSING POLICY violations of harassment because of a persons race, color, and other personal characteristics.  These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing and directly racially discriminating with malice and hatred against Plaintiff Cecil Elmore because he is African American and the color of his skin.

90.     Therefore, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC; Thomas Paul White; Jose Ramirez, are vicariously liable for the intentional tort and violation of 42 U.S. Code § 1981 — Equal Rights Under the Law regarding Plaintiff Cecil Elmore Tax Credit Lease Contract assisted by Federal funds and tax credits as these Defendants and each of them, did not question Plaintiff, do not have evidence with merit of Plaintiff alleged unlawful acts as Defendants directly, intentionally, maliciously, with hatred directly to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law while unlawfully violating the Tax Credit Lease Contract that is Federally funded and assisted.

91.          Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Logan Capital Adviors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract.  These Defendants, committed intentionally did not enforce Plaintiff Tax Credit Lease Contract as they committed an intentional violation of Breach of Contract, in Plaintiff Tax Credit Lease Contract it states a section FAIR HOUSING POLICY.  In this section FAIR HOUSING POLICY to conform to the applicable laws regarding discrimination and housing, our business policy has been and remains that we: discriminate against any person in terms, conditions, or privileges of rental or in the provision of services or facilities because of race, color, religion, sex, sexual orientation, national origin, ancestry, disability (including AIDS), familial status, marital status, or other personal/arbitrary characteristics such as age.  These Defendants violated this section by intentionally, maliciously, racially discriminating against Plaintiff Cecil Elmore and denying services because of Plaintiff Cecil Elmore being an African American minority.  Some of these services include Defendants denying Plaintiff service of utilizing management to conduct proper building property management and not be denied because of Plaintiff being African American.  A Caucasian resident in a Tax Credit Lease Contract gets full privileges and provision of services in the building such as management and security guards that conduct their duties properly. An African American resident such as Plaintiff Cecil Elmore and other African American residence in a Tax Credit Lease Contract do not get the full privileges and provisions of services in the building such as management and security guards that are suppose to conduct their duties, they both intentionally do not allow Plaintiff and African American residents the same service, privilege and provisions with management and security.

92.          Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees Defendants Wendy Contreras; Aracelli Castillo and Jose Ramirez, to not racially discriminate as they committed misconduct against Plaintiff Cecil Elmore for being African American and they failed to enforce Plaintiff Tax Credit Lease Contract.

93.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

94.      As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

95.      Plaintiff incorporates by reference the allegations of paragraphs 85 through 94 above, as if each such allegation was set forth herein.

96.      Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP;

Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development,

LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to

have their employees Defendants Wendy Contreras; Aracelli Castillo and Jose Ramirez, to not racially

discriminate as they committed misconduct against Plaintiff Cecil Elmore for being African American and they

failed to enforce Plaintiff Tax Credit Lease Contract.

97.        The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul

Runkle; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management,

INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk

Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC; Thomas

Paul White; Chase Protective Services, INC.; Jose Ramirez, are vicariously liable for violation of Civil Rights Act of

1964: Title VI as these Defendants intentionally, racially discriminated against Plaintiff Cecil Elmore because of

being African American and the color of his skin, while Plaintiff Cecil Elmore is in a Tax Credit Lease Contract that

is Federally assisted housing program involving Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez;

Jules Lucius Arthur; Paul Runkle; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP;

Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The

Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese;

Rosslyn Partners, LLC; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez.  That Defendants did

not treat Plaintiff Tax Credit Lease Contract the same as Caucasian residents on the property.

98.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional

distress from Defendants Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful

and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and

malicious thus warranting the award of punitive damages against each of these Defendants in an amount

adequate to punish the wrongdoers and deter future misconduct.  As a direct and proximate result of the

aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering,

public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas;

Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy

Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany

Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### FIFTH CAUSE OF ACTION

VIOLATION 42 U.S. Code § 1981 –

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-IENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

99.        Plaintiff Cecil Elmore is an African American minority in a protected class who suffers from disabilities. The Defendant Wendy Contreras has been calling Plaintiff Cecil Elmore a "nigger" on several occasions when resident Plaintiff has stated and filed complaints of uninhabitable housing conditions, cockroaches infestation, dirty apartment hallways, no running water, and elevators inoperable.

100.        On February 19, 2021, Plaintiff Cecil Elmore received a false lease violation on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, which alleges that on February 17, 2021 Plaintiff Cecil Elmore violated Tax Credit Lease Contract which is Federally funded and Federally assisted and that Plaintiff intimidated, harassed and threatened property manager Defendant Wendy Contreras witnessed by Defendant Jose Ramirez on duty as a security guard for Defendants Thomas Paul White; Chase Protective Services, INC.; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., and The Amerland Group, LLC at address 451 S

Main Street, Los Angeles, California, 90013.  This lease violation given to Plaintiff Cecil Elmore from Defendants was fraudulent, malicious, defamatory, negligent and was intended for intentional discrimination of Plaintiff being African American minority in a protected class along with not treating Plaintiff contract the same as other Caucasian residents in a Tax Credit Lease Contract.

101.        Plaintiff Cecil Elmore has witnessed Defendants Wendy Contreras; Michael Vasquez; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; and employees treat Caucasian residents in a Tax Credit Lease Contract differently as these Defendants were not disrespectful, properly investigated all allegations against Caucasian tenants, did not retaliate in a negative manner against Caucasian tenants and did not give Tax Credit Lease Violations to Caucasian tenants.  For example, whenever Defendant Melinda Johnson who is Caucasian and in a Tax Credit Lease Contract, with the Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Ruben Islas Jr; Ruben Islas, even when Defendant Melinda Johnson complains in regards to housing issues they do not retaliate and do not give Tax Credit Lease Violations.  Whenever Defendant Melinda Johnson gives a statement and/or complaint in regards to this property building and Plaintiff they give Defendant Melinda Johnson the benefit of the doubt and backing.  Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Islas Development, LLC; Suffolk Development, LLC; Pacific Housing, INC., did not attempt and neither properly investigated the allegations of Defendant Wendy Contreras along with Defendants Jose Ramirez; Chase Protective Services, INC., stating that Plaintiff Cecil Elmore intimidated, harassed and pointed at Defendant Wendy Contreras as to Defendants Wendy Contreras; Jose Ramirez and their attorney Christopher Steward stating that they had video footage as evidence of this alleged incident.  This "so-called" video footage as evidence of this alleged incident of Plaintiff Cecil Elmore against Defendant Wendy Contreras does not exists and was never provided to the Los Angeles Superior Court – Stanley Mosk Courthouse as promised on an affidavit in a Temporarily Workplace Retraining Order filed against Plaintiff Cecil Elmore on February 23, 2021.

102.        The Tax Credit Lease Violation that Plaintiff received was published by the Defendants and was taped to the front door of the Plaintiff Cecil Elmore apartment unit face forward to all persons walking by could read the document which was made public.  Defendants also retaliated against Plaintiff Cecil Elmore furtherly by

moving forward with an unlawful eviction against Plaintiff Cecil Elmore that had no merit, defamatory statements, motivated by racial discrimination of Plaintiff being African American, with the intent to have Plaintiff illegally evicted and displaced from his apartment unit so that all complaints Plaintiff filed to the Los Angeles Housing Department ("LAHD") and LAHD Code Enforcement Division, LAHD Public Health Department would no longer be investigating for violations of the property building.

103.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Michael Vasqez; Wendy Contreras; Aracelli Castillo are all Latinx and they intentionally discriminated against Plaintiff Cecil Elmore for being an African American resident.  These Defendants benefit monetary funds from State, Local and Federal funding that are towards Plaintiff Tax Credit Lease Contract for housing in an apartment unit at 451 S Main Street, Los Angeles, California, 90013.

104.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, and each of them, are vicariously liable for violation o 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law to make and enforce contracts to the full and equal benefit of all laws as enjoyed by White citizens.  Even with Defendants racially discriminating against Plaintiff for being an African American resident, Plaintiff still has the right to have his Tax Credit Lease Contract to the full and equal benefit and enforced the same as of White residents in a Tax Credit Lease Contract with Defendants as this was maliciously, intentionally, negligently violated by Defendants.

105.    These Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC,  and each of them, violated the contract between Plaintiff Cecil Elmore and each of these Defendants.  As the contract states FAIR HOUSING POLICY and that there will not be any FAIR HOUSING POLICY violations of harassment because of a person's race, color, and other personal

characteristics.  These Defendants and each of them, violated this contract by intentionally, maliciously, negligently, purposely, unlawfully, harassing Plaintiff Cecil Elmore because he is African American and brown skin color.

106.         Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Logan Capital Adviors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract.  These Defendants, committed intentionally did not enforce Plaintiff Tax Credit Lease Contract as they committed an intentional violation of Breach of Contract, in Plaintiff Tax Credit Lease Contract it states a section FAIR HOUSING POLICY.  In this section FAIR HOUSING POLICY to conform to the applicable laws regarding discrimination and housing, our business policy has been and remains that we: discriminate against any person in terms, conditions, or privileges of rental or in the provision of services or facilities because of race, color, religion, sex, sexual orientation, national origin, ancestry, disability (including AIDS), familial status, marital status, or other personal/arbitrary characteristics such as age.  These Defendants violated this section by intentionally, maliciously, racially discriminating against Plaintiff Cecil Elmore and denying services because of Plaintiff Cecil Elmore being an African American minority.  Some of these services include Defendants denying Plaintiff service of utilizing management to conduct proper building property management and not be denied because of Plaintiff being African American.  A Caucasian resident in a Tax Credit Lease Contract gets full privileges and provision of services in the building such as management and security guards that conduct their duties properly.  An African American resident such as Plaintiff Cecil Elmore and other African American residence in a Tax Credit Lease Contract do not get the full privileges and provisions of services in the building such as management and security guards that are suppose to conduct their duties, they both intentionally do not allow Plaintiff and African American residents the same service, privilege and provisions with management and security.

107.         Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees Defendants Wendy Contreras; Aracelli Castillo; Jose Ramirez, not racially discriminate against Plaintiff Cecil Elmore for being

African American and they failed to enforce Plaintiff Tax Credit Lease Contract as they did not because of Plaintiff being African American.

108.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### SIXTH CAUSE OF ACTION

VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ENRIQUEZ; JULES LUCIUS ARTHUR; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC)

109.        Plaintiff incorporates by reference the allegations of paragraphs 99 through 108 above, as if each such allegation was set forth herein.

110.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees not racially discriminate against Plaintiff Cecil Elmore for being African American and they failed to enforce Plaintiff Tax Credit Lease Contract as they did not because of Plaintiff being African American.

111.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### SEVENTH CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; WENDY CONTRERAS)

112.        While Plaintiff was a resident at address 451 S Main Street, Los Angeles, California, 90013 in a Tax Credit Lease Contract with this property, their employee Defendant Gonzalo Rivera called and stated to Plaintiff "nigger" which Defendant Gonzalo Rivera called and stated to Plaintiff in a disrespectful and racially discriminating because of Plaintiff being African American in a protected minority class and the color of his skin On March 15, 2021, Defendant Gonzalo Rivera, on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Weise; Rosslyn Partners, LLC; Aracelli Castillo; Wendy Contreras, entered into resident Robert Kemp apartment unit with a ladder and disconnected

and uninstalled the one (1) and only smoke detector inside of this apartment Unit 431.  After this incident,

Plaintiff Cecil Elmore directly told Defendant Michael Vasquez that Defendant Gonzalo Rivera disconnected and

uninstalled resident Robert Kemp carbon monoxide detector in his apartment Unit 431 as it is inoperable which

Plaintiff was ignored.

113.     On April 4, 2021, at address 451 S Main Street Unit 431, Los Angeles, California, 90013, a

resident by the name of Robert Kemp who is African American in a Tax Credit Lease Contract with Defendants

Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Bethany

Spooner; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan

Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific

Housing, INC.; Mark Wiese; Rosslyn Partners, LP; and Wendy Contreras.  Resident Robert Kemp started an

intentional fire in his apartment unit which is approximately fifteen (15) feet away from Plaintiff Cecil Elmore

apartment unit.  During the fire, Plaintiff Cecil Elmore suffered from emotional distress and smoke inhalation

which was caused directly by resident Robert Kemp apartment unit.  This smoke inhalation filled the air from

resident Robert Kemp apartment unit, into the hallway and subsequently into Plaintiff Cecil Elmore apartment

unit.  While this fire caused a massive amount of smoke, the carbon monoxide detector did not alarm and/or

sound alarm which would have warned residents in the building of a sound.  Prior to this incident, on a slew of

incidents Plaintiff Cecil Elmore contacted via email Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez;

Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Bethany Spooner; Aracelli Castillo; The Rosslyn Lofts Housing

Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas

Development, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LP; Wendy

Contreras, in regards to resident Robert Kemp intentionally setting fires in his apartment unit which endangers

all guest and resident lives in the building and on the premises.  The Los Angeles Fire Department and Captain

Abraham Tapia confirmed that the smoke detector did not operate and was inoperable when the Fire

Department arrived for the emergency fire that was in the apartment Unit 431 of resident Robert Kemp.  After

this incident, Defendant Gonzalo Rivera stated that the owner Defendant Ruben Islas Jr,  told him to turn off the

carbon monoxide detector, to get "the black guy Cecil" out of his apartment unit.

114.     Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul

Runkle; Michael Vasquez; Aracelli Castillo; Wendy Contreras; Bethany Spooner; Mark Wiese; The Rosslyn Lofts

Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC., intentionally and maliciously did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract that is Federally funded and Federally assisted by the Government.  In Plaintiff Tax Credit Lease Contract with Defendants listed there is a section called CARBON MONOXIDE DETECTOR ADDENDUM.  In this section, there are a: 3. TAMPERING WITH DETECTORS, 4. DETECTOR(S) TESTING, 6. DAMAGE TO DETECTORS and 7. INDEMNITY/LIABILITY.  These Defendants did not enforce this part of this section 3. TAMPERING WITH DETECTORS as the Defendant Gonzalo Rivera maliciously tampered with resident Robert Kemp who is an African American in a Tax Credit Lease Contract, Defendant Gonzalo Rivera intentionally, maliciously tampered with the carbon monoxide detector so that it would not sound and alarm when it detected any carbon monoxide.  The Defendants did not enforce in this section 4. DETECTOR(S) TESTING as Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Arcacelli Castillo; Wendy Contreras; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Mark Wiese; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC, did not test resident Robert Kemp carbon monoxide detector on a regular basis as it stated in the agreement that they will.  Defendant Gonzalo Rivera who is an employee of Defendants intentionally and maliciously caused damage and did not fix or remedy the damaged carbon monoxide detector which makes all of these Defendants who are his employer vicariously liable for the unlawful violation and breach to Tax Credit Lease Contract – Carbon Monoxide Detector Addendum -  6. DAMAGE TO DETECTORS.  Defendant Gonzalo Rivera intentionally and maliciously violated and breached Tax Credit Lease Contract – Carbon Monoxide Detector Addendum – 7. INDEMNITY/LIABILITY as Defendants with this willful violation can not prevail indemnity and are vicariously liable for all damages, injuries and violations that occur.  Plaintiff alleges and believes that Defendants did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract because Plaintiff is African American in a protected minority class and the color of his skin.  This apartment building is predominately African American residents in a Tax Credit Lease Contract.  Plaintiff alleges and believes that Defendants listed in this causation targeted resident Robert Kemp by intentionally damaging and disarming his carbon monoxide detector because of being African American.  Plaintiff alleges and believes that Defendants do not intentionally damage and disarm White residents who are in a Tax Credit Lease Contract, carbon monoxide

detector(s).  To Plaintiff knowledge the Defendants have never intentionally damaged and/or disarmed White residents who are in a Tax Credit Lease Contract, carbon monoxide detector(s) to intentionally have them disarmed, damaged and not sound alarm when it's suppose to detect carbon monoxide.  Plaintiff has noticed a pattern that Defendants are motivated by racial discrimination to African Americans residents and residents with disabilities.  These are the two (2) classes – such as African Americans and person(s) with disabilities that Defendants favor to intentionally, maliciously discriminate against.

115.        Defendants and each of them listed in this causation, committed a violation of 42 U.S. Code § 1981 — Equal Rights Under the Law to Plaintiff Cecil Elmore and by intentionally causing harm to Plaintiff Cecil Elmore while violating 42 U.S. Code § 1981 — Equal Rights Under the Law in which they did not enforce the Tax Credit Lease Contract with Plaintiff the same as White residents in a Tax Credit Lease Contract with Defendants. Plaintiff notified Defendants in regards to Tax Credit Lease Contract not being enforced as Defendants still chose to intentionally, maliciously ignore, retaliate and purposely not enforce Tax Credit Lease Contract.

116.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner, did not enforce Plaintiff Cecil Elmore Tax Credit Lease Contract.  These Defendants committed intentionally to not enforce Plaintiff Tax Credit Lease Contract as they committed an intentional violation of Breach of Contract, in Plaintiff Tax Credit Lease Contract it states a section FAIR HOUSING POLICY.  In this section FAIR HOUSING POLICY to conform to the applicable laws regarding discrimination and housing, our business policy has been and remains that we: discriminate against any person in terms, conditions, or privileges of rental or in the provision of services or facilities because of race, color, religion, sex, sexual orientation, national origin, ancestry, disability (including AIDS), familial status, marital status, or other personal/arbitrary characteristics such as age.  These Defendants violated this section by intentionally, maliciously, racially discriminating against Plaintiff Cecil Elmore and denying services because of Plaintiff Cecil Elmore being an African American minority.  Some of these services include Defendants denying Plaintiff service of utilizing management to conduct proper building property management and not be denied because of Plaintiff being African American.  A Caucasian resident in a Tax Credit Lease Contract gets full privileges and provision of services in the building such as management and security guards that conduct their duties properly.  An African

American resident such as Plaintiff Cecil Elmore and other African American residence in a Tax Credit Lease Contract do not get the full privileges and provisions of services in the building such as management and security guards that are suppose to conduct their duties, they both intentionally do not allow Plaintiff and African American residents the same service, privilege and provisions with management and security.

117.     Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees Defendants Wendy Contreras; Gonzalo Rivera not racially discriminate against Plaintiff Cecil Elmore for being African American and they failed to enforce Plaintiff Tax Credit Lease Contract as they did not because of Plaintiff being African American.

118.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

119.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiff Cecil Elmore Federal Rights as he is an African American in a minority class (42 U.S. Code § 1981) to enforce contracts and activities that are Federally funded and assisted, which prohibits discrimination bases on a persons race.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### EIGHTH CAUSE OF ACTION

VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; MICHAEL VASQUEZ; WENDY CONTRERAS; BETHANY SPOONER; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS,

LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

120.     Plaintiff incorporates by reference the allegations of paragraphs 112 through 119 above, as if each such allegation was set forth herein.

121.     Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees Defendants Wendy Contreras; Gonzalo Rivera, not racially discriminate against Plaintiff Cecil Elmore for being African American and they failed to enforce Plaintiff Tax Credit Lease Contract as they did not because of Plaintiff being African American.

122.     In doing the foregoing wrongful acts, the Defendants and each of them, acted with conscious disregard of Plaintiff Cecil Elmore Federal Rights as he is an African American in a minority class (42 U.S. Code § 1981) to enforce contracts and activities that are Federally funded and assisted, which prohibits discrimination bases on a persons race.  Said Defendants conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETH CAUSE OF ACTION

### VIOLATION FRAUD

(AGAINST DEWEY SERVICES, INCORPORATED; LUTHER GADSON; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

123.     On April 16, 2021, Defendant Dewey Services, Incorporated employee "Russ" wrote a fraudulent Dewey Pest Control Co. Quality Insurance Report.  The report false-fully stated negative allegations about the Plaintiff Cecil Elmore apartment unit.  This fraudulent Dewey Pest Control Co. Quality Insurance Report was filed to Los Angeles County Public Health Department Records.  With this being filed to the County of Los Angeles,

this fraudulent report unlawfully aided and abetted Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Luther Gadson; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, indemnity and no liability for the Plaintiff Cecil Elmore who is a resident in a Tax Credit Lease Contract at address 451 S Main Street, Los Angeles, California, 90013. The Defendants involved are Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, purposely and intentionally harassed and harmed Plaintiff Cecil Elmore. The Defendants are retaliating against Plaintiff Cecil Elmore for his complaints Los Angeles County Health Department and City of Los Angeles Department of Building and Safety which have lead to violations for Defendants Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC.

124.    Defendant Dewey Services, Incorporated, owe Plaintiff Cecil Elmore a duty as Defendant Dewey Services, Incorporated did not perform their duty of pest control services properly in the building on the premises. With Defendant Dewey Services, Incorporated not performing their duty properly as pest control services they caused malicious, intentional, unlawful, direct harm to Plaintiff.

125.    Defendants Dewey Services, Incorporated have knowledge that this property at address 451 S Main Street, Los Angeles, California, 90013 operated and maintained by Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Luther Gadson; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, is heavily infested with cockroaches, other pests and inhabitable living conditions. Defendant Dewey Services Incorporated unlawfully aided and abided with Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development,

LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, with a fraudulent report of the inside of Plaintiff Cecil Elmore apartment unit.  The Defendant Dewey Services, Incorporated has never seen or been inside of the apartment unit of Plaintiff.  Now that this fraudulent report is in the County of Los Angeles Health Department Records for this property address it will mislead with deceit any persons, Courts, businesses and/or entities that acquire the records for this property building.

126.          The Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, are vicariously liable as this fraudulent report in Los Angeles County Records were intended for their benefit.  And they are the persons and businesses who own, maintain and/or operate the apartment building at address 451 S Main Street, Los Angeles, California, 90013.  In order for this fraudulent document to have been filed to the County of Los Angeles it was maliciously, fraudulently written by "Russ," Defendant Dewey Services, Incorporated employee then given to Defendant Luther Gadson that is an employee of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC, then fraudulently, maliciously given this documentation to an employee of County of Los Angeles Public Health Department to be filed on County of Los Angeles Public Health Department records.

127.          Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez, failed to have their employees Defendant Luther Gadson not engage in unlawful collusion to aid and abet Defendant Dewey Services, Incorporated employee "Russ" from producing and filing a fraudulent deceitful documents to County of Los Angeles Public Health Department against Plaintiff Cecil Elmore.

128.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation and emotional distress from Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules

Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### TENTH CAUSE OF ACTION

VIOLATION FRAUD

(AGAINST GLADYS BOATENG; THEODORE VICTORIO)

129.      On May 3, 2021, Plaintiff Cecil Elmore had a joint inspection with Defendants Gladys Boateng and Theodore Victorio who are employees of Defendant County of Los Angeles, subdivision Los Angeles Public Health Department for a building health inspection at 451 S Main Street, Los Angeles, California, 90013.  During the inspection the Defendants Gladys Boateng and Theodore Victorio had knowledge and factual evidence that the building on this property is infested with cockroaches, other pests and is inhabitable living conditions.  At this inspection, Defendant Gladys Boateng and Theodore Victorio witnessed an active pest infestation.  These Defendants Gladys Boateng and Theordore Victorio intentionally with malice, deceit and misconduct wrote and filed a fraudulent inspection report that there was no pest present during the inspection.  This is fraudulent, as Plaintiff Cecil Elmore was on the join inspection and took photographs of the active pest infestation in the building during the inspection.

130.      These Defendants County of Los Angeles; Gladys Boateng and Theordore Victorio maliciously, unlawfully with misconduct engaged in collusion with Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, to file a fraudulent Office Inspection Report to the County of Los Angeles.

131.      The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group LLC;

Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific

Housing, INC.; Mark Wiese, have knowledge, records and evidence of a present cockroach infestation at this

time and still unlawfully engaged in collusion to work together to have the Defendants Gladys Boateng and

Theodore Victorio, both Health Inspectors to file a fraudulent Official Health Inspection Report to the County of

Los Angeles.  Plaintiff has sent numerous emails with evidence of the present cockroach pest infestation at

address 451 S Main Street, Los Angeles, California, 90013.  Before this inspection, Defendants Gladys Boateng

and Theodore Victorio have knowledge and witnessed a cockroach pest infestation in the building on the

premises.

132.        Defendants Gladys Boateng and Theodore Victorio, intentionally, maliciously with misconduct

failed to have file an accurate Official Health Inspection Report to County of Los Angeles Public Health

Department.  These Defendants failed to accurately conduct a Health Inspection at address 451 S Main Street,

Los Angeles, California, 90013.

133.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and

incurred damages including mental anguish, suffering, and emotional distress from Defendants Gladys Boateng

and Theodore Victorio, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and

each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against

each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ELEVENTH CAUSE OF ACTION

### VIOLATION FRAUD

### (AGAINST EDGAR ANTONYAN)

134.        On December 8, 2021, Defendant Edgar Antonyan a health inspector for County of Los Angeles

Public Health Department intentionally, maliciously, with deceit and misconduct filed a fraudulent Official

Inspection Report.  The inspection report that Defendant Edgar Antonyan filed with the County of Los Angeles

did not indicate the active pest infection on the property of 451 S Main Street, Los Angeles, California, 90013 on

December 8, 2021, that Defendant Edgar Antonyan witnessed in the building on the premises.

135.        The Defendant Edgar Antonyan intentionally, maliciously engaged in unlawful collusion to aid and abided Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, with a fraudulent Official Health Inspection Report that Defendant Edgar Antonyan intentionally and fraudulently with misconduct  filed to the County of Los Angeles.

136.        Defendant Edgar Antonyan has knowledge and witnessed the constant and present cockroach infestation along with other inhabitable living conditions on December 8, 2021.  Plaintiff has witnessed the constant and present cockroach infestation on December 8, 2021 and on at address 451 S Main Street, Los Angeles, California, 90013.  Plaintiff filed a complaint against Defendant Ruben Islas Jr; Ruben Islas; The Amerland Group, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP, in regards to the constant and present cockroach pest infestation along with other inhabitable living conditions at address 451 S Main Street, Los Angeles, California, 90013 that Plaintiff is a resident at this location.  Plaintiff raised complaints of illegality regarding constant cockroach pest infestation and inhabitable living conditions then Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, retaliated by coercion of having Defendant Edgar Antonyan intentionally, maliciously with deceit file a fraudulent Office Health Inspection Report to County of Los Angeles Public Health Department.  The Defendant Edgar Antonyan intentionally, maliciously did not inform Plaintiff of this inspection so that Plaintiff would not take photographs and videos of the health violations.  On this date, of the inspection Plaintiff witnessed inhabitable living conditions and a cockroach infestation.

137.        Defendant Edgar Antonyan, failed to have file an accurate Official Health Inspection Report to County of Los Angeles Public Health Department.  These Defendants failed to accurately conduct a Health Inspection at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Edgar Antonyan failed to conduct a Health Inspection on December 8, 2021 at address 451 S Main Street, Los Angeles, California, 90013.

138.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, and emotional distress from Defendants Edgar Antonyan,

malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF CECIL ELMORE pray for relief and judgement as follows:

**On Counts One through Eleven against Defendants**

(1) For and Order enjoining Defendants from violating Federal and State Laws;

(2) For a Declaration that Defendants have violated Federal and State Laws;

(3) For Statutory and/or Compensatory Damages according to proof;

(4) For Plaintiff Cecil Elmore reasonable attorneys fees and costs as allowed by Law;

(5) For such other and further relief as the Court deems just and proper.

Dated: April 15, 2024                                              BY:

Cecil Elmore, Plaintiff

Pro Se

EXHIBIT 1





YOUR CORPORATE TEAM



## MARTHA ENRIQUEZ
President



## BETHANY SPOONER
VP of Operations





**LANI YEE**
Controller





**DAISY HEBREO**
Accounting



**GLORIA BAILON**
Compliance Director



## MIKE VASQUEZ
Regional Manager | Affordable Properties

**LIZBETH PARRA**

Director of Training and Development

**SHELLY GRIGGS**

Regional Manager | Conventional Properties

---

© 2024 Logan Property Management. All Rights Reserved.


**ANCAPITAL**
ISORS



# MEET THE TEAM

■ ■ ■

Our people are our greatest asset.

LOGAN CAPITAL ADVISORS

PHASE 3 CONSTRUCTION

LOGAN PROPERTY MANAGEMENT

# LOGAN CAPITAL ADVISORS

MANAGING PARTNERS



Ruben Islas
FOUNDING PARTNER | CEO



Jules Arthur
FOUNDING PARTNER | COO



Paul Runkle
PARTNER | CIO



# LOGAN CAPITAL ADVISORS

ASSET MANAGEMENT



## Rebecca Hyatt

SENIOR ASSET MANAGER



## Peter Lopez-Hodoyan

SENIOR ASSET MANAGER





**Guy Preston**
ASSET MANAGER



**Crystal Young**
ASSET MANAGER



**LOGAN CAPITAL ADVISORS**
PROFESSIONAL SERVICES | CONSULTANTS





Lani Yee
CONTROLLER



Molly O'Dell
ACCOUNTING | TAX CREDIT SPECIAL PROJECTS



Christopher Steward
LEGAL COUNSEL

PHASE 3 CONSTRUCTION



Jeremy Turner

PRESIDENT



Carin Dietz

VICE PRESIDENT | CFO



LOGAN PROPERTY MANAGEMENT



**Martha Enriquez**
PRESIDENT



**Bethany Spooner**
HUMAN RESOURCES

© 2024 Logan Capital Advisors. All Rights Reserved.

EXHIBIT 2





**Rent Stabilization Division – Investigation & Enforcement**
1200 W. 7th Street, 1st Floor, Los Angeles, CA 90017
Tel.: 213-275-3493 | Toll-free: 866-557-7368
hcidla.lacity.org

March 09, 2021

Cecil Elmore
451 S MAIN ST, #437
Los Angeles, CA 90013

RE:    HCIDLA Case Number: CE258992
       Address: 451 S MAIN ST, #437, Los Angeles, CA 90013

Dear Cecil Elmore:

The purpose of this letter is to confirm the following:

The Housing Investigator informed you that habitability violations fall under California Health and Safety Codes and are enforced by the Code Enforcement Unit (CEU) of HCIDLA. CEU will determine a corresponding reduction in rent under the Rent Escrow Account Program (REAP) Regulations, if applicable. Our records revealed that CEU case #775962 was opened to address your housing issues, please call (866) 557-7368 to obtain an update on your CEU case. You may also wish to contact Consumer Affairs (800) 952-5210, to pursue your rights under state law. Also, please see the enclosed legal referrals. If you require any assistance in the future, please contact HCIDLA at (866) 557-7368 or www.hcidla.lacity.org.

Cordially,

LEON ARELLANO, HOUSING INVESTIGATOR
Investigation and Enforcement Section

EXHIBIT 3



# OFFICIAL INSPECTION REPORT
COUNTY OF LOS ANGELES ◆ DEPARTMENT OF PUBLIC HEALTH
OFFICE: MID-CITY ◆ CHIEF: RICHARD LAVIN
3530 WILSHIRE BLVD, 9th FL, LOS ANGELES, CA 90010 - Phone: (213) 351-7892

WWW.PUBLICHEALTH.LACOUNTY.GOV/EH



| Facility Name | ROSSLYN LOFTS | | | Inspection Date | 9/8/2015 |
|---|---|---|---|---|---|
| Facility Address | 451 S MAIN ST | City/Zip | LOS ANGELES, CA 90013 | Phone # | (213) 627-2786 |

| FA | FA0131080 | PR | PR0088436 | SR | N/A | CO | N/A | PE | 2474 |
|---|---|---|---|---|---|---|---|---|---|

| | |
|---|---|
| Furniture | **Violation:** Furniture - Unit<br><br>**Violation Text:** Appliances/Furnishings (i.e. supplied bedding, furniture, counters, cabinets, vanities, shelvings, etc.) shall be maintained in good condition or repair.  11.20.160; 11.20.170; 11.20.340<br><br>**Corrective Action:** |
| Counter, Cabinets, Vanities, Shelving, etc. | **Violation:** Counters, Cabinets, Vanities, Shelving, etc. - Unit<br><br>**Violation Text:** Appliances/Furnishings (i.e. supplied bedding, furniture, counters, cabinets, vanities, shelvings, etc.) shall be maintained in good condition or repair.  11.20.160; 11.20.170; 11.20.340<br><br>**Corrective Action:** |
| Illegal Conversions | **Violation:** Illegal Conversions - Unit<br><br>**Violation Text:** It is unlawful for any person to occupy or to cause or permit another person to occupy any illegally converted rooms or additions.  11.20.140; 11.20.190; 11.2<br><br>**Corrective Action:** |
| Unapproved Use | **Violation:** Unapproved Use - Unit<br><br>**Violation Text:** It is unlawful for any person to occupy or to cause or permit another person to occupy any illegally converted rooms or additions.  11.20.140; 11.20.190; 11.2<br><br>**Corrective Action:** |
| Overcrowding | **Violation:** Overcrowding - Unit<br><br>**Violation Text:** It is unlawful for any person to occupy or to cause or permit another person to occupy any illegally converted rooms or additions.  11.20.140; 11.20.190; 11.2<br><br>**Corrective Action:** |
| Inadequate Lighting | **Violation:** Inadequate Lighting - Unit<br><br>**Violation Text:** Adequate light shall be provided in toilet rooms, ba h and shower rooms, utility rooms, and common areas (i e. hallway, laundry room, recreation room, etc.).  11.20.160; 11.20.190; 11.20.340<br><br>**Corrective Action:** |
| Common Restroom | **Violation:** Common Restrooms - Unit<br><br>**Violation Text:** Premises shall be maintained in a clean, sanitary condition, free from accumulations of garbage, rubbish, refuse and other wastes at all times. Garbage and putrescible matter, whether mixed with rubbish or other matter or not, shall be kept in watertight receptacles with close-fitting lids and with handles or bails. Such receptacles shall be thoroughly cleaned each time their contents are removed.  11.16.020; 11.16.030; 11.16.050; 11.16.060 11.20.140; 11.20.160; 11.20.170; 11.20.180; 11.20.190; 11.20.340; 11 30.010; 11.30.050; 11.30.060; 11 30.070; 11.30.080<br><br>**Corrective Action:** |

u.s. mail

KEN-HONG CHOU

_____              _____
PIC/Owner Signature                              EHS Signature

Help us serve you better by completing a short survey. Visit our website at www.publichealth.lacounty.gov/eh .

1 1                                        Page 4 of 16



# OFFICIAL INSPECTION REPORT
COUNTY OF LOS ANGELES  ◆  DEPARTMENT OF PUBLIC HEALTH
OFFICE: MID-CITY  ◆  CHIEF: RICHARD LAVIN
3530 WILSHIRE BLVD, 9th FL, LOS ANGELES, CA 90010 - Phone: (213) 351-7892
WWW.PUBLICHEALTH.LACOUNTY.GOV/EH



| Facility Name | ROSSLYN LOFTS | | | | Inspection Date | 9/8/2015 |
|---|---|---|---|---|---|---|
| Facility Address | 451 S MAIN ST | | City/Zip | LOS ANGELES, CA 90013 | Phone # | (213) 627-2786 |
| FA FA0131080 | | PR PR0088438 | SR N/A | | CO N/A | PE 2474 |

| | |
|---|---|
| Tank / Base / Bowl / Other | **Violation:** Tank/Base/Bowl/Other - Unit<br><br>**Violation Text:** Dwelling units shall have an approved toilet or privy structure in good repair. 11.20.140; 11.20.160; 11.20.170; 11.20.180; 11.20.190; 11 20.340<br><br>**Corrective Action:** |
| Tub / Shower Stall | **Violation:** Tub/Shower Stall - Unit<br><br>**Violation Text:** Dwelling units shall have an approved bathtub or shower, in good repair. 11.16.050; 11.20.140; 11.20.160; 11.20.170; 11.20.190; 11.20.340<br><br>**Corrective Action:** |
| Fixtures | **Violation:** Fixtures - Unit<br><br>**Violation Text:** Dwelling units shall have an approved bathtub or shower, in good repair. 11.16.050; 11.20.140; 11.20.160; 11.20.170; 11.20.190; 11.20.340<br><br>**Corrective Action:** |
| Inoperable | **Violation:** Inoperable - Unit<br><br>**Violation Text:** Dwelling units shall have a comfort heating unit, in good repair or condition. CA H&S 17920.3 (a) (6); CCR/ Title 25/ Div 1/ Ch 1/ Sub Ch 1/ Art 5/ Sect 34 (a); 11.2<br><br>**Corrective Action:** |
| Unapproved Type | **Violation:** Unapproved Type - Unit<br><br>**Violation Text:** Dwelling units shall have a comfort heating unit, in good repair or condition. CA H&S 17920.3 (a) (6); CCR/ Title 25/ Div 1/ Ch 1/ Sub Ch 1/ Art 5/ Sect 34 (a); 11.2<br><br>**Corrective Action:** |
| Missing | **Violation:** Missing - Unit<br><br>**Violation Text:** Dwelling units shall have a comfort heating unit, in good repair or condition. CA H&S 17920.3 (a) (6); CCR/ Title 25/ Div 1/ Ch 1/ Sub Ch 1/ Art 5/ Sect 34 (a); 11.2<br><br>**Corrective Action:** |
| Bedding | **Violation:** Bedding - Unit<br><br>**Violation Text:** Appliances/Furnishings (i.e. supplied bedding, furniture, counters, cabinets, vanities, shelvings, etc.) shall be maintained in good condition or repair. 11.20.160; 11.20.170; 11.20.340<br><br>**Corrective Action:** |

U.S. mail
_____
**PIC/Owner Signature**

KEN-HONG CHOU
_____
**EHS Signature**



# OFFICIAL INSPECTION REPORT

COUNTY OF LOS ANGELES ◆ DEPARTMENT OF PUBLIC HEALTH
OFFICE: MID-CITY ◆ CHIEF: RICHARD LAVIN
3530 WILSHIRE BLVD, 9th FL, LOS ANGELES, CA 90010 - Phone: (213) 351-7892

WWW.PUBLICHEALTH.LACOUNTY.GOV/EH



| Facility Name | ROSSLYN LOFTS | | | Inspection Date | 9/8/2015 |
|---|---|---|---|---|---|
| Facility Address | 451 S MAIN ST | City/Zip | LOS ANGELES, CA 90013 | Phone # | (213) 627-2786 |
| FA   FA0131080 | PR   PR0088438 | SR   N/A | CO   N/A | | PE   2474 |

| | |
|---|---|
| Water Line | **Violation:** Water Line - Unit<br><br>**Violation Text:** Plumbing fixtures shall be supplied with hot and cold running water under pressure.  Plumbing fixtures shall be in  good repair.  Water lines shall be free from any back siphonage conditions. 11.20.140; 11.20.190; 11.20.260 11.16.050; 11.20.140; 11.20.160; 11.20.170; 11.20.190; 11 20.340  CCR Title 25/ Div 1/ Ch 1/ Sub Ch 1/ Art 5/ Sect 32 (a); 11.20.140; 11.20.190; 11.20.260<br><br>**Corrective Action:** |
| Cross Connection | **Violation:** Cross Connection - Unit<br><br>**Violation Text:** Plumbing fixtures shall be supplied with hot and cold running water under pressure.  Plumbing fixtures shall be in  good repair.  Water lines shall be free from any back siphonage conditions. 11.20.140; 11.20.190; 11.20.260 11.16.050; 11.20.140; 11.20.160; 11.20.170; 11.20.190; 11 20.340  CCR Title 25/ Div 1/ Ch 1/ Sub Ch 1/ Art 5/ Sect 32 (a); 11.20.140; 11.20.190; 11.20.260<br><br>**Corrective Action:** |
| Inadequate Flow | **Violation:** Inadequate Flow - Unit<br><br>**Violation Text:** Plumbing fixtures shall be supplied with hot and cold running water under pressure.  Plumbing fixtures shall be in  good repair.  Water lines shall be free from any back siphonage conditions. 11.20.140; 11.20.190; 11.20.260 11.16.050; 11.20.140; 11.20.160; 11.20.170; 11.20.190; 11 20.340  CCR Title 25/ Div 1/ Ch 1/ Sub Ch 1/ Art 5/ Sect 32 (a); 11.20.140; 11.20.190; 11.20.260<br><br>**Corrective Action:** |
| Sewer / Drain Lines | **Violation:** Sewer/Drain Lines - Unit<br><br>**Violation Text:** All plumbing drains and sewer lines shall be water tight, free flowing, and drain into a municipal sewer system or into an approved onsite wastewater treatment system. Sewer lines shall not discharge to the ground surface or to a location other than intended.  11.20.140, 11.20.190, 11.38.042, 11.38.610, 11.38.700, 11.38.720, 11.38.820<br><br>**Corrective Action:** |
| Cover Plates | **Violation:** Cover Plates - Unit<br><br>**Violation Text:** Fixtures/Cover Plates/Outlets shall be maintained in good repair in the dwelling units and common areas. 11.20.140; 11.20.160; 11.20.190; 11 20.340<br><br>**Corrective Action:** |
| Outlet / Fixtures | **Violation:** Outlet/Fixtures - Unit<br><br>**Violation Text:** Fixtures/Cover Plates/Outlets shall be maintained in good repair in the dwelling units and common areas. 11.20.140; 11.20.160; 11.20.190; 11 20.340<br><br>**Corrective Action:** |
| Wiring | **Violation:** Wiring - Unit<br><br>**Violation Text:** Fixtures/Cover Plates/Outlets shall be maintained in good repair in the dwelling units and common areas. 11.20.140; 11.20.160; 11.20.190; 11 20.340<br><br>**Corrective Action:** |

U.S. mail

_____
PIC/Owner Signature

KEN-HONG CHOU

_____
EHS Signature

Help us serve you better by completing a short survey. Visit our website at www.publichealth.lacounty.gov/eh .

11                                    Page 2 of 16

# OFFICIAL INSPECTION REPORT

**COUNTY OF LOS ANGELES  •  DEPARTMENT OF PUBLIC HEALTH**
**OFFICE: MID-CITY  •  CHIEF: RICHARD LAVIN**
**3530 WILSHIRE BLVD, 9th FL, LOS ANGELES, CA 90010  -  Phone: (213) 351-7892**

WWW.PUBLICHEALTH.LACOUNTY.GOV/EH



| | | | | |
|---|---|---|---|---|
| **Facility Name:** | ROSSLYN LOFTS | | **Inspection Date:** | 6/8/2021 |
| **Owner/Permittee:** | ROSSLYN LOFTS HOUSING PARTNERS LP THE AMERLAND GROUP- RUBEN ISLAS | | **Re-inspection Date:** | 6/30/2021 |
| **Facility Address:** | 451 S MAIN ST | City/Zip: LOS ANGELES, CA 90013 | | Phone #: |
| **Email Address:** | ROSSLYNMGR@LOGANPM.COM | EHS: | EDGAR ANTONYAN | |
| **Mailing Address:** | PO BOX 880367 , SAN DIEGO, CA 92168 | | Time In: 07:00 AM | Time Out: 08:28 AM |
| **EH Office Number:** | (213) 351-7892 | Program Identifier: N/A | **Service:** COMPLAINT INVESTIGATION | |
| **FA:** FA0131080 | PR: N/A   SR: N/A | CO: COYCW5ESR   PE: 2473 | **Result:** CORRECTIVE ACTION / FOLLOW UP REQUIRED  **Action:** REINSPECTION REQUIRED | |

---

| | |
|---|---|
| **Rats / Mice** | ***Violation:*** Rats/Mice - Premises<br><br>***Violation Text:*** Dwellings shall be free of vermin infestation/harborage (i.e., cockroaches, flies, mosquitoes, mites, fleas, bedbugs, rats/mice). LACC/ Title 11/ Section 11.20.140; 11.20.160; 11.20.170; 11.20.330; 11.30.010; 11.30.050; 11.30.060; 11.30.070; 11.30.080<br><br>***Corrective Action:*** Eliminate rodents through safe, legal and effective methods.<br><br>Observed the following:<br><br>One (1) rat dropping, on the floor, in front of UNIT #▮. |
| **Cast - Offs / Debris / Waste** | ***Violation:*** Cast-Offs/Debris/Waste - Premises<br><br>***Violation Text:*** Premises shall be maintained in a clean, sanitary condition, free from accumulations of garbage, rubbish, refuse and other wastes at all times. Garbage and putrescible matter, whether mixed with rubbish or other matter or not, shall be kept in watertight receptacles with close-fitting lids and with handles or bails. Such receptacles shall be thoroughly cleaned each time their contents are removed. 11.16.020; 11.16.030; 11.16.050; 11.16.060; 11.20.140; 11.20.160; 11.20.170; 11.20.180; 11.20.190; 11.30.010; 11.30.050; 11.30.060; 11.30.070; 11.30.080<br><br>***Corrective Action:*** Remove accumulated trash, debris, rubbish, garbage from premises. Clean and sanitize all areas affected by vermin activities.<br><br>Observed the following:<br><br>Three old, used and broken cabinets, stored in hallway, on 2nd floor. |
| **Cockroaches** | ***Violation:*** Cockroaches - Premises<br><br>***Violation Text:*** Dwellings shall be free of vermin infestation/harborage (i.e., cockroaches, flies, mosquitoes, mites, fleas, bedbugs, rats/mice). LACC/ Title 11/ Section 11.20.140; 11.20.160; 11.20.170; 11.20.330; 11.30.010; 11.30.050; 11.30.060; 11.30.070; 11.30.080<br><br>***Corrective Action:*** Eliminate cockroaches and all evidence of cockroaches by safe, legal and effective methods.<br><br>Observed the following:<br><br>1. One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮.<br><br>2. Two (2) dead adult German cockroaches ,in hallway, on the floor, in front of UNIT #▮.<br><br>3. Two (2) dead adult German cockroaches ,in hallway, on the floor, in front of UNIT #▮.<br><br>4. One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮. |

*e - mail*

**PIC/Owner Signature**

EDGAR ANTONYAN

**EHS Signature**

Help us serve you better by completing a short survey. Visit our website at www.publichealth.lacounty.gov/eh

1.1



# OFFICIAL INSPECTION REPORT

COUNTY OF LOS ANGELES  •  DEPARTMENT OF PUBLIC HEALTH
OFFICE: MID-CITY  •  CHIEF: RICHARD LAVIN
3530 WILSHIRE BLVD, 9th FL., LOS ANGELES, CA 90010 - Phone: (213) 351-7892

WWW.PUBLICHEALTH.LACOUNTY.GOV/EH



| Facility Name: | ROSSLYN LOFTS | | | | Inspection Date: | 6/8/2021 |
|---|---|---|---|---|---|---|
| Facility Address: | 451 S MAIN ST | | City/Zip: LOS ANGELES, CA 90013 | | Phone #: | |
| FA: FA0131080 | PR: N/A | | SR: N/A | CO: COYCW5ESR | | PE: 2473 |

5.Two (2) dead adult German cockroaches ,in hallway, on the floor, in front of UNIT #▮.

6.One (1) live nymph German cockroach, in hallway, on the floor, in front of UNIT #▮.

7.One (1) dead adult German cockroach, in hallway, on the floor, on the door threshold of UNIT #▮.

8.One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮.

9. One (1) dead adult German cockroach, in hallway, on the floor, in front of 4th floor freight elevator door.

10.One (1) live nymph German cockroach, in hallway, on the floor, in front of UNIT #▮.

11.Six (6) dead adult German cockroaches ,in hallway, on the floor, in front of UNIT #▮.

12.One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮.

13. One (1) live nymph German cockroach, in hallway, on the floor, in front of 4th floor trash chute.

14.One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮.

15.One (1) live nymph German cockroach, in hallway, on the floor, in front of UNIT #▮.

16.Three (3) dead adult German cockroaches ,in hallway, on stairs, between 5th and 6th floors.

17.One (1) live adult German cockroach, in hallway, on the floor, in front of UNIT #▮.

18.One (1) dead adult German cockroach, in hallway, on the floor, on the door threshold of UNIT #▮.

19.One (1) live adult German cockroach, with egg casing attached, in hallway, on the floor, in front of UNIT #▮.

20.One (1) dead nymph German cockroach, on the wall , of UNIT #▮.

21.One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮.

22.One (1) cockroach egg casing, in hallway, on the floor, in front of UNIT #▮.

23.One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮.

24.One (1) live nymph German cockroach, in hallway, on the floor, in front of 7th floor trash chute.

25.One (1) dead adult German cockroach , in hallway, on stairs, between 7th and 8th floors.

26.One (1) live nymph German cockroach, in hallway, on the floor, in front of UNIT # ▮.

27.One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT # ▮.

28.Two (2) dead adult German cockroaches ,in hallway, on the floor, in front of UNIT #▮.

29.One (1) live American cockroach, in hallway, on the floor, in front of UNIT #▮.

30.One (1) dead adult German cockroach, in hallway, on the floor, in front of UNIT #▮.

31.Four (4) dead adult German cockroaches ,in hallway, on the floor, in front of UNIT #▮.

e - mail

_____
PIC/Owner Signature

EDGAR ANTONYAN
_____
EHS Signature

Help us serve you better by completing a short survey. Visit our website at www.publichealth.lacounty.gov/eh.

1.1                                Page 2 of 5

EXHIBIT 4

From: Theodore Victorio TVictorio@ph.lacounty.gov
Subject: COMPLAINT INVESTIGATION
Date: Oct 6, 2020 at 8:32:38 AM
To: audiboy87@yahoo.com

https://ehservices.publichealth.lacounty.gov/servlet/forms?
IFormDirId=1&action=2&formDataId=17240470&saveAction=2

# Facility

**Facility**
ROSSLYN LOFTS
**Address**
451 S MAIN ST
**City**
LOS ANGELES
**Zip**
90013
**Phone**
213-627-2786
**Facility ID**
FA0131080
**Last Inspection Date**
01/11/2018
**Program ID**
PR0088438

# Inspection

**Inspection Date**
09/21/2020
**Inspection Type**
COMPLAINT INVESTIGATION
**Violations**
2.0
**Inspection Number**
DA8TKJNKT
**Service Request**
PR0088438

# Violations

| Points | Degree of Violation | Violation Description |
|--------|---------------------|-----------------------|
| 0.0 | | Cockroaches - Premises |
| 0.0 | | Cast-Offs/Debris/Waste - Premises |

Best
regards,

**THEODORE VICTORIO, EHS I**
Environmental Health Specialist I
3530 Wilshire Blvd., 9th Floor

Los Angeles, CA 90010
(213) 351-7944
Customer Call Center. (888) 700-9995
tvictorio@ph.lacounty.gov


*The Department of Public Health (Public Health) is committed to
educating you on Coronavirus.*
*To that end, Public Health is offering numerous resources for your
review at the following website:* ___http://
publichealth.lacounty.gov/media/coronavirus/.__




# OFFICIAL INSPECTION REPORT

COUNTY OF LOS ANGELES  •  DEPARTMENT OF PUBLIC HEALTH
OFFICE: MID-CITY  •  CHIEF: RICHARD LAVIN
3530 WILSHIRE BLVD, 9th FL, LOS ANGELES, CA 90010  -  Phone: (213) 351-7892

WWW.PUBLICHEALTH.LACOUNTY.GOV/EH

| Facility Name: | ROSSLYN LOFTS | | | | | | Inspection Date: | | 9/21/2020 | |
|---|---|---|---|---|---|---|---|---|---|---|
| Owner/Permittee: | ROSSLYN LOFTS HOUSING PARTNERS LP THE AMERLAND GROUP- RUBEN ISLAS | | | | | | Re-Inspection Date: | | 10/12/2020 | |
| Facility Address: | 451 S MAIN ST | | | City/Zip: | LOS ANGELES, CA 90013 | | | Phone #: | | |
| Email Address: | NONE SPECIFIED | | | | EHS: | THEODORE VICTORIO | | | | |
| Mailing Address: | PO BOX 880367 , SAN DIEGO, CA 92168 | | | | | | Time In: 07:00 AM | | Time Out: 08:22 AM | |
| EH Office Number: | (213) 351-7892 | | Program Identifier: N/A | | | | Service: | COMPLAINT INVESTIGATION | | |
| FA: FA0131080 | PR: N/A | SR: N/A | | CO: CO0222720 | | PE: 2474 | Result: | CORRECTIVE ACTION / FOLLOW UP REQUIRED | | |
| | | | | | | | Action: | REINSPECTION REQUIRED | | |

| | |
|---|---|
| Cockroaches | **Violation:** Cockroaches - Premises<br><br>**Violation Text:** Dwellings shall be free of vermin infestation/harborage (i.e., cockroaches, flies, mosquitoes, mites, fleas, bedbugs, rats/mice). LACC/ Title 11/ Section 11.20.140; 11.20.160; 11.20.170; 11.20.330; 11.30.010; 11.30.050; 11.30.060; 11.30.070; 11.30.080<br><br>**Corrective Action:**        Eliminate cockroaches and all evidence of cockroaches by safe, legal and effective methods.<br><br>- Observed approximately 3 live german cockroaches in hallway premise of 4th and 5th floor of Rosslyn Lofts.<br>- Observed approximately 50 dead german cockroaches in hallway premises of 4th and 5th floor of Rosslyn Lofts. |
| Cast - Offs / Debris / Waste | **Violation:** Cast-Offs/Debris/Waste - Premises<br><br>**Violation Text:** Premises shall be maintained in a clean, sanitary condition, free from accumulations of garbage, rubbish, refuse and other wastes at all times. Garbage and putrescible matter, whether mixed with rubbish or other matter or not, shall be kept in watertight receptacles with close-fitting lids and with handles or bails. Such receptacles shall be thoroughly cleaned each time their contents are removed. 11.16.020; 11.16.030; 11.16.050; 11.16.060 11.20.140; 11.20.160; 11.20.170; 11.20.180; 11.20.190; 11.20.340; 11.30.010; 11.30.050; 11.30.060; 11.30.070; 11.30.080<br><br>**Corrective Action:**        Remove accumulated trash, debris, rubbish, garbage, and waster from premises.<br><br>- Observed puddle of urine in hallway premise of 4th floor. |

## OVERALL INSPECTION COMMENTS

Complaint investigation was conducted to address allegations regarding accumulation of dog feces and a cockroach and rodent infestation at the ROSSLYN LOFTS premises.

At the time of the investigation, observed the following in the 4th and 5th floor of ROSSLYN LOFTS premises:

- Puddle of urine in hallway premises.

- Live german cockroaches in hallway premises.
- Dead german cockroaches throughout hallway premises.
Recommend to clean all dead cockroaches around building premises.

- No evidence of live rodent activity throughout building

Refer to the Official Inspection Report for detailed information on health code violations cited. Failure to comply with directives and compliance times may result in further legal action.

| US MAIL | THEODORE VICTORIO |
|---|---|
| **PIC/Owner Signature** | **EHS Signature** |

Help us serve you better by completing a short survey. Visit our website at www.publichealth.lacounty.gov/eh.

EXHIBIT 5



# EXHIBIT 6

ID 1323-153124                Page: 03 of 29          2021-02-24 2:4...         16192725191              From: Christopher Steward, Esq.

**WV-109**    Notice of Court Hearing

FILED
Superior Court of California
County of Los Angeles

FEB 23 2021

Fill in court name and street address:

Superior Court of California, County of Los Angeles 111 North Hill Street, Los Angeles CA 90012 Stanley Mosk Courthouse

① Petitioner (Employer)

a.    Name: The Rosslyn Lofts Housing Partners, LP.

Lawyer for Petitioner (if any for this case):

Name: Christopher W. Steward        State Bar No.: 171188

Firm Name: Christopher W. Steward APLC

b.    Address (If you have a lawyer, give your lawyer's information.):

Address: PO Box 16006

City: San Diego        State: CA    Zip: 92176

Telephone: 619-297-8480        Fax: 619-272-5191

E-Mail Address: chris@stewlaw.com

② Employee in Need of Protection

Full Name: Wendy Contreras; Michael Vasquez; Araceli Castillo; Luther

③ Respondent (Person From Whom Protection Is Sought)

Full Name: Cecil Elmore

Fill in case number:

Case Number:

**21STRO00907**

*The court will complete the rest of this form.*

④ Notice of Hearing

A court hearing is scheduled on the request for restraining orders against the respondent:

| Hearing Date | → Date: 03/16/21    Time: 8:30am | Name and address of court if different from above: |
|---|---|---|
| | Dept.: 25    Room: 517 | |

⑤ Temporary Restraining Orders *(Any orders granted are on Form WV-110, served with this notice.)*

a.    Temporary Restraining Orders for personal conduct and stay away orders as requested in Form WV-100, *Request for Workplace Violence Restraining Orders*, are *(check only one box below)*:

(1) ☒ All GRANTED until the court hearing.

(2) ☐ All DENIED until the court hearing.  *(Specify reasons for denial in b, below.)*

(3) ☐ Partly GRANTED and partly DENIED until the court hearing.  *(Specify reasons for denial in b, below.)*

Judicial Council of California, www.courts.ca.gov
Revised July Jan. 1, 2019, Mandatory Form
Code of Civil Procedure, § 527.8
Approved by DVR        Notice of Court Hearing
(Workplace Violence Prevention)        WV-109, Page 1 / 13
→

EXHIBIT 7





HOME > FILM > NEWS

March 11, 2021 10:53am PT

# California Officials Want Films to Be More Diverse. Their Plan Would Help a Studio Developer in Banning

By Gene Maddaus













A bill in the California Legislature to promote diversity in TV and film
would also help a housing developer who wants to build a $200 million film
studio in Banning.

The bill would add Banning — a small city 90 miles east of Los Angeles — to
the so-called "30-mile zone," which is the area where producers pay lower
mileage rates and per diems. If adopted in the collective bargaining
process, that change would provide studios and production companies
with a financial incentive to use the proposed facility.

The bill would also create a new $200 million annual tax credit for
"minority films" — independent productions that are minority-owned and
employ a majority non-white cast and crew.

ADVERTISEMENT



**Temu Best Deals**
Temu

The developer behind the studio project, Ruben Islas, told *Variety* in an interview this week that his aim is to produce films with uplifting and inclusive messages. He said he wanted to see more positive depictions of Latinos, which would reflect his own experience growing up in a low-income neighborhood in San Diego.

"I understand there is a void for representation for minorities," Islas said. "I hope I can create a place that can foster new talent and new films."

The proposal has the backing of the state treasurer, Fiona Ma, who is a longtime supporter of the state's film tax credit program. Ma is the sponsor

of the bill — AB 986 — and helped Islas identify the city's airport as a development site.

Ma and Islas toured the site about four months ago, and the talks have progressed from there, said James Wurtz, the city's economic development manager.

Islas also recently contributed $15,600 to Ma's re-election campaign, according to state campaign finance records.

In an interview, Ma talked up Islas' "dream project" — dubbed Grandave Studios — as a way to keep diverse productions in the state.

"This is modeled after the Tyler Perry studio," she said. "We're trying to level the playing field with this."

Islas presented his plans at a Banning City Council meeting last month. Ma called into the meeting to offer her support for the project.

ADVERTISEMENT



The city has been trying for years to close the run-down airport, which is a drain on the city's coffers and only has a handful of takeoffs a day. The primary tenant is a skydiving operation, and the facility is also used for drag-racing.

Islas walked the council through his plan to build a series of domes and sound stages, and possibly a water tank. He said the facility could be made sound-proof, so filming would not be interrupted by airport operations or

the nearby freight tracks. He also told the council the facility could bring
8,000 jobs to the city.

"I've got the money. I'm gonna do it," he said at the meeting. "So let's get
things approved."

Plan for Grandave Studios at Banning Municipal Airport *Courtesy of Ruben
Islas*

Banning sits alongside the 10 freeway, and most travelers pass right by it
on the way to the Morongo Casino, the nearby outlet malls, or Palm
Springs. The city is economically depressed and could use a boost.

"I have seen the highs and I've seen the lows," Mayor Colleen Wallace told
*Variety*. "It's low now. This will help us. This will put us on the map."

Ma alluded in the council meeting to providing tax credits to help make the
project a reality.

"I am committed to helping — whatever I can, with traffic mitigations, tax
credits, and any other support you need," she said. "We are losing so many
jobs and tax revenues to other states that clearly should be and could be
coming back to California."

Islas told *Variety* that he is not depending on the passage of the bill in order
to finance the project.

"I'm not just making a pipe dream," he said. "I know how to do real estate. I
know how to do numbers. I'm a finance guy. The legislation — AB 986 — is
very exciting. We do need equitability. If it goes through and the governor
signs it, that's wonderful."

ADVERTISEMENT



But he added, "I can't be in a position to hold onto that. My project has to
stand on its own."

He said he had started to put out "feelers" to Hollywood to gauge whether
there would be interest in shooting in Banning, but had not had any
concrete discussions.

As drafted, the legislation would add Banning to the "studio zone," which
historically has been a 30-mile circle centered on the intersection of La
Cienega and Beverly boulevards. Over the years, producers have added a
handful of slightly more distant locations to the zone, including the
Pomona Fairplex and the Ontario International Airport.

But to gain any benefit from inclusion in the zone, the change would have
to be adopted by producers and entertainment unions in their contracts.
The only effect of adding it solely to state law would be to eliminate a 5%
bonus in the tax credit program that goes to projects that film outside the
studio zone.

The current California tax credit program provides $330 million a year to films and TV shows, subsidizing up to 25% of the costs of production. The bill would increase that amount to 40% for "minority films," and add an additional $200 million for such projects on top of the existing program.

Former Assemblyman Mike Gatto, who authored the bill that created the current version of the program, expressed skepticism about the proposal.

"It's a tough time from a financial standpoint," he said. "It's probably not the best optics to give away hundreds of millions of dollars."

He also argued that mandating diversity through the tax credit system would run into legal obstacles.

"I believe that Hollywood does need some changes," Gatto said. "I don't think, legally, they can come from the government."

But Assemblyman Mike Gipson, who introduced the bill last month, said it presents a win-win for the state and for the entertainment industry.

"I think it levels the playing field in a very simple fashion," Gipson said. "It will allow young men and young women of color to get behind the scenes, and become lighting engineers and technicians, and get behind the camera."

ADVERTISEMENT



Super Sale
Temu

Gipson also expressed enthusiasm about Grandave Studios.

"I have met Ruben. I believe he can muster the capital to do it," Gipson said. "It just makes sense for California to be a partner."

   

© 2024 PMC. All rights reserved.

EXHIBIT 8

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: 21STUD000.31
Date Filed: 01/12/2021

## NOTICE OF UNLAWFUL DETAINER
## (EVICTION)

**FILED**
Superior Court of California
County of Los Angeles

**01/13/2021**

Sherri R. Carter, Executive Officer, Clerk of Court

By: _____ G. Drapac _____ Deputy

ALL OCCUPANTS

451 S. Main Street, Unit 437

Los Angeles, CA 90013

### THE ROSSLYN LOFTS HOUSING PARTNERS, L.P. vs CECIL ELMORE

An Unlawful Detainer complaint (eviction action) has been filed, naming you as a defendant.

The following organizations, among others, may be contacted for legal advice:

| | | | |
|---|---|---|---|
| • Bet Tzedek Legal Services (L.A. County) | (323) 939-0506 | • Legal Aid Foundation of Los Angeles | (800) 399-4529 |
| • Community Legal Aid SoCal | (800) 834-5001 | • Neighborhood Legal Services of Los Angeles | (800) 433-6251 |
| • Shriver Self Help Center (Located at Stanley Mosk Courthouse) | (818) 485-0576 | • Los Angeles County Bar Association – Smart Law | (213) 243-1525 |

The State Bar of California certifies lawyer referral service in California and publishes a list of certified lawyer referral services organized by county. To locate a lawyer referral service in your county, go to the State Bar's website at www.calbar.ca.gov or call 1-866-442-2529.

 Persons with disabilities may request an accommodation by completing a REQUEST FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES form (Judicial Council Form MC-410). Forms are available in the clerk's office, on the court's Web site, or will be mailed upon request. Submit the completed form to the clerk and ADA Coordinator at the courthouse where your case is pending. Form MC-410, and any other pleadings in this case, may be filed by fax. For more information, contact the ADA Coordinator's office at (213) 633-5882 or visit the court's website at www.lacourt.org.

If you need a Spanish language interpreter for an eviction case, interpreters are available at each courthouse. If you need an interpreter in another language for a courtroom proceeding, please request one prior to your court date through the Interpreter Request Portal found on the court's website via the Self-Help Resources tab located on the home page at http://www.lacourt.org. While the court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available.

During the first 60 days from the date of filing, the case file may only be reviewed by the following persons:
1) Any party listed in the action,
2) An attorney for one of the parties,
3) Any other person who provides the clerk the following: (a) Name of at least one plaintiff and one defendant in the action and the address, including any applicable apartment, unit, or space number of the subject premises. (b) The name of one of the parties in the action or the case number and can establish through proper identification that (s)he lives at the subject prem.... s.

Persons who do not meet the requirements described above cannot access the court index, register of actions, or other court records until 60 days after the complaint is filed, except pursuant to an ex parte order upon a showing of good cause.

### CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Unlawful Detainer (Eviction) upon each party or counsel named below and to "All Occupants" at the subject premises by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 01/13/2021

By: G. Drapac
Deputy Clerk

LASC CIV 002 (Rev. 07/20)
Approved 04-05
For Optional Use

### NOTICE OF UNLAWFUL DETAINER (EVICTION)

Code Civ. Proc.
§§ 1161.2, 1161.2(c)

EXHIBIT 9

Received: 4/12/2022 10:36 AM

**WV-109**      Notice of Court Hearing

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles

APR 12 2022

~~Sherri R. Carter, Executive Officer/Clerk~~
By _Susan Gonzales_ , Deputy
Susan Gonzalez

① **Petitioner (Employer)**

a.   Name: The Rosslyn Lofts Housing Partners, LP.

Lawyer for Petitioner (if any for this case):

Name: Christopher W. Steward        State Bar No.: 171188

Firm Name: Christopher W. Steward APLC

b.   Address (If you have a lawyer, give your lawyer's information.):

Address:  PO Box 16006

City:  San Diego              State: CA     Zip: 92176

Telephone: 619-297-8480      Fax: 619-272-5191

E-Mail Address: chris@stewlaw.com

Fill in court name and street address:

Superior Court of California, County of Los Angeles 111 North Hill Street Los Angeles CA 90012 Stanley Mosk Courthouse

② **Employee in Need of Protection**

Full Name: Michael Vasquez

Fill in case number:

Case Number:
22STRO02187

③ **Respondent (Person From Whom Protection Is Sought)**

Full Name: Cecil Elmore

*The court will complete the rest of this form.*

④ **Notice of Hearing**

A court hearing is scheduled on the request for restraining orders against the respondent:

| Hearing Date | → Date: 05/05/22 Time: 8:30AM | Name and address of court if different from above: |
|---|---|---|
| | Dept.: 13  Room: 312 | |

⑤ **Temporary Restraining Orders** *(Any orders granted are on Form WV-110, served with this notice.)*

a.   Temporary Restraining Orders for personal conduct and stay away orders as requested in Form WV-100, *Request for Workplace Violence Restraining Orders*, are *(check only one box below)*:

(1)  ☒ All **GRANTED** until the court hearing.

(2)  ☐ All **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

(3)  ☐ Partly **GRANTED** and partly **DENIED** until the court hearing. *(Specify reasons for denial in b, below.)*

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2012, Mandatory Form
Code of Civil Procedure § 527.8
Approved by DOJ

**Notice of Court Hearing**
(Workplace Violence Prevention)

WV-109, Page 1 of 3
→

①

EXHIBIT 10

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Cherol Nellon

**UD-100**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** | FOR COURT USE ONLY |
| NAME: **Christopher W. Steward**  STATE BAR NUMBER: **171188** | |
| FIRM NAME: **Christopher W. Steward APLC** | |
| STREET ADDRESS: **PO Box 16006** | |
| CITY: **San Diego**   STATE: **CA**   ZIP CODE: **92176** | |
| TELEPHONE NO.: **619-297-8480**   FAX NO.: **619-272-5191** | |
| EMAIL ADDRESS: **chris@stewlaw.com** | |
| ATTORNEY FOR (name): **The Rosslyn Lofts Housing Partners, L.P.** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: **111 North Hill Street**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles 90012**
BRANCH NAME: **Stanley Mosk Courthouse**

PLAINTIFF: **The Rosslyn Lofts Housing Partners, L.P.**

DEFENDANT: **Cecil Elmore**

[✓] DOES 1 TO 10

| | |
|---|---|
| **COMPLAINT—UNLAWFUL DETAINER*** | CASE NUMBER: |
| [✓] COMPLAINT   [ ] AMENDED COMPLAINT   (Amendment Number): | **22STUD01078** |

**Jurisdiction** *(check all that apply):*

[✓] ACTION IS A LIMITED CIVIL CASE
Amount demanded   [✓] does not exceed $10,000.
　　　　　　　　[ ] exceeds $10,000 but does not exceed $25,000.
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*
　　[ ] from unlawful detainer to general unlimited civil (possession not in issue).　[ ] from limited to unlimited.
　　[ ] from unlawful detainer to general limited civil (possession not in issue).　[ ] from unlimited to limited.

1. *PLAINTIFF (name each):*
**The Rosslyn Lofts Housing Partners, L.P.**

   *alleges causes of action against DEFENDANT (name each):*
**Cecil Elmore**

2. a. Plaintiff is  (1) [ ] an individual over the age of 18 years.  (4) [✓] a partnership.
　　　　　　　　(2) [ ] a public agency.　　　　　　　　(5) [ ] a corporation.
　　　　　　　　(3) [ ] other *(specify):*
　 b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):*
**451 S. Main Street, Unit 437, Los Angeles, CA 90013, Los Angeles County**

   b. The premises in 3a are *(check one)*
　　(1) [✓] within the city limits of *(name of city):* **Los Angeles**
　　(2) [ ] within the unincorporated area of *(name of county):*

   c. The premises in 3a were constructed in *(approximate year):* **1913**

4. Plaintiff's interest in the premises is  [✓] as owner  [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

**\* NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]
**COMPLAINT—UNLAWFUL DETAINER**
Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12, 1166
*www.courts.ca.gov*