Cecil Elmore
PO Box 78494
Los Angeles, California, 90016
Email Address: audiboy87@yahoo.com
Phone Number: 323-608-9894

FILED

2024 MAY 20  PM 3: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CECIL ELMORE,<br><br>Plaintiff(s)<br><br>vs.<br><br>RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; MICHAEL VASQUEZ; MARK WIESE; ARACELLI CASTILLO; WENDY CONTRERAS; LUTHER GADSON; GONZALO RIVERA; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; ROSSLYN PARTNERS, LLC; CHASE PROTECTIVE SERVICES, INC.; THOMAS PAUL WHITE; JOSE RAMIREZ; DEWEY SERVICES, INCORPORATED; THEODORE VICTORIO; GLADYS BOATENG; EDGAR ANTONYAN,<br><br>Defendant(s) | Case No.: **2:24-CV-01719-JLS-JDE**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**<br>2. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**<br>3. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**<br>4. **VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI**<br>5. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**<br>6. **VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI**<br>7. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**<br>8. **VIOLATION BREACH OF CONTRACT**<br>9. **VIOLATION FRUAD**<br>10. **VIOLATION FRUAD**<br>11. **VIOLATION FRAUD**<br><br>**JURY TRIAL DEMANDED: YES** |

## I.   JURISDICTION

1.      This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

2.      Plaintiff Cecil Elmore claims for violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), and 42 U.S.C. § 1981, among other claims for relief, arise under the Constitution and laws of the United States such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff Cecil Elmore claims for violation of California State Law concern the same action and omissions that form the basis of Plaintiff federal question claims such that they all are part of the same case or controversy.

4.      This Court, therefore, has supplemental jurisdiction over those California State Law claims pursuant to 28 U.S.C. § 1367.

## II.   VENUE

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1 and 2). Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, INC.; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; Mark Wiese; Wendy Contreras; Aracelli Castillo; Michael Vasquez; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Gonzalo Rivera; Dewey Services, Incorporated; Luther Gadson; Gladys Boateng; Theodore Victorio; Edgar Antonyan, reside in the Central District of California, and the events, acts and omissions giving rise to Plaintiff Cecil Elmore claims occurred in the Central District of California.

## III.   PARTIES

6.      Plaintiff Cecil Elmore is an adult qualified to bring suit on his own behalf.  At all relevant time Plaintiff Cecil Elmore resided in the City of Los Angeles, County of Los Angeles, in the State of California.  Plaintiff Cecil Elmore is an African American, with a mental and physical disability, that affects his ability to perform daily activities.  Plaintiff is an African American, Federally protected in a minority class.

7.       Plaintiff has a Tax Credit Lease Contract at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff with his Tax Credit Lease Contract and is renting an apartment unit that is 1 of 298 apartment units of Defendant The Rosslyn Lofts Housing Partners, LP. There is an agreement between the U.S. Department of Housing and Urban Development ("HUD") and the City of Los Angeles, California ("City") and subrecipient Defendant The Rosslyn Lofts Housing Partners, LP, in a Federal Program as a participant, subrecipient, development in the U.S. Department of Housing and Urban Development Program consisting of Federal Financial Assistance, including Economic Development Initiative (EDI); Grants; Community Development Block Grants (CDBG); HOME Program Funds; Section 108 Loans, through various cooperation agreements, written agreements, and loan agreements. The City uses these funds to provide housing through arrangements with subrecipient Defendant The Rosslyn Lofts Housing Partners, LP and owner Defendant Ruben Islas Jr; Ruben Islas to aid apartment units and Plaintiff apartment unit.

8.       Defendant The Rosslyn Lofts Housing Partners, LP has received Federal Financial Assistance and Funds used on behalf of Plaintiff and apartment unit rental arrears through the Federal Covid-19 Relief Act [Exhibit 1] which provides California with an estimated $2.6 billion in rental assistance funds. Of that, $1.5 billion comes to the State to be distributed State wide to eligible landlords and tenants. Plaintiff and Defenant The Rosslyn Lofts Housing Partners, LP were eligible as Defendant The Rosslyn Lofts Housing Partners, LP, received rental assistance and funds for Plaintiff apartment unit Tax Credit Lease Contract rent arrears owed. This Federal Program emphasizes payments made to landlord Defendant The Rosslyn Lofts Housing Partners, LP, as Plaintiff household is under 50% AMI which is priority.

9.       Defendant Ruben Islas Jr [Exhibit 2] is sued in his individual capacity and also the other businesses that Defendant Ruben Islas Jr owns, operates, manages and oversees business ventures of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., Islas Development, LLC.; Rosslyn Partners, LLC. Defendants Ruben Islas Jr is the landlord, owner who controls and operates the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.

10.       Defendant Ruben Islas [Exhibit 2] is sued in his individual capacity and also the other businesses that Defendant Ruben Islas owns, operates, manages and oversees business ventures of Logan Capital Advisors, LLC as he is the Founding Partner, CEO; The Rosslyn Lofts Housing Partners, LP; Logan Property Management,

INC.; Amerland Group, LLC; Alexandria Housing Partners, L.P., Islas Development, LLC.; Islas Development, LLC; Rosslyn Partners, LLC, that operate "The Rosslyn Lofts" apartments.  Defendants Ruben Islas is the landlord, owner who controls and operates the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013; controls and operates businesses Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.

11.        Defendant Logan Capital Advisors, LLC is sued in their official capacity as a Limited Liability Company.  Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Logan Capital Advisors, LLC  - are the company that oversees with their in-house management, Defendant Loga Property Management, INC. [Exhibit 3] as stated on website https://logancapitaladvisors.com/about/, regarding the apartment building "The Rosslyn Lofts." Defendant Ruben Islas; Defendant Ruben Islas Jr; Defendant Jules Arthur are the Founding Partner of Defendant Logan Capital Advisors, LLC.  Defendant Paul Runkle is a Partner of Defendant Logan Capital Advisors, LLC.

12.        Defendant The Rosslyn Lofts Housing Partners, LP is sued in their official capacity as a Limited Partnership.  Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92106 and doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.  Defendant The Rosslyn Lofts Housing Partners, LP, are a participant and subrecipient in an agreement between the U.S. Department of Housing and Urban Development ("HUD") and the City of Los Angeles, California ("City).  In this agreement, "The Rosslyn Lofts" apartments operated by Defendants The Rosslyn Lofts Housing Partners, LP are as follows: # 115, Construction Start Date: 11/1/2007, Project Name: Rosslyn Lofts, Address: 451 S Main Street, Los Angeles, California, 90013, Total Units: 298 as they are still currently a subrecipient in this program.  The apartment building "The Rosslyn Lofts" is located within the community redevelopment agency of the City of Los Angeles, City Center Redevelopment Project Area. Plaintiff is informed, believe, and on that basis allege that Defendant The Rosslyn Lofts Housing Partners, LP "The Rosslyn Lofts" has received a variety of Local, State, and Federal Funding for the acquisition, renovation and redevelopment of the "The Rosslyn Lofts" which has been in renovation.  The funding includes, but is not limited to, funding in the form of Tax Exempt Bonds and HOME Investment Partnerships ("HOME") Program

Funding. Defendant The Rosslyn Lofts Housing Partners, LP – controlled, managed by Defendant Ruben Islas Jr; Defendant Rosslyn Partners, LLC; Defendant Pacific Housing, INC.; and Defendant Mark Weise.

13.     Defendant Logan Property Management, INC., is sued in their official capacity as an Incorporation. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013. Defendant Logan Property Management, INC. – controlled, managed by Defendant Logan Capital Advisors, LLC; Defendant Martha Islas-Enriquez; Defendant Ruben Islas Jr; Defendant Ruben Islas; Defendant Jules Lucius Arthur.

14.     Defendant The Amerland Group, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116 and doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013 as a landlord and owner. Defendant The Amerland Group, LLC, managed by Defendant Ruben Islas Jr; Defendant Ruben Islas; Defendant Jules Lucius Arthur; Defendant Suffolk Development, LLC; and Defendant Islas Development, LLC.

15.     Defendant Islas Development, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address of 1927 Adams Avenue, #200, San Diego, California, 92116 and doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013. Defendant Islas Development, LLC operated, controlled and managed by Defendant Ruben Islas Jr.

16.     Defendant Suffolk Development, LLC is sued in their official capacity as a Limited Liability Company. Registered in the State of California and principal address of 1927 Adams Avenue, Suite 200, San Diego, California, 92116. Defendant Suffolk Development, LLC operate, control and are manage by Defendant Jules Lucius Arthur, President.

17.     Defendant Martha Islas-Enriquez [Exhibit 4] is the sister of Defendant Ruben Islas Jr, as they both have the same father Ruben Islas. Defendant Martha Islas-Enriquez original name when she was born was Martha Islas. Defendant Martha Islas-Enriquez is sued in her individual capacity. Defendant Martha Islas-Enriquez operates, manages, and oversees all business ventures of The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC. as she is the President and Chief Executive Officer.

18.     Defendant Jules Lucius Arthur [Exhibit 5] is sued in his individual capacity and also other businesses the Defendant Jules Lucius Arthur owns, operates, manages and oversees are Logan Capital Advisors, LLC as he is the Founding Partner, COO; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; and president of Defendant Suffolk Development, LLC.

19.     Defendant Paul Runkle [Exhibit 6] is sued in his individual capacity.  Defendant Paul Runkle is the Chief Investment Officer of Defendant Logan Capital Advisors, LLC.  Defendant Paul Runkle leads acquisitions and dispositions for both conventional and affordable properties, for Defendant The Rosslyn Lofts Housing Partners, LP premises also knowns as "The Rosslyn Lofts" apartment building.

20.     Defendant Michael Vasquez [Exhibit 7] is sued in his individual capacity.  Defendant Michael Vasquez is an employee of Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.  As he is the Regional Manager for Defendant Logan Property Management, INC.; The Amerland Group, LLC; Alexandria Housing Partners, L.P., and employee of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle.  Defendant Michael Vasquez is the Regional Manager including the apartment building "The Rosslyn Lofts."  Defenant Michael Vasquez takes command, orders, tasks and job duties from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Loft Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Rosslyn Partners, LLC; Martha Islas-Enriquez and Mark Weise.  Defendant Michael Vasquez lived on the premises of "The Rosslyn Lofts" apartments on the tenth (10) floor while these incidents stated in this complaint occurred.

21.     Defendant Bethany Spooner [Exhibit 8] is sued in her individual capacity.  Defendant Bethany Spooner role with Defendant Logan Property Management, INC., are Human Resources and Vice President of Operations.  Defendant Bethany Spooner is the employee of Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle.

22.     Defendant Thomas Paul White is sued in his individual capacity.  Defendant Thomas Paul White, former Los Angeles Police Officer.  Defendant Thomas Paul White, owns, operates and manages Chase Protective Services, INC., as they performed security guard duty services at address 451 S Main Street, Los Angeles, California, 90013.  According to California Secretary of State, Chase Protective Services, INC., was terminated in May 20, 2011.  Unlawfully they were still performing security duty services with a terminated business license, articles of incorporation with the California Secretary of State.

23.      Defendant Chase Protective Services, INC., is sued in their official capacity.  Defendant Chase Protective Services, INC., while performing security guard duty services at address 451 S Main Street, Los Angeles, California, 90013, for "The Rosslyn Lofts."  According to California Secretary of State, Defendant Chase Protective Services, INC., was terminated in May 20, 2011 as they were still performing security guard duty services at address 451 S Main Street, Los Angeles, California, 90013 even with a terminated articles of incorporation with the California Secretary of State.  As all employees were in uniform that stated Chase Protective Services, INC.

24.      Defendant Jose Ramirez is sued in his individual capacity.  Defendant Jose Ramirez is an employee of Chase Protective Services, INC.  While performing security guard duty services for Defendant Thomas Paul White and Defendant Chase Protective Services, INC., at address 451 S Main Street, Los Angeles, California, 90013.  According to California Secretary of State, Defendant Chase Protective Services, INC., was terminated in May 20, 2011.  Defendant Jose Ramirez was still performing security guard duty services at "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013 even with a terminated articles of incorporation with the California Secretary of State.  At all times in this complaint Defendant Jose Ramirez was in uniform and on duty working for Defendants Thomas Paul White and Chase Protective Services, INC.

25.      Defendant Dewey Services, Incorporated is sued in their official capacity.  Defendant Dewey Services, Incorporated principal address 939 East Union Street, Pasadena, California, 91106 while performing pest control services at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Dewey Services, Incorporated has a Caucasian employee named "Russ" that is a pest control employee.  At all relevant times in this complaint, Defendant Dewey Services, Incorporated employee "Russ" was in uniform and on duty.

26.      Defendant Wendy Contreras is sued in her individual capacity.  Defendant Wendy Contreras is a Latinx employee of Defendants Ruben Islas Jr; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors; The Amerland Group, LLC.  Defendant Wendy Contreras is the property manager of "The Rosslyn Lofts" apartment building.  Defendant Wendy Contreras takes command, order, tasks, job duties from Defendants Logan Property Management, INC.; Pacific Housing, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The

Amerland Group, LLC; Logan Capital Advisors, LLC; Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Michael Vasquez and Mark Weise.  Defendant Wendy Contreras resided at "The Rosslyn Lofts" on the eleventh (11th) floor.

27.        Defendant Aracelli Castillo is sued in her individual capacity.  Defendant Aracelli Castillo is a Latinx employee of Defendants Ruben Islas Jr; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC, at "The Rosslyn Lofts" apartments.

28.        Defendant Luther Gadson is sued in his individual capacity.  Defendant Luther Gadson is an employee of Defendants Ruben Islas Jr; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC, at "The Rosslyn Lofts" apartments.

29.        Defendant Theodore Victorio is sued in his individual capacity.  Defendant Theodore Victorio is an inspector employee of the Los Angeles County Department of Public Health.  Defendant Theodore Victorio conducted Health Inspections at address 451 S Main Street, Los Angeles, California, 90013.

30.        Defendant Gonzalo Rivera is sued in his individual capacity.  Defendant Gonzalo Rivera is  a Latinx maintenance worker employee of Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC at address 451 S Main Street, Los Angeles, California, 90013.

31.        Defendant Gladys Boateng is sued in her individual capacity.  Defendant Gladys Boateng is an inspector employee of the Los Angeles County Department of Public Health.  Defendant Gladys Boateng conducted Health Inspections at address 451 S Main Street, Los Angeles, California, 90013.

32.        Defendant Edgar Antonyan is sued in his individual capacity.  Defendant Edgar Antonyan is an inspector employee of the Los Angeles County Department of Public Health.  Defendant Edgar Antonyan conducted Health Inspections at address 451 S Main Street, Los Angeles, California, 90013.

33.      Defendant Pacific Housing, INC., is sued in their official capacity.  Defendant Pacific Housing, INC., is an Incorporated Company registered in the State of California with California Secretary of State with a principal address of 2115 J Street, Suite 201, Sacramento, California, 95816.  Defendant Pacific Housing, INC., conducted business at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Pacific Housing INC., is managed by Defendant Mark Weise, Chief Executive Officer.  Defendant Pacific Housing, INC., also manage Defendants The Rosslyn Lofts Housing Partners, LP.

34.      Defendant Mark Wiese is sued in his individual capacity.  Defendant Mark Wiese is the Chief Executive Officer for Defendant Pacific Housing, INC. Defendant Mark Wiese conducted business at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Mark Weise, controls and operates Defendant Pacific Housing, INC.

35.      Defendant Rosslyn Partners, LLC, is sued in their official capacity.  Defendant Rosslyn Partners, LLC is a Limited Liability Company registered in the State of California with California Secretary of State with a principal address of 1927 Adams Ave #200, San Diego, California, 92116.  Defendant Rosslyn Partners, LLC conduct business at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Rosslyn Partners, LLC, are controlled, managed by The Amerland Group, LLC.

## IV.    STATEMENT OF FACTS

36.      Plaintiff Cecil Elmore is an African American Federally protected in a minority class.

37.      Plaintiff Cecil Elmore has a Tax Credit Lease Contract with Defendant The Rosslyn Lofts Housing Partners, LP; Defendant The Amerland Group, LLC; Defendant Logan Property Management, INC., Defendant Rosslyn Partners, LLC; Defendant Ruben Islas Jr; Defendant Pacific Housing, INC.; Defendant Mark Wiese; Defendant Wendy Contreras, for an apartment unit that Plaintiff is renting at address 451 S Main Street, Los Angeles, California, 90013.

38.      Plaintiff brings this action to address Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; Luther Gadson; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Chase Protective Services, INC.; Thomas Paul

White; Jose Ramirez; Dewey Services, Incorporated; Theodore Victorio; Gladys Boateng; Edgar Antonyan, wrongful and illegal conduct associated with "The Rosslyn Lofts" apartment building located at address 451 S Main Street, Los Angeles, California, 90013 and Plaintiff Tax Credit Lease Contract.

39.      Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, are responsible for Plaintiff Tax Credit Lease Contract as they are responsible for maintaining the rental property, ensuring it meets habitability standards, enforcing privileges, duties, terms, conditions and are responsible for employees Defendants Michael Vasquez; Aracelli Castillo; Wendy Contreras; Bethany Spooner; Luther Gadson; Gonzalo Rivera, conduct and duties.  While Plaintiff was signing his Tax Credit Lease Contract, Defendant Wendy Contreras stated Plaintiff has rights and privileges to security guard services at "The Rosslyn Lofts" apartments.

40.      Defendants Bethany Spooner; Michael Vasquez; Aracelli Casillo; Wendy Contreras; Luther Gadson; Gonzalo Rivera, are responsible for in Plaintiff Tax Credit Lease Contract to oversee the care of "The Rosslyn Lofts" apartments and Plaintiff apartment unit; Tax Credit Lease Contact, and it's policies, privilege, enforcement all while complying with State and Federal Laws.

41.      Continuously since at least October 23, 2020, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Julus Lucius Arthur; Paul Runkle; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera;  Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Chase Protective Services, INC.; Thomas Paul White; Jose Ramirez; Dewey Services, Incorporated; Theodore Victorio; Gladys Boateng; Edgar Antonyan, have systemically and intentionally worked to remove Plaintiff as a tenant from "The Rosslyn Lofts" apartment building

42.      Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Mark Wiese; Michael Vasquez; Aracelli Castillo; Wendy Contreras; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC., have worked to accomplish these illegal goals by intentionally, racially, discriminating against

Plaintiff for being African American and not treating Plaintiff Tax Credit Lease Contract with the same enjoyment, rights, privileges, duties, and terms as Caucasian residents.

43.      The City of Los Angeles; County of Los Angeles and Community Redevelopment Agency - Los Angeles (CRA-LA) have enabled Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., to carry out this illegal scheme by funding their purchase of "The Rosslyn Lofts" apartment building while failing to regulate their conduct as required by law.  The City of Los Angeles; County of Los Angeles and CRA-LA have failed to ensure that Defendants Ruben Islas Jr; Ruben Islas and Defendant The Rosslyn Lofts Housing Partners, LP recipients of Federal and State Funds, do not discriminate against Plaintiff for being African American.

44.      The CRA-LA received Federal Funds from HUD through the City of Los Angeles that distributed funds, loans, bonds to Defendant The Rosslyn Lofts Housing Partners, LP, "The Rosslyn Lofts" apartments for the project based program that Plaintiff and his apartment unit are apart of.  Published in an article on February 6, 2020, on the website https://www.justice.gov it states CRA-LA knowingly failed to comply with Federal Laws when it is financed and assisted in the development of affordable housing in the City of Los Angeles supported by Federal Funds [Exhibit 9].

45.      On website hud.gov it states: VOLUNTARY COMPLIANCE AGREEMENT BETWEEN THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT AND THE CITY OF LOS ANGELES, CALIFORNIA [Exhibit 10].  In this agreement it states:

### I. Background

I. This is a Voluntary Compliance Agreement ("VCA") or ("Agreement") between the City of Los Angeles, California ("City") and the U.S. Department of Housing and Urban Development ("HUD") relating to multi-family housing developed, designed, constructed, rehabilitated, altered, or financed, in whole or in part, through a program administered, in whole or in by part by the City.  These multi-family housing are required by Federal Law to be accessible to person(s) with disabilities.  Under this agreement, among other things, with respect to its program related to multi-family housing.

II. The City is a recipient of Federal financial assistance administered by the Department.  The City allocates Federal financial assistance, including Economic Development Initiative (EDI) Grants, Community Development Block Grants (CDBG), Housing Opportunities for person(s) with AIDS, Program Funds, HOME

Program funds, and Section 108 Loans through various cooperation agreements, written agreements, and loan agreements. The City has used these Funds to provide housing through arrangements, and loan agreements. The City has a variety of Housing Programs that involve the design, construction, alteration, operation, financing, and administration of multifamily housing and housing-related resources.

46.     In this Voluntary Compliance Agreement ("VCA") or ("Agreement") between the City of Los Angeles, California ("City") and the U.S. Department of Housing and Urban Development ("HUD") . On page 42 it states Defendant The Rosslyn Lofts Housing Partners, LP, a participant in the U.S. Department of Housing and Urban Development Program. # 115, Construction Start Date: 11/1/2007, Project Name: Rosslyn Lofts, Address: 451 S Main Street, Los Angeles, California, 90013, Total Units: 298 [Exhibit 11].

47.     The Plaintiff has a Tax Credit Lease Contract for an apartment unit with Defendant The Rosslyn Lofts Housing Partners, LP at address 451 S Main Street, Los Angeles, California, 90013.  This property address is controlled and operated by Defendants The Rosslyn Lofts Housing Partners, LP, which is a participant and subrecipient of the agreement between HUD and City of Los Angeles.

48.     Plaintiff is informed, believe, and on that basis allege, that CRA-LA has provided a variety of State, Federal and Local Funding for the acquisition, renovation, and redevelopment of "The Rosslyn Lofts." This funding includes, but not limited to, tax exempt bonds and tax increment revenue.

49.     Defendants Ruben Islas Jr; Ruben Islas; Julus Lucius Arthur have worked with the U.S. Department of Housing and Urban Development (HUD) to have Defendant The Rosslyn Lofts Housing Partners, LP, into a Federally Assisted Activity and Program of address 451 S Main Street, Los Angeles, California, 90013, financed this property with a combination of property loans, private activity bonds, low-income tax credit (LIHTC) and extended Section 8 contacts.  Defendant The Rosslyn Lofts Housing Partners, LP are in a Federal Program and Activity with the U.S. Department of Housing and Urban Development (HUD).

50.     Defendants Dewey Services, Incorporated; Theordore Victorio; Gladys Boateng and Edgar Antonyan, have unlawfully aided and abetted and constructed fraudulent documents that were filed to the County of Los Angeles Public Health Department with the intent to harm Plaintiff.  With these fraudulent documents and  false Workplace Restraining Orders, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC;

The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC., were able to utilize these documents to file a false Unlawful Detainers against Plaintiff with the intent of eviction.

51.     Immediate and meaningful intervention is required to cease the irreparable harm being suffered by the Plaintiff.  Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC., have worked unlawfully, cooperatively in two (2) false Workplace Restraining Orders and two (2) false Unlawful Detainers filed to Stanley Mosk Courthouse, with the intent to evict Plaintiff from his home for being an African American resident at "The Rosslyn Lofts."  Plaintiff has been denied reasonable accommodations, access to sanitary facilities, and openly discriminated against for being African American while Plaintiff being called "nigger."  More than six (6) African American residents already have been forced out of "The Rosslyn Lofts" apartments while Plaintiff has been a resident at this apartment building.  Absent Court intervention, the Plaintiff also will be forced out from his home and left to live on the street, where Plaintiff will suffer extra-ordinary harm.  Plaintiff has suffered racial discrimination for being African American while his Tax Credit Lease Contract performance has not been enforced and is treated of less than Caucasian residents at "The Rosslyn Lofts" apartments.

52.     Plaintiff is informed, believe, and thereon allege that at all times relevant herein that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Wendy Contreras; Michael Vasquez; Bethany Spooner; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC., were the agents, representative, successors in interests, principals and/or employees of each other, and in doing the things, alleged herein were acting within the course and scope of such agency and employment involved in operating "The Rosslyn Lofts" and role in Plaintiff Tax Credit Lease Contract.

53.     In Plaintiff Tax Credit Lease Contract, it states numerous sections and subsections of Policy; Procedures; Liability; Acknowledgements; Responsibilities; and Privileges: Acknowledgement of Property Inspections; Fair Housing Policy; House Rules [Number 18. Pest Control]; Acknowledgment of Pest Control

Notice Addendum to Rental Agreement/Lease; Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents]; Crime Free Lease Addendum; House Rules [subsection: Crime Prevention]; Unlawful Activity Addendum; Carbon Monoxide Detector Addendum; and Smoke Detector Addendum.

54.    Plaintiff describes and states Plaintiff Tax Credit Lease Contract and sections involved in this claim that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera, intentionally breached while denying Plaintiff benefits, services, privileges, terms, and conditions for being African American and the color of his skin compared to Caucasian residents that receive full enjoyment and benefits, services, privileges, terms, and conditions of their contract.

55.    Listed below are but not limited to some of the subsections in Plaintiff Tax Credit Lease Contract:

i. Acknowledgment of Property Inspections: Landlord, management, employees will conduct Pest Control inspections for Plaintiff apartment unit. Apartment unit will be inspected multiple times during a 12-month period due to the special financing structure of the property. Separate inspections by, but not limited to, each of the following agencies – California Tax Credit Allocation Committee; California Communities (Bond Holder); Los Angeles Housing Department; Community Redevelopment Agency of the City of Los Angeles; Other City Entities; Lender for the Owners; Investor for the Owners; Property Insurance Company; Pest Control Inspections.

ii. Fair Housing Policy: It has been, and continues to be, the policy to fully comply with Federal and State anti-discrimination laws in connection with the providing of fair and equal access to our rental housing. Discriminate against any person(s) in the terms, conditions, or privileges of rental or in the provision of services or facilities because of race, color, religion, sex, sexual orientation, national origin, ancestry, disability and/or other personal/arbitrary characteristics.

iii. House Rules [Number 18. Pest Control]: It states Plaintiff may request Pest Control Service by contacting office for Pest Control Services to be rendered.

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 14

iv. Acknowledgement of Pest Control Notice Addendum to Rental Agreement/Lease:  Resident is renting from Owner/Agent the premises located at 451 S Main Street, Los Angeles, California, 90013.  California Law requires that an Owner/Agent of a residential dwelling unit provide each new resident a copy of the notice provided by a registered pest control company if a contract for periodic pest control service has been executed.  The premises you are renting, or the common areas of the building are covered by such a contract for regular pest control service, so you are being notified pursuant to the Law.

v. Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents]:  It is the goal of the landlord to provide a quality living environment for our residents.  That is why this addendum contains important information for both you and us.  Subsection Landlords Obligations regarding Pest and Rodents - Upon notification landlord(s) shall make arrangements for pest control services.

vi. Crime Free Lease Addendum: States resident(s), any members of the resident(s) household or guest(s), shall not engage in criminal activity.

vii. House Rules [subsection: Crime Prevention]: For resident(s) to contact the manager so that manager(s), employee(s), landlord can remove resident promptly.

viii. Unlawful Activity Addendum: Resident(s), member(s) of resident(s) household, and any guest(s) or other person(s) under the resident(s) control shall not engage in criminal activity.

ix. Carbon Monoxide Detector Addendum: That management, owner, agent when notified of carbon monoxide detector is damaged, needs testing and/or repairs.  The management, owner, agent will install, repair, test and maintain the carbon monoxide detector.

x. Smoke Detector Addendum: If the smoke detector does not work to inform owner, management, agent immediately and it will be remedied or fixed.

56.      Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Chase Protective Services, INC.; Thomas Paul White; Jose Ramirez; Gladys Boateng; Theodore Victorio; Edgar Anontyan, compelled, coerced, aided and abetted the unlawful acts and violations alleged in this complaint, with racial discrimination against Plaintiff while in a Tax Credit Lease Contract, Violations of 42 U.S.

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 15

Code § 1981, Violation of Breach of Contract and Violations of Fraud. Racial discrimination against Plaintiff for being African American in a contractual relationship as a resident is prohibited with treating Plaintiff contract not the same as Caucasian residents at "The Rosslyn Lofts" apartments. Defendants were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is otherwise liable for Plaintiff damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mention did not, exist. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

### V.      CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

VIOLATION 42 U.S. Code § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACTS)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO; DEWEY SERVICES, INCORPROATED)

57.      Plaintiff incorporates by reference the allegations of paragraphs 6 through 35; paragraphs 36 through 56 above, as if each such allegation was set forth herein.

58.      Plaintiff Cecil Elmore is an African American Federally protected in a minority class.

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 16

59.        Plaintiff Cecil Elmore has a Tax Credit Lease Contract with Defendants The Rosslyn Lofts Housing Partners, LP; Defendant Rosslyn Partners, LLC; Defendant Ruben Islas Jr; Defendant Ruben Islas; Defendant Martha Islas-Enriquez; Defendant Pacific Housing, INC.; Defendant Mark Weise; Defendant Wendy Contreras, for an apartment unit that Plaintiff is renting at address 451 S Main Street, Los Angeles, California, 90013.

60.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras; Michael Vasquez; and Aracelli Castillo, had the intent to racially discriminate against Plaintiff by modifying, giving less services of pest control to Plaintiff apartment unit and issuing Tax Credit Lease Contract violations for being African American and the color of his skin.

61.        On October 23, 2020, when Plaintiff Cecil Elmore was walking down the street with Gurkirn Hundal, near "The Rosslyn Lofts" apartment building. Defendant Wendy Contreras a property manager while on duty on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC. Plaintiff stated directly to Defendant Wendy Contreras, that Plaintiff needs pest control services for his apartment unit. Defendant Wendy Conteras stated that Plaintiff will not be allowed pest control service performance that is stated in the Tax Credit Lease Contract for the reason of Plaintiff being African American. Defendant Wendy Contreras stated that Plaintiff is a "nigger" and will not be given performance of pest control services for his apartment unit for the reason of Plaintiff being a "nigger" African American and that Caucasian residents are allowed and will receive pest control services. Defendant Wendy Contreras performed misconduct by racially discriminating, directly, intentionally, maliciously, as Defendant Wendy Contreras called Plaintiff Cecil Elmore a "nigger." Defendant Wendy Contreras stated that she and Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Dewey Services, Incorporated, are not going to enforce Plaintiff Tax Credit Lease Contract and Plaintiff will not receive performance from Defendant Dewey Services,

Incorporated, pest control services as Defendants are going to issue Plaintiff Tax Credit Lease Violation to terminate Plaintiff Tax Credit Lease Contract for being African American. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Dewey Services, Incorporated, violated Plaintiff Tax Credit Lease Contract, in the following sections: Acknowledgement of Property Inspections; Fair Housing Policy; House Rules [Number 18. Pest Control]; Acknowledgment of Pest Control Notice Addendum to Rental Agreement/Lease; Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents], for the reason of Plaintiff race for being African American. Defendant Wendy Contreras stated that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, have instructed and agreed with Defendant Dewey Services, Incorporated, that they are not going to have Defendant Dewey Services, Incorporate, fumigate and remedy Plaintiff apartment unit from the present cockroach and bed bug infestation compared to Caucasian residents. Defendant Wendy Contreras stated that Plaintiff does not deserve Pest Control services because he is a "nigger" and that Plaintiff is not a white resident.

62.     Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Dewey Services, Incorporated, did not prohibit Defendant Wendy Contreras from racially discriminating against Plaintiff, along with calling Plaintiff a "nigger" while Defendant Wendy Contreras is on duty as Property Manager. Prior to October 23, 2020, Plaintiff complained to Defendants Aracelli Castillo and Michael Vasquez on numerous occasions in regards to Defendant Wendy Contreras direct, malicious racial discrimination against Plaintiff and Plaintiff been called a "nigger" numerous times, each time Plaintiff was ignored of his Tax Credit Lease Contract privilege of being a resident without racial discrimination for being black as compared to Caucasian residents who do not suffer from racial discrimination as a resident at "The Rosslyn Lofts."

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 18

63.      Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, did not properly train Defendant Wendy Conteras on being a Property Manager and to prohibit racially discriminate against Plaintiff and African American residents while only enforcing Caucasian residents Tax Credit Lease Contract.

64.      Plaintiff notified Defendant Michael Vasquez in-person that Plaintiff requests pest control services for his apartment unit. Defendant Michael Vasquez in response stated that Plaintiff is a "nigger," will not be getting any pest control services from Defendant Dewey Services, Incorporated, and needs to get the fuck out from living in "The Rosslyn Lofts" as Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, do not want African American's who request pest control service to continue living at the apartment building. Defendant Michael Vasquez stated that Caucasian residents will be getting Defendant Dewey Services, Incorporated, pest control services for their apartment units and that Plaintiff along with African American residents will not receive pest control services in their apartment units. Defendant Michael Vasquez stated that Plaintiff is a "nigger" and will be issued a Tax Credit Lease Violation for the Plaintiff requesting Pest Control Services and being African American. Defendant Michael Vasquez stated that they, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, are going to issue Plaintiff a Tax Credit Lease Violation for the reason of Plaintiff requesting pest control services from Defendant Wendy Contreras on October 23, 2020.

65.      At "The Rosslyn Lofts" apartments Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, Aracelli

Castillo; Wendy Contreras, do not allow Plaintiff and African American residents pest control services to the amount equally as Caucasian residents. Plaintiff was not allowed Defendant Dewey Services, Incorporated, pest control services, privileges, full enjoyment of premises, sanitary facilities, and the full privilege of his Tax Credit Lease Contract for being African American. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Contreras, directly, intentionally, maliciously with hatred did not enforce Plaintiff Cecil Elmore, Tax Credit Lease Contract equally to Caucasian residents for the reason Plaintiff being African American. Plaintiff witnessed Caucasian residents receiving pest control services at their apartment unit(s) at "The Rosslyn Lofts" apartments while Plaintiff was denied the same pest control services that were provided to Caucasian residents.

66.        In Plaintiff Tax Credit Lease Contract, it states Plaintiff the full and equal benefit of this contract as is enjoyed with full equal benefit and privileges as other races. In this Tax Credit Lease Contract it states numerous sections and subsections of rights, privileges, duties, services, and policies in this agreement that are to be enforced by Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras. Defendant Wendy Contreras stated that Defendants Ruben Islas Jr; Ruben Islas and Martha Islas-Enriquez are going to give Plaintiff a Tax Credit Lease Violation for requesting for Pest Control Services and terminate Plaintiff Tax Credit Lease Contract for being an African American resident.

67.        On October 28, 2020, at address 451 S Main Street, Los Angeles, California, 90013, Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; and Pacific Housing, INC., conspired, coerced, aided and abetted the unlawful acts to harass Plaintiff Cecil Elmore because he is an African American resident. The Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing,

INC., are responsible for having their employee Defendant Wendy Contreras, Property Manager, intentionally place the documents Notice to Perform Covenant or Quit (Tax Credit Lease Contract Violation) on the Plaintiff Cecil Elmore apartment unit door facing forward for all persons passing by to read with the intent to harm Plaintiff. The false facts stated throughout these documents Notice to Perform Covenant or Quit (Tax Credit Lease Contract Violation) are false, defamatory and not true in regard to Plaintiff Cecil Elmore.

68. In these documents Notice to Perform Covenant or Quit (Tax Credit Lease Contract Violation), it described Plaintiff as a violent African American, when Plaintiff never intimidated and/or performed violence towards Defendant Wendy Contreras or any other employees and managers that work for "The Rosslyn Lofts." Defendants Wendy Conteras and Michael Vasquez stated that they were going to give Plaintiff a Tax Credit Lease Violation for requesting Defendant Dewey Services, Incorporated, pest control services and being African American. The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, did issue Plaintiff a Tax Credit Lease Violation with the intent to terminate this Tax Credit Lease Contract all for Plaintiff being African American.

69. Defendant Wendy Contreras stated that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo, commanded her to issue Plaintiff a Tax Credit Lease Violation for requesting Defendant Dewey Services, Incorporated, pest control services and for being African American. Defendants Ruben Islas Jr; Ruben Islas are the landlord and owner that had this document Tax Credit Lease Violation to be forwarded to Defendant Wendy Contreras to place on Plaintiff front apartment unit door with the intent to harm Plaintiff. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Michael Vasquez; Aracelli Castillo; Wendy Contreras; Mark Weise; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific

Housing, INC., all agreed to give Plaintiff a Tax Credit Lease Violation – Notice to Perform Covenant or Quit, with the intent to terminate Plaintiff Tax Credit Lease Contract for being African American and the color of his skin.

70.     Plaintiff has suffered from disparate treatment for being African American in a protected minority class compared to Caucasian residents in "The Rosslyn Lofts" apartment building where Plaintiff lives. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Wendy Conteras; Aracelli Castillo, did not enforce Plaintiff Tax Credit Lease Contract, with the same equal amount of full privileges such as pest control services as Caucasian residents. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Wendy Contreras; Aracelli Castillo, directly, maliciously, harassed by giving Plaintiff Cecil Elmore and other African American residents Tax Credit Lease Contract violations for requesting pest control services and for being African American. Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, did not enforce Plaintiff Tax Credit Lease Contract and retaliated against Plaintiff and African American residents that complained of pest infestations and inhabitable living conditions with untrue and false Tax Credit Lease Violations to African American residents at "The Rosslyn Lofts" who request pest control services for their apartment units. Plaintiff requested privileges and duties from Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez

71.     In Plaintiff Tax Credit Lease Contract, it states Defendants The Rosslyn Lofts Housing Partner, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Mark Weise, owner, landlord, employees will not discriminate against Plaintiff for being African American and the color of his skin. Defendants Ruben Islas Jr; Ruben Islas and Martha Islas-Enriquez directly,

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 22

intentionally, maliciously discriminated against Plaintiff for being African American and did not enforce Plaintiff Tax Credit Lease Contract the same as Caucasian residents.

72.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, intentionally did not enforce Plaintiff Tax Credit Lease Contract as they committed numerous intentional violations of Breach of Contract in sections and subsections including: Acknowledgement of Property Inspections; Fair Housing Policy; House Rules [Number 18. Pest Control]; Acknowledgment of Pest Control Notice Addendum to Rental Agreement/Lease; Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents].

73.    Caucasian resident(s) at "The Rosslyn Lofts" apartments in a Tax Credit Lease Contract gets full privileges and provision of services in the building compared to Plaintiff and African American residents not receiving these very same privileges that are guaranteed in this Tax Credit Lease Contract.

74.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, do not racially discriminate against Caucasian residents.

75.    Plaintiff Cecil Elmore believes and on that basis that his race and color were substantial motivating factor for Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, directly, intentionally, maliciously, racially discriminating against Plaintiff for being African American and not enforcing Plaintiff Tax Credit Lease Contract with full enjoyment of all benefits, privileges, terms, and conditions of the Tax Credit Lease Contractual relationship as Caucasian residents.

76.      As a proximate result of Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Dewey Services, Incorporated, willful, negligent, malicious, intentional and outrageous, racial discrimination in a contract against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

77.      Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

### SECOND CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; BETHANY SPOONER; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; PACIFIC HOUSING, INC.; MARK WIESE; MICHAEL VASQUEZ; ARACELLI CASTILLO; WENDY CONTRERAS)

78.      Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56 and paragraphs 58 through 75 above, as if each such allegation was set forth herein.

79.      Plaintiff Cecil Elmore is an African American Federally protected in a minority class.

80.      On November 20, 2020, at address 451 S Main Street, Los Angeles, California, 90013 at apartment building "The Rosslyn Lofts."  While Plaintiff Cecil Elmore and Gurkirn Hundal were on the elevator with a Caucasian female resident and two (2) other African Americans.  The Caucasian female resident wearing a face mask stated directly to Plaintiff, Gurkirn Hundal and two (2) other African Americans, that there are too many black people on the elevator.  The Caucasian female resident yelled aggressively and stated directly, intentionally, maliciously to Plaintiff that Plaintiff is a "dirty black boy" and that she is going to slap Plaintiff in

the face. Which this Caucasian female resident intentionally, maliciously, racially discriminated against Plaintiff for being African American and the color of Plaintiff skin. This Caucasian female resident also called Plaintiff a "dirty nigger" when Plaintiff was outside near "The Rosslyn Lofts" apartments. The Caucasian female resident did not file a Los Angeles Police Department ("LAPD") against Plaintiff for any criminal acts or threats.

81.     Plaintiff in-person stated to Defendant Aracelli Castillo, that a Caucasian female resident who was wearing a face mask verbally insulted Plaintiff with racial discrimination by calling Plaintiff a "dirty black boy" on the elevator and the Caucasian female resident threatened to slap Plaintiff in the face  at "The Rosslyn Lofts" apartment building. Plaintiff stated to Defendant Aracelli Castillo that this same Caucasian female resident also stated that Plaintiff is a "dirty nigger" while both Plaintiff and Caucasian female resident were outside near "The Rosslyn Lofts" apartment building. Defendant Aracelli Castillo directly, intentionally, maliciously stated to Plaintiff that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Michael Vasquez; Mark Wiese; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Wendy Contreras, commanded Defendant Aracelli Castillo to not enforce and did not enforce Plaintiff Tax Credit Lease Contract for being African American. Defendant Aracelli Castillo denied Plaintiff management services of benefits, privileges, terms and conditions in Plaintiff Tax Credit Lease Contract subsection Fair Housing Policy; Crime Free Lease Addendum; House Rules [subsection: Crime Prevention]; Unlawful Activity Addendum, for Plaintiff being African American and the color of his skin. Defendant Aracelli Castillo stated that she is not going to give the Caucasian female resident a Lease Violation and will not terminate the Caucasian female resident contract because Plaintiff is an African American resident. Defendant Aracelli Castillo stated that instead Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Islas Development, LLC; Suffolk Development, LLC, are going to issue Plaintiff a Tax Credit Lease Contract Violation with the intent to evict Plaintiff for being African American. Defendant Aracelli Castillo stated that Plaintiff Tax Credit Lease Contract does not have the same privileges, benefits, and enforcement as Caucasian residents at "The Rosslyn Lofts."

82.    On December 2, 2020, at "The Rosslyn Lofts" apartments, Defendant Aracelli Castillo placed the documents Tax Credit Lease Violation, Ten (10) Day Notice To Quit on the Plaintiff apartment unit door facing forward for all person(s) passing by to read.  This Tax Credit Lease Violation Ten (10) Day Notice To Quit stated false, untrue, defamatory events against Plaintiff regarding the Caucasian female resident on November 20, 2020.  The Tax Credit Lease Violation was a follow-up of the Tax Credit Lease Violation  that Defendant Aracelli Castillo stated Plaintiff would receive for being African American and the color of his skin from Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Islas Development, LLC; Suffolk Development, LLC.

83.    Plaintiff received this Tax Credit Lease Violation for being African American and with the intent to unlawfully evict Plaintiff from his apartment unit.

84.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Islas Development, LLC; Suffolk Development, LLC, did not prohibit Defendant Aracelli Castillo from racially discriminating against Plaintiff, calling Plaintiff a "nigger" and reducing the performance of Plaintiff Tax Credit Lease Contract privileges, services, benefits, terms and conditions for being African American compared to Caucasian residents receiving full benefits, privileges, services, terms and conditions of the contractual relationship.

85.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Islas Development, LLC; Suffolk Development, LLC, did not properly train Defendant Aracelli Castillo to not racially discriminate against Plaintiff for being African American and the color of his skin.

86.    Plaintiff alleges and believes that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital

Advisors, LLC; Pacific Housing, INC.; Islas Development, LLC; Suffolk Development, LLC; Aracelli Castillo; Wendy Contreras, racially discriminated against Plaintiff for being African American and the color of his skin, agreed to issue Plaintiff a Tax Credit Lease Violation - Ten (10) Day Notice To Quit, denied Plaintiff Tax Credit Lease Contract performance and the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship as compared to Caucasian residents receiving full contract lease benefits, terms, privileges, and conditions at "The Rosslyn Lofts" apartments.

87.     As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Bethany Spooner; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo, willful, negligent, malicious, intentional and outrageous, racial discrimination in a contract against Plaintiff Cecil Elmore.  Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish and emotional distress, all to their damages and a sum according to proof.

88.     Defendants misconduct was committed intentionally in a malicious, oppressive, fraudulent manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; THOMAS PAUL WHITE; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; The Amerland Group, LLC; DEWEY SERVICES, INCORPORATED)

89.     Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79 through 86 above, as if each such allegation was set forth herein.

90.    Plaintiff Cecil Elmore is an African American Federally protected in a minority class.

91.    On February 10, 2021, Plaintiff Cecil Elmore filed with the State of California, Department of Fair Employment & Housing (Case No.: 202101-12473529), complaint against Defendants Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; and Wendy Conteras, for racial discriminating against Plaintiff for being African American and the color of his skin. In this complaint, it states Defendants Wendy Conteras; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP, racially discriminating against Plaintiff on October 23, 2020 for being African American and being called "nigger."

92.    On February 16, 2021, Defendants Wendy Conteras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., were served with Plaintiff State of California, Department of Fair Employment & Housing complaint.

93.    On February 17, 2021, at address 451 S Main Street, Los Angeles, California, 90013, "The Rosslyn Lofts" apartments, Defendant Jose Ramirez, on duty in uniform as a security guard an employee of Defendants Chase Protective Services, INC.; Thomas Paul White, also working for Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Bethany Spooner; Mark Wiese; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, Plaintiff Cecil Elmore stated directly to Defendant Jose Ramirez, that Plaintiff needs security services to stop resident Robert Kemp from harassing Plaintiff. Resident Robert Kemp sexually harassed as he was naked, yelling, banging aggressively, and turning the doorknob with the intent to unlawfully enter Plaintiff apartment unit as Plaintiff denied resident Robert Kemp permission into Plaintiff apartment unit. Defendant Jose Ramirez stated directly to Plaintiff, that Plaintiff is a "nigger" and that Defendant Thomas Paul White agreed with Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, to deny Plaintiff security services for being African American. Defendant Jose Ramirez stated that he does not work for "niggers" and Plaintiff. Defendant Jose Ramirez stated that he performs security services for white residents and he does not perform security services for Plaintiff and African American residents.

94.     On February 17, 2021, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, intentionally, cooperatively and purposely, unlawfully conspired, participated and gave false incident report against Plaintiff Cecil Elmore at address 451 S Main Street, Los Angeles, California, 90013.  This false, fraudulent, defamatory incident stated, "On Wednesday February 17, 2021 at approximately 4:50pm I noticed Wendy from the leasing o exiting the elevator heading to the leasing office when Elmore in unit – walk in from the stre and started making fun of Wendy saying that "hahah you scared you're scared" and pointing a her.  Wendy continued on her way to the leasing office I asked Mr. Elmer why he was making fu her he stated none of my business.  I told him that she was a female and making fun of her its not correct.  Mr. Elmore stated to just do my job and mind my own business and go into the elevator.  All this its on cameras."

95.     On February 18, 2021, Plaintiff at address 451 S Main Street, Los Angeles, California, 90013, "The Rosslyn Lofts" stated directly to Defendant Wendy Contreras that resident Robert Kemp has been constantly sexually harassing Plaintiff.  Plaintiff stated that resident Robert Kemp came to Plaintiff apartment unit door with no clothes on exposing his genitals to Plaintiff.  Plaintiff stated to Defendant Wendy Contreras that Plaintiff is in fear for his safety and needs the assistance of owners and management to ensure Plaintiff safety as a resident on the premises.

96.     Defendant Wendy Conteras, in response stated, directly, maliciously to Plaintiff that, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; The Amerland Group, LLC; Pacific Housing, INC., will not be enforcing Plaintiff Tax Credit Lease Contract for being a "nigger." Defendant Wendy Contreras stated to Plaintiff, a "nigger" like you doesn't deserve to receive any services from your Tax Credit Lease Contract.  Defendant Wendy Contreras stated directly to Plaintiff, you're not white, I don't have to assist as long you are a resident at "The Rosslyn Lofts."  Plaintiff Cecil Elmore stated to Defendant Wendy Contreras that resident Robert Kemp has been constantly harassing Plaintiff for over nine (9) months

prior to this complaint of resident Robert Kemp sexually harassing Plaintiff on February 16, 2021.  Defendant Wendy Contreras stated, I already told you that I am not doing any services for black people.  Defendant Wendy Contreras stated that she is going to file a Restraining Order against Plaintiff for Plaintiff being a "nigger" and constantly asking for services and duties from management, Corporate and owner that are stated in Plaintiff Tax Credit Lease Contract with "The Rosslyn Lofts" apartments.  Plaintiff stated, I have the same rights, privileges, terms, and conditions in my Tax Credit Lease Contract as Caucasian residents.  Defendant Wendy Contreras stated you are black, you are not white so you do not have the same rights, privileges, terms, and conditions as Caucasian residents.

97.    Plaintiff witnessed Defendant Wendy Contreras in person have a conversation with a Caucasian female resident who complained in regards to a resident that was harassing the Caucasian female resident at "The Rosslyn Lofts" apartments.  Defendant Wendy Contreras approached Defendant Chase Protective Services, INC., security guard Defendant Jose Ramirez, and stated that the Caucasian female resident needs security personnel assistance to her apartment unit.  Defendant Jose Ramirez and the Caucasian female resident walked together from "The Rosslyn Lofts" lobby area to and on the elevator together.

98.    Plaintiff alleges and believes that his Tax Credit Lease Contract performance, modification, full enjoyment of all benefits, privileges, terms, and conditions were denied and decreased for Plaintiff being African American and the color of his skin.  Plaintiff alleges and believes that the Caucasian female resident contract was enforced with performance, enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship for the reason of the Caucasian female race.  Plaintiff has witnessed Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez, enforce Caucasian residents Tax Credit Lease Contract and deny African American residents the full enjoyment of all benefits, privileges, decreased management performance, terms and conditions of the contractual relationship.

99.    On February 22, 2021, at "The Rosslyn Lofts" apartment building Plaintiff stated to the property manager Defendant Aracelli Castillo, Plaintiff requested pest control services for his apartment unit.  Defendant Aracelli Castillo stated, her and Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC., Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Wendy Contreras, agreed and decided

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 30

to deny Plaintiff pest control services for being African American. Defendant Aracelli Castillo stated, we are not allowing you any management duties, privileges, or terms in your Tax Credit Lease Contract regarding pest control services for your apartment unit as you do not have the rights and privileges as Caucasian residents. Defendants racially discriminated against Plaintiff for being African American and Defendants directly, intentionally, maliciously did not enforce Plaintiff Tax Credit Lease Contract subsections: Acknowledgment of Property Inspections; Fair Housing Policy; Fair Housing Policy [Number 18. Pest Control]; Acknowledgement of Pest Control Notice Addendum to Rental Agreement/Lease; and Pest and Rodent Prevention, to the full and equal enjoyment of all benefits, privileges, terms and conditions of the contractual relationship as Caucasian residents.

100.     On February 23, 2021, Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Wendy Contreras; Michael Vasquez; Aracelli Castillo; Luther Gadson, filed at the Stanley Mosk Courthouse and was granted a Temporary Workplace Restraining Order (Case No.: 21STRO00907) against Plaintiff. This Temporary Workplace Restraining Order affidavit and statements from Defendants Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Jose Ramirez; Chase Protective Services, INC., on behalf of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Aracelli Castillo; Luther Gadson, are false, not true, defamatory and are in retaliation to Plaintiff requesting from Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC., Suffolk Development, LLC; Islas Development, LLC, to enforce Plaintiff Tax Credit Leas Contract with equal performance, enjoyment of all benefits, privileges, terms, and conditions as Caucasian residents.

101.     Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC., Suffolk Development, LLC; Islas Development, LLC; Wendy Contreras; Aracelli Castillo; Michael Vasquez, retaliated with

racial discrimination and hatred against Plaintiff for racial discrimination complaint filed to the State of California, Department of Fair Employment & Housing complaint on February 10, 2021, against Defendants Wendy Contreras; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP.[1]

102.    On February 26, 2021, Defendant Wendy Contreras had Defendant Dewey Services, Incorporated, employee Russ, conduct pest control services for a Caucasian male resident at address 451 S Main Street Unit 434, Los Angeles, California, 90013.  Defendant Wendy Contreras came beyond the Court Ordered amount of distance ordered against Plaintiff.  Defendant Wendy Contreras did not have Los Angeles Police Department ("LAPD") and/or Chase Protective Service, INC., security personnel during the duration of her joint pest control service duty rendered to Caucasian male resident.  Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC., Suffolk Development, LLC; Islas Development, LLC; Wendy Contreras; Aracelli Castillo; Michael Vasquez, furtherly denied Plaintiff pest control services from Defendant Dewey Services, Incorporated, employee Russ.

103.    Defendant Dewey Services, Incorporated, employee Russ intentionally, maliciously stated to Plaintiff, Cecil, we are not giving your black ass any pest control services.  Defendant Dewey Services, Incorporated refused and denied Plaintiff pest control services for his apartment unit.  Plaintiff alleges and believes he was denied pest control services due to the fact Plaintiff is an African American and the color of his skin.

104.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Dewey Services, Incorporated, did not prohibit each other from racially discriminating against Plaintiff for being African American, while not enforcing Plaintiff Tax Credit Lease Contract equally to Caucasian residents at "The Rosslyn Lofts" apartments.

---

[1] *CBOCS West, Inc. v. Humphries,* 553 U.S. 442 (2008)

105.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Thomas Paul White; Chase Protective Services, INC.; Jose Ramirez; Dewey Services, Incorporated, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

### (AGAINST THE ROSSLYN LOFTS HOUSING PARTNERS, LP)

106.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79through 86, paragraphs 90 through 104 above, as if each such allegation was set forth herein.

107.    Plaintiff, his landlord Defendant The Rosslyn Lofts Housing Partners, LP participated in and received benefits from the U.S. Department of Treasury to assist on behalf of Plaintiff rent arrears.  Plaintiff and landlord Defendant The Rosslyn Lofts Housing Partners, LP both participated in COVID-19 Tenant Relief Act which are funds from the U.S. Department of Treasury.

108.    The Defendant The Rosslyn Lofts Housing Partners, LP, and employees Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez; Bethany Spooner, directly, intentionally, maliciously, racially discriminated against Plaintiff for being African American and the color of his skin.

109.    The Defendant The Rosslyn Lofts Housing Partners, LP did not properly train neither prohibit Defendants Michael Vasquez; Bethany Spooner; Wendy Contreras; Aracelli Castillo, from intentionally, racially discriminating against Plaintiff for being African American and the color of his skin.

110. Landlord Defendant The Rosslyn Lofts Housing Partners, LP, directly, intentionally, maliciously, violated Civil Rights Act of 1964, Title VI with the intent to cause harm to Plaintiff.

111. Ruben Islas, is an official for Defendant The Rosslyn Lofts Housing Partners, LP who did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

112. As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendant The Rosslyn Lofts Housing Partners, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## **FIFTH CAUSE OF ACTION**

VIOLATION 42 U.S. Code § 1981 –

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-IENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; BETHANY SPOONER; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; MICHAEL VASQUEZ)

113. Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79 through 86, paragraphs 90 through 104, paragraphs 107 through 111 above, as if each such allegation was set forth herein.

114. On February 19, 2021, Plaintiff stated to Defendant Michael Vasquez that Plaintiff requests for property, management, services and duties in Tax Credit Lease Contract to stop resident Robert Kemp from sexually harassing and attempting to unlawfully home invade apartment unit while Plaintiff was home. Defendant Michael Vasquez stated, that he and Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; Wendy Contreras; Aracelli Castillo; The Rosslyn

Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, agreed and will not enforce Plaintiff Tax Credit Lease Contract the same as Caucasian residents.

115.    Defendant Michael Vasquez stated that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, are going to give Plaintiff a Tax Credit Lease Violation for being African American and asking for Tax Credit Lease Contract to be enforced the same as Caucasian residents.  Defendant Michael Vasquez stated to Plaintiff, that Defendant The Rosslyn Lofts Housing Partners, LP were served with your Department of Fair Employment and Housing complaint and that we don't care, we are still going to give you lease violation for being a "nigger" and that we are still going to evict you one way or another for being African American and we give you the same resident rights as Caucasian residents.

116.    On February 19, 2021, "The Rosslyn Lofts" apartments security guard Defendant Jose Ramirez, an employee of Defendants Chase Protective Services, INC., and Thomas Paul White.  Defendant Jose Ramirez placed a Tax Credit Lease Violation on Plaintiff apartment unit door, facing forward for all other person(s) passing by to recognize.  This Tax Credit Lease Violation is blatant harassment, retaliation against Plaintiff for being African American, racial discrimination in retaliation[2] for Plaintiff filing racial discrimination complaint to State of California, Department of Fair Employment and Housing (DFEH) against Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Wendy Contreras.

117.    The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, did not prohibit Defendant Michael Vasquez from racially discriminating against Plaintiff for being African American and less performance of Plaintiff Tax Credit Lease Contract as Caucasian residents.

---

[2] *CBOCS West, Inc. v. Humphries,* 553 U.S. 442 (2008)

118.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, did not prohibit security guard, Defendant Jose Ramirez from placing Tax Credit Lease Violation on Plaintiff apartment unit door.

119.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, did not prohibit resident Robert Kemp from attempting to break into Plaintiff apartment by home invasion and prohibit resident Robert Kemp from sexually harassing and Plaintiff.

120.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Bethany Spooner; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez, directly, intentionally, maliciously, did not enforce Plaintiff Tax Credit Lease Contract subsections: Fair Housing Policy; Crime Free Lease Addendum; House Rules [Crime Prevention]; and Unlawful Activity Addendum.

121.        As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore. The wrongful acts, from Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Bethany Spooner; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, were willful, oppressive, and malicious thus warranting the award of punitive damages against each Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## SIXTH CAUSE OF ACTION

### VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

### (AGAINST THE ROSSLYN LOFTS HOUSING PARTNERS, LP)

122.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79 through 86, paragraphs 90 through 104, paragraphs 107 through 111, paragraphs 114 through 120 above, as if each such allegation was set forth herein.

123.    Plaintiff, his landlord Defendant The Rosslyn Lofts Housing Partners, LP participated in and received benefits from the U.S. Department of Treasury to assist on behalf of Plaintiff rent arrears.  Plaintiff and landlord Defendant The Rosslyn Lofts Housing Partners, LP both participated in COVID-19 Tenant Relief Act which are funds from the U.S. Department of Treasury.

124.    The Defendant The Rosslyn Lofts Housing Partners, LP, and employee Defendants Michael Vasquez, Ruben Islas Jr; Ruben Islas,  directly, intentionally, maliciously, racially discriminated against Plaintiff for being African American and the color of his skin.

125.    The Defendant The Rosslyn Lofts Housing Partners, LP did not properly train neither prohibit Defendants Michael Vasquez; Ruben Isals Jr; Ruben Islas, from intentionally, racially discriminating against Plaintiff for being African American and the color of his skin.

126.    Landlord Defendant The Rosslyn Lofts Housing Partners, LP, directly, intentionally, maliciously, violated Civil Rights Act of 1964, Title VI with the intent to cause harm to Plaintiff.

127.    Ruben Islas, is an official for Defendant The Rosslyn Lofts Housing Partners, LP who did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

128.    Defendant The Rosslyn Lofts Housing Partners, LP and Defendant Ruben Islas Jr; Ruben Islas, did not command or have Defendant Chase Protective Services, INC., security guard Defendant Jose Ramirez perform security services to stop resident Robert Kemp from sexually harassing and unlawfully attempting to break into Plaintiff apartment unit.

129.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendant The Rosslyn Lofts Housing Partners, LP, malicious, harmful and wrongful acts to Plaintiff

Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### SEVENTH CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; MICHAEL VASQUEZ; BETHANY SPOONER; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC; WENDY CONTRERAS)

130.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 though 75, paragraphs 79 through 86, paragraphs 90, through 104, paragraphs 114 through 120, paragraphs 123 through 128 above, as if each such allegation was set forth herein.

131.    Plaintiff called in reports 911 in regards to resident Robert Kemp apartment unit carbon monoxide/smoke detector sounding on and smoke coming from underneath apartment unit door.  The 911 operator has the Los Angeles Fire Department report to "The Rosslyn Lofts" apartment building in regards to resident Robert Kemp apartment unit.

132.  At address 451 S Main Street, Los Angeles, California, 90013, Plaintiff, a resident at "The Rosslyn Lofts" apartments made complaints to Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., in regards to resident Robert Kemp excessive carbon monoxide/smoke detector alarm sounding off in resident Robert Kemp apartment unit.

133.    On more than two (2) occasions, resident Robert Kemp apartment unit had smoke coming from underneath of the door into the hallway and into Plaintiff apartment unit.

134.    Plaintiff complained to Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., in regards to Plaintiff carbon monoxide/smoke detector alarm not sounding off when the excessive amount of smoke from resident Robert Kemp apartment unit entered into Plaintiff apartment unit.

135.    Plaintiff stated to Defendant Michael Vasquez that Plaintiff carbon monoxide/smoke detector needs to be inspected and repaired as it has not been alerting/sounding alarm when Plaintiff apartment unit is filled with smoke, that came from resident Robert Kemp apartment unit.  Defendant Michael Vasquez stated directly, maliciously to Plaintiff that, you are black we are not inspecting and repairing your apartment unit carbon monoxide/smoke detector.  Defendant Michael Vasquez stated Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; The Amerland Group, LLC; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Pacific Housing, INC.; Mark Wiese; Suffolk Development, LLC; Islas Development, LLC, commanded to not inspect, repair and test Plaintiff carbon monoxide detector/smoke detector for Plaintiff being a "nigger." Plaintiff has witnessed Defendant Gonzalo Rivera enter Caucasian resident's apartment unit with a long stick like object, as Defendant Gonzalo Rivera used to test and press the button on the carbon monoxide/smoke detector for testing.  Plaintiff would hear Caucasian resident's carbon monoxide/smoke detector sounding on.

136.    Plaintiff directly stated to Defendant Gonzalo Rivera that Plaintiff needs his apartment unit carbon monoxide/smoke detector to be tested and repaired as it has not been sounding alarm when the apartment unit is filled with smoke that came from resident Robert Kemp apartment unit.  Defendant Gonzalo Rivera stated to Plaintiff, we don't test and repair carbon monoxide/smoke detector for niggers like you, Michael [Vasquez], Wendy [Contreras] and Aracelli [Castillo} told me not too.  Defendant Gonzalo Rivera refused, denied and did not test or repair Plaintiff carbon monoxide/smoke detector in apartment unit for Plaintiff being African American.  Defendant Gonzalo Rivera conducted carbon monoxide/smoke detectors testing into Caucasian resident's apartment units.

137.    Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez; Gonzalo Rivera, intentionally did not enforce Plaintiff Tax Credit Lease Contract subsection, Carbon Monoxide Detector Addendum; Smoke Detector Addendum all for Plaintiff being African American.

138.    On March 15, 2021, at "The Rosslyn Lofts" apartments, a Caucasian resident, searched the apartment level for the noise of a carbon monoxide/smoke detector alarm sounding on.  This Caucasian resident went to the front door of Plaintiff apartment unit door and stated that the carbon monoxide/smoke detector alarm has been sounding excessively and that he is going to report this issue to management.

139.    The property maintenance worker Defendant Gonzalo Rivera, entered into resident Robert Kemp apartment unit with a ladder and disconnected and uninstalled the carbon monoxide/smoke detector. While Defendant Gonzalo Rivera was inside Robert kemp apartment unit, Plaintiff heard the carbon monoxide/smoke detector sounding on and then moments after Defendant Gonzalo Rivera was inside resident Robert Kemp apartment unit, the smoke detector/alarm sound malfunctioned as the sound was broken and went into silence. Defendant Gonzalo Rivera, excited African American resident Robert Kemp apartment unit as the carbon monoxide/smoke detector alarm was no longer sounding on or alerting. Plaintiff never heard resident Robert Kemp carbon monoxide/smoke detector sound on or alert since Defendant Gonzalo Rivera entered Rober Kemp apartment unit with a ladder.

140.    Plaintiff reported to Defendant Chase Protective Services, INC.; Jose Ramirez, in regards to Defendant Gonzalo Rivera making resident Robert Kemp, carbon monoxide/smoke detector alarm to not alert/alarm when smoke is detected. Defendant Chase Protective Services, INC., employee Jose Ramirez, stated to Plaintiff it doesn't matter nigger, it's off.

141.    Plaintiff stated to Defendant Gonzalo Rivera that Plaintiff apartment unit carbon monoxide/smoke detector has not been working properly and needs to be tested, repaired and serviced on a maintenance basis. Defendant Gonzalo Rivera directly, intentionally, maliciously stated to Plaintiff, boss Ruben Islas Jr; Ruben Islsas; Michael Vasquez, commanded to not service the "nigger Cecil" carbon monoxide/smoke detector.

142.    On April 4, 20201, at "The Rosslyn Lofts" resident Robert Kemp had an excessive amount of smoke from his apartment unit come into the hallway. This smoke entered into Plaintiff apartment unit filling the air with smoke excessively. Plaintiff carbon monoxide/smoke detector did not alarm or alert Plaintiff of the excessive amount of smoke in the apartment unit. Plaintiff called 911 and reported the excessive amount of smoke coming from resident Robert Kemp apartment unit. The 911 operator had Los Angeles Fire Department personnel come to the smoke scene at resident Robert Kemp apartment unit. The Los Angeles Fire Department Captain Abraham Tapia stated the carbon monoxide/smoke detector did not alarm/alert sound from the excessive amount of smoke in resident Robert Kemp apartment unit.

143.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The

Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, directly, intentionally, maliciously, did not enforce Plaintiff Tax Credit Lease Contract subsection Carbon Monoxide Detector Addendum, Smoke Detector Addendum and Fair Housing Policy.  These Defendants racially discriminated against Plaintiff for being African American, did not enforce Plaintiff Tax Credit Lease Contract the same as Caucasian residents at "The Rosslyn Lofts" apartments.

144.    The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, directly, intentionally, maliciously, did not prohibit each other from racially discriminating against Plaintiff for being African American.  These Defendants intentionally harmed Plaintiff with the intent to have Plaintiff abandon his apartment unit.

145.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, intentionally did not service and/or on a maintenance basis Plaintiff carbon monoxide detector/smoke detector all for Plaintiff being African American and the color of his skin.

146.    Plaintiff alleges and believes that from Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, misconduct and intentional refusal to enforce Plaintiff Tax Credit Lease Contract subsections carbon monoxide detector addendum; smoke detector addendum; fair housing policy, were not enforced for Plaintiff being African American as Plaintiff was treated with decreased performance in his Tax Credit Lease Contract compared to Caucasian residents at "The Rosslyn Lofts" apartments.

147.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC,  Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.  Said Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Bethany Spooner; Mark Wiese; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC,  conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## EIGHTH CAUSE OF ACTION

### VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

148.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79 through 86, paragraphs 90 through 104, paragraphs 107 through 111, paragraphs 114 through 120, paragraphs 123 through 128, paragraphs 131 through 146 above, as if each such allegation was set forth herein.

149.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing,

INC.; Mark Wiese; Wendy Contreras, intentionally, maliciously breached Plaintiff Tax Credit Lease Contract in subsections: Fair Housing Policy; Acknowledgement of Property Inspections; Acknowledgement of Pest Control Notice Addendum To Rental Agreement/Lease; Pest and Rodent Prevention Rule; Acknowledgement of Pest Control Notice Addendum To Rental Agreement/Lease; Unlawful Activity Addendum; Crime Free Lease Addendum; Carbon Monoxide Detector Addendum; and Smoke Detector Addendum.  These Defendants intentionally, maliciously, with hatred of racial discrimination breached Plaintiff Tax Credit Lease Contract with racial discriminatory acts all for Plaintiff being African American and the color of his skin.

150.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, failed to have their employees Defendants Wendy Contreras; Gonzalo Rivera; Aracelli Casillo; Michael Vasquez, enforce Plaintiff Tax Credit Lease Contract terms, conditions, privileges, and duties stated within.

151.    In doing the foregoing wrongful acts, Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras, acted with conscious disregard with the intent to breach Plaintiff Cecil Elmore Tax Credit Lease Contract with the intent to harm Plaintiff.  Said Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Wendy Contreras, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## NINETH CAUSE OF ACTION

### VIOLATION FRAUD

(AGAINST DEWEY SERVICES, INCORPORATED; LUTHER GADSON; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PARUL RUNKLE; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; PACIFIC HOUSING, INC.; MARK WIESE; ROSSLYN PARTNERS, LLC)

152.     Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79 through 86, paragraphs 90 through 104, paragraphs 107 through 111, paragraphs 114 through 120, paragraphs 123 through 128, paragraphs 131 through 146, paragraphs 149 through 150 above, as if each such allegation was set forth herein.

153.     Defendant Luther Gadson an employee of Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, commanded Defendant Dewey Services, Incorporated, employee "Russ," to construct a fraudulent Defendant Dewey Services, Incorporated, Dewey Pest Control Co. Quality Insurance Report that stated false, defamatory facts about Plaintiff apartment unit.

154.     On April 16, 2021, Defendant Dewey Services, Incorporated employee "Russ" wrote a fraudulent Dewey Pest Control Co. Quality Insurance Report. The report false-fully stated negative defamatory allegations about the Plaintiff Cecil Elmore apartment unit at "The Rosslyn Lofts" apartments with the intent to harm Plaintiff. This fraudulent Dewey Pest Control Co. Quality Insurance Report was filed to Los Angeles County Public Health Department Records with the intent to mislead with deceit the truth. With this fraudulent Dewey Pest Control Co. Quality Insurance Report being filed to the County of Los Angeles Public Health Department, this fraudulent report unlawfully aided and abetted Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, reduced liability against Plaintiff Cecil Elmore and have this document in a negative manner affect legal issues regarding Plaintiff.

155.        Plaintiff stated to Defendant Luther Gadson, why did Defendant Dewey Services, Incorporated, file a fraudulent Dewey Pest Control Co. Quality Insurance Report about my apartment unit to County of Los Angeles Public Health Department.  Defendant Luther Gadson stated to Plaintiff, Defendants Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, had Defendant Dewey Services, Incorporated submit Dewey Pest Control Co. Quality Insurance Report so we can get you out of that apartment unit.

156.        Defendant Dewey Services, Incorporated, Dewey Pest Control Co. Quality Insurance Report benefited Defendant The Rosslyn Lofts Housing Partners, LP by having filed a negative report against Plaintiff and the conditions of Plaintiff apartment unit.

157.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, knew or should have known that this fraudulent Dewey Pest Control Co. Quality Insurance Report was filed to the County of Los Angeles Public Health Department.

158.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, have agreed and had fraudulent documents in the past filed against Plaintiff.

159.        The Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese committed fraud with Defendant Dewey Services, Incorporated, in retaliation for Plaintiff filing State of California Department of Fair Employment and Housing complaint against Defendants Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; and Logan Property Management, INC.

160.        Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan

Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese, owe resident Plaintiff a duty of care.

161.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, harm to reputation, pain and suffering, public humiliation and emotional distress from Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; Martha Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Pacific Housing, INC.; Mark Wiese; Rosslyn Partners, LLC, malicious, harmful and wrongful acts that caused harm to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### TENTH CAUSE OF ACTION

VIOLATION FRAUD

(AGAINST GLADYS BOATENG; THEODORE VICTORIO; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; LOGAN PROPERTY MANAGMENET, INC.; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; SUFFOLK DEVLEOPMENT, LLC; ISLAS DEVELOPMENT, LLC )

162.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79 through 86, paragraphs 90 through 104, paragraphs 107 through 111, paragraphs 114 through 120, paragraphs 123 through 128, paragraphs 131 through 146, paragraphs 149 through 150, paragraphs 153 through 160 above, as if each such allegation was set forth herein.

163.    Plaintiff made and filed a complaint to Los Angeles County Public Health Department in regards to cockroach, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartments.

164.    On May 3, 20201, Defendants Gladys Boateng and Theodore Victorio conducted a Health Inspection for the complaint Plaintiff filed with the County of Los Angeles Public Health Department regarding cockroach, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartment building.

165.    On May 3, 2021, Plaintiff Cecil Elmore witnessed the Health Department Inspection with Defendants Gladys Boateng and Theodore Victorio who are Health Inspector employees of the County of Los Angeles, Public Health Department.

166.    This Health Inspection was conducted at "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013.

167.    Defendants Gladys Boateng and Theodore Victorio had knowledge and factual evidence that "The Rosslyn Lofts" apartment building on this property is infested with cockroaches and suffers from inhabitable living conditions.  At this inspection, Defendants Gladys Boateng and Theodore Victorio, Plaintiff witnessed an active pest infestation.

168.    Defendants Gladys Boateng and Theordore Victorio intentionally with malice, deceit and misconduct wrote and filed a fraudulent inspection report that there was no pest present during the inspection.  This is fraudulent, as Plaintiff Cecil Elmore was a witness to the inspection of the active cockroach and pest infestation.  Defendants Gladys Boateng and Theodore Victorio with misconduct, negligence, malice, intentionally ignored the present cockroach and pest infestation at "The Rosslyn Lofts" apartments [Exhibit 13].

169.    Defendants Gladys Boateng and Theodore Victorio knew or should have known that this fraudulent Health Inspection Report would harm Plaintiff.  Defendants Gladys Boateng and Theodore Victorio knew that this false fraudulent Health Inspection Report that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, knew or should have known would benefit from this deceitful documents.

170.    Defendants Gladys Boateng and Theodore Victorio have knowledge that Plaintiff filed his first complaint regarding cockroach and pest infestation at "The Rosslyn Lofts" apartments before January 1, 2021.

171.    Defendant Theodore Victorio has knowledge of Plaintiff emailing him in regards to the present cockroach and pest infestation at "The Rosslyn Lofts."

172.    Defendant Theodore Victorio prior to the Health Inspection that he conducted on May 3, 2021, Defendant Theodore Victorio denied Plaintiff to be a witness at inspection.

173.      Defendant Gladys Boateng and Theodore Victorio stated to Plaintiff that they are going to pass the inspection on May 3, 2021 even when cockroaches and/or pests are found at "The Rosslyn Lofts" apartments.

174.      Defendants Gladys Boateng and Theodore Victorio stated to Plaintiff that Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, agreed to have an inaccurate, fraudulent Health Inspection Report.

175.      Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, agreed to have Defendants Gladys Boateng and Theodore Victorio construct a fraudulent County of Los Angeles, Department of Public Health Official Inspection Report.

176.      Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, have knowledge that "The Rosslyn Lofts" is infested on May 3, 2021.

177.      As a direct and proximate result of the aforementioned acts, Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, and emotional distress from Defendants Gladys Boateng; Theodore Victorio, Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC.  The wrongful acts, committed by Defendants Gladys Boateng; Theodore Victorio; Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, were willful, oppressive, and malicious thus warranting the award of punitive damages

against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## ELEVENTH CAUSE OF ACTION

### VIOLATION FRAUD

(AGAINST EDGAR ANTONYAN; RUBEN ISLAS JR; RUBEN ISLAS; MARTHA ISLAS-ENRIQUEZ; JULES LUCIUS ARTHUR; PAUL RUNKLE; MARK WIESE; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; LOGAN PROPERTY MANAGMENET, INC.; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; PACIFIC HOUSING, INC.; SUFFOLK DEVLEOPMENT, LLC; ISLAS DEVELOPMENT, LLC)

178.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 35, paragraphs 36 through 56, paragraphs 58 through 75, paragraphs 79 through 86, paragraphs 90 through 104, paragraphs 107 through 111, paragraphs 114 through 120, paragraphs 123 through 128, paragraphs 131 through 146, paragraphs 149 through 150, paragraphs 153 through 150, paragraphs 163 through 176 above, as if each such allegation was set forth herein.

179.    Plaintiff called and filed a complaint to County of Los Angeles Public Health Department in regards to cockroach infestations, pest infestations and inhabitable living conditions at "The Rosslyn Lofts" apartments.

180.    On December 8, 2021, Defendant Edgar Antonyan a Health Inspector for County of Los Angeles Public Health Department conducted a Health Inspection in regards to Plaintiff complaint filed to County of Los Angeles, Public Health Department.

181.    Defendant Edgar Antonyan witnessed a cockroach infestation during inspection at "The Rosslyn Lofts" apartments.

182.    Defendant Edgar Antonyan intentionally, maliciously, negligently, constructed and filed a false Official Inspection Report to County of Los Angeles Public Health Department with the intent to harm Plaintiff.

183.    Plaintiff stated to Defendant Michael Vasquez, why did Edgar Antonyan file a fraudulent Official Inspection Report to the County of Los Angeles.  Defendant Michael Vasquez stated Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development,

LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, ordered Defendant Edgar Antonyan to construct and file a fraudulent Official Inspection Report to the County of Los Angeles Public Health Department.

184.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese; Edgar Antonyan, knew this fraudulent Official Inspection Report would benefit Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese as they maintain "The Rosslyn Lofts" apartments.

185.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, did not prohibit Defendant Edgar Antonyan from filing a fraudulent Official Inspection Report to County of Los Angeles Public Health Department.

186.    Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, have knowledge that "The Rosslyn Lofts" is infested on December 8, 2021.

187.    Previously to December 8, 2021, Plaintiff notified Defendants Michael Vasquez; Aracelli Castillo; Wendy Contreras; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Logan Capital Advisors, LLC; Rosslyn Partners, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC, in regards to the active cockroach and pest infestation on the property of "The Rosslyn Lofts."

188.    On December 8, 2021, Defendant Edgar Antonyan a health inspector for County of Los Angeles Public Health Department intentionally, maliciously, with deceit and misconduct filed a fraudulent Official

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 50

Inspection Report. The inspection report that Defendant Edgar Antonyan filed with the County of Los Angeles did not indicate the active pest infestation on the property of 451 S Main Street, Los Angeles, California, 90013 on December 8, 2021, that Defendant Edgar Antonyan witnessed in the building on the premises.

189.    The Defendant Edgar Antonyan intentionally, maliciously engaged in unlawful collusion to aid and abided Defendant Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, with a fraudulent Official Health Inspection Report that Defendant Edgar Antonyan intentionally and fraudulently with misconduct filed to the County of Los Angeles.

190.    Defendant Edgar Antonyan has knowledge and witnessed the constant and present cockroach infestation along with other inhabitable living conditions on December 8, 2021. Plaintiff has witnessed the constant and present cockroach infestation on December 8, 2021 and on at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff filed a complaint against Defendant Ruben Islas Jr; Ruben Islas; The Amerland Group, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP, in regards to the constant and present cockroach pest infestation along with other inhabitable living conditions at address 451 S Main Street, Los Angeles, California, 90013 that Plaintiff is a resident at this location. Plaintiff raised complaints of illegality regarding constant cockroach pest infestation and inhabitable living conditions then Defendants Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Pacific Housing, INC.; Mark Wiese, retaliated by coercion of having Defendant Edgar Antonyan intentionally, maliciously with deceit file a fraudulent Office Health Inspection Report to County of Los Angeles Public Health Department. The Defendant Edgar Antonyan intentionally, maliciously did not inform Plaintiff of this inspection so that Plaintiff would not take photographs and videos of the health violations. On this date, of the inspection Plaintiff witnessed inhabitable living conditions and a cockroach infestation.

191.    Defendant Edgar Antonyan, failed to have file an accurate Official Health Inspection Report to County of Los Angeles Public Health Department. These Defendants failed to accurately conduct a Health

Inspection at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Edgar Antonyan failed to conduct a Health Inspection on December 8, 2021 at address 451 S Main Street, Los Angeles, California, 90013.

192.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, and emotional distress from Defendants Edgar Antonyan, Ruben Islas Jr; Ruben Islas; Martha Islas-Enriquez; Jules Lucius Arthur; Paul Runkle; Mark Wiese; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC,  malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF CECIL ELMORE pray for relief and judgement as follows:

**On Counts One through Eleven against Defendants**

(1) For and Order enjoining Defendants from violating Federal and State Laws;

(2) For a Declaration that Defendants have violated Federal and State Laws;

(3) For a Declaration with judgement for any Defendants who have defaulted for any violated Federal and State Laws;

(4) A Declaratory Judgement that the actions, conduct, and practices of Defendants complained herein violate the laws of the State of California;

(5) An Award of Damages against Defendants, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment;

(6) An Award of Damages against Defendants, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

(7) An Award of Punitive Damages, in an amount to be determined at trial;

(8) Prejudgment Interest on all amounts due;

(9) An Award of Costs that Plaintiff has occurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff reasonable attorney's fees and costs to the fullest extent permitted by Law;

(10) For both (Case No.: 21STRO00907 and Case No.: 22STRO02187) State filed Workplace Restraining Orders to be permanently removed from all software systems and databases of Local, State and Federal agencies under Plaintiff name and whichever remedy suitable to permanently remove Workplace Restraining Orders off Plaintiff record of any sort;

(11) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

## PRESERVATION NOTICE

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors. From this point forward, you are directed to prevent "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any information set forth hereafter. If you cause any such alteration, destruction, or change, direct it, or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed. Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoilation.

ELECTONICALLY STORED INFORMAITON:

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other charge to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, X formally Twitter, Tumblr, LinkedIn, Snapchat, Good Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice message, text messages, instant messages or messaging system, portable memory device, laptops or computers, CDs, DVDs, USB devices,

databases, computer activity logs, internet browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties of any potential witnesses. This includes a request that such information not be modified, altered, or deleted due to data compressed or disk fragmentation (or other optimization procedures), which processes you are herby directed to suspend until that date can be preserved, copied, and produced.

You are directed not to modify, alter, or delete or allow modifications, alterations, or deletions to be made to any electronically stored information. You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

PAPER INFORMATION:

Regarding the paper information, you are directed to preserve any emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents about the controversy, parties, or witnesses. I expect to obtain several documents and other data from you through discovery, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although I may bring a motion with a court for order-preserving documents and other data from destructive or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion. Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant discoverable information beyond what my be found in printed documents. Therefore, even where a paper copy exists, I will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media. I will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 54

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter. This may include, but not limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Concerning electronic date created after this Complaint's delivery date, relevant evidence should not be destroyed. You must take the steps necessary to avoid the destruction of such evidence.

Dated: May 20, 2024

Los Angeles, California

BY: _____

Cecil Elmore, Plaintiff

Pro Se

## DEMAND FOR INSURACNE COVERAGE

Defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheet demonstrating coverage within thirty (30) days of service of this Complaint.

Dated: May 20, 2024

Los Angeles, California

BY: _____

Cecil Elmore, Plaintiff

Pro Se

SECOND AMENDED COMPLAINT FOR DAMAGES || JURY TRIAL DEMAND - 55

# EXHIBIT 1



# COVID-19 Tenant Relief Act FAQ

## Eviction Moratorium Extension

**Q:** When do the new eviction protections end?

**A:** With the signing of the COVID-19 Tenant Relief Act (SB 91), the state's current eviction moratorium for tenants unable to pay rent due to COVID-related financial hardships, as established under AB 3088, is extended by 5 months, from January 31, 2021 until June 30, 2021.

**Q:** How much rent do tenants have to pay to qualify for eviction protection?

**A:** Tenants must continue to pay 25% of their rental obligations through June 30, 2021.

**Q:** Can I be evicted if I pay the 25%?

**A:** No. During this time, if tenants continue to pay at least 25% of their rent they are protected from eviction for any unpaid rent through July 1, 2021. The 25% may be paid monthly, or as a lump sum, by June 30, 2021. Tenants should sign and return a Declaration of COVID-19 Financial Distress form to their landlord if they have been financially impacted by the pandemic. Quickly returning this form, within 15 business days, is the critical step for tenants to be protected from eviction. Your landlord may request that you fill the form out monthly to confirm that your financial hardship continues.

**Q:** Does SB 91 extend any protections for homeowners and property owners?

**A:** SB 91 also extends through September 1, 2021 the consumer protections for homeowners and property owners related to mortgage forbearance requests that existed in AB 3088. For example,

if you make a request for forbearance and it is denied, your lender is required to provide a detailed explanation and then you have 21 days to correct any missing or incorrect information in your request.

## State Rental Assistance Program

**Q:** Where do the funds come from for the State Rental Assistance program?

**A:** These funds have been provided through the federal COVID relief **bill** which provides California with an estimated $2.6 billion in rental assistance funds. Of that, $1.5 billion comes to the state to be distributed statewide to eligible landlords and tenants. The remaining $1.1 billion is allocated directly by the U.S Department of the Treasury to counties and cities with populations over 200,000.

**Q:** Who is eligible for the program?

**A:** Both landlords and eligible households may apply to the program for assistance, though the federal program emphasizes payments made to landlords. Per federal requirements, funds must be used to support eligible households up to 80% Area Medium Income (AMI), with a priority for those up to 50% AMI. The federal bill directs states to focus the funding on the payment of rental arrears owed to landlords to stabilize households, alleviate household debt and prevent evictions.

**Q:** How much relief can an applicant receive?

**A:** The program will provide eligible landlords with immediate relief through the payment of 80% of eligible household rental arrears accumulated from April 1, 2020 through March 31, 2021.

**Q:** If a landlord accepts the funding, what happens to any remaining rent owed?

**A:** Landlords who receive this relief agree to accept the payment as payment in full for the rental debt owed by the tenant for the given time period.

**Q:** I am a tenant. If my landlord does not participate in the program, can I still get evicted?

**A:** No. In cases where a landlord chooses not to participate, they still <u>cannot</u> evict you for non-payment of rent, so long as you continue to pay 25% of rent owed through June 30, 2021. In these cases, you may apply to the program directly and can receive 25% of your arrears that you must then use to pay the landlord.

**Q:** What about rent payments going forward?

**A:** The program also allows for prospective payments of 25% of monthly rent, but priority is given to the payment of rental arrears.

**Q:** When can I apply for relief?

**A:** The State Rental Assistance program is expected to begin in March. If you live in a large city or county with a population over 200,000, your local government may have received funding directly from the federal government and is likely to be operating its own local program. This answer will continue to be updated as the state finds out more information about these local programs.

**Q:** When does the program end?

**A:** The timing is based on federal funding requirements which make funds available through December 31, 2021.

**Q:** How will the funds be administered?

**A:** The state will be contracting with a Community Development Financial Institution (CDFI) to administer funds for all counties with populations under 200k and the jurisdictions within those counties.

Cities and Counties with populations greater than 200k may receive a direct block grant allocation from the state to supplement their direct allocations from the US Treasury. For consistent treatment of landlords and tenants throughout the state, jurisdictions that

supplement their US Treasury allocations with state block grant funding agree to follow the state rental program parameters described above in the administration of their combined federal and state program.

Cities and Counties with populations greater than 200k that prefer not to administer a local program can request that their state and federal allocation funds be administered through the state program.

Back to Top                                   Conditions of Use

Privacy Policy                                Accessibility

Contact Us                                    Web Accessibility Certification

Copyright © 2024 State of California

# EXHIBIT 2



EXHIBIT 3

## About Us

Logan Capital Advisors (LCA) is a multifamily operating company with a portfolio consisting of over 3,900 units throughout California, Nevada, Arizona and Colorado. The founding partners of LCA have a long proud history in the creation, preservation, and operation of affordable multihousing. LCA's future involves continuing to grow not only our affordable portfolio, but to transfer our operational expertise and core values to conventional multihousing.

LCA is a minority owned business, which offers both in-house property management (Logan Property Management) and in-house construction management (Phase 3 Construction). During our 21-year history, we have developed strong relationships with lenders, brokers, attorneys, and other third party service providers, who share our values. As long-term owners and operators of quality multihousing, LCA looks forward to creating more healthy communities "Where Your Home Is Important To Us."

PORTFOLIO

OUR TEAM

© 2024 Logan Capital Advisors. All Rights Reserved.

# EXHIBIT 4



EXHIBIT 5



EXHIBIT 6

Case 2:24-cv-01719-JLS-JDE   Document 12   Filed 05/20/24   Page 70 of 80   Page ID #:777



aul Runkle

# EXHIBIT 7



## MIKE VASQUEZ
Regional Manager | Affordable Properties

# EXHIBIT 8

Case 2:24-cv-01719-JLS-JDE    Document 12    Filed 05/20/24    Page 74 of 80    Page ID #:781

ethany Spooner

# EXHIBIT 9



**Office of Public Affairs**
U.S. Department of Justice



**PRESS RELEASE**

# CRA/LA Agrees to Pay $3.1 Million to Resolve Alleged Misuse of Federal Funds for Inaccessible Housing

Thursday, February 6, 2020

**For Immediate Release**

Office of Public Affairs

CRA/LA agreed to pay $3.1 million to resolve allegations that its predecessor violated the False Claims Act by knowingly failing to comply with federal accessibility laws when it financed and assisted in the development of affordable housing in the City of Los Angeles supported by federal funds, the Department of Justice announced.

CRA/LA is the successor of the Community Redevelopment Agency of the City of Los Angeles, a local redevelopment agency that financed and assisted in the development of multifamily affordable housing using local tax monies and federal community development grants. In June 2011, the State of California dissolved all redevelopment agencies. CRA/LA is winding down the affairs of its predecessor.

"Today's settlement demonstrates our continuing vigilance to ensure that developers receiving federal grant money for affordable housing satisfy their legal obligations to make such housing accessible to people with disabilities," said Assistant Attorney General Jody Hunt for the Department of Justice's Civil Division. "Grant recipients who knowingly discriminate against people with disabilities using taxpayer money will face serious consequences."

# EXHIBIT 10

VOLUNTARY COMPLIANCE AGREEMENT

BETWEEN

THE U. S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

AND

THE CITY OF LOS ANGELES, CALIFORNIA

I.    BACKGROUND .......................................................................................... 3
II.   DEFINITIONS ............................................................................................. 5
III.  REMEDIAL ACTIONS ............................................................................... 11
  A.  Compliance with Civil Rights Requirements ....................................... 11

  B.  Requirements for Future Housing Developments, Housing Developments Currently Under Construction, Housing Developments Subject to Substantial Alterations, and Housing Developments Subject to Other Alterations ................................................................. 12

 

  

# EXHIBIT 11

Case 2:24-cv-01719-JLS-JDE    Document 12    Filed 05/20/24    Page 80 of 80    Page ID #:787

Properties Transferred from CRA
(No federal funds)

| # | Construction Start Date | Project Name | Address | Total Units | Mobility | HV | Total |
|---|---|---|---|---|---|---|---|
| 113 | 2/1/2007 | 1600 Vine | 1600 N. Vine Street St., Los Angeles CA 90028 | 375 | 19 | 8 | 27 |
| 114 | 3/1/2007 | Bricker Building Housing | 1671 N Western Avenue  Los Angeles CA 90028 | 16 | 1 | 1 | 2 |
| 115 | 11/1/2007 | Rosslyn Lofts | 451 S Main Street  Los Angeles CA 90013 | 298 | 15 | 6 | 21 |
| 116 | 12/1/2008 | Alexandria House | 510 S Alexandria Ave  Los Angeles CA 90020 | 16 | 1 | 1 | 2 |
| 117 | 12/15/2008 | Hollywood Bungalow Court Apartments | 1721 N Kingsley Avenue  Hollywood CA 90027 | 42 | 3 | 1 | 4 |
| 118 | 10/1/2009 | Martin Luther King Apartments | 991 E Martin Luther King Jr Blvd  Los Angeles CA 90011 | 17 | 1 | 1 | 2 |
| 119 | 1/1/2010 | YWCA Job Corp. Urban Campus | 1016 S. Olive St., Los Angeles CA 90015 | 200 | 10 | 4 | 14 |
| 120 | 1/20/2010 | Bethany Senior Apartments | 8401 S Hoover  Los Angeles CA 90044 | 80 | 4 | 2 | 6 |
| 121 | 1/31/2010 | Coronel Apartments | 1600 N Serrano  Los Angeles CA 90000 | 54 | 3 | 2 | 5 |
| 122 | 3/1/2010 | Mosaic Apartments | 1521 W Pico Blvd  Los Angeles CA 90015 | 56 | 3 | 2 | 5 |
| 123 | 5/14/2010 | Seventh and Coronado Apartments | 2614 W 7th Street  Los Angeles CA 90057 | 68 | 4 | 2 | 6 |
| 124 | 7/1/2010 | Whittier Apartments | 3551-3565 E Whittier Blvd  Los Angeles CA 90023 | 59 | 3 | 2 | 5 |
| 125 | 11/1/2010 | Sunrise Apartments | 5111 S Main Street  Los Angeles CA 90037 | 46 | 3 | 1 | 4 |
| 126 | 11/1/2010 | T A Y Facility Housing | 4775 S Broadway  Los Angeles CA 90037 | 27 | 2 | 1 | 3 |
| 127 | 1/15/2011 | NoHo Senior Artists Colony | 10747 Magnolia Blvd  North Hollywood CA 91601 | 126 | 7 | 3 | 10 |

KH 338673