

**FILED**
CLERK, U.S. DISTRICT COURT

6/28/24

CENTRAL DISTRICT OF CALIFORNIA
BY: ___mz___ DEPUTY

Cecil Elmore
PO Box 78494
Los Angeles, California, 90016
Email Address: audiboy87@yahoo.com
Phone Number: 323-608-9894

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CECIL ELMORE,

        Plaintiff(s)

    vs.

RUBEN ISLAS JR; RUBEN ISLAS; MICHAEL VASQUEZ; ARACELLI CASTILLO; WENDY CONTRERAS; LUTHER GADSON; GONZALO RIVERA; LOGAN CAPITAL ADVISORS, LLC; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; ISLAS DEVELOPMENT, LLC; SUFFOLK DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; DEWEY SERVICES, INCORPORATED; THEODORE VICTORIO; GLADYS BOATENG; EDGAR ANTONYAN,

        Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **2:24-CV-01719-JLS-JDE**

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
2. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
3. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
4. **VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI**
5. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
6. **VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI**
7. **VIOLATION 42 U.S. CODE § 1981 – EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)**
8. **VIOLATION BREACH OF CONTRACT**
9. **VIOLATION FRUAD**
10. **VIOLATION FRUAD**
11. **VIOLATION FRAUD**

**JURY TRIAL DEMANDED: YES**

<u>**I.**      **JURISDCTION**</u>

1.	This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1981 and Civil Rights Act of 1964: Title VI.

2.	Plaintiff Cecil Elmore claims for violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), and 42 U.S.C. § 1981, among other claims for relief, arise under the Constitution and laws of the United States such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.	Plaintiff Cecil Elmore claims for violation of California State Law concern the same action and omissions that form the basis of Plaintiff federal question claims such that they all are part of the same case or controversy.

4.	This Court, therefore, has supplemental jurisdiction over those California State Law claims pursuant to 28 U.S.C. § 1367.

## II.	VENUE

5.	Venue is proper pursuant to 28 U.S.C. § 1391(b)(1 and 2). Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Suffolk Development, INC.; Islas Development, LLC; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Wendy Contreras; Aracelli Castillo; Michael Vasquez; Chase Protective Services, INC.; Jose Ramirez; Gonzalo Rivera; Dewey Services, Incorporated; Luther Gadson; Gladys Boateng; Theodore Victorio; Edgar Antonyan, reside in the Central District of California, and the events, acts and omissions giving rise to Plaintiff Cecil Elmore claims occurred in the Central District of California.

## III.	PARTIES

6.	Plaintiff Cecil Elmore is an adult qualified to bring suit on his own behalf. At all relevant time Plaintiff Cecil Elmore resided in the City of Los Angeles, County of Los Angeles, in the State of California. Plaintiff Cecil Elmore is an African American, with a mental and physical disability, that affects his ability to perform daily activities. Plaintiff is an African American, Federally protected in a minority class.

7.	Plaintiff has a Tax Credit Lease Contract at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff with his Tax Credit Lease Contract and is renting an apartment unit that is 1 of 298 apartment units of Defendant The Rosslyn Lofts Housing Partners, LP. There is an agreement between the U.S. Department of Housing and Urban Development ("HUD") and the City of Los Angeles, California ("City") and subrecipient

Defendant The Rosslyn Lofts Housing Partners, LP, in a Federal Program as a participant, subrecipient, development in the U.S. Department of Housing and Urban Development Program consisting of Federal Financial Assistance, including Economic Development Initiative (EDI); Grants; Community Development Block Grants (CDBG); HOME Program Funds; Section 108 Loans, through various cooperation agreements, written agreements, and loan agreements.  The City uses these funds to provide housing through arrangements with subrecipient Defendant The Rosslyn Lofts Housing Partners, LP and owner Defendant Ruben Islas Jr; Ruben Islas to aid apartment units and Plaintiff apartment unit.

8.      The Defendant Ruben Islas Jr and Defendant Ruben Islas are the same exact Defendant.  This same exact Defendants Ruben Islas Jr and Ruben Islas are using both these Defendants names as the same person to file legal documents to Local, State and Federal Government agencies and entities.

9.      Defendant Ruben Islas Jr is sued in his individual capacity.  Defendant Ruben Islas Jr is Latinx. Defendant Ruben Islas Jr also operates and manages other business entities that manage and operate the apartment building "The Rosslyn Lofts," address 451 S Main Street, Los Angeles, California, 90013.  The other business entities that Defendant Ruben Islas Jr operate and manage doing business at "The Rosslyn Lofts" involving Plaintiff Tax Credit Lease Contract are Defendants Logan Capital Advisors, LLC; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Islas Development, LLC.; Rosslyn Partners, LLC.  Defendants Ruben Islas Jr is the landlord, owner who controls and operates the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.  Defendants Ruben Islas Jr; Ruben Islas, stated, he is responsible with enforcing Plaintiff Tax Credit Lease Contract, directly, to Plaintiff.

10.      Defendant Ruben Islas is sued in his individual capacity.  Defendant Ruben Islas is Latinx. Defendant Ruben Islas is one of the owners of address 451 S Main Street, Los Angeles, California, 90013, "The Rosslyn Lofts."  Defendant Ruben Islas is one of the landlords of address 451 S Main Street, Los Angeles, California, 90013, "The Rosslyn Lofts."  Defendant Ruben Islas operates and manages Defendants Logan Capital Advisors, LLC as he is the Founding Partner, CEO; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Amerland Group, LLC; Islas Development, LLC.; Islas Development, LLC; Rosslyn Partners, LLC, which are involved in Plaintiff Tax Credit Lease Contract with "The Rosslyn Lofts" apartments.  Defendants

Ruben Islas Jr; Ruben Islas, stated, he is responsible with enforcing Plaintiff Tax Credit Lease Contract, directly, to Plaintiff.

11.     Defendant Logan Capital Advisors, LLC is sued in their official capacity as a Limited Liability Company.  Defendant Logan Capital Advisors, LLC are registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116.  Defendant Logan Capital Advisors, LLC, are doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Logan Capital Advisors, LLC are the company that oversees Defendant Logan Property Management, INC., as stated on website[1], regarding the apartment building "The Rosslyn Lofts." Defendant Ruben Islas; Defendant Ruben Islas Jr are the Founding Partner of Defendant Logan Capital Advisors, LLC.  Defendant Logan Capital Advisors, LLC are involved with Plaintiff Tax Credit Lease Contract at "The Rosslyn Lofts."  Defendants Ruben Islas Jr; Ruben Islas, stated, on behalf of Defendant Logan Capital Advisors, LLC, that they are responsible with enforcing Plaintiff Tax Credit Lease Contract, directly, to Plaintiff.

12.     Defendant The Rosslyn Lofts Housing Partners, LP is sued in their official capacity as a Limited Partnership.  Defendant The Rosslyn Lofts Housing Partners, LP are registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92106.  Defendant The Rosslyn Lofts Housing Partners, LP are doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.  Defendant The Rosslyn Lofts Housing Partners, LP are one of the owners of address 451 S Main Street, Los Angeles, California, 90013 "The Rosslyn Lofts."  Defendant The Rosslyn Lofts Housing Partners, LP and Plaintiff Cecil Elmore are in a Tax Credit Lease Contract, which involves Plaintiff apartment unit on the premises of "The Rosslyn Lofts."  Defendant The Rosslyn Lofts Housing Partners, LP has received Federal Financial Assistance and Funds used on behalf of Plaintiff and apartment unit rental arrears through the Federal Covid-19 Relief Act.  Defendant The Rosslyn Lofts Housing Partners, LP, are a participant and subrecipient in an agreement between the U.S. Department of Housing and Urban Development ("HUD") and the City of Los Angeles, California ("City).  The apartment building "The Rosslyn Lofts" is located within the community redevelopment agency of the City of Los Angeles, City Center Redevelopment Project Area.  Plaintiff is informed, believe, and on that basis allege that Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts

---

[1] Source: https://logancapitaladvisors.com/about/

Housing Partners, LP "The Rosslyn Lofts" and The Amerland Group, LLC, ("owners") has received a variety of Local, State, and Federal funding and assistance for the acquisition, renovation and redevelopment of the "The Rosslyn Lofts" which has been in renovation along with other Federal funding and assistance.  The funding includes, but is not limited to, funding in the form of Tax Exempt Bonds and HOME Investment Partnerships ("HOME") Program Funding.  Defendant The Rosslyn Lofts Housing Partners, LP is controlled and managed by Defendants Ruben Islas Jr; Ruben Islas; Defendant Rosslyn Partners, LLC; Defendant Pacific Housing, INC.

13.    Defendant Logan Property Management, INC., is sued in their official capacity as an Incorporation.  Defendant Logan Property Management, INC., is registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116.  Defendant Logan Property Management, INC., are doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Logan Property Management, INC., are in contract and involved with Plaintiff Tax Credit Lease Contract.  Defendant Logan Property Management, INC., are one of the managing companies of "The Rosslyn Lofts."  Defendant Logan Property Management, INC., are controlled and managed by Defendants Logan Capital Advisors, LLC; Defendants Ruben Islas Jr; and Ruben Islas.

14.    Defendant The Amerland Group, LLC is sued in their official capacity as a Limited Liability Company.  Defendant The Amerland Group, LLC are registered in the State of California and principal address at 1927 Adams Avenue, Suite 200, San Diego, California, 92116.  Defendant The Amerland Group, LLC are doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013 as one of the landlords and owners.  Defendant The Amerland Group, LLC, managed by Defendant Ruben Islas Jr; Defendant Ruben Islas; Defendant Suffolk Development, LLC; and Defendant Islas Development, LLC.

15.    Defendant Islas Development, LLC is sued in their official capacity as a Limited Liability Company.  Defendant Islas Development, LLC are registered in the State of California and principal address of 1927 Adams Avenue, #200, San Diego, California, 92116.  Defendant Islas Development, LLC are doing business at the apartment building "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Islas Development, LLC are operated, controlled, and managed by Defendant Ruben Islas Jr and Defendant Ruben Islas.

16.    Defendant Suffolk Development, LLC is sued in their official capacity as a Limited Liability

Company.  Defendant Suffolk Development, LLC are registered in the State of California and principal address of 1927 Adams Avenue, Suite 200, San Diego, California, 92116.  Defendant Suffolk Development, LLC conduct business at "The Rosslyn Lofts" at address 451 S Main Street, Los Angeles, California, 90013.

17.    Defendant Michael Vasquez is sued in his individual capacity.  Defendant Michael Vasquez is Latinx.  Defendant Michael Vasquez is an employee of Defendant Logan Property Management, INC.  Defendant Michael Vasquez is the Regional Manager of Defendant Logan Property Management, INC.  Defendant Michael Vasquez takes command, orders, tasks and job duties from Defendant Ruben Islas Jr; Defendant Ruben Islas; and Defendant Logan Property Management, INC.  Defendant Michael Vasquez lived on the premises of "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013 on the tenth (10) floor while these incidents stated in this complaint occurred.

18.    Defendant Chase Protective Services, INC., is sued in their official capacity.  Defendant Chase Protective Services, INC., is owned by Thomas Paul White.  Defendant Chase Protective Services, INC., are doing business and performed security guard profession duties and services at address 451 S Main Street, Los Angeles, California, 90013, for "The Rosslyn Lofts."   According to California Secretary of State, Defendant Chase Protective Services, INC., was terminated in May 20, 2011.  Defendant Chase Protective Services, INC., were still performing security guard profession duties and services at address 451 S Main Street, Los Angeles, California, 90013 after May 20, 2011.  Defendant Chase Protective Services, INC., were unlawfully performing security guard professional duties and services even after it was terminated with California Secretary of State.

19.    Defendant Jose Ramirez is sued in his individual capacity.  Defendant Jose Ramirez is Latinx.  Defendant Jose Ramirez is an employee of Defendant Chase Protective Services, INC.  Defendant Jose Ramirez are a security guard for Defendant Chase Protective Services, INC.  Defendant Jose Ramirez performed security guard professional duties and services at "The Rosslyn Lofts" address 451 S Main Street, Los Angeles, California, 90013.  Defendant Jose Ramirez takes command, orders and duties from Defendant Chase Protective Services, INC., and Thomas Paul White.

20.    Defendant Dewey Services, Incorporated is sued in their official capacity.  Defendant Dewey Services, Incorporated principal address 939 East Union Street, Pasadena, California, 91106.  Defendant Dewey Services, Incorporated performed pest control services at "The Rosslyn Lofts," address 451 S Main Street, Los Angeles, California, 90013.  Defendant Dewey Services, Incorporated have a Caucasian employee named "Russ"

that performs "pest control duties and services," at "The Rosslyn Lofts."  Plaintiff has not seen any evidence of Defendant Dewey Services, Incorporated employee "Russ," license as he has to be registered with Structural Pest Control Board in the State of California.  At all relevant times in this complaint, Defendant Dewey Services, Incorporated employee "Russ" was in uniform and on duty portraying a State of California licensed, Structural Pest Control Board, licensee as an Applicator at "The Rosslyn Lofts."

21.     Defendant Wendy Contreras is sued in her individual capacity.  Defendant Wendy Contreras is Latinx.  Defendant Wendy Contreras is one of the property managers, employed by Defendant Logan Property Management, INC.  Defendant Wendy Contreras takes command, orders, tasks, and job duties from Defendant Logan Property Management, INC.; Defendant Michael Vasquez; Defendant Ruben Islas Jr; and Defendant Ruben Islas.  Defendant Wendy Contreras resided at "The Rosslyn Lofts" during all incidents.  Defendant Wendy Contreras is a property manager at "The Rosslyn Lofts" address 451 S Main Street, Los Angeles, California, 90013.

22.     Defendant Aracelli Castillo is sued in her individual capacity.  Defendant Aracelli Castillo is a Latinx employee.  Defendant Aracelli Castillo is a property managers employee of Defendant Logan Property Management, INC.  Defendant Aracelli Castillo is one of the property managers at "The Rosslyn Lofts" address 451 S Main Street, Los Angeles, California, 90013.  Defendant Aracelli Castillo takes command, orders, tasks, and job duties from Defendant Logan Property Management, INC.; Defendant Michael Vasquez; Defendant Ruben Islas Jr; and Defendant Ruben Islas.

23.     Defendant Luther Gadson is sued in his individual capacity.  Defendant Luther Gadson is an employee of Defendant Logan Property Management, INC.  Defendant Luther Gadson is one of the property managers at "The Rosslyn Lofts" address 451 S Main Street, Los Angeles, California, 90013.  Defendant Luther Gadson takes command, orders, tasks, and job duties from Defendant Logan Property Management, INC.; Defendant Michael Vasquez; Defendant Ruben Islas Jr; and Defendant Ruben Islas.

24.     Defendant Gonzalo Rivera is sued in his individual capacity.  Defendant Gonzalo Rivera is a Latinx maintenance worker.  Defendant Gonzalo Rivera takes command, orders, tasks, and job duties from Defendant Logan Property Management, INC.; Defendant Michael Vasquez; Defendant Wendy Contreras; Defendant Aracelli Castillo; Defendant Luther Gadson; Defendant Ruben Islas Jr; and Defendant Ruben Islas.

25.     Defendant Rosslyn Partners, LLC, is sued in their official capacity.  Defendant Rosslyn Partners,

LLC is a Limited Liability Company registered in the State of California with California Secretary of State with a principal address of 1927 Adams Ave #200, San Diego, California, 92116.  Defendant Rosslyn Partners, LLC conduct business at address 451 S Main Street, Los Angeles, California, 90013.  Defendant Rosslyn Partners, LLC, are controlled, managed by The Amerland Group, LLC.  Defendant Rosslyn Partners, LLC are owned by Defendant Ruben Islas Jr and Defendant Ruben Islas.

26.       Defendant Theodore Victorio is sued in his individual capacity.  Defendant Theodore Victorio is an inspector, employee of the Los Angeles County Department of Public Health.  Defendant Theodore Victorio conducted Health Inspections at "The Rosslyn Lofts" address 451 S Main Street, Los Angeles, California, 90013.

27.       Defendant Gladys Boateng is sued in her individual capacity.  Defendant Gladys Boateng is an inspector, employee of the Los Angeles County Department of Public Health.  Defendant Gladys Boateng conducted Health Inspections at "The Rosslyn Lofts" address 451 S Main Street, Los Angeles, California, 90013.

28.       Defendant Edgar Antonyan is sued in his individual capacity.  Defendant Edgar Antonyan is an Inspector, employee of the Los Angeles County Department of Public Health.  Defendant Edgar Antonyan conducted Health Inspections at address 451 S Main Street, Los Angeles, California, 90013.


**IV.       STATEMENT OF FACTS**

29.       Plaintiff Cecil Elmore is an African American in a Federally protected in a minority class.  Plaintiff race is and are preserved as African American as people can tell by Plaintiff characteristics and features to be African American.

30.       Plaintiff Cecil Elmore has a Tax Credit Lease Contract with Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., Defendant Wendy Contreras, for an apartment unit that Plaintiff is renting at address 451 S Main Street, Los Angeles, California, 90013.

31.       Plaintiff brings this action to address Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; Jose Ramirez; Dewey Services, Incorporated; Theodore Victorio; Gladys Boateng; Edgar Antonyan, wrongful and illegal conduct

associated with "The Rosslyn Lofts" apartment building located at address 451 S Main Street, Los Angeles, California, 90013 and Plaintiff Tax Credit Lease Contract.

32.        Plaintiff throughout this Tax Credit Lease Contract has complied with this contract in its entirety.

33.        Defendant Ruben Islas Jr and Defendant Ruben Islas purported and stated, that they are in a binding Tax Credit Lease Contract with Plaintiff.

34.        Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, are responsible for Plaintiff Tax Credit Lease Contract as they are responsible for maintaining the rental property, ensuring it meets habitability standards, enforcing privileges, duties, terms, conditions of this Tax Credit Lease Contract.  Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC and are responsible for Defendants Michael Vasquez; Aracelli Castillo; Wendy Contreras; Luther Gadson; Gonzalo Rivera, conduct, behavior, actions, and duties.  While Plaintiff was signing his Tax Credit Lease Contract, Defendant Wendy Contreras stated Plaintiff has rights and privileges to State of California licensed security guard services at "The Rosslyn Lofts" apartments.

35.        Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Casillo; Wendy Contreras; Luther Gadson; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC, are responsible for in Plaintiff Tax Credit Lease Contract to oversee the care of "The Rosslyn Lofts" apartments and Plaintiff apartment unit; Tax Credit Lease Contact, and it's policies, privilege, benefits, enforcement all while complying with State and Federal Laws.

36.        Continuously throughout Plaintiff Tax Credit Lease Contract, Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; Jose Ramirez; Dewey Services, Incorporated; Theodore Victorio; Gladys Boateng; Edgar Antonyan, have systemically

and intentionally engaged in collusion to remove Plaintiff as a tenant from "The Rosslyn Lofts" apartment building and interference with Plaintiff Tax Credit Lease Contract.

37.      Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, have engaged to accomplish these illegal goals by intentionally, racially, discriminating against Plaintiff for being African American and not treating Plaintiff Tax Credit Lease Contract with the same enjoyment, rights, privileges, duties, and terms as Caucasian and Latinx residents.

38.      The City of Los Angeles; County of Los Angeles and Community Redevelopment Agency - Los Angeles (CRA-LA) have enabled Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., to carry out this illegal scheme by funding their purchase of "The Rosslyn Lofts" apartment building while failing to regulate their conduct as required by law.  The City of Los Angeles; County of Los Angeles and CRA-LA have failed to ensure that Defendants Ruben Islas Jr; Ruben Islas and Defendant The Rosslyn Lofts Housing Partners, LP recipients of Local, State and Federal funds, do not discriminate against Plaintiff for being African American.

39.      Published in an article on February 6, 2020, on the website https://www.justice.gov it states CRA-LA knowingly failed to comply with Federal Laws when it is financed and assisted in the development of affordable housing in the City of Los Angeles supported by Federal Funds.

40.      Plaintiff is informed, believe, and on that basis allege, that CRA-LA has provided a variety of State, Federal and Local Funding for the acquisition, renovation, and redevelopment of "The Rosslyn Lofts."  This funding includes, but not limited to, tax exempt bonds and tax increment revenue.

41.      Defendant Ruben Islas Jr; Defendant Ruben Islas; and Julus Lucius Arthur have worked with the U.S. Department of Housing and Urban Development (HUD) to have Defendant The Rosslyn Lofts Housing Partners, LP, into a Federally Assisted Activity and Program of address 451 S Main Street, Los Angeles, California, 90013, financed this property with a combination of property loans, private activity bonds, low-income tax credit (LIHTC) and extended Section 8 contacts.  Defendant The Rosslyn Lofts Housing Partners, LP are in a Federal Program and Activity with the U.S. Department of Housing and Urban Development (HUD).

42.      Defendants Dewey Services, Incorporated; Theordore Victorio; Gladys Boateng and Edgar Antonyan, have unlawfully aided and abetted and constructed fraudulent documents that were filed to the County of Los Angeles Public Health Department with the intent to harm Plaintiff.

43.      With malice of racial discrimination, false, defamatory, fictitious documents in regards to Plaintiff as a resident on the premises. There were two Workplace Restraining Orders, two Unlawful Detainers and numerous Tax Credit Lease Violations that were conjured up by Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, to intentionally, maliciously harm Plaintiff.

44.      Immediate and meaningful intervention is required to cease the irreparable harm being suffered by the Plaintiff. Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, have worked unlawfully, cooperatively in two (2) false Workplace Restraining Orders and two (2) false Unlawful Detainers filed to Stanley Mosk Courthouse, with the intent to evict Plaintiff from his home for being an African American resident at "The Rosslyn Lofts." Plaintiff has been denied reasonable accommodations, access to sanitary facilities, and openly discriminated against for being African American while Plaintiff being called "nigger" constantly throughout Plaintiff Tax Credit Lease Contract. More than six (6) African American residents already have been forced out of "The Rosslyn Lofts" apartments while Plaintiff has been a resident at this apartment building. Absent Court intervention, the Plaintiff also will be forced out from his home and left to live on the street, where Plaintiff will suffer extra-ordinary harm. Plaintiff has suffered racial discrimination for being African American while his Tax Credit Lease Contract has not been enforced and treated of less than as compared to Caucasian, Latinx, other races and other skin colors who are not African American residents at "The Rosslyn Lofts" apartments.

45.      Plaintiff is informed, believe, and thereon allege that at all times relevant herein that Defendants Ruben Islas Jr; Ruben Islas; Wendy Contreras; Michael Vasquez; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, were the agents, representative, successors in interests, principals and/or employees of each other, and in doing

the things, alleged herein were acting within the course and scope of such agency and employment involved in operating "The Rosslyn Lofts" and role in Plaintiff Tax Credit Lease Contract.

46.        In Plaintiff Tax Credit Lease Contract, it states numerous sections and subsections of Policy; Procedures; Liability; Acknowledgements; Responsibilities; and Privileges but not limited to: Acknowledgement of Property Inspections; Fair Housing Policy; House Rules [Number 18. Pest Control]; Acknowledgment of Pest Control Notice Addendum to Rental Agreement/Lease; Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents]; Crime Free Lease Addendum; House Rules [subsection: Crime Prevention]; Unlawful Activity Addendum; Carbon Monoxide Detector Addendum; and Smoke Detector Addendum.

47.        Plaintiff describes and states Plaintiff Tax Credit Lease Contract and sections involved in this claim that Defendants Ruben Islas Jr; Ruben Islas; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera, intentionally breached this Tax Credit Lease Contract while denying Plaintiff benefits, services, privileges, terms, and conditions, for being African American and the color of his skin compared to Caucasian, Latinx, and other races who are not African American residents.  At "The Rosslyn Lofts" Caucasian, Latinx, and other races who are non-African American receive full enjoyment, benefits, services, privileges, terms, and conditions of their lease contract.

48.        Listed below are but not limited to some of the subsections in Plaintiff Tax Credit Lease Contract:

          i. Acknowledgment of Property Inspections: Landlord, management, employees will conduct Pest Control inspections for Plaintiff apartment unit.  Apartment unit will be inspected multiple times during a 12-month period due to the special financing structure of the property.  Separate inspections by, but not limited to, each of the following agencies – California Tax Credit Allocation Committee; California Communities (Bond Holder); Los Angeles Housing Department; Community Redevelopment Agency of the City of Los Angeles; Other City Entities; Lender for the Owners; Investor for the Owners; Property Insurance Company; Pest Control Inspections.

ii.  Fair Housing Policy: It has been, and continues to be, the policy to fully comply with Federal and State anti-discrimination laws in connection with the providing of fair and equal access to our rental housing.  Discriminate against any person(s) in the terms, conditions, or privileges of rental or in the provision of services or facilities because of race, color, religion, sex, sexual orientation, national origin, ancestry, disability and/or other personal/arbitrary characteristics.

iii.  House Rules [Number 18. Pest Control]: It states Plaintiff may request Pest Control Service by contacting office for Pest Control Services to be rendered.

iv.  Acknowledgement of Pest Control Notice Addendum to Rental Agreement/Lease:  Resident is renting from Owner/Agent the premises located at 451 S Main Street, Los Angeles, California, 90013. California Law requires that an Owner/Agent of a residential dwelling unit provide each new resident a copy of the notice provided by a registered pest control company if a contract for periodic pest control service has been executed.  The premises you are renting, or the common areas of the building are covered by such a contract for regular pest control service, so you are being notified pursuant to the Law.

v.  Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents]: It is the goal of the landlord to provide a quality living environment for our residents.  That is why this addendum contains important information for both you and us.  Subsection Landlords Obligations regarding Pest and Rodents - Upon notification landlord(s) shall make arrangements for pest control services.

vi.  Crime Free Lease Addendum: States resident(s), any members of the resident(s) household or guest(s), shall not engage in criminal activity.

vii.  House Rules [subsection: Crime Prevention]: For resident(s) to contact the manager so that manager(s), employee(s), landlord can remove resident promptly.

viii.  Unlawful Activity Addendum: Resident(s), member(s) of resident(s) household, and any guest(s) or other person(s) under the resident(s) control shall not engage in criminal activity.

ix.  Carbon Monoxide Detector Addendum: That management, owner, agent when notified of carbon monoxide detector is damaged, needs testing and/or repairs.  The management, owner, agent will install, repair, test and maintain the carbon monoxide detector.

x.  Smoke Detector Addendum: If the smoke detector does not work to inform owner, management, agent immediately and it will be remedied or fixed.

49.     Plaintiff has complied and held up his part of the Tax Credit Lease Contract in compliance.  As Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC; Logan Capital Advisors, LLC; The Amerland Group, LLC, intentionally, maliciously did not enforce their part of the Tax Credit Lease Contract, all for racial discrimination of Plaintiff being African American and the color of his skin.

50.     Defendant Ruben Islas Jr; and Defendant Ruben Islas command these Defendants Logan Capital Advisors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Defendants Michael Vasquez; Wendy Conteras; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; Defendants Dewey Services, Incorporated and Defendants Chase Protective Services, INC and Jose Ramirez, with duties, tasks, and responsibilities, to be performed in Plaintiff Tax Credit Lease Contract at "The Rosslyn Lofts" apartments.

51.     Defendant Michael Vasquez gives command to Defendants Wendy Contreras; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; Defendants Dewey Services, Incorporated and Defendants Chase Protective Services, INC.; and Jose Ramirez, duties, tasks, and responsibilities that are to be performed in Plaintiff Tax Credit Lease Contract at "The Rosslyn Lofts" apartments.  Defendants Michael Vasquez; Wendy Conteras; Aracelli Castillo; Luther Gadson and Gonzalo Rivera are employed by Defendant Logan Property Management, INC.

52.     Defendants Wendy Contreras; Aracelli Castillo; and Luther Gadson, give command to Defendant Gonzalo Rivera; Defendants Dewey Services, Incorporated and Defendants Chase Protective Services, INC.; and Jose Ramirez, with duties, tasks, and responsibilities that are to be performed in Plaintiff Tax Credit Lease Contract at "The Rosslyn Lofts" apartments.

53.     Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; Logan Capital Advisors, LLC; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; Jose Ramirez; Theodore Victorio; Edgar Anontyan, compelled, coerced, aided and abetted the unlawful acts and violations alleged in this complaint, with racial discrimination against Plaintiff while in a Tax Credit Lease Contract, Violations of 42 U.S. Code § 1981, Violation of Breach of Contract and Violations of Fraud.

54.       Plaintiff filed numerous complaints to County of Los Angeles Public Health Department in regards to cockroach infestations, bedbug infestations, trash chute violation, unsanitary facility and other unhabitable health violations that were constant at the apartment building "The Rosslyn Lofts" address 451 S Main Street, Los Angeles, California, 90013.  Defendants Gladys Boateng; Theodore Victorio; Edgar Antonyan; Ruben Islas Jr; Ruben Islas, participated in fraudulent Official Inspection Reports that are Plaintiff inspection reports that were investigated and filed to the County of Los Angeles.  Plaintiff relied on numerous Official Inspection Reports to be accurate, true, proved violations and the enforcement that is mandatory with these violations against Defendants Ruben Islas; Ruben Islas Jr; The Amerland Group, LLC; The Rosslyn Lofts Housing Partners, LP and "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff was the recipient of these fraudulent misrepresentations of Official Inspection Reports.

55.       Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Luther Gadson; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Chase Protective Services, INC.; Jose Ramirez; Gladys Boateng; Theodore Victorio; Edgar Antonyan, were responsible for the events and damages stated herein, including on the following basis: (a) Defendants committed the acts stated; (b) At all relevant times, one or more Defendants was the agent or employee, and/or acted under the control or supervisor of one or more of the remaining Defendants and in committing the acts stated, acted within the course and scope of such agency and employment and/or is otherwise liable for Plaintiff damages; (c) At all relevant times, there existed a unity of ownership and interest between or among two (2) or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another.  Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mention did not, exist.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors of employment with all Defendants, were taken on behalf of all Defendants, and were engaged with, authorized, ratified, and approved of by all other Defendants.

56.       <u>The term N-Word "Nigger"</u>

The word, nigger, carries much hatred and disgust directed toward black Africans and African Americans.  Historically, nigger defined, limited, made fun of and ridiculed all blacks.  It is a term of exclusion, a

verbal reason for discrimination.  Whether used as a noun, verb, or adjective, it strengthened the stereotype of the lazy, stupid, dirty, worthless nobody.

When other races who are non-African American use the word nigger to an African American, no matter how many alternate definitions that you may try to substitute with the word nigger, that is no different than calling a Latinx person by the worst possible word you can call a Latinx person.

Today, the word nigger is considered "the most offensive and inflammatory racial slur in English" and is "regarded as a deliberate expression of contemptuous racism."  To that end, the word nigger has been described as "a linguistic extension of white supremacy" that has functioned, throughout its history as a means to "help . . . perpetuate and reinforce the durable, insidious taint of presumed African-American inferiority," particularly when used by other races to refer to black people.

When used by other races who are non-African American, the word nigger inflicts profound emotional and psychological harm on black people because it "evokes a history of racial violence, brutality, and subordination."  As one commentator has aptly noted, the word nigger "stands alone with its power to tear at one's insides."[2]

Courts have acknowledged that the word nigger is a slur that is "far more than a mere offensive utterance" and is "pure anathema to African-Americans."[3]  Thus, "given American history," Courts "recognize that the word 'nigger' can have a highly disturbing impact on the listener."[4] Hrobowski v. Worthington Steel Co., 358 F. 3d 473, 477 (7th Cir. 2004)

57.    Defendant Ruben Islas Jr; Defendant Ruben Islas character

In the year 2021, Defendant Ruben Islas Jr; and Defendant Ruben Islas spoke in regards to his unlawful activities, fraudulent activities, and criminal past on a Podcast[5].  Defendant Ruben Islas Jr; and Defendant Ruben Islas stated he had an agreement with his ex-wife Sandra to get his lawsuit finalized with an agreement.  Defendant Ruben Islas Jr; and Defendant Ruben Islas stated that the same date of this podcast episode 1 they wire transferred ex-wife Sandra payment for settlement agreement.  Defendant Ruben Islas Jr; and Defendant Ruben Islas, spoke about how he was going to a private school and that, "I could easily become a

---

[2]  Source: Andrew Hacker, Two Nations: Black and White, Separate, Hostile, Unequal 55 (1992)
[3]  Source: Spriggs v. Diamond Auto Glass, 242 F. 3d 179, 185, (4th Cir. 2001) ("quotations omitted")
[4]  Source Hrobowski v. Worthington Steel Co., 358 F. 3d 473, 477 (7th Cir. 2004)
[5]  iamdriven.com  -- Episode 1: Ruben Islas

drug dealer, you know a successful narco of some sort." Defendant Ruben Islas Jr; and Defendant Ruben Islas stated how when he was younger he would steal wine from the Church that he was attending. Defendant Ruben Islas Jr; and Defendant Ruben Islas stated that he would sell the wine that he stole to local gang members. The interviewer asked "When did you know that you were getting out of the poverty? What was the turning point?" directly to Defendant Ruben Islas Jr; and Ruben Islas. Defendant Ruben Islas Jr; and Defendant Ruben Islas stated, "I'm still waiting for it, I still feel broke all the time. I do feel broke. It is what it is." Defendant Ruben Islas Jr; and Defendant Ruben Islas

Defendant Ruben Islas Jr; and Defendant Ruben Islas talked about working at a comedy club in Hollywood and that he lied about his age to get a contract for $1,000/night. Defendant Ruben Islas Jr; and Defendant Ruben Islas, stated, "we had alcohol, women, and drugs." Defendant Ruben Islas Jr; and Defendant Ruben Islas, stated, "we lied about how much material we had" for the comedy club. Defendant Ruben Islas Jr; and Defendant Ruben Islas, stated, he moved to New York, New York and had a job at All State Insurance as an insurance guy. Defendant Ruben Islas Jr; and Defendant Ruben Islas, stated, "I was selling life insurance on Hillside Avenue, Jamaica, Queens, to gangsters." Defendant Ruben Islas Jr; and Defendant Ruben Islas, stated, "I sold life insurance to gangs."

Defendant Ruben Islas Jr; and Defendant Ruben Islas, stated, "In 1997 my uncle called me, my uncle Carlos. He got involved with affordable housing in Santa Ana. He was my mentor." "In November of 1997 he called me and said 'I need you to come to San Diego. I'm sending you a ticket.'" "I stated using a particular type of affordable housing that no one wanted to do, and I made a fortune." "I bought a deal 21 years ago, I bought 3 projects I think worth $20 million dollars. I'm selling one of those $100 million dollars. I have like 30 of them." "When I was trying to close deals, I didn't know how to be a developer." "But I for sure as hell seen them on tv, so I was like I can act." "I remember getting on a conference all, I was 30 years old running these multi-million dollar conference calls." "I got attorneys, accountants and bankers are waiting on my vary word and analysis and everyone seen what we are going to do. And I was scared out of my mind. But I was like who cares, like I can pretend, so I was the guy in charge. And that persona really evolved really into what I am today. I'm that guy, I get it, I have the solutions, I have the responses and it was such a natural state to me. I was buying $100 million dollar of total real-estate for like nothing." "it took me about a year to get it all done." "I was able to convince people to give me money as a consultant. I met a guy who hired me as a consultant and of

course I fancied myself as an expert but of course I didn't know shit, but I got him to pay me ten grand a month so that I could float, right.  And I was able to survive until I was able to close my deal."  "If you google me, Broken English is one of my companies and Grandave Capital is the other." "I'm taking on the battle of changing the way my people are (Latinos) are shown, Latinos are shown on film.

In this Driven Podcase, Episode 1: Ruben Islas, Defendant Ruben Islas Jr; and Defendant Ruben Islas, clearly stated how he is involved with gangs, committed fraud, used drugs, and committed a scheme for funds.  Defendant Ruben Islas Jr; and Defendant Ruben Islas, showed by his statements and character that he will do anything with no limitations with the intent recover funds from whoever and not follow the laws of the Government in the United States of America.

58.    African American residents receive over 5 times the amount of Tax Credit Lease violations compared to Caucasian, Latinx and non-African American residents.

59.    Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; and employees, participated in the filing of 3 restraining orders against African American residents since Plaintiff has been a resident.

60.    Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; and employees, filed zero restraining orders against Caucasians, Latinx, and non-African American residents.

61.    Defendants The Rosslyn Lofts Housing Partners, LP; and Logan Property Management, INC., are responsible for filing more than 5 times the amount of Unlawful Detainers against African American residents compared to Caucasian, Latinx and non-African American residents.

62.    Defendants The Rosslyn Lofts Housing Partners, LP and Logan Property Management, INC., are responsible for the eviction of at least 5 times the amount of African American resident compared to Caucasian, Latinx and non-African American residents.

63.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC, have a negative racial discrimination and discrimination reputation history of evicting African American residents since at least 2006.

64.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Aracelli Castillo and Wendy Conteras, allowed

residents and others on the premises to commit Tax Credit Lease violations such as but not limited to violence, discrimination and harassment against Plaintiff on the premises of address 451 S Main Street, Los Angeles, California, 90013 at "The Rosslyn Lofts."

65.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez; Aracelli Castillo and Wendy Conteras, did not allow residents and others on the premises to commit Tax Credit Lease violations against Caucasians, Latinx, and non-African American residents.

66.    Plaintiff has notified Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; and Islas Development, LLC, in regards to Latinx resident Ricardo Lopez stating, "nigger" and threatening to physically harm Plaintiff with a knife.  Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, stated, they are not evicting resident Sara Lopez and her son Ricardo Lopez for racial discrimination, stating "nigger" numerous times to Plaintiff, Richardo Lopez manufacturing and distribution of narcotic, domestic violence to a woman, threatening Plaintiff with a knife, and harassment to Plaintiff.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, have knowledge of Ricardo Lopez stating, "nigger" and threatening to physically harm Plaintiff with a knife, no consequences, Tax Credit Lease Violation, and immediate eviction has occurred to protect the rights as a resident, safety and health of Plaintiff Cecil Elmore.  The resident Sara Lopez at address 451 S Main Street Unit 429, Los Angeles, California, 90013, her son Ricardo Lopez committed these unlawful acts and committed numerous Tax Credit Lease Violations that are supposed to result in a Unlawful Detainer for immediate eviction.  As this stated in Tax Credit Lease Contract.  The difference between Plaintiff who is African American and Sara Lopez who is Latinx are race.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, stated

that Sara Lopez and Ricardo Lopez have more rights, privileges and benefits on the premise all for them being Latinx.  There are zero Unlawful Detainers filed against Sara Lopez and Ricardo Lopez as of June 28, 2024 on behalf of or from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, agreed of the racial discrimination and unlawful acts from Ricardo Lopez to African American resident Plaintiff Cecil Elmore at "The Rosslyn Lofts."  This is another example of disparate treatment of Latinx resident Sara Lopez and her son Ricardo Lopez compared to Plaintiff who is African American.

67.        Resident Melinda S. Johnson, who is Caucasian, and lives at address 451 S Main Street Unit 435, Los Angeles, California, 90013 and also in a Tax Credit Lease Contract.  Resident Melinda S. Johnson, stated "nigger" to Plaintiff numerous times on the premises of "The Rosslyn Lofts."  Resident Melinda S. Johnson harassed Plaintiff and sprayed a toxic chemical (possibly mace) into the eyes and face of Plaintiff and his guest Gurkirn Hundal at "The Rosslyn Lofts."  Plaintiff has informed Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, of resident Melinda S. Johnson harassment, racial discrimination for Plaintiff being African American and Plaintiff assaulted by resident Melinda S. Johnson on the premises of "The Rosslyn Lofts."  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, did not participate in the filing of an Unlawful Detainer against resident Melinda S. Johnson. As of June 28, 2024, resident Melinda S. Johnson is still a tenant on the premises of "The Rosslyn Lofts." Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, agreed of the racial discrimination and unlawful acts from Melinda Johnson to African American resident Plaintiff Cecil Elmore at "The Rosslyn Lofts."  This is another

example of disparate treatment of Caucasian resident Melinda S. Johnson compared to resident Plaintiff who is African American.

68.    Plaintiff notified Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, in regards to resident Paula Perez who is Latinx and lives at address 451 S Main Street Unit 434, Los Angeles, California, 90013.  Resident Paula Perez and her Latinx boyfriend who lives with her, as they both committed domestic violence in numerous incidents against each other at "The Rosslyn Lofts."  Resident Paula Perez and her boyfriend both individually hit Plaintiff Ring doorbell camera intentionally and maliciously.  Resident Paula Perez screamed excessively in the hallway at Plaintiff and Gurkirn Hundal after Plaintiff and Gurkirn Hundal talked to Paula Perez about Paula Perez intentionally, maliciously, purposely, hitting Plaintiff Ring doorbell camera.  Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, as of June 28, 2024, have chosen not to participate in the filing of an Unlawful Detainer against resident Paula Perez and her boyfriend.  All for resident Paula Perez and her boyfriend being Latinx.  This is another example of disparate treatment of Latinx resident Paula Perez and her Latinx boyfriend compared to Plaintiff who is African American.

69.    California State Treasurer Fiona Ma stated that Defendants Ruben Islas Jr; Ruben Islas are her business partner.  As they are cooperatively working on securing a $200 million dollar grant for a production studio with an airport in Banning, California.  Plaintiff has notified State of California Treasurer office in regards to Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., regarding the unlawful activity at "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013.  Fiona Ma, State of California Treasure, has taken zero action against Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., for the unlawful activity occurring at "The Rosslyn Lofts."

70.    One of Plaintiff complaints filed to the County of Los Angeles Public Health Department case went to the City Attorney for further action.  The City Attorney refused further action against Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; and The Amerland Group, LLC even with evidence of

an active cockroach and pest infestation and inhabitable living conditions at "The Rosslyn Lofts," at address 451 S Main Street, Los Angeles, California, 90013. Plaintiff alleges and believes that Defendants Ruben Islas Jr; Ruben Islas, business partner, California State Treasure Fiona Ma, engaged in unlawful collusion to have Plaintiff County of Los Angeles Public Health Department case denied further action.

**V.    CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

VIOLATION 42 U.S. Code § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACTS)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; WENDY CONTRERAS; MICHAEL VASQUEZ; ARACELLI CASTILLO; DEWEY SERVICES, INCORPORATED)

71.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 28; paragraphs 29 through 70 above, as if each such allegation was set forth herein.

72.    Plaintiff Cecil Elmore is an African American Federally protected in a minority class.

73.    Plaintiff Cecil Elmore has a Tax Credit Lease Contract with Defendants The Rosslyn Lofts Housing Partners, LP; Defendant Ruben Islas Jr; Defendant Ruben Islas; Defendant Wendy Contreras; and Defendant Logan Property Management, INC., for an apartment unit that Plaintiff is renting at address 451 S Main Street, Los Angeles, California, 90013.

74.    Defendant Ruben Islas Jr; and Defendant Ruben Islas stated and purported that they are in a Tax Credit Lease Contract with Plaintiff, to Plaintiff.

75.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Wendy Contreras; Michael Vasquez; and Aracelli Castillo, participated and had the intent to racially discriminate against Plaintiff by negatively modifying, giving less services of pest

control to Plaintiff apartment unit and issuing Plaintiff a Tax Credit Lease Contract violation that are untrue, false, defamatory and fictitious which is used to conceal racial discrimination for Plaintiff being African American and the color of his skin.

76.     On October 23, 2020, when Plaintiff Cecil Elmore was walking down the street with Gurkirn Hundal, near "The Rosslyn Lofts" apartment building.  Defendant Wendy Contreras a property manager while on duty on behalf of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC.  Plaintiff stated directly to Defendant Wendy Contreras, that Plaintiff needs pest control services for his apartment unit.  Defendant Wendy Conteras stated that Plaintiff will get less pest control service in Plaintiff Tax Credit Lease Contract for the reason of Plaintiff being African American.  Defendant Wendy Contreras stated that Plaintiff is a "nigger" and will not be given less performance of pest control services for his apartment unit for the reason of Plaintiff being a "nigger" African American and that Caucasian and non-African American residents will be receiving more pest control services.  Defendant Wendy Contreras performed misconduct by racially discriminating, directly, intentionally, maliciously, as Defendant Wendy Contreras called Plaintiff Cecil Elmore a "nigger."  Defendant Wendy Contreras stated that she and Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Dewey Services, Incorporated, are not going to enforce Plaintiff Tax Credit Lease Contract and Plaintiff will get less pest control services from Defendant Dewey Services, Incorporated, pest control services.  As Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, are going to participate in the issuance of a Plaintiff Tax Credit Lease Violation to terminate Plaintiff Tax Credit Lease Contract for being African American.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Dewey Services, Incorporated, violated Plaintiff Tax Credit Lease Contract, in the following sections: Acknowledgement of Property Inspections; Fair Housing Policy; House Rules [Number 18. Pest Control]; Acknowledgment of Pest Control Notice Addendum to

Rental Agreement/Lease; Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents], for the reason of Plaintiff race for being African American.  Defendant Wendy Contreras stated that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, have instructed and agreed with Defendant Dewey Services, Incorporated, that they are going to have Defendant Dewey Services, Incorporate give less performance for pest control services, less fumigation and lesser remedy Plaintiff apartment unit from the present cockroach and bed bug infestation compared to Caucasian, Latinx and non-African American residents.  Defendant Wendy Contreras stated that Plaintiff does not deserve the same performance of Pest Control services because he is a "nigger" and that Plaintiff is not a Latinx, Caucasian and non-African American resident.

77.     Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Dewey Services, Incorporated, did not prohibit Defendant Wendy Contreras from racially discriminating against Plaintiff, along with calling Plaintiff a "nigger" while Defendant Wendy Contreras is on duty as Property Manager.  Prior to October 23, 2020, Plaintiff complained to Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Aracelli Castillo, on numerous occasions in regards to Defendant Wendy Contreras direct, malicious racial discrimination against Plaintiff and Plaintiff been called a "nigger" numerous times, each time Plaintiff was ignored of his Tax Credit Lease Contract privilege of being a resident without racial discrimination for being black as compared to Caucasian, Latinx and non-African American residents who do not suffer from racial discrimination as a resident at "The Rosslyn Lofts."

78.     Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, did not properly train Defendant Wendy Conteras on being a Property Manager and to prohibit racially discriminate against Plaintiff and African American residents while only enforcing Caucasian, Latinx and non-African American residents Tax Credit Lease Contract to standard.

79.        Plaintiff notified Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, in-person that Plaintiff requests pest control services for his apartment unit.  Defendant Michael Vasquez in response stated that Plaintiff is a "nigger," will not be getting the same performance of pest control services as other races from Defendant Dewey Services, Incorporated, and Plaintiff needs to get the fuck out from living in "The Rosslyn Lofts" as Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, do not want African American's who request the same pest control service as other races to continue living at the apartment building. Defendant Michael Vasquez stated that Caucasian, Latinx and non-African American residents will be getting Defendant Dewey Services, Incorporated, pest control services to the maximum benefit and performance for their apartment units and that Plaintiff along with African American residents will not receive less performance of pest control services in their apartment units.  Defendant Michael Vasquez stated that Plaintiff is a "nigger" and will be issued a Tax Credit Lease Violation for the Plaintiff requesting Pest Control Services and being African American.  Defendant Michael Vasquez stated that they, Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, are going to participate in issuing Plaintiff a Tax Credit Lease Violation for the reason of Plaintiff requesting pest control services as an African American resident.

80.        At "The Rosslyn Lofts" apartments Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, Plaintiff and African American residents pest control services less than the same standard and less than the same performance, which should be equally as Caucasian, Latinx and non-African American residents.  Plaintiff had less performance and less pest control services from Defendant Dewey Services, Incorporated, pest control services, privileges, full enjoyment of premises, sanitary facilities, and the full privilege of his Tax Credit Lease Contract for being African American.  Defendants Ruben Islas Jr; Ruben Islas;

Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, directly, intentionally, maliciously with hatred did not enforce Plaintiff Cecil Elmore, Tax Credit Lease Contract equally to Caucasian, Latinx and non-African American residents for the reason Plaintiff being African American.  Plaintiff witnessed Caucasian, Latinx and non-African American residents receiving increased pest control services at their apartment unit(s) at "The Rosslyn Lofts" apartments while Plaintiff had less pest control services.

81.    In Plaintiff Tax Credit Lease Contract, it states Plaintiff the full and equal benefit of this contract as is enjoyed with full equal benefit and privileges as other races.  In this Tax Credit Lease Contract it states numerous sections and subsections of rights, privileges, duties, services, and policies in this agreement that are to be enforced by Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Conteras.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo and Wendy Contreras, stated they are going to participate in the issuance of Plaintiff a Tax Credit Lease Violation for requesting for Pest Control Services and terminate Plaintiff Tax Credit Lease Contract for being an African American resident.

82.    On October 28, 2020, at address 451 S Main Street, Los Angeles, California, 90013, Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC, conspired, coerced, aided and abetted the unlawful acts to harass Plaintiff Cecil Elmore because he is an African American resident.  The Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC, are responsible for having Defendant Wendy Contreras, Property Manager, harass, intentionally place the documents Notice to Perform Covenant or Quit (Tax Credit Lease Contract Violation) on the Plaintiff Cecil Elmore apartment unit door facing forward for all persons passing by to read with the intent to harm Plaintiff.  The false facts stated throughout these documents

Notice to Perform Covenant or Quit (Tax Credit Lease Contract Violation) are false, defamatory, and not true in regard to Plaintiff Cecil Elmore.  Plaintiff complied in its entirety with Plaintiff Tax Credit Lease.

83.     In these documents Notice to Perform Covenant or Quit (Tax Credit Lease Contract Violation), it described Plaintiff as a violent African American, when Plaintiff never intimidated and/or performed violence towards Defendant Wendy Contreras or any other employees and managers that work for "The Rosslyn Lofts." Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Wendy Conteras and Aracelli Castillo, stated that they were going to give Plaintiff a Tax Credit Lease Violation for requesting pest control services the same standard and performance as non-African American residents.  The Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Conteras, did participate in the issuance to Plaintiff a Tax Credit Lease Violation with the intent to terminate this Tax Credit Lease Contract all for Plaintiff being African American.

84.     Defendant Wendy Contreras stated that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Aracelli Castillo, commanded her to issue Plaintiff a Tax Credit Lease Violation for requesting pest control services to the same standard and performance as Caucasian, Latinx and non-African American residents. Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP and The Amerland Group, LLC are the landlords and owners that had this document Tax Credit Lease Violation to be forwarded to Defendant Wendy Contreras to place on Plaintiff front apartment unit door with the intent to harm Plaintiff.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, all agreed to participate in the issuance of Plaintiff a Tax Credit Lease Violation – Notice to Perform Covenant or Quit, with the intent to terminate Plaintiff Tax Credit Lease Contract for being African American and the color of his skin.

85.        Plaintiff has suffered from disparate treatment for being African American in a protected minority class compared to Caucasian, Latinx and non-African American residents in "The Rosslyn Lofts" apartment building where Plaintiff lives.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, did not enforce Plaintiff Tax Credit Lease Contract, with the same equal amount of full privileges such as pest control services as Caucasian, Latinx and non-African American residents.  .  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, directly, maliciously, harassed by participating in giving Plaintiff Cecil Elmore a Tax Credit Lease Contract violations for requesting pest control services to the same standard, amount, and benefit as of Caucasian, Latinx and non-African American residents.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, did not enforce Plaintiff Tax Credit Lease Contract and retaliated against Plaintiff complained of pest infestations and inhabitable living conditions with untrue and false Tax Credit Lease Violations to Plaintiff at "The Rosslyn Lofts" who requests pest control services for his apartment unit.  Plaintiff requested privileges and duties from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, as they were not rendered to Plaintiff to the same amount and less performance as Caucasian, Latinx and non-African American residents.

86.        In Plaintiff Tax Credit Lease Contract, it states Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, owner, landlord, employees will not discriminate against Plaintiff for being African American and the color of his skin.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC;

Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, directly, intentionally, maliciously discriminated against Plaintiff for being African American and did not enforce Plaintiff Tax Credit Lease Contract the same as Caucasian, Latinx and non-African American residents.

87.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, intentionally did not enforce Plaintiff Tax Credit Lease Contract as they committed numerous intentional violations of Breach of Contract in sections and subsections including: Acknowledgement of Property Inspections; Fair Housing Policy; House Rules [Number 18. Pest Control]; Acknowledgment of Pest Control Notice Addendum to Rental Agreement/Lease; Pest and Rodent Prevention Rule [subsection Landlords Obligations Regarding Pest and Rodents].

88.    Caucasian, Latinx and non-African American resident(s) at "The Rosslyn Lofts" apartments in a Tax Credit Lease Contract gets full privileges and provision of benefits and services in the building compared to Plaintiff and African American residents receiving less privileges, benefits and services of these very same privileges that are guaranteed in this Tax Credit Lease Contract.

89.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, do not racially discriminate against Caucasian, Latinx and non-African American residents.

90.    Plaintiff Cecil Elmore believes and on that basis that his race and color were substantial motivating factor for Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, directly, intentionally, maliciously, racially discriminating against Plaintiff for being African American and not enforcing Plaintiff Tax Credit Lease Contract with full enjoyment of all benefits, privileges, terms, and conditions of the Tax Credit Lease Contractual relationship as Caucasian, Latinx and non-African American residents.

91.    The Tax Credit Lease violation that Plaintiff received have no merit.  The Tax Credit Lease violation are untrue, false, defamatory, and fictitious lies against Plaintiff as this Tax Credit lease violation was used to conceal the intentional racial discrimination against Plaintiff.

92.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, did not prove that Plaintiff committed the Tax Credit Lease violation.

93.    This Tax Credit Lease violation would not have occurred if it weren't for Plaintiff race.

94.    Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for giving Plaintiff the Tax Credit Lease Violation.

95.    Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, actions of Plaintiff Tax Credit Lease Violation.

96.    Plaintiff was subjected to harassment from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, and this harassment was motivated by Plaintiff race and the color of his skin.

97.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, conduct was not welcome, and Plaintiff did not approve of these wrongdoings of racial discrimination, harassment, and retaliation.

98.    This conduct was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed this Plaintiff Tax Credit Lease Violation.

99.        Plaintiff residency as a tenant in this Tax Credit Lease contract from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, was hostile as a result of racial discrimination conduct.

100.       Plaintiff suffered an adverse Tax Credit Lease Violation and a reduction of benefits, privileges and duties from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, that were based on Plaintiff African American race and the color of his skin.

101.       Plaintiff has rights under the existing Tax Credit Lease Contract.

102.       As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC.; Dewey Services, Incorporated, willful, negligent, malicious, intentional, and outrageous, racial discrimination in a contract against Plaintiff Cecil Elmore.  The Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish, and emotional distress, all to their damages and a sum according to proof.

103.       Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Conteras, misconduct in Violation of 42 U.S. Code § 1981 were committed intentionally in a malicious, oppressive manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; MICHAEL VASQUEZ; ARACELLI CASTILLO; WENDY CONTRERAS)

104.     Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

105.     Plaintiff Cecil Elmore is an African American Federally protected in a minority class.

106.     On November 20, 2020, at address 451 S Main Street, Los Angeles, California, 90013 at apartment building "The Rosslyn Lofts."  While Plaintiff Cecil Elmore and Gurkirn Hundal were on the elevator with a Caucasian female resident and two other African Americans.  The Caucasian female resident wearing a face mask stated directly to Plaintiff, Gurkirn Hundal and two other African Americans, that there are too many black people on the elevator.  The Caucasian female resident yelled aggressively and stated directly, intentionally, maliciously to Plaintiff that Plaintiff is a "dirty black boy" and that she is going to slap Plaintiff in the face.  Which this Caucasian female resident intentionally, maliciously, racially discriminated against Plaintiff for being African American and the color of Plaintiff skin.  This Caucasian female resident also called Plaintiff a "dirty nigger" when Plaintiff was outside near "The Rosslyn Lofts" apartments.  The Caucasian female resident did not file a Los Angeles Police Department ("LAPD") against Plaintiff for any criminal acts or threats.

107.     Plaintiff in-person stated to Defendant Aracelli Castillo, that a Caucasian female resident who was wearing a face mask verbally insulted Plaintiff with racial discrimination by calling Plaintiff a "dirty black boy" on the elevator and the Caucasian female resident threatened to slap Plaintiff in the face at "The Rosslyn Lofts" apartment building.  Plaintiff stated to Defendant Aracelli Castillo that this same Caucasian female resident also stated that Plaintiff is a "dirty nigger" while both Plaintiff and Caucasian female resident were outside near "The Rosslyn Lofts" apartment building.  Defendant Aracelli Castillo directly, intentionally, maliciously stated to Plaintiff that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; and Wendy Contreras, commanded

Defendant Aracelli Castillo to not enforce and did not enforce Plaintiff Tax Credit Lease Contract for being African American.  Defendant Aracelli Castillo denied Plaintiff management services of benefits, privileges, terms and conditions in Plaintiff Tax Credit Lease Contract subsection Fair Housing Policy; Crime Free Lease Addendum; House Rules [subsection: Crime Prevention]; Unlawful Activity Addendum, for Plaintiff being African American and the color of his skin.  Defendant Aracelli Castillo stated that she is not going to give the Caucasian female resident a Lease Violation and will not terminate the Caucasian female resident contract because Plaintiff is an African American resident.  Defendant Aracelli Castillo stated that instead Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; and Wendy Contreras, are going to issue Plaintiff a Tax Credit Lease Contract Violation with the intent to evict Plaintiff for being African American.  Defendant Aracelli Castillo stated that Plaintiff Tax Credit Lease Contract does not have the same privileges, benefits, and enforcement as Caucasian, Latinx and non-African American residents at "The Rosslyn Lofts."

108.    On December 2, 2020, at "The Rosslyn Lofts" apartments, Defendant Aracelli Castillo placed the documents Tax Credit Lease Violation, Ten (10) Day Notice To Quit on the Plaintiff apartment unit door facing forward for all person(s) passing by to read.  This Tax Credit Lease Violation Ten (10) Day Notice To Quit stated false, untrue, defamatory events against Plaintiff regarding the Caucasian female resident on November 20, 2020.  The Tax Credit Lease Violation was a follow-up of the Tax Credit Lease Violation  that Defendant Aracelli Castillo stated Plaintiff would receive for being African American and the color of his skin from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; and Wendy Contreras.

109.    Plaintiff received this Tax Credit Lease Violation for being African American and with the intent to unlawfully evict Plaintiff from his apartment unit.

110.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; and Wendy Contreras, did not prohibit Defendant Aracelli Castillo from racially discriminating against Plaintiff, calling Plaintiff a "nigger" and reducing the performance of

Plaintiff Tax Credit Lease Contract privileges, services, benefits, terms and conditions for being African American compared to Caucasian, Latinx, non-African American residents receiving full benefits, privileges, services, terms and conditions of the contractual relationship.

111.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, did not properly train Defendant Aracelli Castillo to not racially discriminate against Plaintiff for being African American and the color of his skin.

112.    Plaintiff alleges and believes that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, racially discriminated against Plaintiff for being African American and the color of his skin, agreed to issue Plaintiff a Tax Credit Lease Violation - Ten (10) Day Notice To Quit, denied Plaintiff Tax Credit Lease Contract performance and the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship as compared to Caucasian, Latinx and non-African American residents receiving full contract lease benefits, terms, privileges, and conditions at "The Rosslyn Lofts" apartments.

113.    Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for giving Plaintiff the Tax Credit Lease Violation.

114.    Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, Aracelli Castillo and Wendy Contreras, actions of a Tax Credit Lease Violation.

115.    Plaintiff was subjected to harassment of this Tax Credit Lease Violation and misconduct by Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk

Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, and this was motivated by Plaintiff race of being African American and the color of his skin.

116.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo and Wendy Contreras, conduct was not welcome, and Plaintiff did not approve of these wrongdoings.

117.    This misconduct of this false and fictitious Plaintiff Tax Credit Lease Violation was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed this Tax Credit Lease Violation.

118.    Plaintiff residency as a tenant in the Tax Credit Lease contract was hostile as a result of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, misconduct.

119.    Plaintiff suffered an adverse Tax Credit Lease Violation and a reduction of benefits, privileges, and duties from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, based on racial discrimination of Plaintiff race and the color of his skin.

120.    As a proximate result of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Wendy Contreras; and Aracelli Castillo, willful, negligent, malicious, intentional, and outrageous, racial discrimination in a contract against Plaintiff Cecil Elmore.  Plaintiff Cecil Elmore has suffered and continues to suffer humiliation, embarrassment, mental anguish, and emotional distress, all to their damages and a sum according to proof.

121.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Conteras, misconduct in Violation of 42 U.S. Code § 1981 were committed intentionally in a malicious, oppressive manner, entitling

Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.


### THIRD CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; MICHAEL VASQUEZ; LOGAN CAPITAL ADVISORS, LLC; ARACELLI CASTILLO; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; DEWEY SERVICES, INCORPORATED)

122.     Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

123.     Plaintiff Cecil Elmore is an African American Federally protected in a minority class.

124.      On February 10, 2021, Plaintiff Cecil Elmore filed with the State of California, Department of Fair Employment & Housing (Case No.: 202101-12473529), complaint against Defendants Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP; and Wendy Conteras, for racial discriminating against Plaintiff for being African American and the color of his skin.  In this complaint, it states Defendants Wendy Conteras; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP, racially discriminating against Plaintiff on October 23, 2020, for being African American and being called "nigger."

125.     On February 16, 2021, Defendants Wendy Conteras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., were served with Plaintiff State of California, Department of Fair Employment & Housing complaint.

126.     On February 17, 2021, at address 451 S Main Street, Los Angeles, California, 90013, "The Rosslyn Lofts" apartments, Defendant Jose Ramirez, on duty in uniform as a security guard an employee of Defendants Chase Protective Services, INC., also working on behalf of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, Plaintiff Cecil Elmore stated directly to Defendant Jose Ramirez, that Plaintiff needs

security services to stop resident Robert Kemp from harassing Plaintiff.  Resident Robert Kemp sexually harassed as he was naked, yelling, banging aggressively, and turning the doorknob with the intent to unlawfully enter Plaintiff apartment unit as Plaintiff denied resident Robert Kemp permission into Plaintiff apartment unit.  Defendant Jose Ramirez stated directly to Plaintiff, that Plaintiff is a "nigger" and that Defendant Chase Protective Services, INC., agreed with Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, to deny Plaintiff security services for being African American.  Defendant Jose Ramirez stated that he does not work for "niggers" and Plaintiff.  Defendant Jose Ramirez stated that he performs security services for white, Latinx and non-African American residents, and he does not perform security services for Plaintiff and black residents.

127.    On February 17, 2021, Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, intentionally, cooperatively and purposely, unlawfully conspired, participated and gave false incident report against Plaintiff Cecil Elmore at address 451 S Main Street, Los Angeles, California, 90013.  This false, fraudulent, defamatory incident stated, "On Wednesday February 17, 2021 at approximately 4:50pm I noticed Wendy from the leasing o exiting the elevator heading to the leasing office when Elmore in unit – walk in from the stre and started making fun of Wendy saying that "hahah you scared you're scared" and pointing a her.  Wendy continued on her way to the leasing office I asked Mr. Elmer why he was making fu her he stated none of my business.  I told him that she was a female and making fun of her its not correct.  Mr. Elmore stated to just do my job and mind my own business and go into the elevator.  All this its on cameras."

128.    On February 18, 2021, Plaintiff at address 451 S Main Street, Los Angeles, California, 90013, "The Rosslyn Lofts" stated directly to Defendant Wendy Contreras that resident Robert Kemp has been constantly sexually harassing Plaintiff.  Plaintiff stated that resident Robert Kemp came to Plaintiff apartment unit door with no clothes on exposing his genitals to Plaintiff.  Plaintiff stated to Defendant Wendy Contreras that Plaintiff is in fear for his safety and needs the assistance of owners and management to ensure Plaintiff safety as a resident on the premises.

129.	Defendant Wendy Conteras, in response stated, directly, maliciously to Plaintiff that, Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, will not be enforcing Plaintiff Tax Credit Lease Contract for being a "nigger."  Defendant Wendy Contreras stated to Plaintiff, a "nigger" like you doesn't deserve to receive any services from your Tax Credit Lease Contract.  Defendant Wendy Contreras stated directly to Plaintiff, you're not white or Latinx, I don't have to assist as long you are a resident at "The Rosslyn Lofts." Plaintiff Cecil Elmore stated to Defendant Wendy Contreras that resident Robert Kemp has been constantly harassing Plaintiff for over nine months prior to this complaint of resident Robert Kemp sexually harassing Plaintiff on February 16, 2021.  Defendant Wendy Contreras stated, I already told you that I am not doing any services for black people including yourself.  Defendant Wendy Contreras stated that she is going to file a Restraining Order against Plaintiff for Plaintiff being a "nigger" and constantly asking for services and duties from management, Corporate and owner that are stated in Plaintiff Tax Credit Lease Contract with "The Rosslyn Lofts" apartments.  Plaintiff stated, I have the same rights, privileges, terms, and conditions in my Tax Credit Lease Contract as Caucasian, Latinx and non-African American residents.  Defendant Wendy Contreras stated you are black, you are not white or Latinx, so you do not have the same rights, privileges, terms, and conditions as Caucasian, Latinx and non-African American residents in a Tax Credit Lease Contract.

130.	Plaintiff witnessed Defendant Wendy Contreras in person have a conversation with a Caucasian female resident who complained in regards to a resident that was harassing the Caucasian female resident at "The Rosslyn Lofts" apartments.  Defendant Wendy Contreras approached Defendant Chase Protective Services, INC., security guard Defendant Jose Ramirez, and stated that the Caucasian female resident needs security personnel assistance to her apartment unit.  Defendant Jose Ramirez and the Caucasian female resident walked together from "The Rosslyn Lofts" lobby area to and on the elevator together.

131.	Plaintiff alleges and believes that his Tax Credit Lease Contract performance, modification, full enjoyment of all benefits, privileges, terms, and conditions were denied and decreased for Plaintiff being African American and the color of his skin.  Plaintiff alleges and believes that the Caucasian female resident contract was enforced with performance, enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship for the reason of the Caucasian female race.  Plaintiff has witnessed Defendants Wendy Contreras;

Aracelli Castillo; Michael Vasquez, enforce Caucasian residents Tax Credit Lease Contract and deny African American residents the full enjoyment of all benefits, privileges, decreased management performance, terms and conditions of the contractual relationship.

132.    On February 22, 2021, at "The Rosslyn Lofts" apartment building Plaintiff stated to the property manager Defendant Aracelli Castillo, Plaintiff requested pest control services for his apartment unit.  Defendant Aracelli Castillo stated, her and Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, agreed and decided to deny Plaintiff pest control services for being African American.  Defendant Aracelli Castillo stated, we are not allowing you any management duties, privileges, benefits, or terms in your Tax Credit Lease Contract regarding pest control services for your apartment unit as you do not have the rights and privileges as Caucasian, Latinx and non-African American residents.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, racially discriminated against Plaintiff for being African American and Defendants directly, intentionally, maliciously did not enforce Plaintiff Tax Credit Lease Contract subsections: Acknowledgment of Property Inspections; Fair Housing Policy; Fair Housing Policy [Number 18. Pest Control]; Acknowledgement of Pest Control Notice Addendum to Rental Agreement/Lease; and Pest and Rodent Prevention, to the full and equal enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship as Caucasian, Latinx and non-African American residents.

133.    On February 23, 2021, Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Wendy Contreras; Michael Vasquez; Aracelli Castillo; Luther Gadson, participated in the filing at the Stanley Mosk Courthouse and was granted a Temporary Workplace Restraining Order (Case No.: 21STRO00907) against Plaintiff.  This Temporary Workplace Restraining Order affidavit and statements from Defendants Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Jose Ramirez; Chase Protective Services, INC., on behalf of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Luther Gadson, are

false, not true, defamatory and are in retaliation to Plaintiff requesting from Defendants Wendy Contreras;

Aracelli Castillo; Michael Vasquez; Luther Gadson; Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing

Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital

Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, to enforce Plaintiff Tax Credit Leas

Contract with equal performance, enjoyment of all benefits, privileges, terms, and conditions as Caucasian

residents.

134.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners,

LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk

Development, LLC; Islas Development, LLC; Wendy Contreras; Aracelli Castillo; and Michael Vasquez, retaliated

with racial discrimination and hatred against Plaintiff for racial discrimination complaint filed to the State of

California, Department of Fair Employment & Housing complaint on February 10, 2021, against Defendants

Wendy Contreras; Logan Property Management, INC.; The Rosslyn Lofts Housing Partners, LP.[6]

135.    On February 26, 2021, Defendant Wendy Contreras had Defendant Dewey Services,

Incorporated, employee Russ, conduct pest control services for a Caucasian male resident at address 451 S Main

Street Unit 434, Los Angeles, California, 90013.  Defendant Wendy Contreras came beyond the Court Ordered

amount of distance ordered against Plaintiff.  Defendant Wendy Contreras did not have Los Angeles Police

Department ("LAPD") and/or Chase Protective Service, INC., security personnel during the duration of her joint

pest control service duty rendered to Caucasian male resident.  Defendants Ruben Islas Jr; Ruben Islas; The

Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property

Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Wendy

Contreras; Aracelli Castillo and Michael Vasquez, furtherly denied Plaintiff pest control services from Defendant

Dewey Services, Incorporated, employee Russ.

136.    Defendant Dewey Services, Incorporated, employee Russ intentionally, maliciously stated to

Plaintiff, Cecil, we are not giving your black ass any pest control services.  Defendant Dewey Services,

Incorporated refused and denied Plaintiff pest control services for his apartment unit.  Plaintiff alleges and

---

[6]   *CBOCS West, Inc. v. Humphries,* 553 U.S. 442 (2008)

believes he was denied pest control services due to the fact Plaintiff is an African American and the color of his skin.

137.        Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; Jose Ramirez; Dewey Services, Incorporated, did not prohibit each other from racially discriminating against Plaintiff for being African American, while not enforcing Plaintiff Tax Credit Lease Contract equally to Caucasian residents at "The Rosslyn Lofts" apartments.

138.        Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for giving Plaintiff the Tax Credit Lease Violation, Temporary Workplace Restraining Order, denying Plaintiff pest control service, and denying Plaintiff security services.

139.        Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, Aracelli Castillo and Wendy Contreras, actions of a Tax Credit Lease Violation.

140.        Plaintiff was subjected to harassment of this Tax Credit Lease Violation, false Temporary Workplace Restraining Order, and misconduct by Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, and this was motivated by Plaintiff race of being African American and the color of his skin.

141.        Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Contreras; Dewey Services, Incorporated; Chase Protective Services, INC.; and Jose Ramirez, conduct was not welcome, and Plaintiff did not approve of these wrongdoings.

142.       This misconduct of this false and fictitious Plaintiff Tax Credit Lease Violation was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed this Tax Credit Lease Violation and any reason for a Temporary Workplace Restraining Order against Plaintiff.

143.       Plaintiff residency as a tenant in the Tax Credit Lease contract was hostile as a result of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, misconduct.

144.       Plaintiff suffered an adverse Tax Credit Lease Violation and a reduction of benefits, privileges, and duties from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, based on racial discrimination of Plaintiff race and the color of his skin.

145.       As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Pacific Housing, INC.; Suffolk Development, LLC; Islas Development, LLC; Chase Services, INC.; Jose Ramirez; Dewey Services, Incorporated, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

146.       Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras; Dewey Services, Incorporated; Chase Protective Services, INC.; and Jose Ramirez, misconduct in Violation of 42 U.S. Code § 1981 were committed intentionally in a malicious, oppressive manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST THE ROSSLYN LOFTS HOUSING PARTNERS, LP)

147.      Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

148.      Plaintiff, his landlord Defendant The Rosslyn Lofts Housing Partners, LP participated in and received benefits from the U.S. Department of Treasury to assist on behalf of Plaintiff rent arrears.  Plaintiff and landlord Defendant The Rosslyn Lofts Housing Partners, LP both participated in COVID-19 Tenant Relief Act which are funds from the U.S. Department of Treasury.

149.      The Defendant The Rosslyn Lofts Housing Partners, LP, and employees Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez, directly, intentionally, maliciously, racially discriminated against Plaintiff for being African American and the color of his skin.

150.      The Defendant The Rosslyn Lofts Housing Partners, LP did not properly train neither prohibit Defendants Michael Vasquez; Bethany Spooner; Wendy Contreras; Aracelli Castillo, from intentionally, racially discriminating against Plaintiff for being African American and the color of his skin.

151.      Landlord Defendant The Rosslyn Lofts Housing Partners, LP, directly, intentionally, maliciously, violated Civil Rights Act of 1964, Title VI with the intent to cause harm to Plaintiff.

152.      Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendant The Rosslyn Lofts Housing Partners, LP who did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

153.      Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for giving Plaintiff the Tax Credit Lease Violation.

154.      Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan

Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, Aracelli Castillo and Wendy Contreras, actions of a Tax Credit Lease Violation.

155.     Plaintiff was subjected to harassment of this Tax Credit Lease Violation and misconduct by Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, and this was motivated by Plaintiff race of being African American and the color of his skin.

156.     Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo and Wendy Contreras, conduct was not welcome, and Plaintiff did not approve of these wrongdoings.

157.     This misconduct of this false and fictitious Plaintiff Tax Credit Lease Violation was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed this Tax Credit Lease Violation, and Temporary Workplace Restraining Order against Plaintiff.

158.     Plaintiff residency as a tenant in the Tax Credit Lease contract was hostile as a result of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, misconduct.

159.     Plaintiff suffered an adverse Tax Credit Lease Violation and a reduction of benefits, privileges, and duties from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, based on racial discrimination of Plaintiff race and the color of his skin.

160.     As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendant The Rosslyn Lofts Housing Partners, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The Defendant The Rosslyn Lofts Housing Partners, LP Violation Civil Rights Act of 1964: Title VI. The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of

punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

161.        Defendant The Rosslyn Lofts Housing Partners, LP, misconduct in Violation of Civil Rights Act of 1964: Title VI were committed intentionally in a malicious, oppressive manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

**FIFTH CAUSE OF ACTION**

VIOLATION 42 U.S. Code § 1981 –

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MICHAEL VASQUEZ; WENDY CONTRERAS; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC; THE AMERLAND GROUP, LLC; CHASE PROTECTIVE SERVICES, INC.; JOSE RAMIREZ)

162.        Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

163.        On February 19, 2021, Plaintiff stated to Defendant Michael Vasquez that Plaintiff requests for property, management, services, and duties in Tax Credit Lease Contract to stop resident Robert Kemp from sexually harassing and attempting to unlawfully home invade apartment unit while Plaintiff was home. Defendant Michael Vasquez stated, that he and Defendants Ruben Islas Jr; Ruben Islas; Wendy Contreras; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, agreed and will not enforce Plaintiff Tax Credit Lease Contract the same as Caucasian, Latinx and non-African American residents.

164.        Defendant Michael Vasquez stated that Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, are going to give Plaintiff a Tax Credit Lease Violation for being African American and asking for Tax Credit Lease Contract to be enforced the same as

Caucasian, Latinx and non-African American residents.  Defendant Michael Vasquez stated to Plaintiff, that Defendant The Rosslyn Lofts Housing Partners, LP were served with your Department of Fair Employment and Housing complaint and that we don't care, we are still going to give you lease violation for being a "nigger" and that we are still going to evict you one way or another for being African American and we give you the same resident rights as Caucasian residents.

165.    On February 19, 2021, "The Rosslyn Lofts" apartments security guard Defendant Jose Ramirez, an employee of Defendants Chase Protective Services, INC.  Defendant Jose Ramirez placed a Tax Credit Lease Violation on Plaintiff apartment unit door, facing forward for all other person(s) passing by to recognize.  This Tax Credit Lease Violation is blatant harassment, retaliation against Plaintiff for being African American, racial discrimination in retaliation[7] for Plaintiff filing racial discrimination complaint to State of California, Department of Fair Employment and Housing (DFEH) against Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Wendy Contreras.

166.    The Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, did not prohibit Defendant Michael Vasquez from racially discriminating against Plaintiff for being African American and less performance of Plaintiff Tax Credit Lease Contract as Caucasian residents.

167.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, did not prohibit security guard harassment, Defendant Jose Ramirez from placing Tax Credit Lease Violation on Plaintiff apartment unit door.

168.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; and Islas Development, LLC, did not prohibit resident Robert Kemp from attempting to break into Plaintiff apartment by home invasion and prohibit resident Robert Kemp from sexually harassing Plaintiff at "The Rosslyn Lofts," apartments.

---

[7] *CBOCS West, Inc. v. Humphries,* 553 U.S. 442 (2008)

169.        Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC: Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC ; Suffolk Development, LLC; Islas Development, LLC; Michael Vasquez, directly, intentionally, maliciously, did not enforce Plaintiff Tax Credit Lease Contract subsections: Fair Housing Policy; Crime Free Lease Addendum; House Rules [Crime Prevention]; and Unlawful Activity Addendum all for Plaintiff being African American and the color of his skin.

170.        Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LP; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; Islas Development, LLC; and The Amerland Group, LLC; Aracelli Castillo; and Wendy Contreras, did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

171.        Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC, admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for giving Plaintiff the Tax Credit Lease Violation.

172.        Defendants Wendy Contreras and Aracelli Castillo admitted and stated, that they participated in the Tax Credit Lease Violation against Plaintiff all for being African American and the color of his skin.

173.        Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, actions to participate in a Tax Credit Lease Violation.

174.        Plaintiff was subjected to harassment of this Tax Credit Lease Violation and misconduct by Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, and this was motivated by Plaintiff race of being African American and the color of his skin.

175.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo and Wendy Contreras, conduct was not welcome, and Plaintiff did not approve of these wrongdoings.

176.    This misconduct of this false and fictitious Plaintiff Tax Credit Lease Violation was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed this Tax Credit Lease Violation, and Temporary Workplace Restraining Order against Plaintiff.

177.    Plaintiff residency as a tenant in the Tax Credit Lease contract was hostile as a result of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; and Wendy Contreras, misconduct.

178.    Plaintiff suffered an adverse Tax Credit Lease Violation and a reduction of benefits, privileges, and duties from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras, based on racial discrimination of Plaintiff race and the color of his skin.

179.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Wendy Contreras; Aracelli Castillo; Chase Protective Services, INC.; Jose Ramirez, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Michael Vasquez; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Rosslyn Partners, LLC; Wendy Contreras; Aracelli Castillo; Chase Protective Services, INC.; Jose Ramirez, were willful, oppressive, and malicious thus warranting the award of punitive damages against each Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

180.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo; Wendy Conteras; Chase Protective Services, INC.; and Jose Ramirez, misconduct in Violation of 42 U.S. Code § 1981 were committed intentionally in a malicious, oppressive manner, entitling Plaintiff Cecil Elmore to punitive damages and for such other and further relief as the Court may deem just and proper.

**SIXTH CAUSE OF ACTION**

VIOLATION CIVIL RIGHTS ACT OF 1964: TITLE VI

(AGAINST THE ROSSLYN LOFTS HOUSING PARTNERS, LP)

181.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

182.    Plaintiff, one of his landlord's Defendant The Rosslyn Lofts Housing Partners, LP participated in and received benefits from the U.S. Department of Treasury to assist on behalf of Plaintiff rent arrears.  Plaintiff and landlord Defendant The Rosslyn Lofts Housing Partners, LP both participated in COVID-19 Tenant Relief Act which are funds from the U.S. Department of Treasury.

183.    The Defendant The Rosslyn Lofts Housing Partners, LP, and employee Defendants Michael Vasquez, Ruben Islas Jr; Ruben Islas, directly, intentionally, maliciously, racially discriminated against Plaintiff for being African American and the color of his skin.

184.    The Defendant The Rosslyn Lofts Housing Partners, LP did not properly train neither prohibit Defendants Michael Vasquez; Ruben Islas Jr; Ruben Islas, from intentionally, racially discriminating against Plaintiff for being African American and the color of his skin.

185.    Landlord Defendant The Rosslyn Lofts Housing Partners, LP, directly, intentionally, maliciously, violated Civil Rights Act of 1964, Title VI with the intent to cause harm to Plaintiff.

186.    Defendant Ruben Islas Jr; and Defendant Ruben Islas on behalf of Defendant The Rosslyn Lofts Housing Partners, LP who did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

187.    Defendant The Rosslyn Lofts Housing Partners, LP and Defendant Ruben Islas Jr; Ruben Islas, did not command or have Defendant Chase Protective Services, INC., security guard Defendant Jose Ramirez perform security services to stop resident Robert Kemp from sexually harassing and unlawfully attempting to break into Plaintiff apartment unit all for Plaintiff being African American and the color of his skin.

188.    Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housing Partners, LP, did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

189.    Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP, admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for giving Plaintiff the Tax Credit Lease Violation.

190.    Defendants Ruben Islas Jr; Ruben Islas and The Rosslyn Lofts Housing Partners, LP, admitted and stated, that they participated in the Tax Credit Lease Violation against Plaintiff all for being African American and the color of his skin.

191.    Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP, actions to participate in a Tax Credit Lease Violation.

192.    Plaintiff was subjected to harassment of this Tax Credit Lease Violation and misconduct by Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP, and this was motivated by Plaintiff race of being African American and the color of his skin.

193.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Aracelli Castillo and Wendy Contreras, conduct was not welcome, and Plaintiff did not approve of these wrongdoings.

194.    This misconduct of this false and fictitious Plaintiff Tax Credit Lease Violation was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed this Tax Credit Lease Violation, and Temporary Workplace Restraining Order against Plaintiff.

195.    Plaintiff residency as a tenant in the Tax Credit Lease contract was hostile as a result of Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP, misconduct.

196.    At all times, Plaintiff complied with Plaintiff Tax Credit Lease Contract in its entirety.

197.       Plaintiff suffered an adverse Tax Credit Lease Violation and a reduction of benefits, privileges, and duties from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP, based on racial discrimination of Plaintiff race and the color of his skin.

198.       As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, public humiliation, harm to reputation and emotional distress from Defendant The Rosslyn Lofts Housing Partners, LP, malicious, harmful and wrongful acts to Plaintiff Cecil Elmore.  The wrongful acts, and each of them, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**SEVENTH CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 1981 —

EQUAL RIGHTS UNDER THE LAW (ENFORCE CONTRACT)

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; MICHAEL VASQUEZ; GONZALO RIVERA; ARACELLI CASTILLO; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; THE AMERLAND GROUP, LLC; WENDY CONTRERAS; CHASE PROTECTIVE SERIVCES, INC.; JOSE RAMIREZ)

199.       Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

200.       Plaintiff called in reports 911 in regards to resident Robert Kemp apartment unit carbon monoxide/smoke detector sounding on and smoke coming from underneath apartment unit door.  The 911 operator has the Los Angeles Fire Department report to "The Rosslyn Lofts" apartment building in regards to resident Robert Kemp apartment unit.

201.       At address 451 S Main Street, Los Angeles, California, 90013, Plaintiff, a resident at "The Rosslyn Lofts" apartments made complaints to Defendants Wendy Contreras; Aracelli Castillo; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC., in regards to resident Robert Kemp excessive carbon monoxide/smoke detector alarm sounding off in resident Robert Kemp apartment unit.

202.       On more than two occasions, resident Robert Kemp apartment unit had smoke coming from underneath of the door into the hallway and into Plaintiff apartment unit.

203.    Plaintiff complained to Defendants Ruben Islas Jr; Ruben Islas; Wendy Contreras; Aracelli Castillo; Michael Vasquez; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Suffolk Development, LLC; Islas Development, LLC; and The Amerland Group, LLC, in regards to Plaintiff carbon monoxide/smoke detector alarm not sounding off when the excessive amount of smoke from resident Robert Kemp apartment unit entered into Plaintiff apartment unit.

204.    Plaintiff stated to Defendant Michael Vasquez that Plaintiff carbon monoxide/smoke detector needs to be inspected and repaired as it has not been alerting/sounding alarm when Plaintiff apartment unit is filled with smoke, that came from resident Robert Kemp apartment unit.  Defendant Michael Vasquez stated directly, maliciously to Plaintiff that, you are black we are not inspecting and repairing your apartment unit carbon monoxide/smoke detector.  Defendant Michael Vasquez stated Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, commanded to not inspect, repair and test Plaintiff carbon monoxide detector/smoke detector for Plaintiff being a "nigger." Plaintiff has witnessed Defendant Gonzalo Rivera enter Caucasian resident's apartment unit with a long stick like object, as Defendant Gonzalo Rivera used to test and press the button on the carbon monoxide/smoke detector for testing.  Plaintiff would hear Caucasian resident's carbon monoxide/smoke detector sounding on.

205.    Plaintiff directly stated to Defendant Gonzalo Rivera that Plaintiff needs his apartment unit carbon monoxide/smoke detector to be tested and repaired as it has not been sounding alarm when the apartment unit is filled with smoke that came from resident Robert Kemp apartment unit.  Defendant Gonzalo Rivera stated to Plaintiff, we don't test and repair carbon monoxide/smoke detector for niggers like you, Michael [Vasquez], Wendy [Contreras] and Aracelli [Castillo] told me not too.  Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, refused, denied and did not test or repair Plaintiff carbon monoxide/smoke detector in apartment unit for Plaintiff being African American.  Defendant Gonzalo Rivera conducted carbon monoxide/smoke detectors testing into Caucasian resident's apartment units.

206.    Defendants Ruben Islas Jr; Ruben Islas; Wendy Contreras; Aracelli Castillo; Michael Vasquez; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan

Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, intentionally did not enforce Plaintiff Tax Credit Lease Contract subsection, Carbon Monoxide Detector Addendum; Smoke Detector Addendum all for Plaintiff being African American.

207.     On March 15, 2021, at "The Rosslyn Lofts" apartments, a Caucasian resident, searched the apartment level for the noise of a carbon monoxide/smoke detector alarm sounding on.  This Caucasian resident went to the front door of Plaintiff apartment unit door and stated that the carbon monoxide/smoke detector alarm has been sounding excessively and that he is going to report this issue to management.

208.     The property maintenance worker Defendant Gonzalo Rivera, entered into resident Robert Kemp apartment unit with a ladder and disconnected and uninstalled the carbon monoxide/smoke detector. While Defendant Gonzalo Rivera was inside Robert kemp apartment unit, Plaintiff heard the carbon monoxide/smoke detector sounding on and then moments after Defendant Gonzalo Rivera was inside resident Robert Kemp apartment unit, the smoke detector/alarm sound malfunctioned as the sound was broken and went into silence.  Defendant Gonzalo Rivera, excited African American resident Robert Kemp apartment unit as the carbon monoxide/smoke detector alarm was no longer sounding on or alerting.  Plaintiff never heard resident Robert Kemp carbon monoxide/smoke detector sound on or alert since Defendant Gonzalo Rivera entered Rober Kemp apartment unit with a ladder.

209.     Plaintiff reported to Defendant Chase Protective Services, INC.; Jose Ramirez, in regards to Defendant Gonzalo Rivera making resident Robert Kemp, carbon monoxide/smoke detector alarm to not alert/alarm when smoke is detected.  Defendant Chase Protective Services, INC., employee Jose Ramirez, stated to Plaintiff it doesn't matter nigger, it's off.

210.     Plaintiff stated to Defendant Gonzalo Rivera that Plaintiff apartment unit carbon monoxide/smoke detector has not been working properly and needs to be tested, repaired, and serviced on a maintenance basis.  Defendant Gonzalo Rivera directly, intentionally, maliciously stated to Plaintiff, boss Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC and Islas Development, LLC, commanded to not service the "nigger Cecil" carbon monoxide/smoke detector.

211.    On April 4, 2021, at "The Rosslyn Lofts" resident Robert Kemp had an excessive amount of smoke from his apartment unit come into the hallway.  This smoke entered into Plaintiff apartment unit filling the air with smoke excessively.  Plaintiff carbon monoxide/smoke detector did not alarm or alert Plaintiff of the excessive amount of smoke in the apartment unit.  Plaintiff called 911 and reported the excessive amount of smoke coming from resident Robert Kemp apartment unit.  The 911 operator had Los Angeles Fire Department personnel come to the smoke scene at resident Robert Kemp apartment unit.  The Los Angeles Fire Department Captain Abraham Tapia stated the carbon monoxide/smoke detector did not alarm/alert sound from the excessive amount of smoke in resident Robert Kemp apartment unit.

212.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, directly, intentionally, maliciously, did not enforce Plaintiff Tax Credit Lease Contract subsection Carbon Monoxide Detector Addendum, Smoke Detector Addendum and Fair Housing Policy.  These Defendants racially discriminated against Plaintiff for being African American, did not enforce Plaintiff Tax Credit Lease Contract the same as Caucasian, Latinx and non-African American residents at "The Rosslyn Lofts" apartments.

213.    The Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, directly, intentionally, maliciously, did not prohibit each other from racially discriminating against Plaintiff for being African American.  These Defendants intentionally harmed Plaintiff with the intent to have Plaintiff abandon his apartment unit.

214.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, intentionally did not service and/or on a maintenance basis Plaintiff carbon monoxide detector/smoke detector all for Plaintiff being African American and the color of his skin.

215.    Plaintiff alleges and believes that from Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC;

Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC, misconduct and intentional refusal to enforce Plaintiff Tax Credit Lease Contract subsections carbon monoxide detector addendum; smoke detector addendum; fair housing policy, were not enforced for Plaintiff being African American as Plaintiff was treated with decreased performance in his Tax Credit Lease Contract compared to Caucasian, Latinx and non-African American residents at "The Rosslyn Lofts" apartments.

216.    Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

217.    Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for not enforcing Plaintiff Tax Credit Lease Contract.

218.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC,  admitted and stated, that they participated commanding Defendant Gonzalo Rivera to not enforce Plaintiff Tax Credit Lease all for being African American and the color of his skin.

219.    Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, actions to participate in not enforcing Plaintiff Tax Credit Lease Contract.

220.    Plaintiff was subjected to harassment and a reduction, and less performance in his Tax Credit Lease Contract from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk

Development, LLC; and Islas Development, LLC, and this was motivated by Plaintiff race of being African American and the color of his skin.

221.    Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC, Islas Development, LLC; Aracelli Castillo and Wendy Contreras, conduct was not welcome, and Plaintiff did not approve of these wrongdoings.

222.    This misconduct of intentionally, maliciously, not enforcing Plaintiff Tax Credit Lease Contract was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed any wrongful acts in Plaintiff Tax Credit Lease Contract.

223.    Plaintiff residency as a tenant in the Tax Credit Lease contract was hostile as a result of Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Aracelli Castillo; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; and Jose Ramirez, misconduct.

224.    At all times, Plaintiff complied with Plaintiff Tax Credit Lease Contract in its entirety.

225.    Plaintiff suffered an adverse Tax Credit Lease Contract, less performance, reduction of benefits, privileges, and duties from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC, Islas Development, LLC, based on racial discrimination of Plaintiff race and the color of his skin.

226.    As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo; Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; Islas Development, LLC; Chase Protective Services, INC.; Jose Ramirez,  Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

227.        Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; Wendy Contreras; Aracelli Castillo;
Gonzalo Rivera; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management,
INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC;  Suffolk Development, LLC; Islas Development, LLC;
Chase Protective Services, INC.; and Jose Ramirez,  conduct was willful, wanton, malicious, oppressive, and a
Violation of 42 U.S. Code § 1981, thereby justifying an award of exemplary and punitive damages against each
individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.


**EIGHTH CAUSE OF ACTION**

VIOLATION BREACH OF CONTRACT

(AGAINST RUBEN ISLAS JR; RUBEN ISLAS; WENDY CONTRERAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP;
LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC)

228.        Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29
through 70 above, as if each such allegation was set forth herein.

229.        Defendants Ruben Islas Jr; Ruben Islas on behalf of Defendants The Rosslyn Lofts Housing
Partners, LP; Logan Property Management, INC.; and The Amerland Group, LLC, stated they are responsible to
enforce Plaintiff Tax Credit Lease Contract.  Defendant Wendy Contreras stated and are responsible for
enforcing Plaintiff Tax Credit Lease Contract.

230.        Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property
Management, INC.; and The Amerland Group, LLC, have an obligation and duty to enforce Plaintiff Tax Credit
Lease Contract in its entirety.

231.            Defendant Wendy Contreras have an obligation and duty to enforce Plaintiff Tax Credit
Lease Contract in its entirety.

232.        Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property
Management, INC.; The Amerland Group, LLC; Wendy Contreras, intentionally, maliciously breached Plaintiff Tax
Credit Lease Contract in subsections: Fair Housing Policy; Acknowledgement of Property Inspections;
Acknowledgement of Pest Control Notice Addendum To Rental Agreement/Lease; Pest and Rodent Prevention
Rule; Acknowledgement of Pest Control Notice Addendum To Rental Agreement/Lease; Unlawful Activity
Addendum; Crime Free Lease Addendum; Carbon Monoxide Detector Addendum; and Smoke Detector

Addendum.  These Defendants intentionally, maliciously, with hatred of racial discrimination breached Plaintiff Tax Credit Lease Contract with racial discriminatory acts all for Plaintiff being African American and the color of his skin.

233.     Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC, intentionally, maliciously, did not force and failed to have each other along with Defendants Wendy Contreras; Gonzalo Rivera; Aracelli Casillo; Michael Vasquez, enforce Plaintiff Tax Credit Lease Contract terms, conditions, privileges, duties and in its entirety all for Plaintiff being African American and the color of his skin.

234.     Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., did not take corrective action and is deliberately indifferent to known acts of racial discrimination against Plaintiff for being African American.

235.     Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., admitted and stated that they racially discriminated against Plaintiff for being African American and that they are responsible for not enforcing Plaintiff Tax Credit Lease Contract.

236.     Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., admitted and stated, that they participated commanding Defendants Gonzalo Rivera; Michael Vasquez; Wendy Contreras and Aracelli Castillo, to not enforce Plaintiff Tax Credit Lease all for being African American and the color of his skin.

237.     Plaintiff race of being African American was a determinative decision for the Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., actions to participate in not enforcing Plaintiff Tax Credit Lease Contract.

238.     Plaintiff was subjected to harassment and a reduction, and less performance in his Tax Credit Lease Contract from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP;  The Amerland Group, LLC; and Logan Property Management, INC., and this was motivated by Plaintiff race of being African American and the color of his skin.

239.     Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; and The Amerland Group, LLC, conduct was not welcome, and Plaintiff did not approve of these wrongdoings.

240.     This misconduct of intentionally, maliciously, not enforcing Plaintiff Tax Credit Lease Contract was so severe or pervasive that no person truthfully and not any true facts will show that Plaintiff committed any wrongful acts in Plaintiff Tax Credit Lease Contract.

241.     Plaintiff residency as a tenant in the Tax Credit Lease contract was hostile as a result of Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., misconduct.

242.     At all times, Plaintiff complied with Plaintiff Tax Credit Lease Contract in its entirety.

243.     Plaintiff suffered an adverse Tax Credit Lease Contract, less performance, reduction of benefits, privileges, and duties from Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., based on racial discrimination of Plaintiff race and the color of his skin.

244.     As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants Ruben Islas Jr; Ruben Islas; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; and The Amerland Group, LLC, Plaintiff Cecil Elmore suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, injury to Plaintiff breathing, which have caused Plaintiff Cecil Elmore to sustain damages in a sum to be determined at trial.

245.     Defendants Ruben Islas Jr; Ruben Islas; Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; and The Amerland Group, LLC, conduct was willful, wanton, malicious, oppressive, and a Violation of Breach of Contract, thereby justifying an award of exemplary and punitive damages against each individual Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**NINETH CAUSE OF ACTION**

VIOLATION FRAUD

(AGAINST DEWEY SERVICES, INCORPORATED; LUTHER GADSON; RUBEN ISLAS JR; RUBEN ISLAS; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; LOGAN PROPERTY MANAGEMENT, INC.; THE AMERLAND GROUP, LLC; LOGAN CAPITAL ADVISORS, LLC; SUFFOLK DEVELOPMENT, LLC; ISLAS DEVELOPMENT, LLC; ROSSLYN PARTNERS, LLC)

246.     Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

247.     Defendant Luther Gadson on behalf of Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., commanded Defendant Dewey Services, Incorporated, employee "Russ," to construct a fraudulent, fictious and misrepresentation Defendant Dewey Services, Incorporated, Dewey Pest Control Co. Quality Insurance Report that stated false, defamatory facts about Plaintiff apartment unit.

248.     Defendant Ruben Islas Jr; and Defendant Ruben Islas on behalf of Defendants The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC and Rosslyn Partners, LLC, commanded Defendant Dewey Services, Incorporated, to construct a fraudulent, fictitious and misrepresentation Defendant Dewey Services, Incorporated, Dewey Pest Control Co. Quality Insurance Report that stated false, defamatory facts about Plaintiff apartment unit.

249.     On April 16, 2021, Defendant Dewey Services, Incorporated employee "Russ" wrote a fraudulent Dewey Pest Control Co. Quality Insurance Report.  The report false-fully stated negative defamatory allegations about the Plaintiff Cecil Elmore apartment unit at "The Rosslyn Lofts" apartments with the intent to harm Plaintiff.  This fraudulent Dewey Pest Control Co. Quality Insurance Report was filed to Los Angeles County Public Health Department Records with the intent to mislead with deceit the truth.  With this fraudulent Dewey Pest Control Co. Quality Insurance Report being filed to the County of Los Angeles Public Health Department, this fraudulent report unlawfully aided and abetted Defendants Ruben Islas Jr; Ruben Islas; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, reduced

liability against Plaintiff Cecil Elmore and have this document in a negative manner affect legal issues regarding Plaintiff.

250.    Plaintiff stated to Defendant Luther Gadson, why did Defendant Dewey Services, Incorporated, file a fraudulent, fictitious and misrepresentation Dewey Pest Control Co. Quality Insurance Report about my apartment unit to County of Los Angeles Public Health Department.  Defendant Luther Gadson stated to Plaintiff, Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; and Islas Development, LLC, had Defendant Dewey Services, Incorporated submit Dewey Pest Control Co. Quality Insurance Report, so we can get you out of that apartment unit.

251.    Defendant Dewey Services, Incorporated, fraudulent, fictitious, untrue, and misrepresentation Dewey Pest Control Co. Quality Insurance Report benefited Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; The Amerland Group, LLC; Suffolk Development, LLC; and Islas Development, LLC, by participating in the unlawful and malicious scheme by there being a negative report against Plaintiff and Plaintiff apartment unit.

252.    Defendants Ruben Islas Jr; Ruben Islas; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, knew that this fraudulent Dewey Pest Control Co. Quality Insurance Report was filed to the County of Los Angeles Public Health Department and would cause direct harm to Plaintiff.

253.    Defendants Ruben Islas Jr; Ruben Islas; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, have agreed and had fraudulent documents in the past filed against Plaintiff.

254.    The Defendants Ruben Islas Jr; Ruben Islas; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; and Islas Development, LLC, committed fraud with Defendant Dewey Services, Incorporated, in retaliation for Plaintiff filing State of California Department of Fair Employment and Housing

complaint against Defendants Wendy Contreras; The Rosslyn Lofts Housing Partners, LP; and Logan Property Management, INC, for racial discrimination for Plaintiff being African American and the color of Plaintiff skin.

255.     Defendants Ruben Islas Jr; Ruben Islas; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Dewey Services, Incorporated, owe resident Plaintiff a duty of care.

256.     Defendants Ruben Islas Jr; Ruben Islas; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Dewey Services, Incorporated, have knowledge and intended falsity with misrepresentation of Dewey Pest Control Co. Quality Insurance Report that was filed to the County of Los Angeles Public Health Department and would cause direct harm to Plaintiff.

257.     Defendants Ruben Islas Jr; Ruben Islas; Luther Gadson; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Dewey Services, Incorporated, participation with the intent to defraud Plaintiff and County of Los Angeles Public Health Department.

258.     Plaintiff relied on this Dewey Pest Control Co. Quality Insurance Report to be accurate and truthful, instead it was intentionally, maliciously, fraudulent misrepresentation with the intent to mislead Plaintiff and County of Los Angeles Public Health Department.  This Dewey Pest Control Co. Quality Insurance Report will have a negative affect on any legal actions regarding Plaintiff and his apartment unit at "The Rosslyn Lofts."  This fraudulent misrepresentation of a Dewey Pest Control Co. Quality Insurance Report falsely, fictitiously, fraudulently shows that the Plaintiff did not comply with his Tax Credit Lease Contract in its entirety. Also, this fraudulent misrepresentation of Dewey Pest Control Co. Quality Insurance Report defamed Plaintiff character as it showed falsely, fictitiously, and fraudulently that Plaintiff are not truthful with the County of Los Angeles Public Health Department.

259.     Defendant Ruben Islas Jr; and Defendant Ruben Islas, on behalf of Defendants The Rosslyn Lofts Housings Partners, LP; The Amerland Group, LLC; Logan Property Management, INC.; Rosslyn Partners, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC and Islas Development, LLC, admitted and stated that they committed fraud by participating in engaging in unlawful collusion with Defendant Dewey Services,

Incorporated with a  fraudulent misrepresentation of Dewey Pest Control Co. Quality Insurance Report that was filed to County of Los Angeles Public Health Department against Plaintiff.

260.    Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; The Amerland Group, LLC; and Logan Property Management, INC., admitted and stated, that they participated commanding Defendants Dewey Services, Incorporated, to produce this fraudulent misrepresentation of Dewey Pest Control Co. Quality Insurance Report against Plaintiff.

261.    Plaintiff complied with his Tax Credit Lease Contract in its entirety.

262.    Plaintiff was a recipient of the fraud misrepresentation of Dewey Pest Control Co. Quality Insurance Report which is about Plaintiff Tax Credit Lease apartment unit.

263.    As a direct and proximate result of the aforementioned acts Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, harm to reputation, pain and suffering, public humiliation and emotional distress from Defendants Dewey Services, Incorporated; Luther Gadson; Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Rosslyn Partners, LLC, malicious, harmful and wrongful acts of misrepresentation fraud that caused harm to Plaintiff Cecil Elmore.

264.    The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**TENTH CAUSE OF ACTION**

VIOLATION FRAUD

(AGAINST GLADYS BOATENG; THEODORE VICTORIO; RUBEN ISLAS JR; RUBEN ISLAS; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; LOGAN PROPERTY MANAGMENET, INC.; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVLEOPMENT, LLC; ISLAS DEVELOPMENT, LLC)

265.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

266.    Plaintiff contacted and filed a complaint to Los Angeles County Public Health Department in regards to cockroach, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013.

267.    On May 3, 2021, Defendants Gladys Boateng and Theodore Victorio conducted a Health Inspection for the complaint Plaintiff filed with the County of Los Angeles Public Health Department regarding cockroach, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartment building.

268.    Plaintiff Cecil Elmore witnessed the Health Department Inspection with Defendants Gladys Boateng and Theodore Victorio who are Health Inspectors as employees of the County of Los Angeles, Public Health Department.

269.    This Health Inspection was conducted at "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013.

270.    Defendants Gladys Boateng and Theodore Victorio had knowledge and factual evidence that "The Rosslyn Lofts" apartment building on this property is infested with cockroaches, bedbugs and the building inhabitable living conditions.  At this inspection, Defendants Gladys Boateng and Theodore Victorio, along with Plaintiff and Gurkirn Hundal witnessed an active pest infestation.  This active pest infestation of cockroaches, bed bugs and inhabitable living conditions, which would have been violations in this Official Health Inspection Report against Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP and The Amerland Group, LLC.

271.    Defendants Gladys Boateng and Theordore Victorio intentionally with malice, deceit and misconduct wrote and filed a fictitious, false, untrue, and fraudulent misrepresentation inspection report that there was zero pest present during this inspection.  Defendants Gladys Boateng and Theodore Victorio with misconduct, gross negligence, recklessness, malice, intentionally ignored the present cockroach infestation, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartments.

272.    Defendants Gladys Boateng and Theodore Victorio knew for a fact that this fraudulent Health Inspection Report would harm Plaintiff and Plaintiff Official Inspection Report investigation.  Defendants Gladys Boateng and Theodore Victorio knew that this fictitious, untrue, false, fraudulent misrepresentation Health Inspection Report that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property

Management, INC.; Suffolk Development, LLC; and Islas Development, LLC, would benefit from these fraudulent, deceitful Official Health Inspection Report.

273.      Defendants Gladys Boateng and Theodore Victorio have knowledge that Plaintiff filed his first complaint regarding cockroach and pest infestation at "The Rosslyn Lofts" apartments before January 1, 2021.

274.      Defendant Theodore Victorio has knowledge of Plaintiff emailing him in regards to the present cockroach and pest infestation at "The Rosslyn Lofts."

275.      Defendant Theodore Victorio prior to the Health Inspection that he conducted on May 3, 2021, Defendant Theodore Victorio denied Plaintiff to be a witness of a prior inspection with the intent to conceal the truth of an active cockroach and pest infestation at "The Rosslyn Lofts" apartments.

276.      Defendant Gladys Boateng and Theodore Victorio stated to Plaintiff that they are going to pass the inspection on May 3, 2021, even when cockroaches and/or pests are found at "The Rosslyn Lofts" apartments.

277.      Defendants Gladys Boateng and Theodore Victorio stated to Plaintiff that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; and Islas Development, LLC, agreed to participate, aid and abet them to file an inaccurate, fictitious, fraudulent Health Inspection Report to the County of Los Angeles Public Health Department.

278.      Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Rosslyn Partners, LLC, have knowledge that "The Rosslyn Lofts" was infested with cockroaches, bedbugs, pest, and inhabitable living conditions on May 3, 2021.

279.      Defendants Ruben Islas Jr; and Ruben Islas stated, on behalf of the Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC and Islas Development, LLC participated in Defendants Gladys Boateng and Theodore Victorio fictious, untrue, fraudulent misrepresentation Official Health Inspection Report filed to the County of Los Angeles Public Health Department.

280.      Defendant Michael Vasquez stated, on behalf of the Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital

Advisors, LLC; Suffolk Development, LLC and Islas Development, LLC participated in Defendants Gladys Boateng and Theodore Victorio fictious, untrue, fraudulent misrepresentation Official Health Inspection Report filed to the County of Los Angeles Public Health Department.

281.    As a direct and proximate result of the aforementioned acts, Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, and emotional distress from Defendants Gladys Boateng; Theodore Victorio, Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; and Islas Development, LLC.

282.    The wrongful acts, committed by Defendants Gladys Boateng; Theodore Victorio; Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; and Islas Development, LLC, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

**ELEVENTH CAUSE OF ACTION**

VIOLATION FRAUD

(AGAINST EDGAR ANTONYAN; RUBEN ISLAS JR; RUBEN ISLAS; MICHAEL VASQUEZ; THE ROSSLYN LOFTS HOUSING PARTNERS, LP; ROSSLYN PARTNERS, LLC; LOGAN PROPERTY MANAGMENET, INC.; LOGAN CAPITAL ADVISORS, LLC; THE AMERLAND GROUP, LLC; SUFFOLK DEVLEOPMENT, LLC; ISLAS DEVELOPMENT, LLC)

283.    Plaintiff incorporates by reference the allegations of paragraphs 6 through 28, paragraphs 29 through 70 above, as if each such allegation was set forth herein.

284.    Plaintiff contacted and filed a complaint to Los Angeles County Public Health Department in regards to cockroach, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartments at address 451 S Main Street, Los Angeles, California, 90013.

285.    On December 8, 2021, an employee of County of Los Angeles Public Health Department and Defendant Edgar Antonyan conducted an untrue, fictitious, fraudulent Health Inspection for the complaint

Plaintiff filed with the County of Los Angeles Public Health Department regarding cockroach, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartment building.

286.    Defendant Edgar Antonyan had knowledge and factual evidence that "The Rosslyn Lofts" apartment building were infested at the time of this Official Health Inspection.  During this inspection, there were cockroaches, bedbugs and inhabitable living conditions.  Plaintiff witnessed on this day an active cockroach infestation, bedbug infestation, hypodermic needle, and trash which would have been violations in this Official Health Inspection Report against Defendants Ruben Islas Jr; Ruben Islas; The Rosslyn Lofts Housing Partners, LP and The Amerland Group, LLC.

287.    Defendant Edgar Antonyan intentionally with malice, deceit and misconduct wrote and filed a fictitious, false, untrue, and fraudulent misrepresentation inspection report that there was zero pest present during this inspection and zero inhabitable living conditions.  Defendant Edgar Antonyan with misconduct, gross negligence, recklessness, malice, intentionally ignored the present cockroach infestation, pest infestation and inhabitable living conditions at "The Rosslyn Lofts" apartments.

288.    Defendant Edgar Antonyan knew for a fact that this fraudulent Health Inspection Report would harm Plaintiff and Plaintiff Official Inspection Report investigation.  Defendant Edgar Antonyan knew that this fictitious, untrue, false, fraudulent misrepresentation Health Inspection Report that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; and Islas Development, LLC, would benefit from these fraudulent, deceitful Official Health Inspection Report.

289.    Defendants Edgar Antonyan have knowledge that Plaintiff filed his first complaint regarding cockroach and pest infestation at "The Rosslyn Lofts" apartments before January 1, 2021.

290.    Defendant Edgar Antonyan has knowledge of Plaintiff emailing him in regards to the present cockroach and pest infestation at "The Rosslyn Lofts."

291.    Defendant Edgar Antonyan prior to the Health Inspection that he conducted on December 8, 2021, Defendant Edgar Antonyan denied Plaintiff to be a witness to this inspection with the intent to conceal the truth of an active cockroach and pest infestation at "The Rosslyn Lofts" apartments.

292.        Defendant Edgar Antonyan stated to Plaintiff that the City Attorney dropped Plaintiff County of Los Angeles Public Health Department case, even with evidence with cockroach infestation, pest infestation and inhabitable living conditions.

293.        Defendants Edgar Antonyan stated to Plaintiff that Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; and Islas Development, LLC, agreed to participate, aid and abet them to file an inaccurate, fictitious, fraudulent Health Inspection Report to the County of Los Angeles Public Health Department.

294.        Defendants Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Logan Property Management, INC.; The Amerland Group, LLC; Logan Capital Advisors, LLC; Suffolk Development, LLC; Islas Development, LLC; and Rosslyn Partners, LLC, have knowledge that "The Rosslyn Lofts" was infested with cockroaches, bedbugs, pest, and inhabitable living conditions on December 8, 2021.

295.        Defendants Ruben Islas Jr; and Ruben Islas stated, on behalf of the Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC and Islas Development, LLC participated in Defendant Edgar Antonyan fictious, untrue, fraudulent misrepresentation Official Health Inspection Report filed to the County of Los Angeles Public Health Department.

296.        Defendant Michael Vasquez stated, on behalf of the Defendants The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Property Management, INC.; Logan Capital Advisors, LLC; Suffolk Development, LLC and Islas Development, LLC participated in Defendant Edgar Antonyan fictious, untrue, fraudulent misrepresentation Official Health Inspection Report filed to the County of Los Angeles Public Health Department.

297.        As a direct and proximate result of the aforementioned acts, Plaintiff Cecil Elmore sustained and incurred damages including mental anguish, suffering, and emotional distress from Defendants Edgar Antonyan; Ruben Islas Jr; Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; and Islas Development, LLC.

298.        The wrongful acts, committed by Defendants Edgar Antonyan; Ruben Islas Jr;

Ruben Islas; Michael Vasquez; The Rosslyn Lofts Housing Partners, LP; Rosslyn Partners, LLC; The Amerland Group, LLC; Logan Capital Advisors, LLC; Logan Property Management, INC.; Suffolk Development, LLC; and Islas Development, LLC, were willful, oppressive, and malicious thus warranting the award of punitive damages against each of these Defendants in an amount adequate to punish the wrongdoers and deter future misconduct.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF CECIL ELMORE pray for relief and judgement as follows:

**On Counts One through Eleven against Defendants**

(1) For and Order enjoining Defendants from violating Federal and State Laws;

(2) For a Declaration that Defendants have violated Federal and State Laws;

(3) For a Declaration with judgement for any Defendants who have defaulted for any violated Federal and State Laws;

(4) A Declaratory Judgement that the actions, conduct, and practices of Defendants complained herein violate the laws of the State of California;

(5) An Award of Damages against Defendants, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment;

(6) An Award of Damages against Defendants, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

(7) An Award of Punitive Damages, in an amount to be determined at trial;

(8) Prejudgment Interest on all amounts due;

(9) An Award of Costs that Plaintiff has occurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff reasonable attorney's fees and costs to the fullest extent permitted by Law;

(10) For both (Case No.: 21STRO00907 and Case No.: 22STRO02187) State filed Workplace Restraining Orders to be permanently removed/expunged from all software systems and databases of Local, State

and Federal agencies under Plaintiff name and whichever remedy suitable to permanently remove Workplace Restraining Orders off Plaintiff record of any sort;

(11) For Defendants Theodore Victorio; Gladys Boateng and Edgar Antonyan, to have their profession as a Health Inspector revoked and to be removed immediately from employment with the County of Los Angeles;

(12) For Defendant Dewey Services, Incorporated professional license and business license revoked;

(13) For such other and further relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.


**PRESERVATION NOTICE**

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.  From this point forward, you are directed to prevent "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any information set forth hereafter.  If you cause any such alteration, destruction, or change, direct it, or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed.  Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoilation.

ELECTONICALLY STORED INFORMAITON:

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other charge to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, X formally Twitter, Tumblr, LinkedIn, Snapchat, Good Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice message, text messages, instant messages or messaging system, portable memory device, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet browsing history (including cookies), network access and server

activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties of any potential witnesses. This includes a request that such information not be modified, altered, or deleted due to data compressed or disk fragmentation (or other optimization procedures), which processes you are herby directed to suspend until that date can be preserved, copied, and produced.

You are directed not to modify, alter, or delete or allow modifications, alterations, or deletions to be made to any electronically stored information. You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

PAPER INFORMATION:

Regarding the paper information, you are directed to preserve any emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents about the controversy, parties, or witnesses. I expect to obtain several documents and other data from you through discovery, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although I may bring a motion with a court for order-preserving documents and other data from destructive or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion. Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant discoverable information beyond what my be found in printed documents. Therefore, even where a paper copy exists, I will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media. I will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence.  Due to its format, electronic information is quickly deleted, modified, or corrupted.  Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter.  This may include, but not limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Concerning electronic date created after this Complaint's delivery date, relevant evidence should not be destroyed.  You must take the steps necessary to avoid the destruction of such evidence.

Dated: June 28, 2024

Los Angeles, California

BY: _____

Cecil Elmore, Plaintiff

Pro Se

**DEMAND FOR INSURACNE COVERAGE**

Defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheet demonstrating coverage within thirty (30) days of service of this Complaint.

Dated: June 28, 2024

Los Angeles, California

BY: _____

Cecil Elmore, Plaintiff

Pro Se