# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01719-JLS (JDE) | Date | July 5, 2024 |
|---|---|---|---|
| Title | Cecil Elmore v. Ruben Islas, Jr., et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge | |
|---|---|---|
| Jazmin Dorado for Maria Barr | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| n/a | | n/a |

**Proceedings:**       (In Chambers) Order Striking Third Amended Complaint [Dkt. 16] for Violating a Court Order

On March 1, 2024, Plaintiff Cecil Elmore ("Plaintiff"), proceeding pro se and subsequently granted leave to proceed in forma pauperis, filed a 531-page Complaint against 146 defendants, including Starbucks, Walmart, the Coco-Cola Company, Bank of America, Burger King, the Los Angeles Police Department, the City of Los Angeles, several security companies, several dentists and dental professional corporations, and 25 Doe defendants, listing 540 causes of action. Dkt. 1 ("Complaint"). While the specific allegations and details of the Complaint were confusing and difficult to follow, Plaintiff's primary contention appeared to be that the defendants are engaged in a racially-motivated conspiracy to subject him to unlawful housing conditions, evict him from his apartment, and retaliate against him for reporting the uninhabitable housing conditions and initiating civil actions against them.

Following two screening orders under 28 U.S.C. § 1915(e)(2), on May 20, 2024, Plaintiff filed an 80-page Second Amended Complaint, including attachments, naming 27 defendants. Dkt. 12 ("SAC"). On June 7, 2024, the Court reviewed the SAC under 28 U.S.C. § 1915(e)(2) and found Plaintiff had, solely for purposes of screening and without prejudice to defendants making any subsequent challenge to the SAC, stated claims against six defendants for violations of 42 U.S.C. § 1981 and a claim against one defendant for a violation of Title VI of the Civil Rights Act of 1964, but the remaining claims appeared to be subject to dismissal. Dkt. 15 ("Screening Order"). Plaintiff was provided several options as to how to proceed, including an option to file an amended complaint. Id. at 22-23. Plaintiff was expressly cautioned: "**No new claims or defendants may be added to the amended complaint without prior approval of the Court.**" Id. at 23.

On June 28, 2024, Plaintiff filed a 72-page Third Amended Complaint, naming 19 defendants. Dkt. 16 ("TAC"). Despite the Court's prohibition on adding new claims without court approval, the TAC improperly expands Plaintiff's claims by adding new claims without leave of Court. See, e.g., TAC ¶¶ 66-70. As the TAC violates the Screening Order, the Court STRIKES the TAC. If Plaintiff desires to add new claims or defendants, he may seek leave to amend in accordance with Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)") and the Local Civil

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01719-JLS (JDE) | Date | July 5, 2024 |
|---|---|---|---|
| Title | Cecil Elmore v. Ruben Islas, Jr., et al. | | |

Rules, including Rule 15-1, which requires a motion for leave to amend and requires that any "proposed amended pleading must be filed as an attachment to the related motion or stipulation."

Nonetheless, if Plaintiff believes the deficiencies set forth in the Screening Order can be remedied, Plaintiff may, within 21 days from the date of this Order, select any of the options available to him under the Screening Order, including filing a Fourth Amended Complaint that complies with the Screening Order and this Order, attempting to remedy the defects of the SAC. Should Plaintiff file a Fourth Amended Complaint, Plaintiff is reminded that the Fourth Amended Complaint should bear the docket number assigned in this case; be labeled "Fourth Amended Complaint"; be complete in and of itself without reference to the prior complaints or any other pleading, attachment, or document; comply with Rule 8 of the Federal Rule of Civil Procedure ("Rule 8"), requiring a "short and plain" statement of the claims, and clearly and succinctly describe what each defendant allegedly did or failed to do, and the damage or injury suffered by Plaintiff as a result, and not add any new claim(s) or defendant(s) without prior approval of the Court, which can only be obtained by complying with Rule 15(a)(2) and Local Civil Rule 15-1. Plaintiff is advised that, in addition to violating the Screening Order for the reasons explained above, Plaintiff's now stricken 72-page TAC did not comply with the foregoing requirements. The TAC is replete with legal conclusions and argumentative assertions, lacking factual support. The Court notes, for instance, that although the Court has repeatedly advised Plaintiff that "group" allegations are insufficient to allege individual causation, Plaintiff continues to make broad, sweeping assertions that the defendants all "agreed," all "commanded," or are all "responsible" without alleging specific facts describing how each individual defendant was involved in the allegedly wrongful conduct. See, e.g., TAC ¶¶ 76, 82, 84, 210, 218. Plaintiff also continues to make similar "group" allegations about which defendants owned and/or operated which other defendants and who individual defendants were acting on behalf of, rendering the allegations variously internally inconsistent, unclear, and/or implausible. See, e.g., id. ¶¶ 17 (alleging that Vasquez was an "employee" of Logan Property Management and "takes command . . . from" Islas and Logan), 22 (alleging Castillo was an "employee" of Logan and "takes command . . . from" Logan, Vasquez, and Islas), 76 (alleging that Contreras was "on duty on behalf of" nine different entities and individuals), 113 (alleging that Islas "on behalf of" 7 different entities "admitted" he "racially discriminated against Plaintiff"), 126 (alleging Ramirez was an "employee" of Chase Protective Services and "also working on behalf of" 11 additional, different entities and individuals), 149 (alleging that Contreras, Castillo, and Vasquez were "employees" of Rosslyn Lofts when they "racially discriminated against Plaintiff"). Allegations such as these do not comply with Rule 8, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), rendering any corresponding claims subject to dismissal. Should Plaintiff file a Fourth Amended Complaint, he is urged to review the Screening Order. Further pleading defects such as the foregoing may result in a recommendation that claims based on such defective allegations be dismissed without leave to amend and with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-01719-JLS (JDE) | Date | July 5, 2024 |
|---|---|---|---|
| Title | Cecil Elmore v. Ruben Islas, Jr., et al. | | |

       Accordingly, Plaintiff's TAC (Dkt. 16) is STRICKEN. Within 21 days of this Order, Plaintiff is ordered to choose one of the options set forth in the Screening Order at pages 22-23 and file the document required by that option. If Plaintiff elects to file a Fourth Amended Complaint as authorized herein, he is ordered to comply with the Screening Order and this Order. Failure to comply with the Screening Order or this Order may result in dismissal of the action or parts of it for the reasons stated in the Screening Order and this Order, for failure to prosecute, and/or for failure to comply with Court orders. See Fed. R. Civ. P. 41(b).

       IT IS SO ORDERED.

Initials of Courtroom Deputy